## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 20-9, United States v. Jackson |
| **Originating No. & Caption** | No. 1:16-cv-00212-MR, United States v. Jackson |
| **Originating Court/Agency** | District Court for the Western District of North Carolina |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 2253 | | |
| Time allowed for filing in Court of Appeals | 60 days (FRAP (a)(1)(B)(i)) | | |
| Date of entry of order or judgment appealed | March 31, 2020 | | |
| Date notice of appeal or petition for review filed | May 29, 2020 | | |
| If cross appeal, date first appeal filed | n/a | | |
| Date of filing any post-judgment motion | n/a | | |
| Date order entered disposing of any post-judgment motion | n/a | | |
| Date of filing any motion to extend appeal period | n/a | | |
| Time for filing appeal extended to | | | |
| Is appeal from final judgment or order? | ⦿ Yes | | ◯ No |
| If appeal is not from final judgment, why is order appealable? | | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ◯ Yes | ⦿ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | n/a | |
| Case number of any pending appeal in same case | n/a | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | Borden v. U.S., No. 19-5410 (S. Ct.) | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Mr. Jackson was convicted and sentenced to death for a single count of using a firearm and causing the death of a person during a crime of violence under 18 U.S.C. §§ 924(c)&(j). The Government's indictment alleged three underlying crimes of violence: (i) first-degree murder, 18 U.S.C. § 1111(a), (ii) kidnapping, 18 U.S.C. § 1201(a)(2), and (iii) aggravated sexual assault, 18 U.S.C. § 2241(a)(1)-(2).  These offenses must qualify as "crimes of violence" under the definitions found in 18 U.S.C. § 924(c)(3)(A) (the "force clause") or § 924(c)(3)(B) (the "residual clause"). The Supreme Court has held that the residual clause is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319 (2019). This decision applies retroactively. The sole question in this post-conviction appeal is whether the three underlying offenses still categorically qualify as crimes of violence under the "force clause." This Court has already held that kidnapping does not. United States v. Walker, 934 F.3d 375, 379 (4th Cir. 2019). Thus, Mr. Jackson's conviction and sentence must be vacated if first-degree murder and aggravated sexual assault also do not qualify as crimes of violence under the force clause. The district court below denied Mr. Jackson's 2255 motion, finding the crimes do qualify. These issues of first impression for this Court are debatable among jurists of reason. |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

(1) Are appellant's conviction and sentence unconstitutional in light of the Supreme Court's retroactive invalidation of the residual clause of § 924(c)(3)(B) in United States v. Davis, 139 S. Ct. 2319 (2019)?

(2) Is first-degree murder, 18 U.S.C. § 1111(a), a crime of violence under the limited meaning of the force clause of § 924(c)(3)(A)?

(3) Is aggravated sexual assault, 18 U.S.C. § 2241(a)(1)-(2), a crime of violence under the limited meaning of the force clause of § 924(c)(3)(A)?

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: United States of America | Adverse Party: United States of America |
| Attorney: Richard Lee Edwards<br>Address: Office of the United States Attorney<br>United States Courthouse, Room 233<br>100 Otis Street<br>Asheville, NC 28801-0000 | Attorney: Anthony Joseph Enright<br>Address: Office of the United States Attorney<br>Carillon Building, Suite 1650<br>227 West Trade Street<br>Charlotte, NC 28202-0000 |
| E-mail: richard.edwards2@usdoj.gov | E-mail: usancw.appeals@usdoj.gov |
| Phone: 828-271-4661 | Phone: 704-344-6222 |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: United States of America | Adverse Party: |
| Attorney: Jeffrey B. Kahan<br>Address: U.S. Department of Justice<br>Criminal Div., Capital Case Unit, 3d Floor<br>1331 F Street, NW<br>Washington, DC 20530-0000 | Attorney:<br>Address: |
| E-mail: jeffrey.kahan@usdoj.gov | E-mail: |
| Phone: 202-305-8910 | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name:  Richard Allen Jackson | Name: |
| Attorney: Shawn Nolan<br>Address:  Federal Community Defender Office<br>Eastern District of Pennsylvania<br>601 Walnut Street, Suite 545 West<br>Philadelphia, PA 19106 | Attorney:<br>Address: |
| E-mail: Shawn_Nolan@fd.org | E-mail: |
| Phone:  215-928-0520 | Phone: |

| **Appellant (continued)** | |
|---|---|
| Name: | Name: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Signature:** /s/Shawn Nolan                              **Date:**            6/17/20

**Counsel for:** Appellant Richard Allen Jackson

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature:                                  Date: