**No. 20-9**

_____

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

_____

**RICHARD ALLEN JACKSON,**
**Appellant,**

**v.**

**UNITED STATES OF AMERICA,**
**Appellee.**

_____

**UNOPPOSED MOTION TO STAY AND ABEY**

_____

**On Appeal from the United States District Court**
**for the Western District of North Carolina (No. 1:16-cv-212-MR)**

Richard Allen Jackson, through undersigned counsel, respectfully moves

this Court to stay and abey these proceedings pending the Supreme Court's

decision in *Borden v. United States*, No. 19-5410 (2020).  The question presented

in *Borden* is whether a criminal offense that can be committed with a mens rea of

recklessness can qualify as a "violent felony" under the Armed Career Criminal

Act.

A stay in light of *Borden* is appropriate because the Supreme Court's

opinion in the case will bear directly on Mr. Jackson's argument that first-degree

murder, 18 U.S.C. § 1111(a), does not qualify as a crime of violence under the

force clause of 18 U.S.C. § 924(c)(3)(A) because it can be committed with a mens rea of mere recklessness.

## LEGAL ARGUMENT

Mr. Jackson was convicted and sentenced to death for a single count of using a firearm and causing the death of a person during a crime of violence under 18 U.S.C. §§ 924(c)&(j).

The Government's indictment alleged three underlying crimes of violence: (i) first-degree murder, 18 U.S.C. § 1111(a), (ii) kidnapping, 18 U.S.C. § 1201(a)(2), and (iii) aggravated sexual assault, 18 U.S.C. § 2241(a)(1)-(2). These offenses must qualify as "crimes of violence" under the definitions found in 18 U.S.C. § 924(c)(3)(A) (the "force clause") or § 924(c)(3)(B) (the "residual clause"). The Supreme Court has held that the residual clause is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019) (relying on *Johnson v. United States*, 576 U.S. 591 (2015)).

On June 16, 2016, this Court authorized Mr. Jackson to file a second or successive 28 U.S.C. § 2255 motion in the Western District of North Carolina in light of *Johnson*. The denial of this successive Section 2255 motion is the subject of this appeal.

The sole question in this case is whether the three underlying offenses still categorically qualify as crimes of violence under the "force clause." This Court

has already held that kidnapping does not. *United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019). Thus, Mr. Jackson's conviction and sentence must be vacated if first-degree murder and aggravated sexual assault also do not qualify as crimes of violence under the force clause. The district court below denied Mr. Jackson's Section 2255 motion, finding these crimes do qualify as crimes of violence, albeit without addressing all of Mr. Jackson's arguments. [Doc. 22 at 8-13].[1]

One argument presented by Mr. Jackson below that was not addressed by the district court is that first-degree murder under 18 U.S.C. § 1111(a) does not qualify as a crime of violence under the limited meaning of the force clause because it can be committed with a mens rea of recklessness. [Docs. 1-1 at 14-15, 21 at 10-15]. First-degree murder under § 1111 requires a mens rea of only "malice aforethought." *See* 18 U.S.C. § 1111(a) ("Murder is the unlawful killing of a human being with malice aforethought."). The "[p]roof of the existence of malice does not require a showing that the accused harbored hatred or ill will against the victim or others," and "[n]either does it require proof of an intent to kill or injure." *United States v. Fleming*, 739 F.2d 945, 947 (4th Cir. 1984).

---

[1] Docket entries in the district court are cited as "Doc." and page citations are to ECF-generated page numbers.

This Court has held that "recklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'" *Garcia v. Gonzalez*, 455 F.3d 465, 469 (4th Cir. 2006); *see also United States v. Vinson*, 805 F.3d 120, 125 (4th Cir. 2015) (use of physical force required of crime of violence must involve intent beyond mere recklessness or negligence). Similarly, the Supreme Court has noted that "the merely reckless causation of bodily injury . . . may not be a 'use' of force." *United States v. Castleman*, 572 U.S. 157, 169 (2014).

The Supreme Court remarked in *Castleman* that "[w]e held in *Leocal* [*v. Ashcroft*, 543 U.S. 1 (2004)] that "'use' requires active employment," rather "than negligent or merely accidental conduct," but "*Leocal* reserved the question of whether a reckless application of force could constitute a 'use' of force." *Castleman*, 572 U.S. at 169 n.8 (citing *Leocal*, 543 U.S. at 9 & 13). The Court went on to recognize that "the Courts of Appeals have almost uniformly held that recklessness is not sufficient." *Castleman*, 572 U.S. at 169 n.8 (citing, *inter alia*, *Garcia*).

The Supreme Court recently granted certiorari on the question of whether a criminal offense that can be committed with a mens rea of recklessness should

qualify as a "violent felony" under the Armed Career Criminal Act[2] in the case of *Walker v. United States*, No. 19-373 (2020). On January 27, 2020, the Supreme Court dismissed the petition in *Walker* because of the petitioner's death.

On March 2, 2020, the Supreme Court granted certiorari in *Borden v. United States*, No. 19-5410 (2020), to again resolve the question of whether the "use of force" clause in the Armed Career Criminal Act encompasses violent felonies with a mens rea of recklessness. The case remains pending.

*Borden* will likely be directly relevant to Mr. Jackson's argument that federal first-degree murder is not a crime of violence under the force clause because it can be committed with a mens rea of recklessness. At the very least, the Supreme Court's opinion in *Borden* will inform this Court's disposition of Mr. Jackson's argument.

Indeed, when the Supreme Court first granted certiorari in *Walker*, the Government filed a motion to stay proceedings in the district court, noting that "*Walker* presents the question whether an offense that can be committed with a mens rea of recklessness can qualify as a 'violent felony' under the Armed Career Criminal Act, which is defined much like 'crime of violence,'" and "the question

---

[2] The ACCA statute at issue in *Walker* and *Borden* is the same statute that was at issue in *Johnson* and parallels the statute at issue here in all relevant ways. *Compare* 18 U.S.C. § 924(e)(2)(B) *with* § 924(c)(3).

presented in *Walker* is likely to bear on or dispose of one of the issues raised in

Jackson's 2255 motion." [Doc. 15 at 2].

For these reasons, and in the interest of judicial economy, Mr. Jackson

respectfully requests that the Court stay and abey the briefing schedule in this case

until the Supreme Court issues its decision in *Borden v. United States*, No. 19-5410

(2020).

Respectfully Submitted, this 25th day of June 2020.

/s/ Shawn Nolan
Shawn Nolan
shawn_nolan@fd.org
Federal Community Defender
  for the Eastern District
  of Pennsylvania
601 Walnut Street, Suite 545W
(215) 928-0520

**CERTIFICATE REGARDING LOCAL RULE 27(A)**

I, Shawn Nolan, hereby certify that counsel for the United States of America were informed of the intended filing of this motion. Counsel for the Government do not oppose the granting of this motion.

/s/ Shawn Nolan
Shawn Nolan

## CERTIFICATE REGARDING FED. R. APP. P. 27(D)(2)(A)

I, Shawn Nolan, hereby certify that this Motion to Stay and Abey contains

1,073 words, excluding the portions exempted by Fed. R. App. P. 32(f).


/s/ Shawn Nolan
Shawn Nolan

# CERTIFICATE OF SERVICE

I, Shawn Nolan, hereby certify that on this 25th day of June, 2020, I filed the

foregoing Motion to Stay and Abey via ECF with service via electronic delivery to

counsel for Respondent:

Anthony J. Enright
United States Attorney's Office

/s/ Shawn Nolan
Shawn Nolan