No. 20-9

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**RICHARD ALLEN JACKSON,**
                              **Appellant,**

v.

**UNITED STATES OF AMERICA,**
                              **Appellee.**

---

## OPENING BRIEF

---

**On Appeal from the United States District Court**
**for the Western District of North Carolina (No. 1:16-cv-212-MR)**

Shawn Nolan
Andrew Childers
Federal Community Defender for
  the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Andrew_Childers@fd.org

August 25, 2021

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................. iii

JURISDICTIONAL STATEMENT ........................................................................1

STATEMENT OF ISSUES ....................................................................................1

STATEMENT OF CASE ........................................................................................2

SUMMARY OF ARGUMENT ...............................................................................5

STANDARD OF REVIEW .....................................................................................7

ARGUMENT ..........................................................................................................8

I.    MR. JACKSON'S CONVICTION MUST BE VACATED IN LIGHT
      OF *JOHNSON V. UNITED STATES*, *DAVIS V. UNITED STATES*
      AND *BORDEN V. UNITED STATES*. .........................................................8

      A.    Federal Murder Does Not Require the Force Necessary to Qualify
            as a Crime of Violence Under the Force Clause. ...............................10

            1.    Federal Murder Does Not Require the Level of Intent
                  Necessary to Qualify as a Crime of Violence Pursuant to
                  the Force Clause. ....................................................................11

            2.    Federal Murder Does Not Categorically Involve the Violent,
                  Physical Force Required by the Force Clause. ..........................18

            3.    That Federal Murder Does Not Qualify as a Crime of Violence
                  under the Limited Scope Force Clause Is Neither Absurd nor
                  Illogical. .................................................................................20

      B.    Aggravated Sexual Abuse Is Not Categorically a Crime of
            Violence under the Force Clause. .....................................................22

            1.    Section 2241(a)'s Element of Knowingly Causing Another
                  Person to Engage in a Sexual Act Does Not Require Violent
                  Force. .....................................................................................24

            2.    Section 2241(a)(1)'s Force May Be Implied from a Disparity
                  in Coercive Power Between the Offender and Victim, and So
                  the Statute Does Not Require Violent Physical Force Within
                  the Meaning of *Johnson (Curtis) v. United States*. ...................27

3.    Section 2241(a)(2) Does Not Categorically Require the Use of Force...........................................................................29

APPELLANT'S CONVICTION MUST BE VACATED......................................33

CONCLUSION .................................................................................................35

## TABLE OF AUTHORITIES

**Federal Cases**

*Bejarano-Urrutia v. Gonzales*, 413 F.3d 444 (4th Cir. 2005) .............................. 14

*Borden v. United States*, 141 S. Ct. 1817 (2021) ............................................ *passim*

*Buck v. Davis*, 137 S. Ct. 759 (2017) .................................................... 7, 8

*Dean v. United States*, 556 U.S. 568 (2009) .................................................. 18, 19

*Edwards v. Arizona*, 451 U.S. 477 (1981) ............................................................. 2

*Garcia v. Gonzalez*, 455 F.3d 465 (4th Cir. 2006) ................................................. 13

*Harrington v. United States*, 689 F.3d 124 (2d Cir. 2012) ................................... 28

*In re Irby*, 858 F.2d 231 (4th Cir. 2017) ................................................................. 20

*Jackson v. United States*, 540 U.S. 1019 (2004) ...................................................... 3

*Jackson v. United States*, 638 F. Supp. 2d 514 (W.D.N.C. 2009) .......................... 3

*Jackson v. United States*, No. 1:04-cv-251, 2010 WL 2775402 (W.D.N.C. July 13, 2010) ................................................................................................................. 3

*Johnson (Curtis) v. United States*, 559 U.S. 133 (2010) .................... 18, 20, 24, 27

*Johnson v. United States*, 576 U.S. 591 (2015) ............................................. *passim*

*Miller–El v. Cockrell*, 537 U.S. 322 (2003) ............................................................. 8

*North Carolina v. Jackson*, 525 U.S. 943 (1998) ................................................... 2

*Portee v. United States*, 941 F.3d 263 (7th Cir. 2019) ......................................... 31

*Slack v. McDaniel*, 529 U.S. 473 (2000) ................................................................. 7

*Stokeling v. United States*, 139 S. Ct. 544 (2019) .............................................. 9, 25

*Torres v. Lynch*, 136 S. Ct. 1619 (2016) .......................................................... 30-31

*United States v. Begay*, 934 F.3d 1033 (9th Cir. 2019) .................................... 14-15

*United States v. Bordeaux*, 997 F.2d 419 (8th Cir. 1993) ...................................... 28

*United States v. Castleman*, 572 U.S. 157 (2014) ................................................. 25

*United States v. Davis*, 139 S. Ct. 2319 (2019) ............................................ 1, 4, 6, 9

*United States v. Dickerson*, 77 F.3d 774 (4th Cir. 1996) ....................................... 19

*United States v. Engle*, 676 F.3d 405 (4th Cir. 2012) ............................................ 31

*United States v. Fleming*, 739 F.2d 945 (4th Cir. 1984) ....................... 13, 14, 15, 16

*United States v. Garcia-Vasquez*, 430 F. App'x 540 (7th Cir. 2011) .................... 28

*United States v. Hammond*, 912 F.3d 658 (4th Cir. 2019) ............................. 24, 25

*United States v. Holly*, 488 F.3d 1298 (10th Cir. 2007) ......................................... 28

*United States v. Jackson*, 327 F.3d 273 (4th Cir. 2003) ........................................... 3

*United States v. Johnson*, 409 F. App'x 688 (4th Cir. 2011) .......................... 31-32

*United States v. Johnson*, 492 F.3d 254 (4th Cir. 2007) ....................................... 28

*United States v. Lauck*, 905 F.2d 15 (2d Cir. 1990) ....................................... 27-28

*United States v. Leshen*, 453 F. App'x 408 (4th Cir. 2011) .................................. 25

*United States v. Lucas*, 157 F.3d 998 (5th Cir. 1998) .......................................... 28

*United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019) ................................... 20, 21

*United States v. Mayhew*, 995 F.3d 171 (4th Cir. 2021) ........................................ 8

*United States v. Rojas*, 520 F.3d 876 (8th Cir. 2008) ........................................... 30

*United States v. Salas*, 889 F.3d 681 (10th Cir. 2018) ......................................... 31

*United States v. Salmons*, 873 F.3d 446 (4th Cir. 2017) ...................................... 26

*United States v. Singletary*, 166 F.3d 336 (4th Cir. 1998) .............................. 17-18

*United States v. Slager*, 912 F.3d 224 (4th Cir. 2019) ......................................... 13

*United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020) ......................................... 32

*United States v. Taylor*, No. 20-1459, 2021 WL 2742792 (July 2, 2021) ............ 33

*United States v. Vinson*, 805 F.3d 120 (4th Cir. 2015) ......................................... 13

*United States v. Walker*, 934 F.3d 375 (4th Cir. 2019) .............................. 6, 9, 29

*United States v. Webb*, 214 F.3d 962 (8th Cir. 2000) ........................................... 28

*United States v. Williams*, 342 F.3d 350 (4th Cir. 2003) ...................................... 13

*United States v. Young*, No. 19-50355, 2021 WL 3201103 (9th Cir. July 28, 2021) ............................................................................................................. 15

*Welch v. United States*, 136 S. Ct. 1257 (2016) ..................................................... 4

**Federal Statutes**

18 U.S.C. § 81 ............................................................................ 19

18 U.S.C. § 751 .......................................................................... 19

18 U.S.C. § 792-99 ..................................................................... 19

18 U.S.C. § 924 .................................................................. *passim*

18 U.S.C. § 1111 ............................................................... *passim*

18 U.S.C. § 1201 ...................................................................5, 8, 9

18 U.S.C. § 2241 ............................................................... *passim*

18 U.S.C. § 2246 ............................................................ 24, 25, 26

18 U.S.C. § 2381............................................................................ 19

28 U.S.C. § 1291........................................................................... 1

28 U.S.C. § 2255 ................................................................... 1, 3, 4

**State Cases**

*State v. Jackson*, 497 S.E.2d 409 (N.C. 1998) ......................................... 2

**Other**

Fed. R. App. P. 4 ............................................................................. 1

Richard Allen Jackson, through undersigned counsel, respectfully submits this Opening Brief pursuant to the Court's June 14, 2021 Order and requests a certificate of appealability (COA) and relief from his conviction and sentence in light of the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Borden v. United States*, 141 S. Ct. 1817 (2021).

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over Mr. Jackson's successive motion to vacate under 28 U.S.C. § 2255(a), § 2255(h)(2), and § 1331. The district court denied the motion and entered judgment against Mr. Jackson by an order dated March 31, 2020. Mr. Jackson timely filed his notice of appeal on May 29, 2020. *See* Fed. R. App. P. 4(B)(i). This Court has jurisdiction over the appeal under 28 U.S.C. § 1291 and § 2253(a).

## STATEMENT OF ISSUES

The broad issue in this case is whether Richard Jackson's conviction for a single count of using a firearm and causing the death of a person during and in relation to a crime of violence under 18 U.S.C. § 924(c) and § 924(j) remains valid after the Supreme Court held that the definition of a crime of violence found in § 924(c)(3)(B) (the "residual clause") is unconstitutionally vague.

1

The answer to this broad issue turns on the narrower issue of whether the offenses of murder pursuant to 18 U.S.C. § 1111(a), kidnapping pursuant to § 1201(a), and aggravated sexual abuse pursuant to § 2241(a)(1)-(2) categorically require "as an element the use, attempted use, or threatened use of physical force against the person or property of another," and so still qualify as crimes of violence under this limited definition of a crime of violence from § 924(c)(3)(A) (the "force clause").

## STATEMENT OF CASE

Mr. Jackson was tried, convicted, and sentenced to death in North Carolina state court for offenses related to the 1994 death of Karen Styles. On direct appeal, the North Carolina Supreme Court vacated Mr. Jackson's conviction and sentence, finding that the police had violated *Edwards v. Arizona*, 451 U.S. 477 (1981), during their interrogation of Mr. Jackson. *State v. Jackson*, 497 S.E.2d 409 (N.C. 1998). The State's petition for writ of certiorari was denied by the United States Supreme Court on October 13, 1998. *North Carolina v. Jackson*, 525 U.S. 943 (1998).

Before his second trial, Mr. Jackson plead guilty on March 3, 2000, to second-degree murder and related offenses. He was sentenced to 25 to 31 years in state prison.[1] Mr. Jackson has never challenged this state sentence in any forum.

On October 2, 2000, just months after this guilty plea but nearly seven years since the date of the offense, the federal government indicted Mr. Jackson with a single count of violating 18 U.S.C. § 924(c) and § 924(j) (carrying or using a firearm during a crime of violence resulting in death), in the Western District of North Carolina.

In 2001, a jury convicted Mr. Jackson on this single count. The jury sentenced Mr. Jackson to death. This Court affirmed his conviction and sentence on direct appeal. *United States v. Jackson*, 327 F.3d 273 (4th Cir. 2003). The Supreme Court denied certiorari. *Jackson v. United States*, 540 U.S. 1019 (2004).

The Western District of North Carolina denied Mr. Jackson's first motion for relief under 28 U.S.C. § 2255, *Jackson v. United States*, 638 F. Supp. 2d 514 (W.D.N.C. 2009), and subsequently denied a certificate of appealability, *Jackson v. United States*, No. 1:04-cv-251, 2010 WL 2775402 (W.D.N.C. July 13, 2010) (unpublished). On timely appeal, this Court denied a certificate of appealability

---

[1] *See* North Carolina Department of Public Safety Offender Public Information, Offender Search, https://webapps.doc.state.nc.us/opi/ offendersearch.do?method=view (search offender number 0501967).

and dismissed Mr. Jackson's appeal. Order, *Jackson v. United States*, No. 09-10 (4th Cir. Feb. 11, 2011) (4th Cir. ECF No. 30). The Supreme Court denied certiorari. *Jackson v. United States*, No. 11-6315 (Oct. 1, 2012).

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held that the definition of a "violent felony" in the residual clause of the Armed Career Criminal Act (ACCA), which is nearly identical to the definition of a "crime of violence" in the residual clause found in 18 U.S.C. § 924(c)(3)(B), under which Mr. Jackson was convicted, was unconstitutionally vague. The Supreme Court later held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

On June 16, 2016, this Court authorized Mr. Jackson to file a second or successive § 2255 motion in the Western District of North Carolina in light of *Johnson* and *Welch*. The District Court stayed Mr. Jackson's § 2255 motion pending various decisions by this Court and the Supreme Court. The Supreme Court subsequently held that the reasoning of *Johnson* applies to and invalidates the residual clause of 18 U.S.C. § 924(c)(3)(B) as well. *United States v. Davis*, 139 S. Ct. 2319 (2019).

On January 15, 2020, the Government filed a Motion to Dismiss Mr. Jackson's § 2255 motion. JA0062-0086. Mr. Jackson filed a Response on March 30, 2020. JA0087-0114. On the next day, the district court, without reference to or

4

acknowledgment of the arguments raised by Mr. Jackson in his response, granted the Government's motion to dismiss and denied Mr. Jackson a certificate of appealability. JA005-0019. Mr. Jackson filed a timely notice of appeal from that order. JA0131-0132.

On July 31, 2020, the Court placed this case in abeyance pending a decision by the Supreme Court in *Borden v. United States*, 769 F. App'x 266 (6th Cir. 2019), *cert. granted*, 140 S. Ct. 1262 (Mar. 2, 2020) (No. 19-5410). (4th Cir. ECF No. 14). The Supreme Court decided *Borden* on June 13, 2021. 141 S. Ct. 1817 (2021).

After being granted one thirty-day extension of time (4th Cir. ECF No. 18), Mr. Jackson now files this brief pursuant to the Court's June 14, 2021 preliminary briefing order. (4th Cir. ECF No. 15).

## SUMMARY OF ARGUMENT

Richard Jackson was convicted and sentenced to death for a single count of violating 18 U.S.C. § 924(c) and § 924(j). Three underlying crimes of violence were alleged by the Government: murder pursuant to § 1111(a), kidnapping pursuant to § 1201(a), and aggravated sexual abuse pursuant to § 2241(a)(1-2). The statute provides two definitions of a "crime of violence": the "force clause" of § 924(c)(3)(A) and the "residual clause" of § 924(c)(3)(B). The Supreme Court has

invalidated the residual clause as unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

Consequently, Mr. Jackson's conviction remains valid only if murder, kidnapping, or aggravated sexual abuse categorically qualify as a crime of violence under the cabined definition of the force clause. This Court has already held that kidnapping does not. *See United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019).

Although the result may seem counterintuitive, federal murder and aggravated sexual abuse also do not qualify as crimes of violence because these statutes were written broadly to cover a range of conduct, and so do not categorically require "as an element the use, attempted use, or threatened use of physical force against the person or property of another," § 924(c)(3)(A), as dictated by Supreme Court and this Court's precedent. Murder under § 1111(a) is not a crime of violence under the force clause for at least two reasons: (1) it does not categorically require a knowing or intentional mens rea, as the crime can be committed recklessly and even accidentally, and (2) it does not categorically involve violent physical force. Aggravated sexual abuse under § 2241(a) is not a crime of violence under the force clause because knowingly causing a person to engage in a sexual act, as required by the statute, does not categorically require violent physical force. Instead, the force element of § 2241(a)(1) may be implied

6

simply from a disparity in coercive power, and the other means specified in § 2241(a)(1) also do not categorically require the use of force, as they allow the offense to be accomplished through a threat of non-forceful kidnapping or threat of self-harm. Section 2241(a)(1-2) is also not a crime of violence because it can be accomplished through a mere attempt to commit the crime, which does not require the use of force against another person.

Because none of the three predicate offenses (murder, kidnapping, or aggravated sexual abuse) qualify as crimes of violence under the force clause, there is no valid crime of violence left to support Mr. Jackson's conviction under § 924(c) and § 924(j). Mr. Jackson is entitled to relief from this conviction.

## STANDARD OF REVIEW

To obtain a COA, the applicant must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). A COA should issue where "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4(1983)). The COA requirement contemplates only a threshold inquiry that should not "place[] too heavy a burden on the prisoner at the COA stage." *Buck v. Davis*, 137 S. Ct. 759, 774 (2017). A "court of appeals should limit its examination [at the COA stage] to

7

a threshold inquiry into the underlying merit of [the] claims." *Id.* at 773; *Miller–El v. Cockrell*, 537 U.S. 322, 348 (2003).

On the merits, the Court reviews the district court's legal conclusions de novo on appeal from the denial of a § 2255 petition. *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021).

## ARGUMENT

Mr. Jackson respectfully requests a certificate of appealability and relief from his conviction and sentence in light the Supreme Court's decisions in *Johnson*, *Davis*, and *Borden*.

**I.     MR. JACKSON'S CONVICTION MUST BE VACATED IN LIGHT OF *JOHNSON V. UNITED STATES*, *DAVIS V. UNITED STATES* AND *BORDEN V. UNITED STATES*.**

Mr. Jackson was convicted of a single count of using a firearm and causing the death of a person during and in relation to a crime of violence under 18 U.S.C. § 924(c) and § 924(j). JA0116-0117.

The Government's indictment alleged three underlying crimes of violence to support this conviction: (i) murder pursuant to 18 U.S.C. § 1111(a), (ii) kidnapping pursuant to 18 U.S.C. § 1201(a)(2), and (iii) aggravated sexual abuse pursuant to 18 U.S.C. § 2241(a)(1)-(2). To sustain his § 924(c) conviction, these offenses must qualify as "crimes of violence" under the definitions found in 18 U.S.C. § 924(c)(3)(A) (the "force clause") or § 924(c)(3)(B) (the "residual clause"). The

8

Supreme Court has held that the residual clause is unconstitutionally vague. *Davis*, 139 S. Ct. at 2326 (applying *Johnson*, 135 S. Ct. 2551, to § 924(c)(3)(B)).

The decisive question is whether these three underlying crimes still qualify as crimes of violence under the limited scope of the force clause of § 924(c)(3)(A). *See* JA0121-0122 ("With the elimination of the residual clause portion of the definition of 'crime of violence' in § 924(c), a conviction under this statute may stand only if the underlying offense qualifies as a crime of violence under the force clause of § 924(c)(3)(A).").

This is a question of statutory interpretation: whether each offense categorically requires that the offense have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A); *see also Davis*, 139 S. Ct. at 2327 (applying categorical approach to § 924(c)(3)(B), noting "[w]hile the consequences in this case may be of constitutional dimension, the real question before us turns out to be one of pure statutory interpretation"); *Stokeling v. United States*, 139 S. Ct. 544, 554-55 (2019). This Court has already held that federal kidnapping under 18 U.S.C. § 1201(a) "does not categorically qualify as a crime of violence under the force clause." *Walker*, 934 F.3d at 379. Thus, Mr. Jackson's conviction and sentence remain valid only if either federal murder or federal aggravated sexual abuse categorically requires the level of intentional and violent physical force required to

9

qualify as a "crime of violence" under the force clause. As explained below,

neither does.

### A. Federal Murder Does Not Require the Force Necessary to Qualify as a Crime of Violence Under the Force Clause.

Federal murder pursuant to 18 U.S.C. § 1111(a) is not categorically a "crime

of violence" under the force clause of § 924(c)(3)(A). Although such a result may

seem to "fl[y] in the face of reason and common-sense," JA0127, this result is

consistent with the broad conduct covered by the federal murder statute.

Federal murder is defined as:

> (a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.
> Any other murder is murder in the second degree.

18 U.S.C. § 1111(a).

Federal murder is not a crime of violence for at least two reasons: (1) the

broad statute does not categorically require the *intentional* use of force, and (2) the

statute does not require the use of *violent physical* force.

10

1.  **Federal Murder Does Not Require the Level of Intent Necessary to Qualify as a Crime of Violence Pursuant to the Force Clause.**

Federal murder does not require the level of intent required of a crime of violence under the force clause because: (1) it can be committed recklessly; and (2) it can be committed accidentally.

i.  **Federal Murder Can Be Committed Recklessly.**

The Supreme Court in *Borden* held that a criminal offense *cannot* "count as a 'violent felony' if it requires only a *mens rea* of recklessness—a less culpable mental state than purpose or knowledge." 141 S. Ct. at 1821-22.[2] The Court applied the "categorical approach" to "decide whether an offense satisfies the elements clause," noting that "[u]nder that by-now-familiar method, applicable in several statutory contexts, the facts of a given case are irrelevant." *Id.* at 1822. Under the categorical approach, the Supreme Court (like this Court must do here) examined whether the statute at issue "necessarily involves" the use of force by the defendant. *Id.* The Court noted that "[i]f any—even the least culpable—of the acts

---

[2] The force or elements clause of the ACCA statute at issue in *Borden* parallels the force clause at issue here. *Compare* 18 U.S.C. § 924(e)(2)(B)(i) (defining a "violent felony" as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another"), *with* § 924(c)(3)(A) (defining a "crime of violence" as one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"). The additional inclusion of crimes against property in § 924(c)(3)(A) is immaterial to the application of the Supreme Court and this Court's precedent to this case.

11

criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal standard," and so cannot serve as a predicate violent felony. *Id.*

The Court in *Borden* reasoned that the volitional use of force "against" the person of another in the ACCA "expresses a kind of directedness or targeting" and so "the clause covers purposeful and knowing acts, but excludes reckless conduct." *Id.* at 1826-27. That is, "[t]he 'against' phrase [ ] sets out a *mens rea* requirement—of purposeful or knowing conduct." *Id.* at 1828. The Court further stated that "[t]hat phrase, as *Leocal* recognized, is not window dressing: It is the 'critical' text for deciding the level of mens rea needed." *Id.* at 1833 (citing *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)). In summary, the Court stated that the phrase "'against the person of another,' when modifying the 'use of physical force,' introduces that action's conscious object" and "[s]o it excludes conduct, like recklessness, that is not directed or targeted at another." *Id.* at 1833.

Justice Thomas concurred with the opinion of the Court finding that "a crime that can be committed through mere recklessness does not have as an element the 'use of physical force' because that phrase 'has a well-understood meaning applying only to intentional acts designed to cause harm.'" *Id.* at 1835 (Thomas, J., concurring) (quoting *Voisine v. United States*, 136 S. Ct. 2272, 2279, 2290 (2016) (Thomas, J., dissenting)).

*Borden*'s holding is consistent with this Court's prior decisions. This Court has held that "recklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'" *Garcia v. Gonzalez*, 455 F.3d 465, 469 (4th Cir. 2006); *see also United States v. Vinson*, 805 F.3d 120, 125 (4th Cir. 2015) (use of physical force required of crime of violence must involve intent beyond mere recklessness or negligence).

Under *Borden*, federal murder is not a crime of violence because it can be committed recklessly. Murder requires a mens rea of "malice aforethought."  *See* 18 U.S.C. § 1111(a) ("Murder is the unlawful killing of a human being with malice aforethought."). But malice does not require an intent to kill. This Court recognizes that "[p]roof of the existence of malice does not require a showing that the accused harbored hatred or ill will against the victim or others," and "[n]either does it require proof of an intent to kill or injure." *United States v. Fleming*, 739 F.2d 945, 947 (4th Cir. 1984); *see also United States v. Slager*, 912 F.3d 224, 235 (4th Cir. 2019) (citing the standard from *Fleming*); *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003) (same). Rather, "[m]alice may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *Fleming*, 739 F.2d at 947-48 (citations and quotations omitted). Thus, a defendant need not

be aware of a risk of death, but only bodily harm, in acting recklessly to establish the malice aforethought sufficient for federal murder under § 1111(a).

*Bejarano-Urrutia v. Gonzales*, 413 F.3d 444 (4th Cir. 2005), supports this conclusion. There, the petitioner argued that involuntary manslaughter in Virginia was not a crime of violence. The Court agreed, *id.* at 447, even though the "[t]he crime at issue [t]here . . . requires the killing of a person as a proximate result of the defendant's *reckless disregard for human life*." *Id.* at 446 (emphasis added). The same is true with federal murder.

In *Fleming*, the Court adopted a definition of malice for murder that is indistinguishable from the standard of recklessness that did not suffice to support a crime of violence in *Bejarano-Urrutia*. The Court explained that "[t]o support a conviction for murder, the government need only have proved that [a] defendant" acted "with a heart that was without regard for the life and safety of others." 739 F.2d at 948 (citing *United States v. Hinkle*, 487 F.2d 1205, 1207 (D.C.C. 1973)). A "heart that is without regard for the life and safety of others" requires a showing of recklessness that is indistinguishable from the "reckless disregard for human life" that this Court found to be an insufficient mens rea for a crime of violence in *Bejarano-Urrutia*, 413 F.3d at 446. *See also United States v. Begay*, 934 F.3d 1033, 1040 (9th Cir. 2019) ("It is of no consequence that the recklessness required for second-degree murder must be 'extreme' and goes beyond ordinary

14

recklessness' because '[r]eckless conduct, no matter how extreme, is not intentional.'"); *United States v. Young*, No. 19-50355, 2021 WL 3201103 (9th Cir. July 28, 2021) (relying on *Borden* to hold VICAR federal and California second degree murder are not § 924(c) crimes of violence because they can be committed recklessly).

Justice Kavanaugh's dissent in *Borden* offers examples of reckless conduct that would qualify as federal murder if the victim had died rather than been seriously injured. Justice Kavanaugh points to "reckless offenses such as reckless assault and reckless homicide" that "do not qualify as ACCA predicates under the use-of-force clause" after *Borden*, and so would also not qualify under the force clause of §924(c). *See* 141 S. Ct. at 1838 (Kavanaugh, J., dissenting). For instance, he stated:

> [S]uppose that an individual drives a car 80 miles per hour through a neighborhood, runs over a child, and paralyzes her. He did not intend to run over and injure the child. He did not know to a practical certainty that he would run over and injure the child. But he consciously disregarded a substantial and unjustifiable risk that he would harm another person, and he is later convicted in state court of reckless assault.

*Id.* (Kavanaugh, J., dissenting). The individual in this hypothetical acted with malice aforethought, by being "aware of a serious risk of death or serious bodily harm," and acting "with a heart that was without regard for the life and safety of others." *Fleming*, 739 F.2d at 947-48 (citations omitted). If the child had

15

unfortunately died rather than just been paralyzed, the individual would have committed murder under § 1111(a). But *Borden* makes it clear that the mens rea for such an offense excludes it from categorically qualifying as a crime of violence under the force clause.

Similarly, Justice Kavanaugh offered:

> Or suppose that an individual is in a dispute with someone in the neighborhood and begins firing gunshots at the neighbor's house to scare him. One shot goes through the window and hits the neighbor, killing him. The shooter may not have intended to kill the neighbor or known to a practical certainty that he would do so. But again, he consciously disregarded a substantial and unjustifiable risk that he would harm someone, and he is later convicted in state court of reckless homicide.

*Borden*, 141 S. Ct. at 1838 (Kavanaugh, J., dissenting). Again, acting with such a conscious disregard of a substantial and unjustifiable risk of serious harm establishes malice aforethought because it is equivalent to being "aware of a serious risk of . . . serious bodily harm." *Fleming*, 739 F.2d at 947-48. If the neighbor in Justice Kavanaugh's example dies after being shot, the individual has committed murder under § 1111(a), even though his or her mens rea of recklessness excludes such actions from being a crime of violence under the force clause after *Borden*.

As Justice Kavanaugh noted "the Court's decision will exclude . . . many defendants who have committed serious violent offenses." *Borden*, 141 S. Ct. at

16

1855 (Kavanaugh, J., dissenting). He then offered "just a few examples," of violent acts that would not qualify as a crime of violence because the statute broadly defines the mens rea of the crime to include recklessness. *Id.* at 1855-56 (citing cases where (1) a defendant shot another man in the chest and killed the victim; (2) a defendant attacked another person with a knife resulting in a ten-inch long, gaping laceration that reach the victim's ribs through two layers of muscle and his interior abdominal wall; (3) a defendant pointed a friend's gun directly at another person's head and pulled the trigger, killing the victim; and (4) a defendant savagely beat a victim without provocation, causing hearing loss, missing teeth, impaired vision, and impaired memory). Justice Kavanaugh noted that "[u]nder the Court's decision today, however, not one of those defendants committed a 'violent felony' . . . because they supposedly did not commit an offense that necessarily entailed the use of force against the person of another." *Id.* at 1856.

Under *Borden* and this Court's own precedent, federal murder can be committed with a level of recklessness that excludes it from categorically qualifying as a crime of violence under the force clause.

### ii.    Federal Murder Can Be Committed Accidentally.

Even more, merely unintentional or accidental conduct resulting in death during the commission of a felony provides the malice necessary for a first-degree murder conviction under § 1111(a). *See, e.g.*, *United States v. Singletary*, 166 F.3d

17

336, 1998 WL 879059, at *2 (4th Cir. 1998) (per curiam) (noting defendant concluded that accidental behavior resulting in death during robbery "fell within the felony murder provisions of § 1111").

As the Supreme Court has noted, "it is not unusual to punish individuals for the *unintended consequences* of their unlawful acts," and "[t]he felony-murder rule is a familiar example: If a defendant commits an *unintended* homicide while committing another felony, the defendant can be convicted of murder." *Dean v. United States*, 556 U.S. 568, 575 (2009) (citing 18 U.S.C. § 1111) (emphasis added). A defendant can commit first-degree murder under federal law with a mens rea that lacks any intent with respect to the homicide.

### 2.    Federal Murder Does Not Categorically Involve the Violent, Physical Force Required by the Force Clause.

Murder under 18 U.S.C. § 1111 also fails to qualify as a crime of violence because it does not categorically require the use of violent physical force. The "physical force" required for a crime of violence is "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

Felony murder under 18 U.S.C. § 1111(a) is again instructive. The statute dictates that "[e]very murder . . . committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery" is first-

18

degree murder. As already noted, this covers even accidental killings during the course of these felonies. *See Dean*, 556 U.S at 575.

Most of these underlying predicate felonies, by their plain terms, do not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Arson does not require the element of using force against the "person or property of *another*" because it may be accomplished by setting fire to one's own property, or simply conspiring to commit an arson prior the use of any force at all. *See* 18 U.S.C. § 81. A person is guilty of federal arson if, within the jurisdiction of the United States, he or she "willfully and maliciously sets fire to or burns *any* building, structure or vessel, [or] *any* machinery or building materials or supplies . . . " or "attempts or *conspires* to do such an act." *Id.* (emphases added). The crime of escape also does not have force as an element. The statute merely states that "[w]hoever escapes or attempts to escape from the custody . . . " of a long list of various federal custody arrangements is guilty of escape. *See* 18 U.S.C. § 751(a).[3] Similarly, treason and the several federal espionage statutes do not require force as an element of the offense. *See* 18 U.S.C. § 792-99 and § 2381.

---

[3] The Court's prior cases finding that federal escape is a "crime of violence" are no longer binding as they relied on the vague language of "potential risk" found in the "residual clause" of § 924(c)(3)(B) that the Supreme Court has ruled

*Every* accidental death occurring during the perpetration of all of these felonies is murder under 18 U.S.C. § 1111(a). Thus, first-degree murder arising out of these felonies does not categorically require force at all, much less the "*violent force* – that is, force capable of causing physical pain or injury to another person," *Johnson (Curtis)*, 559 U.S. at 140 – mandated by the Supreme Court. Because any such accidental death occurring during the perpetration of such a felony, many of which do not require the use of force at all, qualifies as first-degree murder, murder is not categorically a crime of violence.

> **3.      That Federal Murder Does Not Qualify as a Crime of Violence under the Limited Scope Force Clause Is Neither Absurd nor Illogical.**

The district court did not address any of these legal arguments raised by Mr. Jackson in his response to the Government's Motion to Dismiss. Instead, the district court cited *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), and *In re Irby*, 858 F.2d 231 (4th Cir. 2017), as "establish[ing] that 'first-degree murder' qualifies categorically as a crime of violence under the force clause." JA0123. These cases are not controlling. They dealt with statutes other than federal first-degree murder. *Irby* did not address the arguments Mr. Jackson raises before this

---

is unconstitutionally vague. *See, e.g.*, *United States v. Dickerson*, 77 F.3d 774, 774 (4th Cir. 1996).

Court, but only whether the use of *indirect* force was sufficient to establish the force necessary to qualify second-degree retaliatory murder as a crime of violence. *See* 858 F.3d at 234-36. *Mathis* did nothing more than generally cite *Irby* without any further analysis. *See Mathis*, 932 F.3d at 265.

The district court further noted that "Jackson argues that federal first-degree murder does not require the intentional use of force because it can be accomplished by a death occurring during the commission of a felony" and dismissed the argument out of hand because the court did not agree with the result: "Accepting this argument, however, would render the language of the force clause broadly inapplicable to murder." JA0124. The court simply declared that "the offense of murder in the first degree is unquestionably a crime of violence under the force clause of § 924(c)" because "[t]o hold otherwise would be to exclude the most morally repugnant crime from the ambit of the force clause, while permitting less serious offenses, such as robbery, to remain," and "[t]he law cannot countenance such an absurd and illogical result." *Id.* Justice Kavanaugh in his dissent in *Borden* similarly believes a result excluding reckless homicides from the force clause is "glaringly absurd," *id.* at 1856 (quotation and citation omitted).

These concerns miss the mark. The narrow question now is whether murder categorically requires "as an element the use, attempted use, or threatened use of physical force against the person or property of another" under the limited scope of

21

the force clause of § 924(c)(3)(A). Federal murder does not, and this result is neither absurd nor illogical. Congress has an interest in criminalizing a broad range of conduct resulting in death as federal murder. As detailed above, federal murder covers not only premeditated killings, but also reckless killings, unintentional killings committed during the perpetration of a felony, and intentional and unintentional killings that do not involve the use of violent force. All of this is consistent with the Government's interest in punishing a range of conduct resulting in death as murder. The broad language of the residual clause of § 924(c)(3)(B) certainly covered murder. But that statutory subsection is unconstitutional, and the breadth of the federal murder statute has now met the very limited scope of the force clause of § 924(c)(3)(A). Common sense may suggest otherwise, but under the force clause, murder is not a crime of violence.

B. **Aggravated Sexual Abuse Is Not Categorically a Crime of Violence under the Force Clause.**

Aggravated sexual abuse, 18 U.S.C. § 2241(a), is not a crime of violence under the force clause of § 924(c)(3)(A), because it does not categorically require the use of violent physical force.

Section 2241(a) states:

(a) By Force or Threat.—Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of

22

any Federal department or agency, knowingly causes another person to engage in a sexual act—

> (1)    by using force against that other person; or

> (2)    by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping;

> or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

*Id.*

The statute's element of "knowingly caus[ing] another person to engage in a sexual act" does not require violent physical force, as sexual acts do not require violent force.[4] Subsection (a)(1) by its plain terms requires the use of force, but under this Court's precedent, this subsection also does not require the level of violent physical force necessary of a crime of violence under the force clause. And subsection (a)(2) does not require the use of force for several reasons detailed below. Consequently, aggravated sexual abuse pursuant to § 2241(a) is not categorically a crime of violence under the force clause of § 924(c)(3)(A).

---

[4] The jurisdictional elements of the statute are not relevant to the current analysis.

23

1.     **Section 2241(a)'s Element of Knowingly Causing Another Person to Engage in a Sexual Act Does Not Require Violent Force.**

Knowingly causing another person to engage in a sexual act does not require the level of violent force required to qualify as a crime of violence under the force clause. The Government acknowledged below that the force clause requires "'*violent* force – that is, force capable of causing physical pain or injury to another person.'" *United States v. Hammond*, 912 F.3d 658, 661 (4th Cir. 2019) (quoting *Johnson (Curtis)*, 559 U.S. at 140). However, the Government argued that *any* contact with the genitals or anus constitutes such violent force. JA0078. This is not true. Four kinds of "sexual acts" are defined by the statute. *See* 18 U.S.C. § 2246(2)(A)-(D). None categorically require violent physical force.

Two of these subsections involve the penetration of genital openings, "however slight." § 2246(2)(A) & (C). This language signals that the statute is intended to cover all sexual penetration, regardless of the physical circumstances, and regardless of whether such penetration amounts to *violent* force.

All sexual abuse involving penetration may require *some* amount of force, but it simply does not categorically involve the "*violent* force . . . causing *physical* pain or injury to another." *Johnson (Curtis)*, 559 U.S. at 140 (second emphasis added). Sexual abuse can certainly be committed through penetration that does not rise to the level of "hitting, slapping, shoving, grabbing, pinching, biting, and hair

24

pulling," *see United States v. Castleman*, 572 U.S. 157, 164-65 (2014) (internal citation, quotations, and alternations omitted), or a "pull," "yank[],"or "shov[e]" required of such violent physical force, *see Hammond*, 912 F.3d at 664. *See also Stokeling*, 139 S. Ct. at 554. "However slight" means what it says: there is no requirement that the penetration cause physical pain, much less that penetration be *violent* physical force.

Notably, the district court and the Government below did not attempt to distinguish *United States v. Leshen*, 453 F. App'x 408, 412-13 (4th Cir. 2011), from this case – because it cannot. The Court in *Leshen* plainly held that a Pennsylvania statute requiring "penetration, however slight of the genitals or anus," is not a crime of violence "[b]ecause physical force is not necessary." *Id.* (quoting 18 Pa. Cons. Stat. § 3125).

The other two subsections of 18 U.S.C. § 2246(2), defining "sexual act" by their plain language also do not require violent physical force. Subsection B requires only "contact" in the most general sense: "contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus." § 2246(2)(B). The statute covers all contact, and not all contact requires violent physical force.

As the Government noted below, the "genitals or anus" are "sensitive areas," but it incorrectly argues that the statute's limitation of contact to these areas narrows the statute to only cover contact with as much "potential for causing pain

25

or injury as an ordinary pull, yank, shove, or grab." JA0078 (citations and quotations omitted). The statute on its face does not limit contact to these areas because of concern about the application of violent force, but because these are indeed sensitive areas. *All* unwanted contact with these areas, as compared to other areas of the body, is criminal. It is precisely because the statute is limited to these sensitive areas that *all* touching, and not just violent physical touching, is criminalized.

Similarly, subsection D defines a "sexual act" with reference to any "intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years." 18 U.S.C. § 2246(2)(D). For the same reasons that *all* sexual contact is prohibited in subsection B, any intentional touching, including consensual touching, of the genitalia of a person under the age of 16 is criminalized as well.

The district court accused Mr. Jackson of "blithely ignor[ing] the requirement that when applying the force clause the Court must focus on the 'minimum conduct' that the government 'would actually punish.'" JA0125-0126 (quoting *United States v. Salmons*, 873 F.3d 446, 448 (4th Cir. 2017)). But the Supreme Court is clear that "[i]f any—even the least culpable—of the acts criminalized do not entail that kind of force, the statute of conviction does not

26

categorically match the federal standard," and so cannot serve as a predicate

violent felony. *Borden*, 141 S. Ct. at 1822.

There are very good policy reasons for the aggravated sexual abuse statute to

cover penetration that does not rise to the level of violent physical force. Any

penetration involving sexual abuse, *however slight*, is criminal. Common law

recognized this as well. *See, e.g.*, *Johnson (Curtis)*, 559 U.S. at 146 (Alito, J.,

dissenting) (noting that the common law "approach recognized that an *offensive*

*but nonviolent* touching (*for example, unwanted sexual contact*) may be even more

injurious than the use of force that is sufficient to inflict physical pain or injury (for

example, a sharp slap in the face).") (emphasis added).

For these reasons, knowingly causing a person to engage in a sexual act does

not require the kind of violent force required for a crime of violence under the

force clause of § 924(c)(3)(A).

> **2.    Section 2241(a)(1)'s Force May Be Implied from a Disparity in Coercive Power Between the Offender and Victim, and So the Statute Does Not Require Violent Physical Force Within the Meaning of *Johnson (Curtis) v. United States*.**

Aggravated sexual abuse can be committed by knowingly causing another

person to engage in a sexual act "by using force against that other person . . . ." 18

U.S.C. § 2241(a). The statute does not define the term "force," but various courts

have defined force to include that which is necessary to restrain a person. *See*

*United States v. Lauck*, 905 F.2d 15, 18 (2d Cir. 1990) (explaining nothing in the

27

statutory language or history suggests that either violence or threats are required);

*United States v. Holly*, 488 F.3d 1298, 1302 (10th Cir. 2007) (aggravated sexual

abuse does not require "the brute force [commonly] associated with rape").

"[U]nlawful restraint" does not have the use, attempted use, or threatened use of

physical force as an element. *See generally*, *Harrington v. United States*, 689 F.3d

124 (2d Cir. 2012); *United States v. Garcia-Vasquez*, 430 F. App'x 540 (7th Cir.

2011).

More to the point, this Court has held that "§ 2241(a)(1)'s force element

may be satisfied by inference when the offender has disproportionately greater

strength than, or coercive power over, the victim." *United States v. Johnson*, 492

F.3d 254, 258 (4th Cir. 2007); *see also United States v. Nielsen*, 640

F. App'x 224, 229 (4th Cir. 2016) (approving instruction that government could

prove force based on disparity in strength and coercive power between the offender

and victim).[5]

---

[5] The Fifth, Eighth, and Tenth Circuits have similarly held that such a strength or power disparity between the offender and victim may satisfy § 2241(a)(1)'s force element. *See United States v. Lucas*, 157 F.3d 998, 1002 (5th Cir. 1998); *United States v. Webb*, 214 F.3d 962, 966 (8th Cir. 2000); *United States v. Bordeaux*, 997 F.2d 419 (8th Cir. 1993); *Holly*, 488 F.3d at 1298, 1302-03.

Because the statute can be satisfied by the degree of force necessary to restrain, and by disparities in coercive power, § 2241(a)(1) does not have the use, threatened use, or attempted use of physical force as an element.

### 3. Section 2241(a)(2) Does Not Categorically Require the Use of Force.

Section 2241(a)(2) states that the crime of aggravated sexual abuse is accomplished if a person knowingly causes another person to engage in a sexual act "by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping." *Id.* This means of committing aggravated sexual abuse does not require the use of force for several reasons.

### i. Aggravated Sexual Abuse Can Be Accomplished by the Threat of Kidnapping.

A person satisfies the elements of § 2241(a)(2) if he or she threatens a victim with kidnapping. As this Court has held, kidnapping does not categorically require the use or threatened use of physical force. *Walker*, 934 F.3d at 375. The Court in *Walker* acknowledged the Supreme Court's holding that kidnapping does not require any physical restraint at all. *See id.* at 379 ("In *Chatwin v. United States*, 326 U.S. 455 [] (1946), the Supreme Court explained that '[t]he act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical or *mental restraint* for an appreciable period against the person's will and

29

with a willful intent so to confine the victim.' *Id.* at 460.") (emphasis added in *Walker*).

The kidnapping of a person through mental restraint does not require the use of force. The commission of aggravated sexual abuse by threatening such a kidnapping therefore does not require the use of force.

ii.  **Aggravated Sexual Abuse Can Be Accomplished By Threats of Self-Harm, and the Force Clause Requires Force Against the Person of Another.**

To qualify as a crime of violence under the force clause, an offense must have as an element the use, attempted use, or threatened use of physical force "against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Aggravated sexual abuse can be accomplished by threatening or placing the victim in fear that "any person will be subjected to death, serious bodily injury, or kidnapping." § 2241(a)(2). By its plain meaning, the statutory language "any person" "unambiguously" includes the "Defendant himself such that a threat of suicide could satisfy § 2241(a)(2)." *United States v. Rojas*, 520 F.3d 876, 882 (8th Cir. 2008). The statute reaches an offender who threatens to kill himself. *Id.* The force clause, by contrast, requires force "against the person or property of another." § 924(c)(3)(A). Because the plain language of the statute encompasses threats of self-harm, it is broader than § 924(c)'s force clause and categorically not a "crime of violence." *Torres v. Lynch*, 136 S. Ct. 1619, 1629-30

30

(2016) (observing that the definition of "crime of violence" in 18 U.S.C. § 16(a) "would not reach arson in the many States defining that crime to include the destruction of one's own property"); *see also Portee v. United States*, 941 F.3d 263, 272-73 (7th Cir. 2019) (holding Indiana intimidation statute was not a violent felony where the statute encompasses threats of self-harm, and was therefore broader than the ACCA's elements clause, which requires force against "the person of another"); *United States v. Salas*, 889 F.3d 681, 684 (10th Cir. 2018) (holding § 924(c)'s force clause does not apply because arson under § 844(i) reaches a person who destroys his or her own property).

### iii.    Aggravated Sexual Abuse Includes Attempt, and the Inchoate Offense of Attempt Does Not Qualify as a Crime of Violence.

Additionally, the aggravated sexual abuse statute encompasses attempts. 18 U.S.C. § 2241(a). To be guilty of an attempt, a defendant must have the specific intent to engage in the charged conduct (here, aggravated sexual abuse) and have taken a "substantial step towards completion of the crime that strongly corroborates that intent." *United States v. Engle*, 676 F.3d 405, 419-20 (4th Cir. 2012). Such a corroborative "substantial step" may be (1) searching for the "contemplated victim"' (2) surveying "the place contemplated for the commission of the crime"; or (3) "possessi[ng] materials to be employed in the commission of a crime." *United States v. Johnson*, 409 F. App'x 688, 591 (4th Cir. 2011) (citing

31

*United States v. Pratt*, 351 F.3d 131, 135 (4th Cir. 2003)). Thus, attempted

aggravated sexual abuse can be accomplished through many substantial steps

without the attempted use of force. The inchoate offense of attempt does not

require the use, attempted use, or threatened use of force.

For all of these reasons, aggravated sexual abuse does not categorically

require the use of violent physical force, and so does not qualify as a crime of

violence under the force clause of 18 U.S.C. § 924(c)(3)(A).

> **iv.** **Aggravated Sexual Abuse Includes the Attempted Threat of Force, Which Does Not Qualify as an Actual Threat of Force Required under the Force Clause.**

Additionally, the plain language of aggravated sexual abuse statute

criminalizes attempts to threaten force. 18 U.S.C. § 2241(a). But the force clause

requires an actual threat of force. Due to this mismatch, aggravated sexual abuse

categorically fails to qualify as a § 924(c) crime of violence. Indeed, in *United*

*States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), this Court recently held that

attempted Hobbs Act robbery failed to qualify as a crime of violence under the

§ 924(c) force clause because it could be committed by attempting to threaten

32

force.[6] Likewise, § 2241(a), which can be violated in the same way, is also not a qualifying offense under the force clause.

For all of these reasons, aggravated sexual abuse does not categorically require the use of violent physical force, and so does not qualify as a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A).

## APPELLANT'S CONVICTION MUST BE VACATED

Appellant Richard Jackson was convicted of a single count of using a firearm during a crime of violence resulting in the death of a person under 18 U.S.C. § 924(c) and § 924(j). The three alleged predicate offenses underlying this conviction may have qualified as crimes of violence under the residual clause of 18 U.S.C. § 924(c)(3)(B), but the Supreme Court has ruled that clause to be unconstitutional. Mr. Jackson's conviction can only stand if any of these three crimes, each covering a broad range of criminal conduct, still qualify as a crime of violence under the limited scope of the force clause of § 924(c)(3)(B). This case cannot be rejected by casually "[a]pplying ordinary meaning and employing a modicum of common sense." *Borden*, 141 S. Ct. at 1848. This Court must apply the law. And under the law, Mr. Jackson's single conviction must be vacated

---

[6] The Supreme Court has granted the Government's petition for a writ of certiorari and will review this Court's decision in *Taylor* during its October 2021 term. *See United States v. Taylor*, No. 20-1459, 2021 WL 2742792 (July 2, 2021).

33

because neither kidnapping, murder, nor aggravated sexual abuse categorically require the use of violent force, so none qualify as a crime of violence under the force clause. *See, e.g.*, *Borden*, 141 S. Ct. at 1835 (Thomas, J., concurring) ("Many offenders had committed violent felonies, but *Johnson* foreclosed invoking the residual clause to establish that fact. The workaround was to read the elements clause broadly. But the text of that clause cannot bear such a broad reading.")

At the very least, Mr. Jackson has shown that the complex issues of statutory interpretation discussed above can be reasonably debated and are deserving of review.

Some might argue that Mr. Jackson is not deserving of such a "windfall." But there is no windfall here. Even without a federal conviction, Mr. Jackson must return to prison in North Carolina to face the consequences of his actions that the State of North Carolina thought were appropriate. The federal government chose to prosecute Mr. Jackson only after his criminal proceedings in state court were completed. In charging him under § 924(c) and § 924(j), in order to seek the death penalty, it took on a burden that it cannot now meet. It is not a windfall, but the correct application of the Supreme Court and this Court's case law, that entitle Mr. Jackson to relief.

## CONCLUSION

For these reasons, Appellant Richard Jackson respectfully requests that the Court grant his application for a certificate of appealability and fully address the merits of his claims. In addition, he has shown that, when addressed on the merits, this Court should, reverse his conviction, and grant habeas corpus relief in the form of a new trial.

Respectfully submitted,

*/s/Andrew Childers*

Shawn Nolan
Andrew Childers
Federal Community Defender
  for the Eastern District
  of Pennsylvania
601 Walnut Street, Suite 545W
Philadelphia, PA 19106
(215) 928-0520
Andrew_Childers@fd.org

Dated: August 25, 2021

**REQUEST FOR ORAL ARGUMENT**

In light of the importance and complexity of the issues presented in this appeal, and because this is a capital case, Appellant Richard Jackson respectfully requests that the Court hear oral argument.

/s/Andrew Childers
Andrew Childers

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

This brief complies with Rule 32(a) of the Federal Rules of Appellate Procedure because the brief contains 8,142 words, excluding the parts of the brief exempted by Rule 32(f), and has been prepared in a proportionally spaced typeface using Microsoft Word, in fourteen-point Times New Roman font.

/s/Andrew Childers
Andrew Childers