**No. 20-9**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

_____

**RICHARD ALLEN JACKSON,**
**Appellant,**

**v.**

**UNITED STATES OF AMERICA,**
**Appellee.**

_____

**JOINT APPENDIX**

_____

**On Appeal from the United States District Court
for the Western District of North Carolina (No. 1:16-cv-212-MR)**

Anthony Joseph Enright
Assistant U.S. Attorney
Office of the United States Attorney
Western District of North Carolina
227 West Trade Street, Suite 1650
Charlotte, NC 28202
(704) 344-6222
usancw.appeals@usdoj.gov

September 1, 2021

Shawn Nolan
Andrew Childers
Federal Community Defender for
  the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Andrew_Childers@fd.org

# Index to Joint Appendix

Docket, *Jackson v. United States*, No. 1:16-cv-00212-MR (W.D.N.C.) ............................... JA0001

Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. §2255, No.
1:16-cv-00212-MR (W.D.N.C. June 24, 2016) .................................................................... JA0005

Memorandum of Law in Support of Motion to Vacate Conviction and Sentence Pursuant
to 28 U.S.C. §2255, No. 1:16-cv-00212-MR (W.D.N.C. June 24, 2016) ........................... JA0039

Order to Answer 2255 Motion, No. 1:16-cv-00212-MR (W.D.N.C. June 24, 2019) .......... JA0060

Motion to Dismiss Richard Allen Jackson's 2016 Motion Under 28 U.S.C. §2255,
No. 1:16-cv-00212-MR (W.D.N.C. Jan. 15, 2020) ............................................................. JA0062

Response to the Government's Motion to Dismiss, No. 1:16-cv-00212-MR (W.D.N.C.
Mar. 30, 2020) .................................................................................................................... JA0087

Memorandum of Decision and Order, No. 1:16-cv-00212-MR (W.D.N.C.
Mar. 31, 2020) .................................................................................................................... JA0115

Judgment in Case, No. 1:16-cv-00212-MR (W.D.N.C. Mar. 31, 2020) .............................. JA0130

Notice of Appeal, No. 1:16-cv-00212-MR (W.D.N.C. May 29, 2020) ................................ JA0131

Docket, *United States v. Jackson*, No. 1:00-cr-00074-MR-1 (W.D.N.C.) ........................... JA0133

Superceding Bill of Indictment, *United States v. Jackson*, No. 1:00-cr-00074-MR-1
(W.D.N.C. Nov. 6, 2000) .................................................................................................... JA0158

1

APPEAL,CLOSED,DEATH,JOHNSON

# U.S. District Court
## Western District of North Carolina (Asheville)
## CIVIL DOCKET FOR CASE #: 1:16-cv-00212-MR

Jackson v. USA
Assigned to: District Judge Martin Reidinger
Related  Case: 1:00-cr-00074-MR-1
Case in other court: 4th Circuit, 20-00009
Cause: 28:2255 Motion to Vacate Sentence

Date Filed: 06/24/2016
Date Terminated: 03/31/2020
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate Sentence
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Richard Allen Jackson**

represented by **Alton Larue Gwaltney , III**
Moore & Van Allen PLLC
100 North Tryon Street
Suite 4700
Charlotte, NC 28202
704-331-1008
Fax: 704-331-1159
Email: larrygwaltney@mvalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Frank E. Schall**
Moore & Van Allen
Suite 4700
100 North Tryon Street
Charlotte, NC 28202
704-331-1117
Fax: 704-409-5689
Email: frankschall@mvalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Anderson Fagg , Jr.**
Moore and Van Allen
100 North Tryon Street
Suite 4700
Charlotte, NC 28202
704-331-3622
Fax: 704-378-2092
Email: johnfagg@mvalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**USA**

represented by **Anthony Joseph Enright**

**JA0001**

U.S. Attorney's Office, Western District of NC
227 W. Trade Street, Suite 1650
Charlotte, NC 28202
704-338-3130
Email: anthony.enright@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Bradford Kahan**
United States DOJ, Capital Case Unit
1331 F Street, NW; Rm. 345
Washington, DC 20530
202-305-8910
Fax: 202-353-9779
Email: jeffrey.kahan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/24/2016 | | Case assigned to District Judge Martin Reidinger. *This is your only notice - you will not receive a separate document.* (ejb) (Entered: 06/24/2016) |
| 06/24/2016 | 1 | MOTION to Vacate, Set Aside or Correct Sentence (2255) (Johnson) re: Criminal Case No. 1:00-cr-74-1 (USA2255Group added), filed by Richard Allen Jackson.(ejb) (Additional attachment(s) added on 6/24/2016: # 1 Exhibit 1 - Order Granting Motion to File Successive 2255) (tmg). (Entered: 06/24/2016) |
| 06/24/2016 | 2 | MEMORANDUM in Support by Richard Allen Jackson re: 1 Motion to Vacate/Set Aside/Correct Sentence (2255). (ejb) (Entered: 06/24/2016) |
| 06/27/2016 | 3 | NOTICE of Appearance by Frank E. Schall on behalf of Richard Allen Jackson (Schall, Frank) (Entered: 06/27/2016) |
| 06/27/2016 | 4 | NOTICE of Appearance by Alton Larue Gwaltney, III on behalf of Richard Allen Jackson (Gwaltney, Alton) (Entered: 06/27/2016) |
| 06/29/2016 | 5 | NOTICE of Appearance by Jeffrey Bradford Kahan on behalf of USA (Kahan, Jeffrey) (Entered: 06/29/2016) |
| 07/08/2016 | 6 | **ORDER TO ANSWER 2255 MOTION as to 1 Motion to Vacate/Set Aside/Correct Sentence (2255). Responses due by 10/11/2016. Signed by District Judge Martin Reidinger on 7/8/2016. (khm)** (Entered: 07/08/2016) |
| 07/26/2016 | 7 | Unopposed MOTION to Stay *Hold Petitioner's Motion to Vacate Conviction in Abeyance* by USA. Responses due by 8/12/2016 (Kahan, Jeffrey) (Entered: 07/26/2016) |
| 08/01/2016 | 8 | **ORDER granting 7 Motion to Stay, and this matter is hereby held in abeyance pending further orders of this Court. Signed by District Judge Martin Reidinger on 8/1/2016. (khm)** (Entered: 08/01/2016) |
| 01/31/2019 | 9 | STATUS REPORT -- *Joint* by USA (Kahan, Jeffrey) (Entered: 01/31/2019) |
| 02/19/2019 | 10 | **ORDER that this matter is hereby held in abeyance pending the Supreme Court's decision in *United States v. Davis*, No. 18-431. Thereafter, the Government shall have 60 days from the date that the Supreme Court issues its decision in *Davis* within** |

**JA0002**

| | | |
|---|---|---|
| | | **which to file its response in this matter. Signed by District Judge Martin Reidinger on 2/18/2019. (khm) (Entered: 02/19/2019)** |
| 06/24/2019 | 11 | **ORDER TO ANSWER 2255 MOTION as to 1 Motion to Vacate/Set Aside/Correct Sentence (2255); in light of the Supreme Court's decision, the Court lifts the stay and directs the U.S. Attorney file no later than 60 days from entry of this Order an Answer or other responsive pleading to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. Responses due by 8/23/2019. Signed by District Judge Martin Reidinger on 6/24/2019. (ejb) (Entered: 06/24/2019)** |
| 06/25/2019 | 12 | NOTICE of Appearance by Anthony Joseph Enright on behalf of USA (Enright, Anthony) (Entered: 06/25/2019) |
| 08/19/2019 | 13 | MOTION for Extension of Time to File Response/Reply *to Petitioner's successive motion under 28 U.S.C. § 2255* by USA. Responses due by 9/3/2019 (Enright, Anthony) (Entered: 08/19/2019) |
| 08/19/2019 | | **TEXT-ONLY ORDER granting 13 Motion for Extension of Time to File Response/Reply Response due by 10/7/2019 *Text of Order: The Government's Motion is GRANTED, and the Government shall have an additional 45 days, through and including October 7, 2019, within which to respond to the Petitioner's motion to vacate. So Ordered*. Entered by District Judge Martin Reidinger on 8/19/19. (LMR) (Entered: 08/19/2019)** |
| 10/02/2019 | 14 | Second MOTION for Extension of Time to File Response/Reply *to Petitioner's successive motion under 28 U.S.C. § 2255* by USA. Responses due by 10/16/2019 (Enright, Anthony) (Entered: 10/02/2019) |
| 10/02/2019 | | **TEXT-ONLY ORDER granting 14 Motion for Extension of Time to File Response/Reply Response due by 11/21/2019 *Text of Order: The Government's Motion is GRANTED, and the Government shall have an additional forty-five (45) days, through and including November 21, 2019, within which to respond to the Petitioner's Motion to Vacate. So Ordered*. Entered by District Judge Martin Reidinger on 10/2/19. (LMR) (Entered: 10/02/2019)** |
| 11/20/2019 | 15 | MOTION to Stay re Order on Motion for Extension of Time, 1 Motion to Vacate/Set Aside/Correct Sentence (2255), by USA. Responses due by 12/4/2019 (Enright, Anthony) (Entered: 11/20/2019) |
| 11/22/2019 | 16 | **ORDER denying without prejudice 15 Government's motion to place this case in abeyance. Signed by District Judge Martin Reidinger on 11/22/2019. (thh) (Entered: 11/22/2019)** |
| 01/15/2020 | 17 | MOTION to Dismiss *2016 Motion Under 28 U.S.C. § 2255* by USA. Responses due by 1/29/2020 (Enright, Anthony) (Entered: 01/15/2020) |
| 01/22/2020 | 18 | Unopposed MOTION for Extension of Time to File Response/Reply re: 17 MOTION to Dismiss *2016 Motion Under 28 U.S.C. § 2255* by Richard Allen Jackson. Responses due by 2/5/2020 (Fagg, John) (Entered: 01/22/2020) |
| 01/27/2020 | 19 | **ORDER granting 18 Motion for Extension of Time to File Response re 17 MOTION to Dismiss *2016 Motion Under 28 U.S.C. § 2255*. Responses due by 3/30/2020. Signed by District Judge Martin Reidinger on 1/24/2020. (reh) (Entered: 01/27/2020)** |
| 03/24/2020 | 20 | Unopposed MOTION for Extension of Time to File Response/Reply re: 17 MOTION to Dismiss *2016 Motion Under 28 U.S.C. § 2255* by Richard Allen Jackson. Responses due by 4/7/2020 (Fagg, John) (Entered: 03/24/2020) |
| 03/24/2020 | | **TEXT-ONLY ORDER denying 20 Motion for Extension of Time to File** |

**JA0003**

| | | |
|---|---|---|
| | | **Response/Reply** *Text of Order: The Petitioner has failed to show good cause for the requested 60-day extension. Accordingly, the Petitioner's Motion is denied. So Ordered.* **Entered by District Judge Martin Reidinger on 3/24/2020. (LMR)** (Entered: 03/24/2020) |
| 03/30/2020 | 21 | RESPONSE to Motion re 17 MOTION to Dismiss *2016 Motion Under 28 U.S.C. § 2255* by Richard Allen Jackson. Replies due by 4/6/2020 (Schall, Frank) (Entered: 03/30/2020) |
| 03/31/2020 | 22 | **MEMORANDUM OF DECISION AND ORDER that the Government's 17 Motion to Dismiss is GRANTED, and the Petitioner's 1 Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 is DENIED and DISMISSED. FURTHER ORDERED that the Court declines to issue a certificate of appealability. Signed by District Judge Martin Reidinger on 3/31/2020. (khm)** (Entered: 03/31/2020) |
| 03/31/2020 | 23 | **CLERK'S JUDGMENT is hereby entered in accordance with the Court's Order dated 3/31/2020. Signed by Clerk, Frank G. Johns. (khm)** (Entered: 03/31/2020) |
| 05/29/2020 | 24 | NOTICE OF APPEAL as to 22 Order on Motion to Vacate/Set Aside/Correct Sentence (2255), by Richard Allen Jackson. *Use this link www.ca4.uscourts.gov to retrieve 4th Circuit case opening documents, i.e. Appearance of Counsel, Docketing Statement, Disclosure Statement, and Transcript Order Form.* Note: Your Transcript Order Form must be served on the District Court as well as the Circuit Court. (IFP) (Schall, Frank) (Entered: 05/29/2020) |
| 06/01/2020 | 25 | Transmission of Notice of Appeal to US Court of Appeals re 24 Notice of Appeal. (khm) (Entered: 06/01/2020) |
| 06/02/2020 | 26 | USCA Case Number 20-9 for 24 Notice of Appeal, USCA Case Manager: Emily Borneisen. (ni) (Entered: 06/02/2020) |
| 06/04/2020 | 27 | ORDER of USCA appointing Shawn Nolan, Chief, Capital Habeas Unit, Federal Community Defender for the Eastern District of Pennsylvania as lead counsel for the appellant pursuant to the provisions of 18 U.S.C. § 3599(c) and the Criminal Justice Act effective May 29, 2020. as to 24 Notice of Appeal [20-9]. (reh) (Entered: 06/04/2020) |
| 07/31/2020 | 28 | ORDER of USCA granting Motion for abeyance as to 24 Notice of Appeal [20-9]. (reh) (Entered: 08/03/2020) |

**JA0004**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 1:00–CR–00074–1 |
| | : | |
| RICHARD JACKSON | : | |
| | : | |

### MOTION TO VACATE CONVICTION AND SENTENCE
### PURSUANT TO 28 U.S.C. § 2255

Richard Jackson, a prisoner in the custody of the United States sentenced to death and housed at the United States Penitentiary, Terre Haute, Indiana, respectfully moves this Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Mr. Jackson previously filed a § 2255 motion, which was unsuccessful. Subsequently, he sought and received permission from the United States Court of Appeals for the Fourth Circuit to pursue a second § 2255 motion in this Court. *See* Exhibit 1. Pursuant to the Fourth Circuit's June 16, 2016 Order granting Mr. Jackson authorization to file a second or successive § 2255 motion, Mr. Jackson files this motion and seeks the relief sought herein. [1]

In this Court in 2001, a jury convicted Mr. Jackson of a single count of 18 U.S.C. § 924(c) (carrying or using a firearm during a crime of violence). Mr. Jackson faced an increased potential

---

[1] Pursuant to Local Rule of Criminal Procedure 47.1(C), Section III.C of the Court's Pretrial Order and Case Management Plan, and instructions the undersigned received from the Clerk of Court to file a motion and an accompanying memorandum, Mr. Jackson is simultaneously filing an accompanying memorandum in support of this motion. Prior to this filing, counsel for Mr. Jackson conferred with counsel for the United States regarding the form of this filing (and the accompanying memorandum) and counsel for the United States indicated it has no objection to the form of the filing.

sentence under 18 U.S.C. § 924(j) and, after a separate sentencing hearing, he was sentenced to death.

Mr. Jackson's capital conviction and sentence cannot stand because, after *Johnson v. United States*, 135 S. Ct. 2551 (2015), the three alleged crimes of violence supporting his § 924(c) conviction for the use of a firearm during a crime of violence (i) federal murder pursuant to 18 U.S.C. § 1111(a), (ii) kidnapping pursuant to 18 U.S.C. § 1201(a)(2), and (iii) aggravated sexual assault pursuant to 18 U.S.C. § 2241(a)(1)–(2) – do not qualify as crimes of violence.

Section 924(c) defines a crime of violence in two alternate clauses: the force clause of § 924(c)(3)(A) and the residual clause of § 924(c)(3)(B). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. In light of *Johnson*, the residual clause of § 924(c)(3)(B) is unconstitutionally vague because it suffers from the same defects that compelled the Supreme Court to hold the ACCA's residual clause unconstitutional.

The validity of Mr. Jackson's § 924(c) conviction thus depends on one of the three alleged underlying offenses qualifying as a crime of violence under the statute's force clause. For the reasons stated in the accompanying Memorandum of Law in Support ("the "Memorandum"), established Supreme Court and Fourth Circuit case law, as well as plain language statutory interpretation, dictate that none of the underlying offenses qualifies as crimes of violence under the force clause of § 924(c)(3)(A), as none categorically requires the intentional use of physical force.

Consequently, after *Johnson*, Mr. Jackson's conviction and sentence are unconstitutional and illegal and must be vacated.

2

**JA0006**

## REQUEST FOR RELIEF

WHEREFORE, based on the foregoing and the reasons stated in the accompanying Memorandum, Mr. Jackson respectfully requests that the Court issue an order vacating Mr. Jackson's conviction and sentence.

Respectfully submitted this 24th day of June, 2016.

/s/ John A. Fagg, Jr.
John A. Fagg, Jr.
Alton L. Gwaltney, III
Frank E. Schall
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Phone: (704) 331- 1000
Facsimile: (704) 378-2054
Email: johnfagg@mvalaw.com
        larrygwaltney@mvalaw.com
        frankschall@mvalw.com

*Counsel for Applicant-Petitioner*
*Richard Allen Jackson*

3

## CERTIFICATE OF SERVICE

The undersigned attorney for Applicant-Petitioner Richard Allen Jackson does hereby certify that the foregoing Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 and the accompanying memorandum were electronically filed with the Clerk of Court using the CM/ECF system. A Notice of Electronic Filing will be sent via the Court's ECF system to counsel of record. I also served the foregoing via first class mail to:

Leslie Caldwell
Assistant Attorney General
Jeffrey B. Kahan
United States Department of Justice, Capital Case Unit
1331 F Street, NW, 6th Fl.
Washington, D.C. 20530

Jill Westmoreland Rose
United States Attorney for the Western District of North Carolina
227 West Trade St., Suite 1650
Charlotte, NC 28202

This 24th day of June, 2016.

/s/ John A. Fagg, Jr.
John A. Fagg, Jr.

4

**JA0008**

## CERTIFICATE OF CONFERENCE

I, John A. Fagg, Jr., hereby certify that, pursuant to Local Rule of Criminal Procedure 47.1(B), have not conferred with opposing counsel regarding their position on the relief sought herein. Conference with opposing counsel is not necessary because opposing counsel stated their opposition to the relief sought when Mr. Jackson sought leave from the United States Court of Appeals for the Fourth Circuit to file this motion in this Court.

This 24th day of June, 2016.

/s/ John A. Fagg, Jr.
John A. Fagg, Jr.

5

**JA0009**

# EXHIBIT 1

Case 1:16-cv-00212-MR   Document 1-1   Filed 06/24/16   Page 1 of 29

FILED:  June 16, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-10**
**(1:00-cr-00074-MR-1)**
_____

In re: RICHARD ALLEN JACKSON,

    Movant

_____

O R D E R
_____

Richard Allen Jackson has filed a motion pursuant to 28 U.S.C. §§ 2244(b), 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. We grant authorization for Jackson to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.

A copy of the § 2255 motion attached to Jackson's motion for authorization is transmitted to the district court in accordance with Local Rule 22(d).

Entered at the direction of the panel:  Judge Niemeyer, Judge Motz, and Judge King.

For the Court

/s/ Patricia S. Connor, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

1100 East Main Street, Suite 501, Richmond, Virginia 23219

June 16, 2016

_____

## NOTICE OF AUTHORIZATION
_____

No. 16-10,      In re: Richard Jackson
            1:00-cr-00074-MR-1

TO: Parties and Counsel

The court has authorized a successive application for post-conviction relief in this case.

In accordance with Local Rule 22(d), the post-conviction application attached to the motion for authorization is being transferred to the district court with the order granting authorization. Any proposed amendment to the post-conviction application should be filed in the district court rather than in the court of appeals.

RJ Warren, Deputy Clerk

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Crim. No. 1:00–CR–00074–1 |
| v. | : | |
| | : | Civil No. _____ |
| RICHARD JACKSON | : | |
| | : | |
| | : | |

## MOTION TO VACATE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255

Richard Jackson, a prisoner in the custody of the United States sentenced to death and housed at the United States Penitentiary, Terre Haute, Indiana, respectfully moves this Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. In support of this motion, Mr. Jackson states the following:

## INTRODUCTION

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague because its definition of a violent felony "required courts to assess the hypothetical risk posed by an abstract generic version of the [underlying] offense." *Welch*, 2016 WL 1551144, at *4. While leaving undisturbed the "many laws that 'require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*,'" *id*.

(quoting *Johnson*, 135 S. Ct. at 2561 (emphasis in *Johnson*)), the Court found the clause impermissibly vague because it required courts to envision conduct that a crime involves in the "ordinary case" and "to judge whether that abstraction presents a serious risk of potential injury," *Johnson*, 135 S. Ct. at 2557.

Mr. Jackson was convicted and sentenced to death for using a firearm during a federal "crime of violence" that resulted in a murder, in violation of 18 U.S.C. §§ 924(c) & (j). Specifically, the single count alleged as underlying crimes of violence for the § 924(c) charge: (i) murder pursuant to 18 U.S.C. § 1111(a); (ii) kidnapping pursuant to 18 U.S.C. § 1201(a)(2); and (iii) aggravated sexual assault pursuant to 18 U.S.C. § 2241(a)(1)–(2).

To qualify as a crime of violence, these underlying offenses must fall under either 18 U.S.C. § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause." Mr. Jackson's capital conviction cannot be upheld under § 924(c)(3)(B)'s residual clause because its definition of a "crime of violence" requires the same "ordinary case" approach that the Supreme Court deemed unconstitutional in *Johnson*. Although the risk at issue in § 924(e) is a risk of physical injury, and the risk in § 924(c) is that physical force will be used, this difference is immaterial under *Johnson*'s rationale, which did not turn on the type of risk at issue but rather on how courts assess and quantify a crime's intrinsic risk. Numerous federal courts have recognized that § 924(e)'s residual clause is similar to the residual clause of §

2

924(c)(3)(B) in that both residual clauses require an "ordinary case' analysis to assess the predicate offense, and both require speculation about how risky that ordinary case is. Because § 924(c) contains the same defect that rendered § 924(e) unconstitutional, the residual clause in § 924(c) is also unconstitutional.

Mr. Jackson's conviction likewise cannot be upheld under the remaining statutory subsection of § 924(c)(3)(A)'s force clause because murder, kidnapping, and aggravated sexual assault each do not categorically require the ***intentional*** use of physical force that this clause requires. Accordingly, after *Johnson*, Mr. Jackson's capital conviction is unconstitutional and illegal.

## PROCEDURAL HISTORY

In this Court in 2001, a jury convicted Mr. Jackson of a single count of 18 U.S.C. § 924(c) (carrying or using a firearm during a crime of violence). The government alleged, and the jury found, that the crimes of violence underlying this § 924(c) violation were (i) murder as defined in 18 U.S.C. § 1111(a), (ii) kidnapping as defined in 18 U.S.C. § 1201(a)(2), and (iii) aggravated sexual assault as defined in 18 U.S.C. § 2241(a)(1)–(2). Under 18 U.S.C. § 924(j), Mr. Jackson's potential sentence was increased to any term of years, life, or death because he was found to have committed a murder during the course of the § 924(c) violation, and, after a

separate sentencing hearing, Mr. Jackson was sentenced to death.[1]  The Fourth

Circuit affirmed.  *United States v. Jackson*, 327 F.3d 273 (4th Cir. 2003).  The

Supreme Court denied review.  *Jackson v. United States*, 540 U.S. 1019 (2003).

On November 16, 2004, Mr. Jackson filed a motion pursuant to 28 U.S.C. §

2255 to set aside his conviction and sentence.  This Court denied the petition on June

19, 2009, *Jackson v. United States*, 638 F. Supp. 2d 514 (W.D.N.C. 2009), and

declined to issue a certificate of appealability on July 13, 2010, *Jackson v. United*

*States*, No. 1:04–cv–251, 2010 WL 2775402 (W.D.N.C. July 13, 2010)

(unpublished).  The Fourth Circuit also denied a certificate of appealability.  *Jackson*

*v. United States*, No. 09–0010 (4th Cir. Feb. 11, 2011).  The Supreme Court denied

review.  *Jackson v. United States*, 133 S. Ct. 100 (2012) (mem.).

On June 26, 2015, the Supreme Court held in *Johnson v. United States*, 135

S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act of

1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) and the "ordinary case" analysis it

required courts to undertake, are unconstitutionally void for vagueness in violation

of the Fifth Amendment's guarantee of due process.  On April 18, 2016, the Supreme

Court held that *Johnson* applies retroactively to cases on collateral review.  *Welch v.*

*United States*, 136 S. Ct. 1257 (2016).

---

[1]Mr. Jackson also pleaded guilty and was sentenced for three offenses in North
Carolina state court related to the same events underlying this federal conviction.
These state convictions are not at issue here.

Mr. Jackson now files this second or successive motion under § 2255(h)(2) requesting relief from his conviction and sentence, which rely upon the residual clause of 18 U.S.C. § 924(c)(3)(B), because this clause is now unconstitutional in light of *Johnson*.  Pursuant to § 2255(f) & (h), this application is timely filed within one year of the date that *Johnson* was decided.

## STATEMENT OF FACTS

On May 7, 2001, Mr. Jackson was convicted of a single count of carrying or using a firearm during a crime of violence that resulted in a murder, in violation of 18 U.S.C. §§ 924(c) & (j).  On May 14, 2001, Mr. Jackson was sentenced to death.

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), overruling *Sykes v. United States*, 131 S. Ct. 2267 (2011) and *James v. United States*, 550 U.S. 192 (2007), and invalidating the ACCA's residual clause as too vague to provide adequate notice under the Due Process Clause.  Specifically, the Court concluded that "the indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law."  *Johnson*, 135 S. Ct. at 2257.

## STATEMENT OF THE LAW

Mr. Jackson's capital conviction and sentence cannot stand because, after *Johnson*, the alleged crimes of violence supporting Mr. Jackson's conviction for the

use of a firearm during a crime of violence – federal murder, kidnapping, and aggravated sexual assault – do not qualify as crimes of violence under 18 U.S.C. § 924(c). Section 924(c) defines a crime of violence in two alternate clauses: the force clause under § 924(c)(3)(A) and the residual clause under § 924(c)(3)(B). After *Johnson*, the residual clause is void for vagueness. The validity of Mr. Jackson's § 924(c) & (j) conviction thus depends on one of these crimes qualifying as a crime of violence under the force clause. However, as set forth below, established case law and plain language statutory interpretation dictate that none of the three offenses alleged are crimes of violence under the force clause of § 924(c)(3)(A). Consequently, after *Johnson*, Mr. Jackson's conviction and sentence are unconstitutional and illegal.

## I.    PURSUANT TO *JOHNSON*, § 924(c)(3)(B)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE.

Under the reasoning of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the residual clause of 18 U.S.C. § 924(c)(3)(B) is void for vagueness. In *Johnson*, the Supreme Court analyzed the ACCA residual clause, 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that "involves conduct that presents a serious potential risk of physical injury to another"), which parallels in all material respects the residual clause of 18 U.S.C. § 924(c)(3)(B) (defining a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used"). As § 924(c)(3)(B) suffers from the same flaws

6

that compelled the Supreme Court to declare § 924(e) unconstitutionally vague, § 924(c)(3)(B) is unconstitutional as well.

### A.    *Johnson* Expressly Rejected the "Ordinary Case" Approach to Determining Whether a Crime Is Intrinsically Violent.

In *Johnson*, the Supreme Court held that the residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague because the process by which courts categorize convictions as violent is unacceptably "wide ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2557.  The Court first reaffirmed that, under *Taylor v. United States*, 495 U.S. 575 (1990), the residual clause requires the categorical approach to determine whether a particular offense is a crime of violence. *Johnson*, 135 S. Ct. at 2557, 2562.  That is, courts must assess whether an offense is a violent felony "'in terms of how the law *defines the offense* and not in terms of how an individual *might have committed* it on a particular occasion.'"  *Id.* at 2562 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008) (emphasis added).

The Court observed that, under its precedents, the residual clause "require[d] a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious risk of potential injury." *Johnson*, 135 S. Ct. at 2557 (citation omitted).  But "grave uncertainty" abounds in determining "how to estimate the risk posed by a crime" in the "judicially imagined 'ordinary case'" because "[t]he residual clause offers no reliable way to choose between . . . competing accounts of what 'ordinary' . . . involves." *Id*.  The Court

7

thus concluded that the process of determining what is the "ordinary case" is fatally flawed, rendering the clause unconstitutionally vague. *Id*. at 2557–58.

This flaw alone established the residual clause's unconstitutional vagueness, but a closely related defect exacerbated the problem. *Id*. The residual clause lacked a meaningful gauge for determining when the quantum of risk under the "ordinary case" of a particular statute was enough to constitute a "serious potential risk of physical injury." *Id.* at 2558. Although the level of risk required under the residual clause could arguably be similar to that of the enumerated offenses (burglary, arson, extortion, or crimes involving use of explosives), *Johnson* rejected the notion that comparing the risk posed by an "ordinary case" to the risk posed by enumerated offenses would cure the constitutional problem. *Id.* The Court held that the indeterminacy, unpredictability, and arbitrariness inherent in the "ordinary case" analysis is more than the "Due Process Clause tolerates." *Id.* Thus, *Johnson* not only invalidated the ACCA residual clause; it invalidated the "ordinary case" analysis in determining the violence inherent in crimes. *See id.*

**B.    *Johnson* Renders § 924(c)(3)(B) Unconstitutionally Vague.**

The residual clause in § 924(c) suffers the same defects as the ACCA residual clause in § 924(e). The language of the provisions is similar; the federal courts treat the provisions the same; and both provisions depend on the now-abrogated "ordinary case" analysis.

Section 924(e) defines a "violent felony" to include those that involve "a serious potential risk" of "physical injury" to another person. Section 924(c) defines a "crime of violence" to include those that involve "a substantial risk" that "physical force" may be used against a person or property. Both provisions thus define violent crimes according to their intrinsic risk that they may involve physical force or injury. Although the risk at issue in § 924(e) is a risk of physical injury, and the risk in § 924(c) is that physical force will be used, this difference is immaterial under *Johnson*'s rationale. The Supreme Court's holding did not turn on the type of risk at issue but rather on how courts assess and quantify the risk intrinsic in a crime.

Federal courts have recognized that § 924(e)'s residual clause is similar to § 924(c)(3)(B) and to the identical provision in 18 U.S.C. § 16(b). *See, e.g., Chambers v. United States*, 555 U.S. 122, 133 n.2 (2009) (Alito, J., concurring) (Section 16(b) "closely resembles ACCA's residual clause"); *United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on ACCA case to interpret the definition of crime of violence under § 924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (same); *see also United States v. Keelan*, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing the ACCA residual clause and § 16(b) as "analogous"); *Roberts v. Holder*, 745 F.3d 928, 930–31 (8th Cir. 2014) (ACCA's definition of a violent felony is "virtually identical to § 16(b)"); *United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008) ("The present case involves the term 'crime of violence' whereas

9

the Supreme Court in *Begay* interpreted the term 'violent felony.'  We have never recognized a distinction between the two.").

Under § 924(c), just as under § 924(e), a court must first picture the "ordinary case" and then decide if it categorically qualifies as a crime of violence by assessing the intrinsic risk posed.  *See United States v. Fuertes*, 805 F.3d 485, 500 n.6 (4th Cir. 2015) (considering whether offense qualifies as crime of violence under residual clause of § 924(c) based on whether "ordinary case . . . involves a substantial risk that the defendant will use physical force as a means to commit the offense"); *see also United States v. McNeal*, No. 14–4871, 2016 WL 1178823, at *8 (4th Cir. Mar. 28, 2016) ("In determining whether an offense is a crime of violence under either [the force clause or the residual clause of § 924(c)], we utilize the categorical approach, which focuses solely on the elements of the offense, rather than on the facts of the case.").[2]

---

[2] *Accord United States v. Serafin*, 562 F.3d 1105, 1107 (10th Cir. 2009) (explaining the court employs a "categorical approach" when determining whether a crime qualifies as a crime of violence for purposes of § 924(c), and does not consider the particular facts of conviction); *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006) (same); *United States v. Jennings*, 195 F.3d 795, 797–98 (5th Cir. 1999) (same); *United States v. Amparo*, 68 F.3d 1222 (9th Cir. 1995) ("This circuit has adopted a categorical approach to determining which offenses are included under section 924(c) as 'crimes of violence'"); *United States v. Moore*, 38 F.3d 977, 980 (8th Cir. 1994) (explaining, when analyzing whether a predicate crime falls within the residual clause of § 924(c), "the question is not whether the particular facts constitute a crime of violence, but whether [the predicate crime itself] is a crime of violence," and in making this determination, courts must look to the elements of the

10

Indeed, in litigating *Johnson,* the United States agreed that the residual clauses in § 924(e) and § 924(c) posed the same problem.  After noting that the definitions of crime of violence in the residual clauses of § 924(c) and § 16(b) are identical, the Solicitor General stated:

> Although Section 16 refers to the risk that *force* will be used rather than that *injury* will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

Supplemental Brief for the United States, *Johnson v. United States*, 135 S. Ct. 2551, 2015 WL 1284964, at *22–23 (Mar. 20, 2015) (emphasis in original).  The Solicitor General's analysis was undoubtedly correct.  The residual clauses in both § 924(c) and § 924(e) require an "ordinary case" analysis to assess the predicate offense, and both require speculation about how risky that ordinary case is.

Because this is the same defect that rendered § 924(e) unconstitutional, the residual clause in § 924(c) is also unconstitutional, as various federal courts have recognized.[3]   *United States v. Bell*, No. 15–00258, 2016 WL 344749, at *11–13

---

crime, not the particular facts of the crime, to determine whether "by its nature" there is a "substantial risk that physical force will be used).

[3]The Seventh and Ninth Circuits have also held that the residual clause of § 16, which is identical to the residual clause in § 924(c), is sufficiently similar to the residual clause in § 924(e) and thus unconstitutionally vague.  *See United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).

11

(N.D. Cal. Jan. 28, 2016); *United States v. Lattanaphom*, No. 99–CR–00433, 2016 WL 393545, at *3–6 (E.D. Cal. Feb. 2, 2016); *United States v. Edmundson*, No. 13–CR–15, 2015 WL 9311983, at *2–6 (D. Md. Dec. 23, 2015).

For these reasons, Mr. Jackson's conviction for using a firearm during a crime of violence under 18 U.S.C. § 924(c) cannot be sustained upon any alleged crime of violence qualifying under the unconstitutionally vague residual clause of 18 U.S.C. § 924(c)(3)(B).

## II. MURDER UNDER § 1111, KIDNAPPING UNDER § 1201, AND AGGRAVATED SEXUAL ASSAULT UNDER § 2241(a) DO NOT QUALIFY AS CRIMES OF VIOLENCE UNDER THE FORCE CLAUSE OF § 924(c)(3)(A).

Because § 924(c)(3)(B)'s residual clause is unconstitutionally vague in light of *Johnson*, Mr. Jackson's conviction and sentence must rely on a crime of violence qualifying under § 924(c)(3)(A)'s force clause. However, the alleged crimes of violence in this case, federal murder, kidnapping, and aggravated sexual assault, all fail to categorically qualify as crimes of violence under § 924(c)(3)(A).

To determine whether a predicate offense qualifies as a crime of violence under § 924(c), this Court must use the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. McNeal*, No. 14–4871, 2016 WL 1178823, at *8 (4th Cir. Mar. 28, 2016); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). This approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the

particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Descamps*, 133 S. Ct. at 2283 (citation omitted); *see also McNeal*, 2016 WL 1178823, at *8 ("In determining whether an offense is a crime of violence under either clause [of § 924(c)], we utilize the categorical approach, which focuses solely on the elements of the offense, rather than on the facts of the case.").

Under this well-established standard, federal murder, kidnapping, and aggravated sexual assault all fail to qualify as crimes of violence under the force clause of § 924(c)(3)(A).

### A.    Murder under § 1111 Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).

Murder pursuant to 18 U.S.C. § 1111 does not categorically qualify as a crime of violence under § 924(c)(3)(A) for at least two reasons: (1) murder may be accomplished without the *intentional* use of force; and (2) murder may be accomplished without the use of *violent physical* force.

The Supreme Court has recognized that "the use . . . of physical force against the person or property of another [] most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (citations and quotations omitted). The Fourth Circuit has similarly acknowledged that "to qualify as a crime of violence, an offense must require either specific intent or knowledge with respect to the use, threatened use, or attempted use

13

of physical force." *McNeal*, 2016 WL 1178823, at *12; *see also United States v. Vinson*, 805 F.3d 120, 125 (4th Cir. 2015) (use of physical force required of crime of violence must involve an intent beyond mere recklessness or negligence); *Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006) ("[R]ecklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'").

At the same time, this Court has also recognized that, although "murder [under § 1111] requires a showing of malice aforethought," "[t]o prove malice, the Government does not have to show an intent to kill or injure." *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003). Indeed, a death resulting from a defendant's accidental conduct during the course of a felony can result in liability for murder under § 1111. *See, e.g., United States v. Singletary*, 166 F.3d 336, 1998 WL 879059, at *2 (4th Cir. 1998) (per curiam) (noting defendant conceded that accidental behavior resulting in death during robbery "fell within the felony murder provisions of § 1111"); *United States v. Tham*, 118 F.3d 1501, 1508 (11th Cir. 1997) (noting that, under common law, "anytime commission of a felony caused a death, *even though unintentional or accidental*, the legal malice from the felony sufficed to transform the killing into a felony murder" and "Section 1111(a) enshrines this common law principle in federal statutory law, but restricts its application to arson and certain other enumerated felonies") (emphasis added).

Thus, the required malice to sustain a felony murder conviction under § 1111

14

is supplied by the commission of the felony itself, *see United States v. Chaney*, 493 Fed. App'x 448, 452 (4th Cir. 2012), while at the same time, many of the predicate felonies listed in § 1111 require no use or threat of force at all.[4]  Hence, murder under § 1111 does not categorically require the use of force because liability may be predicated upon an unintentional death resulting from the commission of a non-forceful felony.

Because an intent to kill or even to injure is not required, the *mens rea* required to sustain a conviction of murder under § 1111 is "not enough to support a determination that a crime is a 'crime of violence.'" *Garcia*, 455 F.3d at 469. Murder under § 1111 does not categorically require the intentional use of physical force

---

[4]Most of the predicate felonies listed in § 1111 may be committed without the use or threat of force.  For example, kidnapping may be accomplished in many non-forceful ways, as detailed *infra* in Section I.B.  *See* § 1201.  Aggravated sexual abuse may be accomplished without the use of force, as detailed *infra* in Section I.C, and for the same reasons, sexual abuse may also be accomplished without the use of force.  *See* 18 U.S.C. §§ 2241, 2242.  Arson does not have as "an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A), because it may be accomplished by setting fire to one's own property, or by simply conspiring to commit an arson prior to the use, attempted use, or threatened use of any force.  *See* 18 U.S.C. § 81.  Treason and the several federal espionage statutes also do not require the use of force as an element of the crime.  *See* 18 U.S.C. §§ 792–99, 2381.  Sabotage may be accomplished simply through the production of defective war material.  *See* 18 U.S.C. § 2154. Robbery of property belonging to the United States from another person does not require the use of force as an element of the offense.  *See* 18 U.S.C. § 2112. Burglary involving controlled substances also requires no force.  *See* 18 U.S.C. § 2118(b).

**JA0028**

required by *Leocal* and *McNeal* to qualify as a crime of violence.[5]

And murder under § 1111 also fails to qualify as a crime of violence under § 924(c)(3)(A) because the offense does not require the use of violent physical force at all. "Physical force" means "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). But, as detailed above and also recognized by the Fourth Circuit, a death occurring during the commission of a non-forceful felony, without the use of any violent force by the defendant, can lead to a conviction of murder under § 1111. For example, if a bystander suffers a heart attack while a defendant is committing a predicate felony, the defendant could be charged and convicted of murder. *See United States v. Whitfield*, 548 Fed. App'x 70, 71–72 (4th Cir. 2013) (per curiam) (upholding this Court's finding under sentencing guidelines that victim was killed under circumstances constituting murder under § 1111 because death occurred during perpetration of a burglary or robbery), *affirmed*, *Whitfield v. United States*, 135 S. Ct. 785 (2015); *Whitfield v. United States*, No. 3:16–cv–00027, 2016 WL 427942, at *1 (W.D.N.C. Feb. 3, 2016) (noting "[u]pon seeing [defendant] enter her home, [the victim] became extremely agitated and began to cry and experience shortness of breath," defendant "ordered her from the

---

[5]The force clause of 18 U.S.C. § 16(a) at issue in *Leocal* is identical to the force clause of § 924(c)(3)(A) at issue here.

hallway into another room and instructed her to sit down," and later "it was found that [the victim] had died from a heart attack").

Similarly, a death occurring during a felony that resulted from intentional but only slightly offensive touching (such as when a bystander falls to their death after being recklessly but only slightly brushed aside by a defendant in the act of committing a felony) would sustain a murder conviction but yet not involve the use of "force capable of causing physical pain or injury to another person," *Johnson*, 559 U.S. at 140, required to constitute a crime of violence. Finally, any death resulting from accidental or negligent conduct by a defendant during the commission of any one of the felonies that do not require the use of force at all, detailed above at *supra* note 3, would support a conviction under § 1111, even though the defendant's conduct did not involve the use of violent physical force at all. *See Leocal*, 543 U.S. at 10 ("[W]e would not ordinarily say a person uses physical force against another by stumbling and falling into him.") (citations and quotations omitted). Indeed, the Fourth Circuit has recognized that "[o]f course, a crime may *result* in death or serious injury without involving *use* of physical force." *United States v. Torres-Miguel*, 701 F.3d 165, 168 (4th Cir. 2012) (emphasis in original).

Because neither the intentional use of force nor the actual use of any violent physical force are categorically elements of murder pursuant to § 1111, federal murder is not a crime of violence under the force clause of § 924(c)(3)(A).

### B.    Kidnapping Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).

Kidnapping under 18 U.S.C. § 1201 does not qualify as a crime of violence under § 924(c)(3)(A) because it may be accomplished without the use of violent physical force.  As noted above, for an offense to qualify as a crime of violence under the force clause, the offense must categorically involve the use, attempted use, or threatened use of physical force. *See* § 924(c)(3)(A).  Again, "[p]hysical force" means "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson (Curtis)*, 559 U.S. at 140 (emphasis in original).

Federal kidnapping does not categorically require violent physical force. Instead, the crime may be accomplished through non-physical means, such as by "inveigling" or "decoying." § 1201(a); *United States v. Hughes*, 716 F.2d 234, 239 (4th Cir. 1983) (noting that a kidnapper may "use[] deceit and trickery to accomplish his purpose rather than overt force"); *see also United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000) ("By its terms, § 1201(a) criminalizes kidnappings accomplished through physical, forcible means and also by nonphysical, nonforcible means.").

Because a violation of § 1201 may be committed by means of fraud or deception instead of by force, it does not categorically include the element of physical force necessary to qualify as a crime of violence under § 924(c)(3)(A). *See Fuertes*, 805 F.3d at 498–99 (concluding that sex trafficking by force, fraud, or coercion is not a crime of violence under either the force clause or residual clause of

18

§ 924(c) because it does not categorically involve physical force).[6]

Likewise, the requirement that the kidnapper "hold" the victim does not categorically require physical force. As the Supreme Court has explained, "the act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical *or mental restraint* for an appreciable period against the person's will and with a willful intent so to confine the victim." *Chatwin v. United States*, 326 U.S. 455, 460 (1946) (emphasis added). Thus, the element of "holding" may be fulfilled through non-forceful means such as "mental restraint."

Because kidnapping under § 1201 may be accomplished without the use of any violent physical force, the offense does not categorically qualify as a crime of violence under the force clause of § 924(c)(3)(A).

---

[6]*See also United States v. Montes-Flores*, 736 F.3d 357, 368 (4th Cir. 2013) (holding South Carolina offense of assault and battery of a high and aggravating nature does not qualify as crime of violence because it does not categorically require physical force as an element); *cf. United States v. Aparicio-Soria*, 740 F.3d 152, 157–58 (4th Cir. 2014) (en banc) (reasoning, because Maryland offense of resisting arrest may be committed by either violent or nonviolent means, it does not qualify as a crime of violence under U.S.S.G. § 2L1.2, the reentry Guideline); *United States v. Royal*, 731 F.3d 333, 341–42 (4th Cir. 2013) (reasoning, because Maryland offense of second degree assault may be committed by either violent or nonviolent means, it does not qualify as a violent felony under § 924(e)(1)); *accord Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1127 (9th Cir. 2012) (noting "[t]he federal kidnapping statute has no force requirement"); *United States v. Moreno-Florean*, 542 F.3d 445, 450–52 (5th Cir. 2008) (holding California kidnapping statute did not include physical force as an element because crime could be accomplished through non-physical means).

**C.    Aggravated Sexual under § 2241(a) Assault Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).**

The federal offense of aggravated sexual assault under § 2241(a) is not categorically a crime of violence under § 924(c)(3)(A) because "knowingly caus[ing] another person to engage in a sexual act" by "threatening or placing that person in fear that any person will be subjected to. . . kidnapping," § 2241(a), may also be accomplished without the use of violent physical force by the defendant.

First, the sexual act element of § 2241(a) does not categorically require the use of violent physical force.  A sexual act may involve "contact between the penis and the vulva or the penis and the anus," and such "contact involving the penis occurs upon penetration, *however slight*."   18 U.S.C. § 2254(2)(A) (emphasis added).  This "however slight" contact does not rise to level of "*violent* force – that is, force capable of causing physical pain or injury to another person," *Johnson (Curtis)*, 559 U.S. at 140 (emphasis in original), required to qualify as a crime of violence under the force clause of § 924(c)(3)(A).  Indeed, the Fourth Circuit has held that a Pennsylvania state statute requiring "'penetration, however slight, of the genitals or anus'" of another is not a crime of violence "[b]ecause physical force is not necessary." *United States v. Leshen*, 453 Fed. App'x 408, 412–13 (4th Cir. 2011) (per curiam) (quoting 18 Pa. Cons. Stat. § 3125)

The sexual act element of § 2241(a) does not categorically require the use of

20

violent physical force because none of the four definitions of sexual act from §
2246(2)(A)–(D) that apply to § 2241 require the use of any violent physical force. A
sexual act may involve "contact between the penis and the vulva or the penis and the
anus" with such "contact involving the penis occur[ring] upon penetration, *however
slight*," 18 U.S.C. § 2254(2)(A) (emphasis added), or "the penetration, *however
slight*, of the anal or genital opening of another by a hand or finger or by any object,
with an intent to . . . arouse or gratify the sexual desire of any person," § 2254(2)(C)
(emphasis added). This "however slight" contact does not rise to required level of
"*violent* force – that is, force capable of causing physical pain or injury to another
person," *Johnson (Curtis)*, 559 U.S. at 140 (emphasis in original). Indeed, this Court
has held that a statute requiring "'penetration, however slight, of the genitals or
anus'" of another is not a crime of violence "[b]ecause physical force is not
necessary." *United States v. Leshen*, 453 Fed. App'x 408, 412–13 (4th Cir. 2011)
(per curiam) (quoting 18 Pa. Cons. Stat. § 3125).[7]

---

[7]In *Leshen*, the Fourth Circuit considered, *inter alia*, whether the Pennsylvania
offense of aggravated indecent assault qualified as a crime of violence within the
meaning of U.S.S.G. § 2K2.1(a), which adopted the meaning of crime of violence
from U.S.S.G. § 4B1.2(a). The force clause of § 4B1.2(a)(1) defines a crime of
violence as any offense that "has as an element the use, attempted use, or threatened
use of physical force against the person of another," whereas the force clause at issue
here from § 924(c)(3)(A) defines a crime of violence as any offense that "has as an
element the use, attempted use, or threatened use of physical force against the person
or property of another." Thus, the force clause at issue in *Leshen* mirrors the force
clause in this case in all relevant aspects.

21

A sexual act may also involve "contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus," § 2254(2)(B), or "intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to . . . gratify the sexual desire of any person," § 2254(2)(D). Since *any* contact under these definitions of a sexual act, rather than contact through violent physical force, can sustain a conviction for aggravated sexual assault, the required sexual act does not involve the force necessary under § 924(c)(3)(A). *See, e.g, Johnson (Curtis)*, 559 U.S. at 139–40 (holding "the slightest offensive touching" does not rise to the level of "force" required for offense to qualify as "violent felony" under 18 U.S.C. § 924(e)(2) because "by itself, the word 'violent'. . . connotes a substantial degree of force,").

The sexual act underlying a conviction for aggravated sexual assault may also involve "the penetration, *however slight*, of the anal or genital opening of another by a hand or finger or by any object, with an intent to . . . arouse or gratify the sexual desire of any person," § 2254(2)(C) (emphasis added), or the "intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to . . . gratify the sexual desire of any person," 18 U.S.C. § 2254(2)(D). Hence, none of the four definitions of sexual contact from § 2254(2)(A)–(D) that apply to aggravated sexual assault under § 2241 categorically require the use of violent physical force.

22

Moreover, aggravated sexual assault only requires that a defendant "knowingly caus[e] another person to engage in a sexual act," § 2241(a), which may be accomplished by the defendant knowingly causing another person to engage in a sexual act with a third party, such that the defendant never touches another person at all, and so cannot be said to have used force at all. Indeed, this Court has recognized that "the relevant inquiry in determining whether an offense qualifies as a crime of violence [under § 924(c)(3)(B)] is not simply whether there is a substantial risk of physical injury" but "whether there is a substantial risk that the *defendant* will use physical force against the victim in completing the crime." *Fuertes*, 805 F.3d at 500 (emphasis in original).

Consequently, the elements of aggravated sexual assault of "knowingly caus[ing] another person to engage in a sexual act" do not categorically require the use of violent physical force.

The remaining elements of aggravated sexual assault may also be accomplished without the use of physical force, as the offense is complete if a defendant knowingly causes another person to engage in a sexual act by "threatening or placing that person in fear that any person will be subjected to . . . serious bodily injury, or kidnapping." *See* § 2241(a). As described above, kidnapping can be accomplished in many non-forceful ways, and hence the threat of a non-forceful kidnapping would complete the crime of aggravated sexual assault without the use

or threat of physical force.  This Court also recognizes a distinction between statutes that entail a threat to use violent physical force and those that more broadly involve threats of a result of serious bodily injury.  *See Torres-Miguel*, 701 F.3d at 169 ("Of course, a crime may *result* in death or serious injury without involving *use* of physical force.") (emphasis in original). Thus, an offense only qualifies as a crime of violence under the force clause of § 924(c) if it "entails a threat to use violent physical force, and not merely a threat to cause bodily injury."  *See McNeal*, 2016 WL 1178823, at *13.  Aggravated sexual assault does not meet this requirement because it can be accomplished with the threat of a non-forceful kidnapping or the mere threat of serious bodily injury.

For these reasons, aggravated sexual assault under § 2241(a) does not qualify as crime of violence under the force clause of § 924(c)(3)(B).

<b><u>CONCLUSION</u></b>

Mr. Jackson's conviction and sentence of death are unconstitutional in light of the Supreme Court's holding in *Johnson*.  Under *Johnson*, the residual clause of § 924(c)(3)(B) is void for vagueness and thus unconstitutional. In addition, the offenses of murder under § 1111, kidnapping under § 1201, and aggravated sexual assault under § 2241(a) are not categorically crimes of violence under the force clause of 18 U.S.C. § 924(c)(3)(A).  Mr. Jackson's claim in light of *Johnson* is properly based on a new rule of constitutional law that has been made retroactive by

24

the Supreme Court and was previously unavailable. *See* 28 U.S.C. § 2255(h)(2). In light of *Johnson*, Mr. Jackson's conviction for the use of a firearm during a crime of violence under 18 U.S.C. § 924(c) must be set aside because it is not supported by a valid crime of violence.

## **REQUEST FOR RELIEF**

Wherefore, based on the foregoing, Mr. Jackson respectfully requests that the Court grant him the following relief:

(1) Leave to amend this motion;

(2) Leave to file a Memorandum of Law in support of this motion;

(3) Should it assist the Court, a status conference to discuss the timing of the above; and

(4) A Writ of Habeas Corpus to vacate Mr. Jackson's conviction and sentence.

Respectfully Submitted,

/s/ John A. Fagg, Jr.

| John A. Fagg, Jr. | Shawn Nolan |
|---|---|
| Frank E. Schall | Federal Community Defender Office |
| Moore & Van Allen PLLC | for Eastern District of Pennsylvania |
| 100 North Tryon Street, Suite 4700 | 601 Walnut Street, Suite 545 West |
| Charlotte, NC 28202 | Philadelphia, PA 19106 |
| (704) 331-1000 | (215) 928-0520 |

Counsel for Applicant-Petitioner

Dated: May 24, 2016

25

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

UNITED STATES OF AMERICA      :
                              :
          v.                  :        Crim. No. 1:00–CR–00074–1
                              :
RICHARD JACKSON               :
                              :
                              :

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO VACATE CONVICTION AND SENTENCE
PURSUANT TO 28 U.S.C. § 2255**

Richard Jackson, a prisoner in the custody of the United States sentenced to death and housed at the United States Penitentiary, Terre Haute, Indiana, respectfully submits this memorandum in support of his motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.

**INTRODUCTION**

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague because its definition of a violent felony "required courts to assess the hypothetical risk posed by an abstract generic version of the [underlying] offense." *Welch*, 2016 WL 1551144, at *4. While leaving undisturbed the "many laws that 'require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*,'" *id.* (quoting *Johnson*, 135 S. Ct. at 2561 (emphasis in *Johnson*)), the Court found the clause impermissibly vague because it required courts to envision conduct that a crime involves in the "ordinary case" and "to judge whether that abstraction presents a serious risk of potential injury," *Johnson*, 135 S. Ct. at 2557.

**JA0039**

Mr. Jackson was convicted and sentenced to death for using a firearm during a federal "crime of violence" that resulted in a murder, in violation of 18 U.S.C. §§ 924(c) & (j). Specifically, the single count alleged as underlying crimes of violence for the § 924(c) charge: (i) murder pursuant to 18 U.S.C. § 1111(a); (ii) kidnapping pursuant to 18 U.S.C. § 1201(a)(2); and (iii) aggravated sexual assault pursuant to 18 U.S.C. § 2241(a)(1)–(2).

To qualify as a crime of violence, these underlying offenses must fall under either 18 U.S.C. § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause." Mr. Jackson's capital conviction cannot be upheld under § 924(c)(3)(B)'s residual clause because its definition of a "crime of violence" requires the same "ordinary case" approach that the Supreme Court deemed unconstitutional in *Johnson*. Although the risk at issue in § 924(e) is a risk of physical injury, and the risk in § 924(c) is that physical force will be used, this difference is immaterial under *Johnson*'s rationale, which did not turn on the type of risk at issue but rather on how courts assess and quantify a crime's intrinsic risk. Numerous federal courts have recognized that § 924(e)'s residual clause is similar to the residual clause of § 924(c)(3)(B) in that both residual clauses require an "ordinary case' analysis to assess the predicate offense, and both require speculation about how risky that ordinary case is. Because § 924(c) contains the same defect that rendered § 924(e) unconstitutional, the residual clause in § 924(c) is also unconstitutional.

Mr. Jackson's conviction likewise cannot be upheld under the remaining statutory subsection of § 924(c)(3)(A)'s force clause because murder, kidnapping, and aggravated sexual assault each do not categorically require the ***intentional*** use of physical force that this clause requires. Accordingly, after *Johnson*, Mr. Jackson's capital conviction is unconstitutional and illegal.

2

**JA0040**

## PROCEDURAL HISTORY

In this Court in 2001, a jury convicted Mr. Jackson of a single count of 18 U.S.C. § 924(c) (carrying or using a firearm during a crime of violence). The government alleged, and the jury found, that the crimes of violence underlying this § 924(c) violation were (i) murder as defined in 18 U.S.C. § 1111(a), (ii) kidnapping as defined in 18 U.S.C. § 1201(a)(2), and (iii) aggravated sexual assault as defined in 18 U.S.C. § 2241(a)(1)–(2). Under 18 U.S.C. § 924(j), Mr. Jackson's potential sentence was increased to any term of years, life, or death because he was found to have committed a murder during the course of the § 924(c) violation, and, after a separate sentencing hearing, Mr. Jackson was sentenced to death.[1] The Fourth Circuit affirmed. *United States v. Jackson*, 327 F.3d 273 (4th Cir. 2003). The Supreme Court denied review. *Jackson v. United States*, 540 U.S. 1019 (2003).

On November 16, 2004, Mr. Jackson filed a motion pursuant to 28 U.S.C. § 2255 to set aside his conviction and sentence. This Court denied the petition on June 19, 2009, *Jackson v. United States*, 638 F. Supp. 2d 514 (W.D.N.C. 2009), and declined to issue a certificate of appealability on July 13, 2010, *Jackson v. United States*, No. 1:04–cv–251, 2010 WL 2775402 (W.D.N.C. July 13, 2010) (unpublished). The Fourth Circuit also denied a certificate of appealability. *Jackson v. United States*, No. 09–0010 (4th Cir. Feb. 11, 2011). The Supreme Court denied review. *Jackson v. United States*, 133 S. Ct. 100 (2012) (mem.).

On June 26, 2015, the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C.

---

[1]Mr. Jackson also pleaded guilty and was sentenced for three offenses in North Carolina state court related to the same events underlying this federal conviction. These state convictions are not at issue here.

3

§ 924(e)(2)(B)(ii) and the "ordinary case" analysis it required courts to undertake, are unconstitutionally void for vagueness in violation of the Fifth Amendment's guarantee of due process. On April 18, 2016, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Mr. Jackson now files this second or successive motion under § 2255(h)(2) requesting relief from his conviction and sentence, which rely upon the residual clause of 18 U.S.C. § 924(c)(3)(B), because this clause is now unconstitutional in light of *Johnson*. Pursuant to § 2255(f) & (h), this application is timely filed within one year of the date that *Johnson* was decided.

## STATEMENT OF FACTS

On May 7, 2001, Mr. Jackson was convicted of a single count of carrying or using a firearm during a crime of violence that resulted in a murder, in violation of 18 U.S.C. §§ 924(c) & (j). On May 14, 2001, Mr. Jackson was sentenced to death.

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), overruling *Sykes v. United States*, 131 S. Ct. 2267 (2011) and *James v. United States*, 550 U.S. 192 (2007), and invalidating the ACCA's residual clause as too vague to provide adequate notice under the Due Process Clause. Specifically, the Court concluded that "the indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2257.

## STATEMENT OF THE LAW

Mr. Jackson's capital conviction and sentence cannot stand because, after *Johnson*, the alleged crimes of violence supporting Mr. Jackson's conviction for the use of a firearm during a

4

**JA0042**

crime of violence – federal murder, kidnapping, and aggravated sexual assault – do not qualify as crimes of violence under 18 U.S.C. § 924(c). Section 924(c) defines a crime of violence in two alternate clauses: the force clause under § 924(c)(3)(A) and the residual clause under § 924(c)(3)(B). After *Johnson*, the residual clause is void for vagueness. The validity of Mr. Jackson's § 924(c) & (j) conviction thus depends on one of these crimes qualifying as a crime of violence under the force clause. However, as set forth below, established case law and plain language statutory interpretation dictate that none of the three offenses alleged are crimes of violence under the force clause of § 924(c)(3)(A). Consequently, after *Johnson*, Mr. Jackson's conviction and sentence are unconstitutional and illegal.

I.   **PURSUANT TO *JOHNSON*, § 924(c)(3)(B)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE.**

Under the reasoning of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the residual clause of 18 U.S.C. § 924(c)(3)(B) is void for vagueness. In *Johnson*, the Supreme Court analyzed the ACCA residual clause, 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that "involves conduct that presents a serious potential risk of physical injury to another"), which parallels in all material respects the residual clause of 18 U.S.C. § 924(c)(3)(B) (defining a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used"). As § 924(c)(3)(B) suffers from the same flaws that compelled the Supreme Court to declare § 924(e) unconstitutionally vague, § 924(c)(3)(B) is unconstitutional as well.

A.   ***Johnson* Expressly Rejected the "Ordinary Case" Approach to Determining Whether a Crime Is Intrinsically Violent.**

In *Johnson*, the Supreme Court held that the residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague because the process by which courts categorize convictions as violent is

**JA0043**

unacceptably "wide ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2557. The Court first reaffirmed that, under *Taylor v. United States*, 495 U.S. 575 (1990), the residual clause requires the categorical approach to determine whether a particular offense is a crime of violence. *Johnson*, 135 S. Ct. at 2557, 2562. That is, courts must assess whether an offense is a violent felony "'in terms of how the law *defines the offense* and not in terms of how an individual *might have committed* it on a particular occasion.'" *Id.* at 2562 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008) (emphasis added).

The Court observed that, under its precedents, the residual clause "require[d] a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious risk of potential injury." *Johnson*, 135 S. Ct. at 2557 (citation omitted). But "grave uncertainty" abounds in determining "how to estimate the risk posed by a crime" in the "judicially imagined 'ordinary case'" because "[t]he residual clause offers no reliable way to choose between . . . competing accounts of what 'ordinary' . . . involves." *Id.* The Court thus concluded that the process of determining what is the "ordinary case" is fatally flawed, rendering the clause unconstitutionally vague. *Id.* at 2557–58.

This flaw alone established the residual clause's unconstitutional vagueness, but a closely related defect exacerbated the problem. *Id.* The residual clause lacked a meaningful gauge for determining when the quantum of risk under the "ordinary case" of a particular statute was enough to constitute a "serious potential risk of physical injury." *Id.* at 2558. Although the level of risk required under the residual clause could arguably be similar to that of the enumerated offenses (burglary, arson, extortion, or crimes involving use of explosives), *Johnson* rejected the notion that comparing the risk posed by an "ordinary case" to the risk posed by enumerated offenses would cure the constitutional problem. *Id.* The Court held that the indeterminacy, unpredictability, and

6

**JA0044**

arbitrariness inherent in the "ordinary case" analysis is more than the "Due Process Clause tolerates." *Id.* Thus, *Johnson* not only invalidated the ACCA residual clause; it invalidated the "ordinary case" analysis in determining the violence inherent in crimes. *See id.*

**B.** *Johnson* **Renders § 924(c)(3)(B) Unconstitutionally Vague.**

The residual clause in § 924(c) suffers the same defects as the ACCA residual clause in § 924(e). The language of the provisions is similar; the federal courts treat the provisions the same; and both provisions depend on the now-abrogated "ordinary case" analysis.

Section 924(e) defines a "violent felony" to include those that involve "a serious potential risk" of "physical injury" to another person. Section 924(c) defines a "crime of violence" to include those that involve "a substantial risk" that "physical force" may be used against a person or property. Both provisions thus define violent crimes according to their intrinsic risk that they may involve physical force or injury. Although the risk at issue in § 924(e) is a risk of physical injury, and the risk in § 924(c) is that physical force will be used, this difference is immaterial under *Johnson*'s rationale. The Supreme Court's holding did not turn on the type of risk at issue but rather on how courts assess and quantify the risk intrinsic in a crime.

Federal courts have recognized that § 924(e)'s residual clause is similar to § 924(c)(3)(B) and to the identical provision in 18 U.S.C. § 16(b). *See, e.g.*, *Chambers v. United States*, 555 U.S. 122, 133 n.2 (2009) (Alito, J., concurring) (Section 16(b) "closely resembles ACCA's residual clause"); *United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on ACCA case to interpret the definition of crime of violence under § 924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (same); *see also United States v. Keelan*, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing the ACCA residual clause and § 16(b) as "analogous"); *Roberts v. Holder*, 745 F.3d 928, 930–31 (8th Cir. 2014) (ACCA's definition of a violent felony is "virtually

**JA0045**

identical to § 16(b)"); *United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008) ("The present case involves the term 'crime of violence' whereas the Supreme Court in *Begay* interpreted the term 'violent felony.' We have never recognized a distinction between the two.").

Under § 924(c), just as under § 924(e), a court must first picture the "ordinary case" and then decide if it categorically qualifies as a crime of violence by assessing the intrinsic risk posed. *See United States v. Fuertes*, 805 F.3d 485, 500 n.6 (4th Cir. 2015) (considering whether offense qualifies as crime of violence under residual clause of § 924(c) based on whether "ordinary case . . . involves a substantial risk that the defendant will use physical force as a means to commit the offense"); *see also United States v. McNeal*, No. 14–4871, 2016 WL 1178823, at *8 (4th Cir. Mar. 28, 2016) ("In determining whether an offense is a crime of violence under either [the force clause or the residual clause of § 924(c)], we utilize the categorical approach, which focuses solely on the elements of the offense, rather than on the facts of the case.").[2]

Indeed, in litigating *Johnson*, the United States agreed that the residual clauses in § 924(e) and § 924(c) posed the same problem. After noting that the definitions of crime of violence in the residual clauses of § 924(c) and § 16(b) are identical, the Solicitor General stated:

> Although Section 16 refers to the risk that *force* will be used rather than that *injury* will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, Section 16 requires a court to identify the ordinary case of

---

[2]*Accord United States v. Serafin*, 562 F.3d 1105, 1107 (10th Cir. 2009) (explaining the court employs a "categorical approach" when determining whether a crime qualifies as a crime of violence for purposes of § 924(c), and does not consider the particular facts of conviction); *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006) (same); *United States v. Jennings*, 195 F.3d 795, 797–98 (5th Cir. 1999) (same); *United States v. Amparo*, 68 F.3d 1222 (9th Cir. 1995) ("This circuit has adopted a categorical approach to determining which offenses are included under section 924(c) as 'crimes of violence'"); *United States v. Moore*, 38 F.3d 977, 980 (8th Cir. 1994) (explaining, when analyzing whether a predicate crime falls within the residual clause of § 924(c), "the question is not whether the particular facts constitute a crime of violence, but whether [the predicate crime itself] is a crime of violence," and in making this determination, courts must look to the elements of the crime, not the particular facts of the crime, to determine whether "by its nature" there is a "substantial risk that physical force will be used).

8

**JA0046**

the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.

Supplemental Brief for the United States, *Johnson v. United States*, 135 S. Ct. 2551, 2015 WL 1284964, at *22–23 (Mar. 20, 2015) (emphasis in original).  The Solicitor General's analysis was undoubtedly correct.  The residual clauses in both § 924(c) and § 924(e) require an "ordinary case" analysis to assess the predicate offense, and both require speculation about how risky that ordinary case is.

Because this is the same defect that rendered § 924(e) unconstitutional, the residual clause in § 924(c) is also unconstitutional, as various federal courts have recognized.[3]  *United States v. Bell*, No. 15–00258, 2016 WL 344749, at *11–13 (N.D. Cal. Jan. 28, 2016); *United States v. Lattanaphom*, No. 99–CR–00433, 2016 WL 393545, at *3–6 (E.D. Cal. Feb. 2, 2016); *United States v. Edmundson*, No. 13–CR–15, 2015 WL 9311983, at *2–6 (D. Md. Dec. 23, 2015).

For these reasons, Mr. Jackson's conviction for using a firearm during a crime of violence under 18 U.S.C. § 924(c) cannot be sustained upon any alleged crime of violence qualifying under the unconstitutionally vague residual clause of 18 U.S.C. § 924(c)(3)(B).

## II.   MURDER UNDER § 1111, KIDNAPPING UNDER § 1201, AND AGGRAVATED SEXUAL ASSAULT UNDER § 2241(a) DO NOT QUALIFY AS CRIMES OF VIOLENCE UNDER THE FORCE CLAUSE OF § 924(c)(3)(A).

Because § 924(c)(3)(B)'s residual clause is unconstitutionally vague in light of *Johnson*, Mr. Jackson's conviction and sentence must rely on a crime of violence qualifying under § 924(c)(3)(A)'s force clause.  However, the alleged crimes of violence in this case, federal murder, kidnapping, and aggravated sexual assault, all fail to categorically qualify as crimes of violence

---

[3]The Seventh and Ninth Circuits have also held that the residual clause of § 16, which is identical to the residual clause in § 924(c), is sufficiently similar to the residual clause in § 924(e) and thus unconstitutionally vague.  *See United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).

9

**JA0047**

under § 924(c)(3)(A).

To determine whether a predicate offense qualifies as a crime of violence under § 924(c), this Court must use the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. McNeal*, No. 14–4871, 2016 WL 1178823, at *8 (4th Cir. Mar. 28, 2016); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). This approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Descamps*, 133 S. Ct. at 2283 (citation omitted); *see also McNeal*, 2016 WL 1178823, at *8 ("In determining whether an offense is a crime of violence under either clause [of § 924(c)], we utilize the categorical approach, which focuses solely on the elements of the offense, rather than on the facts of the case.").

Under this well-established standard, federal murder, kidnapping, and aggravated sexual assault all fail to qualify as crimes of violence under the force clause of § 924(c)(3)(A).

### A.    Murder under § 1111 Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).

Murder pursuant to 18 U.S.C. § 1111 does not categorically qualify as a crime of violence under § 924(c)(3)(A) for at least two reasons: (1) murder may be accomplished without the *intentional* use of force; and (2) murder may be accomplished without the use of *violent physical* force.

The Supreme Court has recognized that "the use . . . of physical force against the person or property of another [] most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (citations and quotations omitted). The Fourth Circuit has similarly acknowledged that "to qualify as a crime of violence, an offense must require either specific intent or knowledge with respect to the use, threatened use, or

10

**JA0048**

attempted use of physical force." *McNeal*, 2016 WL 1178823, at *12; *see also United States v. Vinson*, 805 F.3d 120, 125 (4th Cir. 2015) (use of physical force required of crime of violence must involve an intent beyond mere recklessness or negligence); *Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006) ("[R]ecklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'").

At the same time, this Court has also recognized that, although "murder [under § 1111] requires a showing of malice aforethought," "[t]o prove malice, the Government does not have to show an intent to kill or injure." *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003). Indeed, a death resulting from a defendant's accidental conduct during the course of a felony can result in liability for murder under § 1111. *See, e.g., United States v. Singletary*, 166 F.3d 336, 1998 WL 879059, at *2 (4th Cir. 1998) (per curiam) (noting defendant conceded that accidental behavior resulting in death during robbery "fell within the felony murder provisions of § 1111"); *United States v. Tham*, 118 F.3d 1501, 1508 (11th Cir. 1997) (noting that, under common law, "anytime commission of a felony caused a death, *even though unintentional or accidental*, the legal malice from the felony sufficed to transform the killing into a felony murder" and "Section 1111(a) enshrines this common law principle in federal statutory law, but restricts its application to arson and certain other enumerated felonies") (emphasis added).

Thus, the required malice to sustain a felony murder conviction under § 1111 is supplied by the commission of the felony itself, *see United States v. Chaney*, 493 Fed. App'x 448, 452 (4th Cir. 2012), while at the same time, many of the predicate felonies listed in § 1111 require no use or threat of force at all.[4]  Hence, murder under § 1111 does not categorically require the use of

---

[4]Most of the predicate felonies listed in § 1111 may be committed without the use or threat of force. For example, kidnapping may be accomplished in many non-forceful ways, as detailed *infra* in Section I.B. *See* § 1201. Aggravated sexual abuse may be accomplished without the use of

11

**JA0049**

force because liability may be predicated upon an unintentional death resulting from the commission of a non-forceful felony.

Because an intent to kill or even to injure is not required, the *mens rea* required to sustain a conviction of murder under § 1111 is "not enough to support a determination that a crime is a 'crime of violence.'" *Garcia*, 455 F.3d at 469. Murder under § 1111 does not categorically require the intentional use of physical force required by *Leocal* and *McNeal* to qualify as a crime of violence.[5]

And murder under § 1111 also fails to qualify as a crime of violence under § 924(c)(3)(A) because the offense does not require the use of violent physical force at all. "Physical force" means "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). But, as detailed above and also recognized by the Fourth Circuit, a death occurring during the commission of a non-forceful felony, without the use of any violent force by the defendant, can lead to a conviction of murder under § 1111. For example, if a bystander suffers a heart attack while a defendant is committing a predicate felony, the defendant could be charged and convicted of murder. *See*

---

force, as detailed *infra* in Section I.C, and for the same reasons, sexual abuse may also be accomplished without the use of force. *See* 18 U.S.C. §§ 2241, 2242. Arson does not have as "an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A), because it may be accomplished by setting fire to one's own property, or by simply conspiring to commit an arson prior to the use, attempted use, or threatened use of any force. *See* 18 U.S.C. § 81. Treason and the several federal espionage statutes also do not require the use of force as an element of the crime. *See* 18 U.S.C. §§ 792–99, 2381. Sabotage may be accomplished simply through the production of defective war material. *See* 18 U.S.C. § 2154. Robbery of property belonging to the United States from another person does not require the use of force as an element of the offense. *See* 18 U.S.C. § 2112. Burglary involving controlled substances also requires no force. *See* 18 U.S.C. § 2118(b).

[5]The force clause of 18 U.S.C. § 16(a) at issue in *Leocal* is identical to the force clause of § 924(c)(3)(A) at issue here.

12

Case 1:16-cv-00212-MR   Document 2   Filed 06/24/16   Page 12 of 21

**JA0050**

*United States v. Whitfield*, 548 Fed. App'x 70, 71–72 (4th Cir. 2013) (per curiam) (upholding this Court's finding under sentencing guidelines that victim was killed under circumstances constituting murder under § 1111 because death occurred during perpetration of a burglary or robbery), *affirmed*, *Whitfield v. United States*, 135 S. Ct. 785 (2015); *Whitfield v. United States*, No. 3:16–cv–00027, 2016 WL 427942, at *1 (W.D.N.C. Feb. 3, 2016) (noting "[u]pon seeing [defendant] enter her home, [the victim] became extremely agitated and began to cry and experience shortness of breath," defendant "ordered her from the hallway into another room and instructed her to sit down," and later "it was found that [the victim] had died from a heart attack").

Similarly, a death occurring during a felony that resulted from intentional but only slightly offensive touching (such as when a bystander falls to their death after being recklessly but only slightly brushed aside by a defendant in the act of committing a felony) would sustain a murder conviction but yet not involve the use of "force capable of causing physical pain or injury to another person," *Johnson*, 559 U.S. at 140, required to constitute a crime of violence. Finally, any death resulting from accidental or negligent conduct by a defendant during the commission of any one of the felonies that do not require the use of force at all, detailed above at *supra* note 3, would support a conviction under § 1111, even though the defendant's conduct did not involve the use of violent physical force at all. *See Leocal*, 543 U.S. at 10 ("[W]e would not ordinarily say a person uses physical force against another by stumbling and falling into him.") (citations and quotations omitted). Indeed, the Fourth Circuit has recognized that "[o]f course, a crime may *result* in death or serious injury without involving *use* of physical force." *United States v. Torres-Miguel*, 701 F.3d 165, 168 (4th Cir. 2012) (emphasis in original).

13

**JA0051**

Because neither the intentional use of force nor the actual use of any violent physical force are categorically elements of murder pursuant to § 1111, federal murder is not a crime of violence under the force clause of § 924(c)(3)(A).

**B.    Kidnapping Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).**

Kidnapping under 18 U.S.C. § 1201 does not qualify as a crime of violence under § 924(c)(3)(A) because it may be accomplished without the use of violent physical force. As noted above, for an offense to qualify as a crime of violence under the force clause, the offense must categorically involve the use, attempted use, or threatened use of physical force. *See* § 924(c)(3)(A). Again, "[p]hysical force" means "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson (Curtis)*, 559 U.S. at 140 (emphasis in original).

Federal kidnapping does not categorically require violent physical force. Instead, the crime may be accomplished through non-physical means, such as by "inveigling" or "decoying." § 1201(a); *United States v. Hughes*, 716 F.2d 234, 239 (4th Cir. 1983) (noting that a kidnapper may "use[] deceit and trickery to accomplish his purpose rather than overt force"); *see also United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000) ("By its terms, § 1201(a) criminalizes kidnappings accomplished through physical, forcible means and also by nonphysical, nonforcible means.").

Because a violation of § 1201 may be committed by means of fraud or deception instead of by force, it does not categorically include the element of physical force necessary to qualify as a crime of violence under § 924(c)(3)(A). *See Fuertes*, 805 F.3d at 498–99 (concluding that sex trafficking by force, fraud, or coercion is not a crime of violence under either the force clause or

14

**JA0052**

residual clause of § 924(c) because it does not categorically involve physical force).[6]

Likewise, the requirement that the kidnapper "hold" the victim does not categorically require physical force. As the Supreme Court has explained, "the act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical *or mental restraint* for an appreciable period against the person's will and with a willful intent so to confine the victim." *Chatwin v. United States*, 326 U.S. 455, 460 (1946) (emphasis added). Thus, the element of "holding" may be fulfilled through non-forceful means such as "mental restraint."

Because kidnapping under § 1201 may be accomplished without the use of any violent physical force, the offense does not categorically qualify as a crime of violence under the force clause of § 924(c)(3)(A).

### C. Aggravated Sexual under § 2241(a) Assault Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).

The federal offense of aggravated sexual assault under § 2241(a) is not categorically a crime of violence under § 924(c)(3)(A) because "knowingly caus[ing] another person to engage in a sexual act" by "threatening or placing that person in fear that any person will be subjected to. . .

---

[6]*See also United States v. Montes-Flores*, 736 F.3d 357, 368 (4th Cir. 2013) (holding South Carolina offense of assault and battery of a high and aggravating nature does not qualify as crime of violence because it does not categorically require physical force as an element); *cf. United States v. Aparicio-Soria*, 740 F.3d 152, 157–58 (4th Cir. 2014) (en banc) (reasoning, because Maryland offense of resisting arrest may be committed by either violent or nonviolent means, it does not qualify as a crime of violence under U.S.S.G. § 2L1.2, the reentry Guideline); *United States v. Royal*, 731 F.3d 333, 341–42 (4th Cir. 2013) (reasoning, because Maryland offense of second degree assault may be committed by either violent or nonviolent means, it does not qualify as a violent felony under § 924(e)(1)); *accord Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1127 (9th Cir. 2012) (noting "[t]he federal kidnapping statute has no force requirement"); *United States v. Moreno-Florean*, 542 F.3d 445, 450–52 (5th Cir. 2008) (holding California kidnapping statute did not include physical force as an element because crime could be accomplished through non-physical means).

15

**JA0053**

kidnapping," § 2241(a), may also be accomplished without the use of violent physical force by the defendant.

First, the sexual act element of § 2241(a) does not categorically require the use of violent physical force. A sexual act may involve "contact between the penis and the vulva or the penis and the anus," and such "contact involving the penis occurs upon penetration, *however slight*." 18 U.S.C. § 2254(2)(A) (emphasis added). This "however slight" contact does not rise to level of "*violent* force – that is, force capable of causing physical pain or injury to another person," *Johnson (Curtis)*, 559 U.S. at 140 (emphasis in original), required to qualify as a crime of violence under the force clause of § 924(c)(3)(A). Indeed, the Fourth Circuit has held that a Pennsylvania state statute requiring "'penetration, however slight, of the genitals or anus'" of another is not a crime of violence "[b]ecause physical force is not necessary." *United States v. Leshen*, 453 Fed. App'x 408, 412–13 (4th Cir. 2011) (per curiam) (quoting 18 Pa. Cons. Stat. § 3125)

The sexual act element of § 2241(a) does not categorically require the use of violent physical force because none of the four definitions of sexual act from § 2246(2)(A)–(D) that apply to § 2241 require the use of any violent physical force. A sexual act may involve "contact between the penis and the vulva or the penis and the anus" with such "contact involving the penis occur[ring] upon penetration, *however slight*," 18 U.S.C. § 2254(2)(A) (emphasis added), or "the penetration, *however slight*, of the anal or genital opening of another by a hand or finger or by any object, with an intent to . . . arouse or gratify the sexual desire of any person," § 2254(2)(C) (emphasis added). This "however slight" contact does not rise to required level of "*violent* force – that is, force capable of causing physical pain or injury to another person," *Johnson (Curtis)*, 559 U.S. at 140 (emphasis in original). Indeed, this Court has held that a statute requiring "'penetration, however slight, of the genitals or anus'" of another is not a crime of violence

**JA0054**

"[b]ecause physical force is not necessary." *United States v. Leshen*, 453 Fed. App'x 408, 412–13 (4th Cir. 2011) (per curiam) (quoting 18 Pa. Cons. Stat. § 3125).[7]

A sexual act may also involve "contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus," § 2254(2)(B), or "intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to . . . gratify the sexual desire of any person," § 2254(2)(D). Since *any* contact under these definitions of a sexual act, rather than contact through violent physical force, can sustain a conviction for aggravated sexual assault, the required sexual act does not involve the force necessary under § 924(c)(3)(A). *See, e.g, Johnson (Curtis)*, 559 U.S. at 139–40 (holding "the slightest offensive touching" does not rise to the level of "force" required for offense to qualify as "violent felony" under 18 U.S.C. § 924(e)(2) because "by itself, the word 'violent'. . . connotes a substantial degree of force,").

The sexual act underlying a conviction for aggravated sexual assault may also involve "the penetration, *however slight*, of the anal or genital opening of another by a hand or finger or by any object, with an intent to . . . arouse or gratify the sexual desire of any person," § 2254(2)(C) (emphasis added), or the "intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to . . . gratify the sexual desire of any person," 18 U.S.C. § 2254(2)(D). Hence, none of the four definitions of sexual contact from

---

[7]In *Leshen*, the Fourth Circuit considered, *inter alia*, whether the Pennsylvania offense of aggravated indecent assault qualified as a crime of violence within the meaning of U.S.S.G. § 2K2.1(a), which adopted the meaning of crime of violence from U.S.S.G. § 4B1.2(a). The force clause of § 4B1.2(a)(1) defines a crime of violence as any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," whereas the force clause at issue here from § 924(c)(3)(A) defines a crime of violence as any offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Thus, the force clause at issue in *Leshen* mirrors the force clause in this case in all relevant aspects.

17

**JA0055**

§ 2254(2)(A)–(D) that apply to aggravated sexual assault under § 2241 categorically require the use of violent physical force.

Moreover, aggravated sexual assault only requires that a defendant "knowingly caus[e] another person to engage in a sexual act," § 2241(a), which may be accomplished by the defendant knowingly causing another person to engage in a sexual act with a third party, such that the defendant never touches another person at all, and so cannot be said to have used force at all. Indeed, this Court has recognized that "the relevant inquiry in determining whether an offense qualifies as a crime of violence [under § 924(c)(3)(B)] is not simply whether there is a substantial risk of physical injury" but "whether there is a substantial risk that the *defendant* will use physical force against the victim in completing the crime." *Fuertes*, 805 F.3d at 500 (emphasis in original).

Consequently, the elements of aggravated sexual assault of "knowingly caus[ing] another person to engage in a sexual act" do not categorically require the use of violent physical force.

The remaining elements of aggravated sexual assault may also be accomplished without the use of physical force, as the offense is complete if a defendant knowingly causes another person to engage in a sexual act by "threatening or placing that person in fear that any person will be subjected to . . . serious bodily injury, or kidnapping." *See* § 2241(a). As described above, kidnapping can be accomplished in many non-forceful ways, and hence the threat of a non-forceful kidnapping would complete the crime of aggravated sexual assault without the use or threat of physical force. This Court also recognizes a distinction between statutes that entail a threat to use violent physical force and those that more broadly involve threats of a result of serious bodily injury. *See Torres-Miguel*, 701 F.3d at 169 ("Of course, a crime may *result* in death or serious injury without involving *use* of physical force.") (emphasis in original). Thus, an offense only qualifies as a crime of violence under the force clause of § 924(c) if it "entails a threat to use violent

18

**JA0056**

physical force, and not merely a threat to cause bodily injury." *See McNeal*, 2016 WL 1178823, at *13. Aggravated sexual assault does not meet this requirement because it can be accomplished with the threat of a non-forceful kidnapping or the mere threat of serious bodily injury.

For these reasons, aggravated sexual assault under § 2241(a) does not qualify as crime of violence under the force clause of § 924(c)(3)(B).

## CONCLUSION

Mr. Jackson's conviction and sentence of death are unconstitutional in light of the Supreme Court's holding in *Johnson*. Under *Johnson*, the residual clause of § 924(c)(3)(B) is void for vagueness and thus unconstitutional. In addition, the offenses of murder under § 1111, kidnapping under § 1201, and aggravated sexual assault under § 2241(a) are not categorically crimes of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). Mr. Jackson's claim in light of *Johnson* is properly based on a new rule of constitutional law that has been made retroactive by the Supreme Court and was previously unavailable. *See* 28 U.S.C. § 2255(h)(2). In light of *Johnson*, Mr. Jackson's conviction for the use of a firearm during a crime of violence under 18 U.S.C. § 924(c) must be set aside because it is not supported by a valid crime of violence.

19

**JA0057**

Respectfully submitted this 24th day of June, 2016.

/s/ John A. Fagg, Jr.
John A. Fagg, Jr.
Alton L. Gwaltney, III
Frank E. Schall
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Phone:  (704) 331- 1000
Facsimile:  (704) 378-2054
Email:  johnfagg@mvalaw.com
        larrygwaltney@mvalaw.com
        frankschall@mvalw.com

*Attorneys for Applicant-Petitioner*
*Richard Allen Jackson*

20

**JA0058**

## CERTIFICATE OF SERVICE

The undersigned attorney for Applicant-Petitioner Richard Allen Jackson does hereby certify that the foregoing Memorandum of Law in Support of Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 was electronically filed with the Clerk of Court using the CM/ECF system. A Notice of Electronic Filing will be sent via the Court's ECF system to counsel of record. I also served the foregoing via first class mail to:

Leslie Caldwell
Assistant Attorney General
Jeffrey B. Kahan
United States Department of Justice, Capital Case Unit
1331 F Street, NW, 6th Fl.
Washington, D.C. 20530

Jill Westmoreland Rose
United States Attorney for the Western District of North Carolina
227 West Trade St., Suite 1650
Charlotte, NC 28202

This 24th day of June, 2016.

/s/ John A. Fagg, Jr.
John A. Fagg, Jr.

21

**JA0059**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00212-MR
[CRIMINAL CASE NO. 1:00-cr-00074-MR-1]**

| | |
|---|---|
| RICHARD ALLEN JACKSON,      ) | |
|           ) | |
|      **Petitioner,**      ) | |
|           ) | |
| **vs.**      ) | **60-DAY ORDER** |
|           ) | |
| UNITED STATES OF AMERICA,      ) | |
|           ) | |
|      **Respondent.**      ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255. [Doc. 1].

This action has been held in abeyance pending a decision by the United States Supreme Court in United States v. Davis, No. 18-431 (cert. granted Jan. 4, 2019). The Supreme Court announced its decision on June 24, 2019.

In light of the Supreme Court's decision, the Court will lift the stay and direct the United States Attorney to file a response to the Petitioner's allegations.

**IT IS, THEREFORE, ORDERED** that no later than sixty (60) days from entry of this Order, the United States Attorney shall file an Answer or other

responsive pleading to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

**IT IS SO ORDERED.**

Signed: June 24, 2019

Martin Reidinger
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 1:16CV212
(1:00-CR-74)

| | |
|---|---|
| RICHARD ALLEN JACKSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

**MOTION TO DISMISS RICHARD ALLEN JACKSON'S
<u>2016 MOTION UNDER 28 U.S.C. § 2255</u>**

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................... ii

I.      BACKGROUND ............................................................................1

II.     DISCUSSION ................................................................................4

        A.    Jackson's procedural default bars his claim. ............................5

        B.    Jackson's motion fails as a matter of law on the merits. ..........7

              1.    Jackson's murder offense continues to qualify as
                    a crime of violence. ...........................................................9

              2.    Jackson's aggravated sexual abuse offense
                    continues to qualify as a crime of violence ................... 13

        C.    The error Jackson alleges would be harmless. .........................18

        D.    Jackson would not be entitled to remedy he seeks in
              any event................................................................................19

III.    CONCLUSION ............................................................................21

The United States respectfully requests that this Court dismiss Richard Allen Jackson's successive[1] motion under 28 U.S.C. § 2255, which challenges his capital conviction for using a firearm and causing the death of a person during and in relation to a crime of violence, 18 U.S.C. §§ 924(c), (j).  Two of the predicate crimes of violence that the jury specifically found supported Jackson's conviction — first-degree murder, 18 U.S.C. § 1111(a), and aggravated sexual abuse, 18 U.S.C. § 2241(a) — remain crimes of violence today.  Jackson's conviction, therefore, remains valid as a matter of law.  And if Jackson were correct that none of his predicate offenses qualify as a "crime of violence" under section 924(c), the error he alleges would be harmless.  The jury unanimously found Jackson to have committed multiple federal capital offenses, and the outcome of his criminal proceeding would have been no different if he had been charged with and convicted of those offenses directly.   Jackson's motion and the record, therefore, conclusively establish that Jackson is entitled to no relief.

## I.    BACKGROUND

In October of 1994, Jackson confronted Karen Styles on a trail in the Pisgah national forest, threatened her with a gun, duct-taped her to a tree, and raped her.  *United States v. Jackson*, 327 F.3d 273, 280 (4th Cir. 2003).  Styles offered Jackson her car and money that it contained.  *Id.*  And she repeatedly

---

[1]   This Court can dismiss Jackson's 2255 motion for the reasons described in the United States' motion without considering the effect of limitations that Congress has placed on successive 2255 motions, *see, e.g.*, 28 U.S.C. § 2244(b)(4); 2255(h).  *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) ("[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'").

pleaded with him not to hurt her. *Id.*

Jackson "shocked Styles with a stun gun once above her left breast and several times in the pubic area." *Id.* He "then moved away from Styles and looked at his pornographic magazine while masturbating." *Id.* The duct tape that Jackson had placed "over Styles's mouth loosened, and Styles began screaming." *Id.*

"Jackson walked up to" Styles, "put the gun to her head, and shot her once," murdering her. *Id.* at 278, 280. "Styles's nude body was discovered by a hunter, duct-taped to a tree, where investigators also found a duct-tape wrapper, a pornographic magazine, and one spent Remington .22 caliber rifle casing." *Id.* at 279. "Jackson confessed fully." *Id.* at 280.

A jury convicted Jackson in this Court of one count of using a firearm and causing the death of a person during and in relation to a crime of violence, 18 U.S.C. §§ 924(c), (j). *Id.*; *Superseding Indictment* (Doc. No. 19, 1:00CR74); *Verdict Sheet* (Doc. No. 176, 1:00CR74), at 1–2. The indictment alleged three specific federal offenses as predicate crimes of violence. *Superseding Indictment* 1–2. The first "crime of violence" is murder within the special territorial jurisdiction of the United States, 18 U.S.C. § 1111(a). *Id.* at 1. The second "crime of violence" is kidnapping, 18 U.S.C. § 1201(a)(2). *Id.* at 1. And the third "crime of violence" is aggravated sexual abuse, 18 U.S.C. § 2241(a)(1)-(2). *Id.* at 1–2.

The jury returned a special verdict form with a number of specific findings. *Verdict Sheet* 1–2. The jury unanimously found that Jackson "committed the

2

**JA0065**

crime of kidnaping Karen Styles." *Id.* The jury unanimously found that Jackson "committed the crime of aggravated sexual abuse of Karen styles." *Id.* And the jury unanimously found that Jackson "committed the crime of the murder of Karen Styles." *Id.* at 1–2.

In addition to specifically finding that Jackson committed each of the three crimes of violence specified in the indictment, the jury also specifically and unanimously found that Jackson had committed the murder of Styles three specific ways. *Id.* at 2. The jury found that Jackson "committed the murder of Karen Styles with malice aforethought, willfully, deliberately, maliciously and with premeditation." *Id.* at 2. The jury found that Jackson "committed the murder of Karen Styles during the perpetration of kidnaping." *Id.* And the jury found that Jackson "committed the murder of Karen Styles during the perpetration of aggravated sexual abuse." *Id.*

After a sentencing trial, "[a]ll 12 jurors signed" a "verdict form, unanimously recommending that Jackson be sentenced to death." *Jackson*, 327 F.3d 273, 281 (4th Cir. 2003). This Court "entered judgment on May 14, 2001, finding Jackson guilty of the offense charged in the indictment and imposing the sentence of death." *Id.* at 281. The Fourth Circuit affirmed "Jackson's conviction and the sentence of death" in March of 2003. *Id.* at 279. This Court denied Jackson's first motion under 28 U.S.C. § 2255 in 2009, *Jackson v. United States*, 638 F. Supp. 2d 514, 618 (W.D.N.C. 2009), *certificate of appealability denied*, No. 09-0010 (4th Cir. Feb. 11, 2011), and *cert. denied*, 133 S. Ct. 100 (2012).

3

In June of 2016, with authorization from the Fourth Circuit, Jackson filed the 2255 motion currently before this Court, asking this Court to vacate his conviction and sentence. He contends that the residual clause of the definition of "crime of violence" used by 18 U.S.C. §§ 924(c), (j) — which includes any offense that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," 18 U.S.C. § 924(c)(3)(B) — is unconstitutionally vague. And he alleges that *none* of the three predicate offenses that the jury found Jackson's gun use to have furthered — "murder, kidnapping, and aggravated sexual assault," — continue to qualify as "crimes of violence" under the remaining parts of the definition of that term. *2255 Mot.* 3.

## II.    DISCUSSION

This Court should dismiss Jackson's motion under 28 U.S.C. § 2255 for three reasons. First, Jackson was required to raise his challenge to the constitutionality of section 924(c)'s residual clause during his criminal case and on direct appeal. His procedural default precludes him from raising his claim for the first time in this 2255 proceeding. Second, Jackson's claim fails on the merits as a matter of law. Two of the predicate offenses that the jury specifically found Jackson to have committed — first-degree murder and aggravated sexual abuse — continue to qualify as "crimes of violence" under the "force clause" of the definition of that term, which remains valid. *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir. 2019). Jackson, therefore, remains properly convicted of using

4

a firearm and causing the death of a person during and in relation to a crime of violence, 18 U.S.C. §§ 924(c), (j). Third, the error Jackson alleges entitles him to no relief because it is harmless and would not have affected the outcome of the proceedings. And the remedy he asks for, moreover — an order vacating both his conviction and sentence — would not be appropriate in any event.

### A.   Jackson's procedural default bars his claim.

Jackson was obligated to raise his claim during his criminal case on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). The Supreme Court has held that Jackson can raise his procedurally defaulted claim on collateral review "only" if he can "first demonstrate either 'cause' and actual 'prejudice'" or that he is "actually innocent." *Id.* at 622. Jackson cannot meet either of these two requirements. *Id.*

Jackson cannot establish the cause necessary to overcome his procedural default. Cause requires a "factor external to the defense" that impeded his attorney's efforts to comply with the requirement that he timely raise objections. *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). That the Supreme Court had not issued its decision in *United States v. Davis*, holding that the residual clause of section 924(c)'s definition of "crime of violence," is "unconstitutionally vague," 139 S. Ct. 2319, 2336 (2019), while Jackson's criminal case was before this Court does not establish cause. *See Bousley*, 523 U.S. at 623 (rejecting arguments that section 2255 movant demonstrated cause for failure to raise argument based on a new Supreme Court holding issued after his case became final). That Jackson's

5

arguments would have been unlikely to succeed would not be enough, even if the arguments would have been entirely futile. *Whiteside v. United States*, 775 F.3d 180, 185 (4th Cir. 2014) (en banc). But Jackson has not identified any precedent that would have foreclosed his argument that the residual clause of section 924(c) is unconstitutional in any event.

If Jackson could establish cause, he would remain unable to establish the requisite "actual prejudice," *Bousley*, 523 U.S. at 622 (cleaned up). At the outset, as explained in greater detail in section II.B below, Jackson was found guilty of what today remains a valid offense under section 924(c) & (j). He therefore cannot establish that any error affected the outcome of his proceedings.

Even if Jackson were able to establish that none of his predicate offenses qualify as "crimes of violence" under section 924(c), he would be unable to establish that the error prejudiced him. When the jury found Jackson guilty of a section 924(c) offense based on the predicate offenses of first-degree murder in the territorial jurisdiction of the United States and kidnapping resulting in death, it found all of the elements of both of those predicate offenses, which are themselves capital offenses. 18 U.S.C. § 1111(a); 1201(a); *United States v. Randall*, 171 F.3d 195, 205 (4th Cir. 1999) ("[P]roof of a predicate offense is an essential element of a § 924(c) violation."). The jury indeed did so explicitly. *Verdict Sheet* 1–2. The defect Jackson alleges is confined to "grounds that affect only the greater offense," a violation of 18 U.S.C. § 924(c) & (j). *Rutledge v. United States*, 517 U.S. 292, 306 (1996). Jackson would remain guilty of the

6

capital offenses of kidnapping and murder even if those offenses did not qualify as "crimes of violence." No "reasonable probability" exists, *Strickler v. Greene*, 527 U.S. 263, 296(1999), that Jackson would not have been charged, convicted, and sentenced to death for those offenses directly if they somehow did not qualify as "crimes of violence" under 18 U.S.C. § 924(c) and (j). Indeed, had Jackson raised the error he asserts timely, on direct appeal, *and succeeded*, the remedy would have been to impose a conviction for Jackson's lesser-included, murder, kidnapping, and sexual-abuse offenses. *See Rutledge*, 517 U.S. at 306; *Silvers v. United States*, 90 F.3d 95, 99 (4th Cir. 1996). He therefore cannot establish that the error he alleges "worked to his actual and substantial disadvantage." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (cleaned up).

Nor can Jackson establish "actual innocence" as required to overcome his procedural default in the absence of a showing of cause and prejudice. Jackson has the burden to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 624 (cleaned up). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id*. "[T]he evidence of Jackson's guilt, including his own confession, was," in the words of the Fourth Circuit, "overwhelming." *Jackson*, 327 F.3d at 297. He cannot overcome his procedural default by establishing actual innocence.

**B.    Jackson's motion fails as a matter of law on the merits.**

Jackson's 2255 motion also fails as a matter of law on the merits. The jury

7

found Jackson guilty of using a firearm and causing the death of a person during and in relation to a "crime of violence,"18 U.S.C. §§ 924(c), (j), based on three predicate federal offenses — murder, kidnapping, and aggravated sexual abuse. *Verdict Sheet* 1–2.  The offense requires only one "crime of violence," 18 U.S.C. § 924(c)(1)(A), (j), and the jury specifically found that Jackson committed all three.  *Verdict Sheet* 1–2.  The result of Jackson's proceeding would, therefore, have been no different had any two of the three predicates "not been listed as an underlying crime of violence to the § 924(c) charge," and "no reason" would exist "to vacate the § 924(c) conviction."  *United States v. Steward*, No. 15-4422, 2019 WL 6875294, at *1 (4th Cir. Dec. 17, 2019) (unpublished decision).  If any of the three predicates continues to qualify as a "crime of violence," in other words, Jackson is entitled to no relief.

At least two of Jackson's predicate offenses — first-degree murder and aggravated sexual abuse — continue to qualify as crimes of violence under the force clause of section 924(c), which includes offenses that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  The Fourth Circuit has held that federal kidnapping under 18 U.S.C. § 1201(a) "does not categorically qualify as a crime of violence under the force clause."  *United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019).  But that holding does not affect the validity of Jackson's conviction, which the jury specifically based on each of the remaining two predicate offenses.  *See United States v. Miller*, 471 U.S. 130, 136 (1985) ("A part

8

of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a 'useless averment' that 'may be ignored.'"); *Steward*, No. 15-4422, 2019 WL 6875294, at *1.[2]

### 1. Jackson's murder offense continues to qualify as a crime of violence.

As common sense and a host of court decisions suggest, Jackson's first-degree murder offense under 18 U.S.C. § 1111(a) qualifies as a crime of violence under section 924(c)'s "force clause." *Niles v. United States*, No. 4:01-CR-00198-DCN-1, 2019 WL 6170364, at *3 (D.S.C. Nov. 20, 2019) (citing decisions and concluding that "[c]ourts consistently find murder in violation of § 1111 to be a crime of violence within the scope of the force clause."). "Murder," the statute says, "is the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). "Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing;" the statute continues, "or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the

---

[2] That "Karen Styles' death occurred during the commission of the offense of kidnapping, as defined under 18 U.S.C. § 1201" was an aggravating factor that the jury considered and found unanimously and beyond a reasonable doubt at sentencing. *Jackson*, 327 F.3d at 281. Jackson has identified nothing that suggests the evidence heard by the sentencing jury would have been materially different had kidnapping not been charged or found as a section 924(c) predicate.

9

death of any human being other than him who is killed, is murder in the first degree." *Id.* "Any other murder is murder in the second degree." *Id.* First-degree murder and second-degree murder are different offenses that carry different penalties. 18 U.S.C. § 1111(b). *Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016).

Jackson was charged with and convicted of "first-degree murder." *Jackson*, 327 F.3d at 288, 299; *Jackson v. United States*, 638 F. Supp. 2d 514, 584 (W.D.N.C. 2009). The jury found that Jackson "committed the murder of Karen Styles with malice aforethought," *Verdict Sheet* 2, an element of both first and second-degree murder. 18 U.S.C. § 1111(a). The jury *also* found that Jackson committed the murder "willfully, deliberately, maliciously and with premeditation," *Verdict Sheet* 2, an element of only first-degree murder. 18 U.S.C. § 1111(a).

Fourth Circuit precedent establishes that "first-degree murder" qualifies "categorically as a crime of violence under the force clause." *Mathis*, 923 F.3d at 265 (discussing Virginia law). The Fourth Circuit held in *In re Irby* that "murder is a crime of violence under the force clause because unlawfully killing another human being requires the use of force 'capable of causing physical pain or injury to another person.'" 858 F.3d 231, 236 (4th Cir. 2017). "Common sense," it further held, "dictates that murder is categorically a crime of violence under the force clause," and such a conclusion is necessary to "avoid an absurd result." *Id.* at 237. *Irby* is dispositive because federal murder requires "unlawfully killing

10

another human being." *Id* at 236; 18 U.S.C. § 1111(a) ("Murder is the unlawful killing of a human being with malice aforethought."). If *Irby* were not enough, the Fourth Circuit recently held in *Mathis* that Virginia's first-degree murder statute, Va. Code § 18.2-32, which mirrors the federal murder statute, categorically meets the requirements of the force clause. *Mathis*, 923 F.3d at 265. "Murder 'requires the use of force capable of causing physical pain or injury to another person' irrespective of whether that force is exerted directly or indirectly by a defendant." *Id.* (quoting *Irby*, 858 F.3d at 238).

Jackson's argument that federal first-degree murder does not require the intentional use of force because it can be accomplished by a death occurring during the commission of a felony, *2255 Mot.* 16–17, is meritless. His argument is misplaced for at least three reasons.

First, the Virginia first-degree murder statute the Fourth Circuit held to be a crime of violence in *Mathis*, like the federal statute, extends to murder "in the commission of" a number of offenses, including arson, abduction, and others. Va. Stat. § 18.2-32; *compare* 18 U.S.C. § 1111(a). The Fourth Circuit held that the Virginia statute "qualifies categorically as a crime of violence under the force clause." *Mathis*, 932 F.3d at 264–65. And this holding controls the application of the language of the force clause to the materially identical federal statute.

Second, the holding Jackson proposes — that the felony-murder rule removes murder from the ambit of the force clause — would render the language of the force clause, which appears in several other criminal statutes, broadly

11

inapplicable to "a quintessential crime of violence such as murder." *Irby*, 858 F.3d at 237. "[M]ost jurisdictions accept the felony-murder doctrine." 2 Wayne R. LaFave, *Substantive Criminal Law*, § 14.5 (3d ed.) The Supreme Court has recently cautioned against the kind of construction Jackson proposes. The language of the force clause should not be construed in a way that "would render it inapplicable in many states." *Stokeling v. United States*, 139 S. Ct. 544, 552 (2019).

Finally, the jury specifically found that Jackson committed his murder "willfully, deliberately, maliciously and with premeditation." *Verdict Sheet* 2. The jury, therefore, specifically convicted Jackson of an intentional murder offense. *United States v. Bell*, 819 F.3d 310, 319 (7th Cir. 2016) ("Premeditation requires planning and deliberation beyond the simple conscious intent to kill."); *accord Larry v. Branker*, 552 F.3d 356, 367 (4th Cir. 2009) ("Under North Carolina law, premeditation means the 'defendant formed the specific intent to kill the victim for some period of time, however short, before the actual killing.'"). Fourth Circuit precedent leaves no room for doubt that intentional murder qualifies as a crime of violence. *Mathis*, 932 F.3d at 264–65; *Irby*, 858 F.3d at 237.

The correct result in this case is the one that "[c]ommon sense dictates." *Irby*, 858 F.3d at 237. When a jury unanimously found Jackson guilty of using a firearm during and in relation to his first-degree murder of Karen Styles, the jury properly found him guilty of using his firearm in relation to a "crime of violence."

12

**JA0075**

For that reason alone, this Court should dismiss Jackson's 2255 motion.

**2.    Jackson's aggravated sexual abuse offense continues to qualify as a crime of violence.**

Jackson's offense of aggravated sexual abuse, 18 U.S.C. § 2241(a) (1998), also continues to qualify as a crime of violence under section 924(c)'s force clause. The statute punishes "[w]hoever, in the special maritime and territorial jurisdiction of the United States or in a federal prison, knowingly causes another person to engage in a sexual act" — "(1) by using force against that other person; or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping; or attempts to do so." 18 U.S.C. § 2241(a) (1998). The term "sexual act" is a statutory term defined to include four different kinds of conduct. 18 U.S.C. § 2246(2). First, the term includes "contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight." 18 U.S.C. § 2246(2)(A). Second, the term includes "contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus." 18 U.S.C. § 2246(2)(B). Third, the term includes "the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(C). Finally, the term includes "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an

13

**JA0076**

intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D).

The offense of aggravated sexual abuse under section 2241(a) has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Two different parts of the offense contain such an element. "[K]nowingly caus[ing] another person to engage in a sexual act" requires the use of force. 18 U.S.C. § 2241(a). And the separate requirement that the defendant either use force against or threaten another person also requires the use or threatened use of force. 18 U.S.C. § 2241(a)(1), (2).

### a. Knowingly causing another person to engage in a sexual act under 18 U.S.C. § 2241(a) requires the use of force.

The requirement of section 2241(a) that the defendant knowingly cause. "knowingly caus[e] another person to engage in a sexual act" requires the use of force. 18 U.S.C. § 2241(a). The requirement demands at least the mens rea required by the force clause. Section 2241 requires "knowing[]" conduct. Jackson does not dispute that this requirement is sufficient. *See United States v. Reid*, 861 F.3d 523, 527 (4th Cir. 2017).

A "sexual act" under section 2241(a) requires the degree of force demanded by the force clause. That clause requires "*violent* force — that is, force capable of causing physical pain or injury to another person." *United States v. Hammond*, 912 F.3d 658, 661 (4th Cir. 2019) (quoting *Johnson v. United States*, 559 U.S.

14

133, 140 (2010) (emphasis supplied by *Johnson*)).  The clause "does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality."  *Stokeling*, 139 S. Ct. at 554.  "[H]itting, slapping, shoving, grabbing, pinching, biting, and hair pulling," therefore, all suffice.  *Id.* (quoting *United States v. Castleman*, 572 U.S. 157, 182 (2014) (Scalia, J., concurring)).

Each of the four kinds of "sexual act" that qualifies under the statute involves the "potentiality" that it will "cause physical pain or injury."  *Id.*  Each of the four categories involves direct physical contact with the genitals or anus.  18 U.S.C. § 2246(2), (A) – (D).  Contact of that kind plainly has "potentiality" to cause some form of pain or injury.  *Stokeling*, 139 S. Ct. at 554.

Jackson's focus on the statute's embrace of "slight" contact, *2255 Mot.* 22–23, ignores the statute's limitation to contact with the genitals or anus.  Jackson cannot seriously dispute that these body parts are "sensitive areas."  *Al Shimari v. CACI Premier Tech., Inc.*, 324 F. Supp. 3d 668, 691 (E.D. Va. 2018).  By limiting the offense to contact with these areas, the statute limits its scope to conduct with at least as much potential for causing pain or injury as an ordinary "pull," "yank[]," *Hammond*, 912 F.3d at 664, "shov[e]," or "grab[]."  *Stokeling*, 139 S. Ct. at 554.

Jackson's argument also overlooks the requisite focus when applying the force clause on the "minimum conduct" that the government "would *actually punish*."  *United States v. Salmons*, 873 F.3d 446, 448 (4th Cir. 2017) (emphasis

15

added).  "[T]here must be a 'realistic probability, not a theoretical possibility,'"

that the United States would "actually punish" causing a sexual act under section

2241(a) that has no potential to cause any pain or injury.  *Id.*  The standard does

not permit the application of "'legal imagination' to the" predicate "offense."

*United States v. Bell*, 901 F.3d 455, 472 (4th Cir. 2018) (quoting *Moncrieffe* 569

U.S. 184, 190–91 (2013)).  Instead, a party ordinarily "must at least point to his

own case or other cases in which state courts in fact did apply the statute" in the

"manner for which he argues."  *Id.* (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S.

183, 193 (2007)).  Jackson has not come close to meeting this requirement.  He

has not identified even an imaginary scenario under which the kind of contact

described by the statute would be incapable of causing pain or injury.

> **b.    The component of section 2241 requiring the use of force or a threat against another person requires the use or threatened use of force.**

Perhaps more basically, the requirement that the defendant actually (1)

"us[e] force" against another person or (2) "threaten[] or plac[e]" an "other person

in fear" meets the requirements of the force clause.  18 U.S.C. § 2241(a).  The

requirement that the defendant use force against another by its terms meets the

use-of-force component of the force clause.  18 U.S.C. § 924(c)(3)(A).  And

threatening another person or placing another person in fear constitutes a threat

of force under the clause if it involves a threat or fear of injury to a person or

property.  *See Mathis*, 932 F.3d at 266.  Threatening a person with or placing her

in fear of "death" or "serious bodily injury" under section 2241(a)(2) plainly

16

qualifies as a threat of force. *Id.*; *Reid*, 861 F.3d at 527. *Compare 2255 Mot.* 23–24 (citing *United States v. Torres-Miguel*, 701 F.3d 165, 169 (4th Cir. 2012)), with *United States v. Allred*, 942 F.3d 641, 653 (4th Cir. 2019) (describing *Torres-Miguel*'s abrogation).

That the requirement may be satisfied by threatening a person or placing her in fear that she will be "subjected to . . . kidnapping" does not remove the aggravated-sexual-abuse statute from the ambit of the force clause. Kidnapping is often accomplished by unlawfully seizing, confining, abducting or carrying away a person, *see Walker*, 934 F.3d at 378 — conduct at least as capable of causing physical pain or injury as a "shov[e]" or "grab[]." *Stokeling*, 139 S. Ct. at 554. The statute prohibiting kidnapping itself is broader than the force clause because it can be "accomplished . . . through inveiglement," that is, by luring or enticing a victim "through deceit or insincerity." *Walker*, 934 F.3d at 378 (cleaned up). But section 2241(a) does not prohibit kidnapping. It prohibits causing someone to perform a sexual act with the threat of a kidnapping. It makes no "realistic" sense, *Salmons*, 873 F.3d at 448, to say that a person can *threaten or place a victim in fear* that she might be subjected to luring or enticing through deceit or insincerity. The threat would alert the victim to the deceit.

The required focus on conduct that the government "would actually punish," *Salmons*, 873 F.3d at 448, is again dispositive. The statute "prohibits *forced* sexual acts against 'another person.'" *Lockhart v. United States*, 136 S. Ct. 958, 964 n.1 (2016) (emphasis added). No "realistic probability" exists that a

17

defendant would be punished for knowingly causing another person to engage in a sexual act by threatening his victim with kidnapping under circumstances where the actual or threatened conduct had no potential to cause pain or injury. *Salmons*, 873 F.3d at 448. Aggravated sexual abuse, 18 U.S.C. § 2241(a), simply stated, requires more violent force than "shoving" somebody. *Stokeling*, 139 S. Ct. at 554.

### C.    The error Jackson alleges would be harmless.

Even if this Court concluded that none of Jackson's predicate offenses qualify as "crimes of violence," the error would be harmless. Errors on collateral review — even the most serious kind — do not warrant relief unless they "had a substantial and injurious effect or influence" on the outcome of the proceedings. *United States v. Smith*, 723 F.3d 510, 518 (4th Cir. 2013). The standard, by design, requires more to support relief on collateral review than what is necessary on direct appeal. *Id.*

If none of Jackson's three predicate offenses met the definition of "crime of violence" in 18 U.S.C. §§ 924(c) and (j), the outcome of Jackson's trial would have been the same. As mentioned earlier, *see* Section II.A, *supra*, Jackson's section 924(c) conviction necessarily included findings by the jury that Jackson committed the underlying federal offenses of murder, kidnapping, and aggravated sexual abuse, and the jury found Jackson guilty of those offenses explicitly. *Randall*, 171 F.3d at 205; *Verdict Sheet* 1–2. Two of those offenses — murder and kidnapping — are capital offenses, 18 U.S.C. § 1111(a); 1201(a). If

18

**JA0081**

those offenses were not "crimes of violence," Jackson would "surely" have been charged with those offenses directly, *Jackson*, 327 F.3d at 305 (bracket omitted). The jury would have found that he committed those offenses no less than it already did. *Verdict Sheet* 1–2. The jury would have heard the same "overwhelming" evidence. *Jackson*, 327 F.3d at 305. And the jury would have had no reason to reach a different conclusion than it did about the appropriate penalty.

The error that Jackson alleges would have required only slightly different allegations in the indictment — allegations that encompass the same conduct of which Jackson was charged and convicted. "Surely the grand jury would have found" probable cause to charge those allegations, no less than it did. *Id.* (cleaned up). The Fourth Circuit has already held that an error requiring different charges the grand jury surely would have returned does not warrant reversal of Jackson's conviction or sentence. *Id.*

If this Court found the errors Jackson alleges, those errors would have had no "*substantial* and *injurious* effect or influence" on the outcome of Jackson's criminal proceedings. *Smith*, 723 F.3d at 518 (emphasis added). Jackson is, therefore, entitled to no relief.

### D.    Jackson would not be entitled to remedy he seeks in any event.

Even if this Court were to conclude that Jackson has overcome his procedural default, established that none of his predicate offenses qualify as "crimes of violence," and identified an error that is not harmless, he would not be

19

entitled to have this Court "vacate his conviction and sentence." *Cf. 2255 Mot.* 5. The appropriate remedy when a defendant establishes a cognizable error under section 2255 is one that "place[s] him in exactly the same position he would have been" had the error not occurred. *Silvers*, 90 F.3d at 99. The remedy should not give the defendant "a windfall." *Id.*

The appropriate remedy for an error in determining during Jackson's criminal case that his murder, kidnapping, and aggravated-sexual-abuse offenses qualify as "crimes of violence" under section 924(c) is to vacate his section 924(c) conviction and instead enter judgment on the first-degree murder offense that the jury unanimously found Jackson committed. *Silvers*, 90 F.3d at 97 (upholding decision by district court to enter judgment on lesser included offense when vacating erroneous offense under 2255); *see also Rutledge*, 517 U.S. at 306. The jury found that Jackson committed all three federal predicate offenses, and Jackson has no basis to contend that he is not guilty of them. An order vacating Jackson's conviction and allowing him to simply go free would be an extraordinary "windfall," *Silvers*, 90 F.3d at 99 — one that would be particularly unjust in the light of the overwhelming evidence that he committed the most serious of federal crimes with egregious aggravating circumstances.

Entering judgment on the first-degree murder offense that the jury found — a capital offense — and leaving Jackson's death sentence intact would fully correct the alleged error, which is confined to section 924(c). The jury specifically found that Jackson murdered Karen Styles during the perpetration of kidnapping

20

and during the perpetration of aggravated sexual abuse. *Verdict Sheet* 2. This Court can be confident that the jury would have heard substantially the same overwhelming evidence and returned the same sentence recommendation if Jackson had been charged directly with his first-degree murder offense instead of a section-924(c) offense. Because any error related to the vagueness of part of section 924(c) would not have affected Jackson's death sentence, vacating that sentence would not be part of an appropriate remedy. *Silvers*, 90 F.3d at 99.

This Court should dismiss Jackson's 2255 motion because he remains convicted of a valid section 924(c) offense. But, if this Court were to grant his motion, it should exercise its authority to correct only the limited error alleged while leaving Jackson's entirely appropriate death sentence intact.

## III.    CONCLUSION

Jackson's 2016 motion under section 2255 fails as a matter of law. The United States, therefore, respectfully requests that this Court dismiss Jackson's motion.

RESPECTFULLY SUBMITTED, this 15th day of January, 2020.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)

21

anthony.enright@usdoj.gov

22

**JA0085**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 15th day of January, 2020, I caused to be served a copy of the foregoing motion to be served on counsel for Jackson via electronic case filing

s/ANTHONY J. ENRIGHT<br>
Assistant United States Attorney

23

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil No. 1:16-CV-212-MR
[Criminal Case No. 1:00-CR-74-MR-1]

|  |  |
|---|---|
| RICHARD JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**RESPONSE TO THE GOVERNMENT'S MOTION TO DISMISS**

TABLE OF CONTENTS

I.    THE FACTS AND JURY FINDINGS IN THIS CASE ARE
      IRRELEVANT TO MR. JACKSON'S *JOHNSON* CLAIM.....................1

II.   MR. JACKSON'S *JOHNSON* CLAIM IS NOT
      PROCEDURALLY BARRED...............................................................2

III.  MR. JACKSON'S SINGLE CONVICTION FOR USING A
      FIREARM AND CAUSING THE DEATH OF A PERSON
      DURING A CRIME OF VIOLENCE PURSUANT TO 18
      U.S.C. §§ 924(C) & (J) MUST BE VACATED BECAUSE
      THE ALLEGED UNDERLYING OFFENSES DO NOT
      QUALIFY AS CRIMES OF VIOLENCE PURSUANT
      TO 18 U.S.C. § 924(C)(3)....................................................................5

      A.    Mr. Jackson Was Convicted of a Single Criminal Offense.............5

      B.    Mr. Jackson's Single Conviction Must Be Vacated Because
            None of the Three Underlying Predicate Crimes Qualify
            as a Crime of Violence Under 18 U.S.C. § 924(c)(3)......................6

            1.    Murder Is Not Categorically a Crime of Violence
                  Pursuant to § 924(c)(3)(A) ........................................................6

                  a.    Federal Murder Does Not Categorically Require
                        the Level of Intent Necessary of a Crime of
                        Violence....................................................................7

                  b.    Federal Murder Does Not Categorically Require
                        the Level of Force Necessary of a Crime of
                        Violence..................................................................13

            2.    Aggravated Sexual Assault Is Not Categorically a
                  Crime of Violence Pursuant to § 924(c)(3)(A) .....................16

                  a.    Engaging in a Sexual Act Categorically Does Not
                        Require the Use of Force................................................16

i

**JA0088**

b.   Aggravated Sexual Assault Categorically Does Not
Require the Use or Threatened Use of Force .................19

3.   Kidnapping Is Not Categorically a Crime of Violence
Pursuant to § 924(c)(3)(A) ......................................................21

IV.   MR JACKSON'S CONVICTION MUST BE VACATED.....................21

A.   The Error Is Not Harmless .............................................................21

B.   The Result Is Not Absurd................................................................23

CONCLUSION .................................................................................................24

Case 1:16-cv-00212-MR   Document 21   Filed 03/30/20   Page 3 of 28

**JA0089**

In June 2016, after receiving authorization from the Fourth Circuit Court of Appeals, Mr. Jackson filed the 18 U.S.C. § 2255 motion currently before this Court. The Government filed a Motion to Dismiss Petitioner's motion on January 15, 2020. [Doc. 17].  Petitioner now files this Response.

## I.    THE FACTS AND JURY FINDINGS IN THIS CASE ARE IRRELEVANT TO MR. JACKSON'S *JOHNSON* CLAIM.

The Government's recitation of the factual background and jury's findings, [Doc. 17 at 3-4, 12, 14],[1] serves no legitimate purpose, as they are irrelevant to the constitutional questions at issue in Mr. Jackson's § 2255 motion.  The question before the Court is whether murder, aggravated sexual assault, and kidnapping categorically qualify as crimes of violence under 18 U.S.C. § 924(c), which is purely a question of statutory interpretation.  *See United States v. Davis*, 139 S. Ct. 2319, 2327 (2019) (applying categorical approach to § 924(c)(3)(B), noting "[w]hile the consequences in this case may be of constitutional dimension, the real question before us turns out to be one of pure statutory interpretation."); *Stokeling v. United States*, 139 S. Ct. 544, 554-55 (2019) (applying categorical approach to § 924(e)(2)(B)(i), which language is nearly identical to § 924(c)(3)(A)).

---

[1] Petitioner cites to the ECF generated page numbers.

1

Mr. Jackson was convicted of a single count of using a firearm and causing the death of a person during and in relation to a crime of violence under 18 U.S.C. §§ 924(c) & (j). [Doc. 17 at 4]. The Government's indictment alleged three underlying crimes of violence: (i) murder pursuant to 18 U.S.C. § 1111(a), (ii) kidnapping pursuant to 18 U.S.C. § 1201(a)(2), and (iii) aggravated sexual assault pursuant to 18 U.S.C. § 2241(a)(1)-(2). These offenses must qualify as "crimes of violence" under the definitions found in 18 U.S.C. § 924(c)(3)(A) (the "force clause") or § 924(c)(3)(B) (the "residual clause"). The Supreme Court has held that the residual clause is unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319 (2019) (applying *Johnson v. United States*, 135 S. Ct. 2551 (2015) to § 924(c)(3)(B)).

The decisive question in this case is whether the three alleged crimes of violence still qualify as crimes of violence under the remaining force clause. This is a statutory interpretation question of whether each offense categorically has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A); *see Stokeling*, 139 S. Ct. at 554-55.

## II.    MR. JACKSON'S *JOHNSON* CLAIM IS NOT PROCEDURALLY BARRED.

The Government first argues that Mr. Jackson has procedurally defaulted his claim by failing to raise it on direct appeal, and that Mr. Jackson can neither establish

2

cause and prejudice or actual innocence to excuse this default.  [Doc. 17 at 5-7.] This argument is misplaced.

Mr. Jackson filed an application for leave to file this second or successive motion pursuant to 18 U.S.C. § 2255 within a year of the Supreme Court's establishment of a new rule of constitutional law in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the rule from *Johnson* applied retroactively.  And, in *Davis*, the Supreme Court expressly held that the rule from *Johnson* applies to the particular statute underlying Mr. Jackson's conviction:  18 U.S.C. §§ 924(c).  *Davis,* 139 S. Ct. 2319.

Mr. Jackson's current claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  Such a claim is cognizable in a second or successive petition according to the plain language of the federal habeas statute.  *Id.*; *see also* § 2244(a)(2)(A).

There simply is no requirement in this statute, or Supreme Court precedent, for Mr. Jackson to have raised his current *Johnson* claim on direct appeal  *See*, *e.g.*, *Evans-Garcia v. United States*, 744 F.3d 235, 240 (1st Cir. 2014) (federal inmate entitled to file second or successive motion based on new rule announced in *Miller v. Alabama*, 567 U.S. 460 (2012)); *United States v. Evans-Garcia*, 322 F.3d 110 (1st

3

Cir. 2003) (same federal inmate did not raise any claim similar to *Miller* on direct appeal).

The Government cites no authority for a requirement beyond *Bousley v. United States*, 523 U.S. 614, 621 (1998). The Court in *Bousley*, analyzing the application of a case that did not announce a *new* rule of constitutional law, merely noted that "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Id.* In fact, *Bousley* recognized that "decisions of this Court holding that a substantive federal criminal statute does not reach certain conduct" apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal." *Id.* (quotations and citations omitted). *Johnson* is just such a case.

The Government surely knows that hundreds of federal prisoners have raised *Johnson* claims in second or successive motions, with many having been granted relief.[2] And the Government knows that many of these petitioners did not raise

---

[2] *See, e.g.*, United States Department of Justice, *Attorney General Sessions Delivers Remarks Calling for a Legislative Fix to the Armed Career Criminal Act*, Aug. 1, 2018, available online at https://www.justice.gov/opa/speech/attorney-general-sessions-delivers-remarks-calling-legislative-fix-armed-career-criminal (last visited March 25, 2020) (noting that over 1,400 federal inmates had been released after filing petitions for collateral review after *Johnson*).

4

*Johnson*-like claims on direct appeal.  For the Government to now argue that Mr. Jackson should have raised such a claim on direct appeal is a red herring.

**III.    MR. JACKSON'S SINGLE CONVICTION FOR USING A FIREARM AND CAUSING THE DEATH OF A PERSON DURING A CRIME OF VIOLENCE PURSUANT TO 18 U.S.C. §§ 924(C) & (J) MUST BE VACATED BECAUSE THE ALLEGED UNDERLYING OFFENSES DO NOT QUALIFY AS CRIMES OF VIOLENCE PURSUANT TO 18 U.S.C. § 924(C)(3).**

**A.    Mr. Jackson Was Convicted of a Single Criminal Offense.**

Mr. Jackson was convicted of a single count of using a firearm and causing the death of a person during and in relation to a crime of violence under 18 U.S.C. §§ 924(c) & (j).  The Government acknowledges that this was the only offense alleged in Mr. Jackson's indictment, and the only offense for which the jury found Mr. Jackson guilty.  [Doc. 17 at 4, 9-10].  Mr. Jackson was not convicted of any count of murder, aggravated sexual assault, or kidnapping.  Rather, the jury only found that Mr. Jackson had committed these three predicate federal crimes as was required to convict him of the single substantive offense of using a firearm and causing the death of a person during and in relation to a "crime of violence" under 18 U.S.C. §§  924(c) & (j).

5

**JA0094**

**B.      Mr. Jackson's Single Conviction Must Be Vacated Because None of the Three Underlying Predicate Crimes Qualify as a Crime of Violence Under 18 U.S.C. § 924(c)(3).**

For Mr. Jackson's single conviction to stand, the Government is required to prove, *inter alia*, that the offense occurred during and in relation to a "crime of violence." 18 U.S.C. §§ 924(c) & (j).

The Supreme Court has held § 924(c)(3)(B), known as the "residual clause," is unconstitutionally vague. *See Davis*, 139 S. Ct. at 2327. Thus, Mr. Jackson's conviction can stand only if federal murder, aggravated assault, or kidnapping qualify as crimes of violence within the limited meaning of 18 U.S.C. § 924(c)(3)(A), known as the "force clause." This clause *requires* that these offenses have *as an element* of the substantive offense, "the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* Neither kidnapping, murder, nor aggravated sexual assault require the violent physical force necessary to qualify under the force clause.

**1.      Murder Is Not Categorically a Crime of Violence Pursuant to § 924(c)(3)(A).**

Federal murder pursuant to 18 U.S.C. § 1111(a) is not categorically a "crime of violence" under the definition of the force clause of § 924(c)(3)(A). Although such a result may seem "absurd" and contrary to "common sense," [Doc. 17 (quoting *In re Irby*, 858 F.3d 231, 236 (4th Cir. 2017)], this result is in fact consistent with the broad conduct covered by the federal murder statute.

6

**JA0095**

Federal murder is not a crime of violence for two reasons: (1) the broad statute does not categorically require the *intentional* use of force, and (2) the statute does not require the use of *violent physical* force.

### a. Federal Murder Does Not Categorically Require the Level of Intent Necessary of a Crime of Violence.

The Fourth Circuit has held that "recklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'" *Garcia v. Gonzalez*, 455 F.3d 465, 469 (4th Cir. 2006).  Similarly, the Supreme Court has noted that "the merely reckless causation of bodily injury . . .  may not be a 'use' of force." *United States v. Castleman*, 572 U.S. 157, 169 (2014).

The Court remarked in *Castleman* that "[w]e held in *Leocal* [*v. Ashcroft*, 543 U.S. 1 (2004)] that "'use' requires active employment," rather "than negligent or merely accidental conduct," but "*Leocal* reserved the question of whether a reckless application of force could constitute a 'use' of force."  *Castleman*, 572 U.S. at 169 n.8 (citing *Leocal*, 543 U.S. at 9, 13).  The Court went on to recognize that "the Courts of Appeals have almost uniformly held that recklessness is not sufficient." *Castleman*, 572 U.S. at 169 n.8 (citing, *inter alia*, *Garcia*).

As the Government noted in its November 2019 motion to stay these proceedings [Doc. 15], the Supreme Court recently granted certiorari on the question of whether a criminal offense that can be committed with a mens rea of recklessness

can qualify as a "violent felony" under the Armed Career Criminal Act[3] in the case of *Walker v. United States*, 140 S. Ct. 519 (2019). On January 27, 2020, the Supreme Court dismissed the petition in *Walker* because of the petitioner's death. But on March 2, 2020, the Court granted certiorari in *Borden v. United States*, 206 L. Ed. 2d 253 (2020), to again resolve the question of whether the "use of force" clause in the Armed Career Criminal Act encompasses crimes with a mens rea of recklessness.

Until the Supreme Court or the Fourth Circuit holds otherwise, this Court is bound by *Garcia* and its holding that recklessness is not a sufficient mens rea to support a determination that a crime is a "crime of violence." *Garcia*, 455 F.3d at 469; *see also United States v. Vinson*, 805 F.3d 120, 125 (4th Cir. 2015) (use of physical force required of crime of violence must involve intent beyond mere recklessness or negligence).

First-degree murder under § 1111 requires a mens rea of only "malice aforethought." *See* 18 U.S.C. § 1111(a) ("Murder is the unlawful killing of a human being with malice aforethought."). It is well established that "[p]roof of the existence of malice does not require a showing that the accused harbored hatred or ill will against the victim or others," and "[n]either does it require proof of an intent

---

[3] The ACCA statute at issue in *Walker* is the same statute at issue in *Johnson* and parallels the statute at issue here nearly identically. *Compare* 18 U.S.C. § 924(e)(2)(B) *with* § 924(c)(3).

8

**JA0097**

to kill or injure." *United States v. Fleming*, 739 F.2d 945, 947 (4th Cir. 1984). Rather, "[m]alice may be established by evidence of conduct which is reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm." *Id.* at 947-48 (citations and quotations omitted). Because recklessness is sufficient to establish the malice aforethought required to establish the mens rea for first-degree murder, then necessarily first-degree murder does not qualify as a "crime of violence" under § 924(c)(3) because it does not categorically require a sufficient level of intent.

This Court has tried to distinguish the rule from *Garcia* as applied to the recklessness required for a murder conviction by noting that "[t]here is a difference between mere recklessness and malice," as "malice aforethought . . . is the distinguishing characteristic which, when present, makes a homicide murder rather than manslaughter." *Umaña v. United States*, 229 F. Supp. 3d 388, 394 (W.D.N.C. 2017) (citing *Fleming*, 739 F.2d at 947). This Court seemed to acknowledge that malice aforethought still only required recklessness, just of a higher degree: "The difference between 'malice,' which will support a conviction for generic murder, and 'recklessness' which will permit a conviction only for generic manslaughter, 'is one of degree rather than kind.'" *Umaña*, 229 F. Supp. 3d at 395 (quoting *Fleming*, 739 F.2d at 948). But, without citation to any controlling authority, the Court simply

9

asserted that this heightened degree of recklessness for malice was sufficient to bring it outside the scope of *Garcia*'s holding. *Umaña*, 229 F. Supp. 3d at 395 ("Thus, generic 'malice aforethought' requires a higher degree of intent than "reckless" conduct" and "[t]ogether, the elements of generic murder categorically require the 'use ... of physical force against the person . . . of another,' as those terms have been interpreted by the U.S. Supreme Court.").[4]

However, this reasoning is foreclosed by Fourth Circuit precedent. The Fourth Circuit's decision in *Garcia* relied on its earlier decision in *Bejarano-Urrutia v. Gonzales*, 413 F.3d 444 (4th Cir. 2005). The petitioner in *Bejarano-Urrutia* contended that involuntary manslaughter in Virginia was not a crime of violence. The Fourth Circuit agreed, *id.* at 447, even though the "[t]he crime at issue here . . . requires the killing of a person as a proximate result of the defendant's *reckless disregard for human life*." *Id.* at 446 (emphasis added). Thus, a reckless disregard for human life, which is certainly a higher level of intent than mere reckless behavior, still does not suffice to qualify as a crime of violence.

The line between the extreme disregard for human life required for malice aforethought and mere reckless disregard for human life is, again, only one of degree

---

[4] Because the federal statute at issue in *Umaña* did not define murder, the Fourth Circuit analyzed the generic definition of murder. *See Umaña*, 229 F. Supp. 3d at 392.

10

rather than of kind.  As the Ninth Circuit has put it, "disregard for human life becomes more callous, wanton or reckless, and more probative of malice aforethought, as it approaches a mental state comparable to deliberation and intent.'" *United States v. Lesina*, 833 F.2d 156, 159 (9th Cir. 1987).

But, critically, the *kind* of mens rea required for both malice aforethought and lesser manslaughter charges is still *recklessness*.  Indeed, in holding that federal second-degree murder is not a crime of violence, the Ninth Circuit noted that "[i]t is of no consequence that the recklessness required for second-degree murder must be 'extreme' and goes beyond ordinary recklessness" because "[r]eckless conduct, no matter how extreme, is not intentional."  *United States v. Begay*, 934 F.3d 1033, 1040 (9th Cir. 2019).

Regardless, in *Fleming* itself, the Fourth Circuit adopted a definition of malice that is indistinguishable from the standard of recklessness that did not suffice to support a crime of violence in *Bejarano-Urrutia*.  In *Fleming*, the Court explained that "[t]o support a conviction for murder, the government need only have proved that [a] defendant" acted "with a heart that was without regard for the life and safety of others."  739 F.2d at 948 (citing *United States v. Hinkle*, 487 F.2d 1205, 1207 (D.C.C. 1973), wherein the D.C. Circuit held that "'malice' is a state of mind showing a heart that is without regard for the life and safety of others."). A malicious "heart that is without regard for the life and safety of others" is indistinguishable

11

**JA0100**

from the "reckless disregard for human life," which the Fourth Circuit found did not qualify as a crime of violence. *See Bejarano-Urrutia*, 413 F.3d at 446.

Even more, it is well-established that merely unintentional or accidental conduct resulting in death during the commission of a felony provides the malice necessary for a first-degree murder conviction under § 1111(a). *See, e.g.*, *United States v. Singletary*, 166 F.3d 336, 1998 WL 879059, at *2 (4th Cir. 1998) (per curiam) (noting defendant conceded that accidental behavior resulting in death during robbery "fell within the felony murder provisions of § 1111").

As the Supreme Court has noted, "it is not unusual to punish individuals for the *unintended consequences* of their unlawful acts," and "[t]he felony-murder rule is a familiar example: If a defendant commits an *unintended* homicide while committing another felony, the defendant can be convicted of murder. *Dean v. United States*, 556 U.S. 568, 575 (2009) (citing 18 U.S.C. § 1111) (emphasis added). Thus, a defendant can commit first-degree murder under federal law with a mens rea of a complete lack of intent with respect to the homicide.

First-degree murder can be committed with a mens rea of mere recklessness, and this fact compels the conclusion that first-degree murder is not categorically a crime of violence.[5]

---

[5] The Fourth Circuit's decision in *In re Irby*, 858 F.3d 231 (4th Cir. 2017), does not foreclose relief for these reasons as *In re Irby* not only involved a conviction under

12

### b.    Federal Murder Does Not Categorically Require the Level of Force Necessary of a Crime of Violence.

First degree murder under 18 U.S.C. § 1111 also fails to qualify as a crime of violence because it does not categorically require the use of violent physical force. The "physical force" required for a crime of violence is "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

Felony murder under 18 U.S.C. § 1111 is again instructive. The statute dictates that "*[e]very* murder . . . committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery" is first degree murder. As detailed above, this covers even accidental killings during the course of these felonies. *See Dean*, 556 U.S at 575.

Many of these underlying predicate felonies, by their plain terms, do not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A).

Arson does not require the element of using force against the "person or property of *another*" because it may be accomplished by setting fire to one's own

---

18 U.S.C. § 1111, but also § 1513, which covers intentional killings or attempts to kill in retaliation against a witness, victim, or informant.

13

property, or simply conspiring to commit an arson prior the use of any force at all. *See* 18 U.S.C. § 81. A person is guilty of federal arson if, within the jurisdiction of the United States, he or she "willfully and maliciously sets fire to or burns *any* building, structure or vessel, [or] *any* machinery or building materials or supplies . . . ." or "attempts or *conspires* to do such an act." *Id.* (emphases added).

The crime of escape certainly does not have force as an element. The statute merely states that "[w]hoever escapes or attempts to escape from the custody. . . ." of a long list of various federal custody arrangements is guilty of escape. *See* 18 U.S.C. § 751(a).[6] Similarly, treason and the several federal espionage statutes do not require force as an element of the offense. *See* 18 U.S.C. §§ 792-99, 2381. The crime of sabotage is accomplished, *inter alia*, when a defendant simply makes defective war material to obstruct the United States in preparing for war. *See* 18 U.S.C. § 2154.

And, as detailed below, aggravated sexual assault does not require the use of violent physical force, and the Fourth Circuit has already held that kidnapping is not

---

[6] The Fourth Circuit's prior cases finding that federal escape is a "crime of violence" are no longer persuasive as they relied on the vague language of "potential risk" found in the "residual clause" of § 924(c)(3)(B) that the Supreme Court has now ruled is unconstitutionally vague. *See, e.g.*, *United States v. Dickerson*, 77 F.3d 774, 774 (4th Cir.1996).

14

**JA0103**

a crime of violence within the meaning of the force clause of § 924(c)(3)(A). *See United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019).

*Every* accidental death occurring during the perpetration of all of these felonies is first-degree murder. Thus, first-degree murder arising out of these felonies does not categorically require force at all, much less the "*violent* force – that is, force capable of causing physical pain or injury to another person," *Johnson (Curtis)*, 559 U.S. at 140, mandated by the Supreme Court. Any such accidental death occurring during the perpetration of such a felony, many of which do not require the use of force at all, qualifies as first-degree murder. *See Leocal*, 543 U.S. at 10 ("[W]e would not ordinarily say a person uses physical force against another by stumbling and falling into him.") (citations and quotations omitted).

Because neither (i) the intentional use of force nor (ii) the actual use of any violent physical force is categorically required for first-degree murder pursuant to § 1111, federal murder is not a crime of violence under the force clause of § 924(c)(3)(A).

The Fourth Circuit's cases in *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019) and *In re Irby*, 858 F.3d 231 (4th Cir. 2017), are not controlling because, as the Government recognizes, these cases dealt with statutes other than federal first-degree murder. [Doc. 17 at 12-13]. *Irby* did not address the arguments Mr. Jackson raises before this Court, but rather addressed only whether the use of *indirect* force

15

was sufficient to establish the force necessary to qualify second-degree retaliatory murder as a crime of violence. *Irby*, 858 F.3d at 234-36. *Mathis* did nothing more than generally cite *Irby* without any further analysis. *Mathis*, 932 F.3d at 265.

### 2. Aggravated Sexual Assault Is Not Categorically a Crime of Violence Pursuant to § 924(c)(3)(A).

The Government contends that aggravated sexual assault, 18 U.S.C. 2241(a), constitutes a crime of violence under the force clause of § 924(c)(3)(A), because two different parts of the statute require the use of force. The Government contends that, first, "knowingly caus[ing] another person to engage in a sexual act" requires the use of force, and, second, the statute requires that "the defendant either use force against or threaten another person." [Doc. 17 at 17]. Neither of these elements of aggravated sexual assault *categorically require* the use of force.

### a. Engaging in a Sexual Act Categorically Does Not Require the Use of Force.

The Government acknowledges that the force clause requires "'*violent* force – that is, force capable of causing physical pain or injury to another person.'" *United States v. Hammond*, 912 F.3d 658, 661 (4th Cir. 2019) (quoting *Johnson (Curtis)*, 559 U.S. at 140). But, the Government argues that *any* contact with the genitals or anus constitutes such violent force. [Doc. 17 at 17]. This simply is not true. Four kinds of "sexual acts" are defined by the statute. *See* 18 U.S.C. § 2246(2)(A) to (D). None *categorically require* violent physical force.

16

Two of these subsections involve the penetration of genital openings, "however slight." § 2246(2)(A) & (C). This language signals that the statute is intended to cover all sexual penetration, regardless of the physical circumstances.

All sexual assaults involving penetration require *some* amount of force, and all may cause mental pain or injury, but they simply do not categorically involve the "*violent* force . . . causing *physical* pain or injury to another." *Johnson (Curtis)*, 559 U.S. at 140 (second emphasis added). A sexual assault can be committed through a penetration that does not rise to the level of "hitting, slapping, shoving, grabbing, pinching, biting, and hair pulling, *id.*, or a "pull," "yank[]," ,or "shov[e]." *Hammond*, 912 F.3d at 664. *See also Stokeling v. United States*, 139 S. Ct. 544, 554 (2019) (quoting *Johnson (Curtis)*). "However slight" means what it says: there is no requirement that the penetration cause physical pain, much less *violent* physical pain.

Notably, the Government does not even attempt to distinguish *United States v. Leshen*, 453 F. App'x 408, 412-13 (4th Cir. 2011), from this case–because it cannot. The Fourth Circuit in *Leshen* held that a Pennsylvania statute requiring "penetration, however slight of the genitals or anus" is not a crime of violence "[b]ecause physical force is not necessary. *Id.* (quoting 18 Pa. Cons. Stat. § 3125).

The other two subsections defining "sexual act" by their plain language do not require violent physical force. Subsection B requires only "contact" in the most general sense: "contact between the mouth and the penis, the mouth and the vulva,

17

**JA0106**

or the mouth and the anus." 18 U.S.C. § 2246(2)(B). The statute plainly covers all contact, and not all contact requires violent physical force.

The Government notes that the "genitals or anus" are "sensitive areas," and argues that the statute's limitation of contact to these areas narrows the statute to only cover contact with as much "potential for causing pain or injury as an ordinary pull, yank, shove, or grab." [Doc. 17 at 17 (citations and quotations omitted)]. But the statute, on its face and under common sense, does not limit contact to these areas because of any legislative concern about the application of force, but because these are indeed sensitive areas. *All* unwanted contact with these areas, as compared to all other areas of the body, is criminal. Thus, it is precisely because the statute is limited to these sensitive areas that *all* touching, and not just violent physical touching, is criminalized.

Similarly, subsection D defines a "sexual act" with reference to any "intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years." 18 U.S.C. § 2246(2)(D). For the same good reasons that *all* sexual contact is prohibited in subsection B, any intentional touching of the genitalia of a person under the age of 16 is criminalized as well.

There are good policy reasons for the aggravated assault statute to cover penetration that does not rise to the level of violent physical force. Common sense dictates that any penetration involving sexual assault, *however slight*, is criminal.

18

**JA0107**

Common law recognized this as well. *See, e.g.*, *Johnson (Curtis)*, 559 U.S. at 146 (Alito, J., dissenting) (noting that the common law "approach recognized that an *offensive but nonviolent* touching (for example, unwanted sexual contact) may be even more injurious than the use of force that is sufficient to inflict physical pain or injury (for example, a sharp slap in the face).") (emphasis added).

Yet the Government now argues that there is no realistic possibility it would punish a sexual act under section 2241(a) that has no potential to cause any pain or injury. [Doc. 17 at 17-18]. Surely there is at least a realistic probability that the Government would want to punish aggravated sexual assaults that involved even the slightest penetration, or involved contact between a perpetrator's mouth and a victim's anus, penis, or vulva. Surely this is at least the "minimum conduct" that the government "would actually punish," *United States v. Salmons*, 873 F.3d 446, 448 (4th Cir. 2017). The Government now espouses a position that would not criminalize such conduct.

### b.    Aggravated Sexual Assault Categorically Does Not Require the Use or Threatened Use of Force.

Aggravated sexual assault also is not a crime of violence because it can be accomplished without the use or threatened use of force within the meaning of the force clause of 18 U.S.C. § 924(c)(3)(B). Although threats of death (which certainly amount to a threatened use of force) are covered, a person is also guilty if they threaten a victim with "kidnapping." 18 U.S.C. 2241(a)(2). Kidnapping does not

19

categorically require the use or threatened use of physical force. *See infra*. Citing *Walker*, the Government posits that the only possible way kidnapping can be committed in a nonviolent way is through inveiglement, that is, enticement or deceit. [Doc. 17 at 17]. *Walker* does not mandate such an interpretation of kidnapping; indeed, it endorses the opposite. The Fourth Circuit in *Walker* acknowledged the Supreme Court's holding that kidnapping does not require any physical restraint at all. *See United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019) (noting "In *Chatwin v. United States*, 326 U.S. 455 [] (1946), the Supreme Court explained that '[t]he act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical or *mental restraint* for an appreciable period against the person's will and with a willful intent so to confine the victim.' *Id.* at 460") (emphasis added in *Walker*).

The kidnapping of a person through mental restraint by definition requires no violent physical force. The commission of aggravated sexual assault during such a kidnapping also does not require the use of violent physical force, as detailed above. Thus, aggravated sexual assault is not categorically a crime of violence under the force clause.

The Government again contends that the Court should "focus on conduct that the government would actually punish." [Doc. 17 at 19 (quotation marks and citation omitted)]. It is not hard to imagine a criminal confining or abducting a

20

victim through the use of mental restraint and manipulation, thus committing kidnapping, and then illegally but non-violently touching the victim so as to commit aggravated sexual assault.  But the Government contends now that it would not punish such criminal behavior.

### 3.    Kidnapping Is Not Categorically a Crime of Violence Pursuant to § 924(c)(3)(A).

Finally, as the Government recognizes [Doc. 17 at 10], the Fourth Circuit has already held that federal kidnapping under 18 U.S.C. § 1201(a) "does not categorically qualify as a crime of violence under the force clause." *United States v. Walker*, 934 F.3d at 379.

## IV.   MR. JACKSON'S CONVICTION MUST BE VACATED.

### A.    The Error Is Not Harmless.

The Government contends that Mr. Jackson's unconstitutional conviction is harmless because Mr. Jackson's conviction necessarily included findings by the jury that Jackson committed the underlying federal offenses of murder, kidnapping, and aggravated sexual abuse.  [Doc. 17 at 18.]  But, as already detailed, Mr. Jackson was not charged separately with these predicate offenses, and he was not convicted of any offense other than the single conviction of violating 18 U.S.C § 924(c).  Pursuant to the holdings of the Supreme Court, this single conviction is now unconstitutional. Mr. Jackson is entitled a new trial.

21

The Government argues that had murder and kidnapping been charged not as crimes of violence but "directly," then the jury surely would have found him guilty of these capital offenses and sentenced him to death based on the same evidence. However, this is just a speculative theory and not what occurred at Mr. Jackson's trial..   The Government's speculation as to what a grand jury *may* have indicted and what a jury of Mr. Jackson's peers *may* have found does not meet any legal standards.

The Government further argues that the "error that Jackson alleges would have required only slightly different allegations in the indictment." [Doc. 17, at 21]. But this argument actually favors Mr. Jackson because it would require a constructive amendment of the indictment. Such a "constructive amendment of the indictment constitutes error *per se*" and "requires a reviewing court to conclusively presume that the defendant has been prejudiced by the constructive amendment and to forgo harmless error analysis." *United States v. Floresca*, 38 F.3d 706, 711 (4th Cir. 1994). *See Stirone v. United States*, 361 U.S. 212, 215-16 (1960) (indictment may not be broadened through amendment except by the grand jury itself.").

Finding harmless error would require finding Mr. Jackson guilty of offenses that he had not been charged with in the indictment. The Government argues now that "surely the grand jury would have found probable cause to charge those allegations," [Doc. 17 at 21 (quotations and citations omitted)], but the fact remains

22

that the grand jury did not so find.  The Government's remedy would require an

impermissible constructive amendment of the indictment, and the Supreme Court

recognizes that this affects a "defendant's substantial right to be tried only on charges

presented in an indictment returned by a grand jury" and that "[d]eprivation of such

a basic right is far too serious to be treated as nothing more than a variance and then

dismissed as harmless error."  *Stirone*, 361 U.S. at 216.  This Court cannot now

hypothesize a guilty verdict that was not in fact rendered.  *See Sullivan v. Louisiana*,

508 U.S. 275, 279 (1993) ("[T]o hypothesize a guilty verdict that was never in fact

rendered—no matter how inescapable the findings to support that verdict might be—

would violate the jury-trial guarantee.").  To find the error harmless in this case

would require even more structural error.

For these reasons, the Government's contention that this Court should find the

error in this case harmless and enter judgment on a first-degree murder offense that

Mr. Jackson was never charged with, [Doc. 17 at 21-22], is untenable.

### B.    The Result Is Not Absurd.

The Government contends that the constitutional errors in this case lead to the

absurd result of murder not being considered a crime of violence under the law.

[Doc. 17 at 12].  The Government relies on the Fourth Circuit's statements in *Irby*

that "[c]ommon sense. . . dictates that murder is categorically a crime of violence

**JA0112**

under the force clause," and such a conclusion is necessary to "avoid an absurd result." 858 F.3d at 236.

The proper result in this case is not absurd–it is a function of the broad statutory language defining the crimes. Congress chose to define the crimes broadly, protecting a wide array of victims. Such broad language, however, removed those offenses from the force clause. Certainly as a general matter, murder can involve the use of violent physical force. Common sense does lead to this conclusion. But this "common sense" understanding of murder was covered by the residual clause, which intended to cover crimes such as murder "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The Supreme Court held the residual clause unconstitutionally vague in *Johnson* and *Davis*. The question now is not one of common sense but one of statutory analysis. Murder and aggravated sexual assault can only qualify as "crimes of violence" under the limited definition of the force clause. As detailed above, it is far from "absurd" that murder and aggravated sexual assault fail to qualify under this narrow provision.

## CONCLUSION

For these reasons, and the reasons stated in Mr. Jackson's initial motion for relief, Mr. Jackson's single count of using a firearm during a crime of violence resulting in the death of a human being must be vacated. The residual clause is

24

unconstitutionally vague, and none of Mr. Jackson's predicate crimes of violence

qualify as a crime of violence under the force clause. The constitutional error is not

harmless, and Mr. Jackson cannot now be found guilty by this Court of crimes he

was not charged with by the grand jury in his indictment. Mr. Jackson's single count

must be vacated.

Respectfully Submitted, this 30ᵗʰ day of March 2020.

s/Frank E. Schall
John A. Fagg, Jr.
N.C. State Bar No. 28516
Frank E. Schall
N.C. State Bar No. 40052
Moore & Van Allen PLLC
100 N. Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone: (704) 331-1000
Fax: (704) 378-2092
johnfagg@mvalaw.com
frankschall@mvalaw.com

**ATTORNEYS FOR PETITIONER**
**RICHARD JACKSON**

25

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00212-MR
[CRIMINAL CASE NO. 1:00-cr-00074-MR]**

| | |
|---|---|
| **RICHARD ALLEN JACKSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **MEMORANDUM OF** |
| **vs.** ) | **DECISION AND ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate

Conviction and Sentence Pursuant to 28 U.S.C. § 2255 [CV Doc. 1][1] and the

Government's Motion to Dismiss [CV Doc. 17].

**I.     BACKGROUND**

On October 31, 1994, 22-year-old Karen Styles went for a run on a trail

in the Pisgah National Forest.  She was confronted on the trail by the

Petitioner Richard Allen Jackson ("Jackson"), who was armed with a gun.

Jackson forced her to walk deep into the forest, where he duct-taped her to

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-00212-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 1:00-cr-00074-MR.

a tree and removed her clothing. Jackson then raped Styles. She pleaded with Jackson not to hurt her, but he proceeded to shock Styles with a stun gun, once above her left breast and several times in her pubic area. He placed duct tape over her mouth and then masturbated while looking at a pornographic magazine. When the duct tape over her mouth loosened, Styles began screaming. Jackson then put a gun to Styles's head and shot her once, killing her. Styles's nude body was later discovered by a hunter, still duct-taped to the tree. Investigators found a duct-tape wrapper, a pornographic magazine, and one spent Remington .22 caliber rifle casing near her body, all of which were tied to Jackson. Jackson made a full confession to the crime. As a part of this proceeding, Jackson does not dispute that he committed these acts.

Jackson was charged in this Court in a one count indictment with using and carrying a firearm during and in relation to each of the following crimes of violence: (1) first-degree murder, in violation of 18 U.S.C. § 1111(a); (2) kidnapping, in violation of 18 U.S.C. § 1201(a)(2); and (3) aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a)(1)-(2), and in the course of such violation and through the use of such firearm, causing the death of Karen Styles, all in violation of 18 U.S.C. §§ 924(c) and 924(j)(1). [CR Doc. 19: Superseding Bill of Indictment].

2

A jury convicted Jackson. [CR Doc. 176: Verdict Sheet]. The jury returned a special verdict form specifically finding that Jackson had committed each of the three crimes of violence specified in the indictment. The jury unanimously found that Jackson "committed the crime of the murder of Karen Styles"; that Jackson "committed the crime of aggravated sexual abuse of Karen Styles"; and that Jackson "committed the crime of kidnaping Karen Styles." [Id. at 1]. Additionally, the jury also specifically and unanimously found that Jackson had committed the murder of Styles in three specific ways. [Id. at 2]. The jury found that Jackson "committed the murder of Karen Styles with malice aforethought, willfully, deliberately, maliciously and with premeditation"; that Jackson "committed the murder of Karen Styles during the perpetration of kidnaping"; and that Jackson "committed the murder of Karen Styles during the perpetration of aggravated sexual abuse." [Id.].

Following a sentencing trial, the jury unanimously recommended that Jackson be sentenced to death. [CR Doc. 181: Special Verdict Form]. This Court entered a Judgment in accord with the jury's verdict of guilty of the offense charged in the indictment and imposing the sentence of death. [CR Doc. 187]. The Fourth Circuit affirmed Jackson's conviction and sentence. Jackson, 327 F.3d at 279. The United States Supreme Court denied

3

Jackson's petition for writ of certiorari.  Jackson v. United States, 540 U.S. 1019 (2003).

In 2009, this Court denied Jackson's first motion under 28 U.S.C. § 2255.  Jackson v. United States, 638 F. Supp. 2d 514, 618 (W.D.N.C. 2009), cert. of appealability denied, No. 1:04cv251, 2010 WL 2775402 (W.D.N.C. July 13, 2010).  The Fourth Circuit denied a certificate of appealability and dismissed Jackson's appeal.  Jackson v. United States, No. 09-0010 (4th Cir. Feb. 11, 2011).  The United States Supreme Court then denied a petition for writ of certiorari.  Jackson v. United States, 568 U.S. 826 (2012).

In June of 2016, with authorization from the Fourth Circuit, Jackson filed the present Motion to Vacate, asking this Court to vacate his conviction and sentence.  In his motion, he argues that, in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), the three federal offenses upon which Jackson's conviction rested—murder, kidnapping, and aggravated sexual assault—can no longer be considered "crimes of violence" under 18 U.S.C. § 924(c)(3) and thus his conviction is void.  [CV Doc. 1].

In response to Jackson's petition, the Government filed a motion to hold this proceeding in abeyance pending decisions by the Fourth Circuit Court of Appeals in the cases of United States v. Ali, No. 15-4433 (4th Cir.)

4

and United States v. Simms, No. 15-4640 (4th Cir.).  [CV Doc. 7].  At issue in these cases was whether Johnson rendered the residual clause of § 924(c)(3)(B) unconstitutionally vague.  The Court granted the Government's motion and held this case in abeyance pending a decision in Ali and/or Simms.  [CV Doc. 8].  At the request of the parties, the Court continued to hold this case in abeyance pending a decision in United States v. Davis, No. 18-431, in which the United States Supreme Court granted certiorari in order to address the constitutionality of the residual clause of § 924(c).  [CV Doc. 10].

The Supreme Court announced its decision in Davis on June 24, 2019. United States v. Davis, 139 S. Ct. 2319 (2019).  Thereafter, the Court lifted the stay of this action and directed the Government to file a response to the Petitioner's allegations.  [CV Doc. 11].  The Government thereafter received two extensions of time in which to respond.  [CV Text-Only Orders entered Aug. 19, 2019 and Oct. 2, 2019].  In November 2019, the Government moved to stay the case pending a decision by the Supreme Court in Walker v. United States, No. 19-373 (cert. granted Nov. 15, 2019).[2] [CV Doc. 15].  The Court

---

[2] The question presented in Walker was whether an offense that can be committed with a mens rea of recklessness can qualify as a "violent felony" under the Armed Career Criminal Act.  Due to the death of the petitioner, the Supreme Court dismissed the petition for writ of certiorari on January 27, 2020.  Walker v. United States, No. 19-373, 2020 WL 411668 (U.S. Jan. 27, 2020).

5

**JA0119**

denied the Government's motion without prejudice and directed the Government to respond to the Motion to Vacate.  [CV Doc. 16].

The Government filed the present Motion to Dismiss on January 15, 2020.  [CV Doc. 17].  The Petitioner filed his Response to the Government's Motion to Dismiss on March 30, 2020.  [CV Doc. 21].

Having been fully briefed, this matter is ripe for disposition.

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Jackson was convicted of violating 18 U.S.C. §§ 924(c) and 924(j)(1), which together impose an enhanced sentence for a defendant who causes the death of another while using or carrying a firearm during, among other things, a "crime of violence."  18 U.S.C. §§ 924(c)(1)(A), (j)(1).  A "crime of violence" is defined as a felony offense that:

6

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ["the residual clause"].

Id. § 924(c)(3).

Following its reasoning in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the residual clause of the Armed Career Criminal Act was found to be constitutionally infirm, the Supreme Court has held that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2323 (2019). The Supreme Court has held that its ruling in Johnson, being a new substantive rule, is retroactively applicable to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016). Numerous courts of appeals have held that Davis is similarly applicable retroactively to claims asserted on collateral review. See, e.g., United States v. Reece, 938 F.3d 630, 635 (5th Cir. 2019); United States v. Bowen, 936 F.3d 1091, 1098 (10th Cir. 2019); In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019).

With the elimination of the residual clause portion of the definition of "crime of violence" in § 924(c), a conviction under this statute may stand only if the underlying offense qualifies as a crime of violence under the force

7

clause of § 924(c)(3)(A). Jackson argues that his conviction and capital sentence must be vacated, and that he is entitled to immediate release, because none of the three offenses supporting his § 924(c) conviction—murder, kidnapping, and aggravated sexual abuse—requires the intentional use of physical force and therefore cannot satisfy the force clause.

In order to determine whether the predicate offense underlying a §924(c) conviction falls within the force clause, the Court looks to the elements of the "ordinary case" of such offense. In re Irby, 858 F.3d 231, 234 (4th Cir. 2017). In so doing, the Court is mindful that Jackson's offense of conviction requires only one "crime of violence." 18 U.S.C. §§ 924(c)(1)(A), (j)(1). Thus, if any of the three predicate offenses continues to qualify as a "crime of violence," Jackson is entitled to no relief.

The Court first turns to Jackson's first-degree murder offense under 18 U.S.C. § 1111(a). Section 1111(a) defines murder as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). The statute further provides as follows:

> Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a

8

child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

Id. "Any other murder is murder in the second degree." Id. First-degree murder and second-degree murder are different offenses that carry different penalties. See 18 U.S.C. § 1111(b).

Fourth Circuit precedent establishes that "first-degree murder" qualifies categorically as a crime of violence under the force clause of § 924(c). The Fourth Circuit held in Irby that "murder is a crime of violence under the force clause because unlawfully killing another human being requires the use of force 'capable of causing physical pain or injury to another person.'" Irby, 858 F.3d at 236 (citation omitted). As the Court noted: "[s]imply, it is hard to imagine conduct that can cause another to die that does not involve physical force against the body of the person killed." Id. at 236 (quoting in part United States v. Checora, 155 F. Supp. 3d 1192, 1997 (D. Utah. 2015)). Further, the Fourth Circuit recently held in Mathis that Virginia's first-degree murder statute, Va. Code § 18.2-32, which mirrors the federal murder statute, categorically meets the requirements of the force clause. United States v. Mathis, 932 F.3d 242, 265 (4th Cir. 2019).

Jackson argues that federal first-degree murder does not require the intentional use of force because it can be accomplished by a death occurring

9

during the commission of a felony.  [CV Doc. 1-1 at 20-21].  Accepting this argument, however, would render the language of the force clause broadly inapplicable to murder.  The Fourth Circuit, however, has unambiguously recognized that murder constitutes "a quintessential crime of violence." Irby, 858 F.3d at 237.  The felony-murder doctrine is recognized in most jurisdictions in the United States.  See 2 Wayne R. LaFave, Substantive Criminal Law, § 14.5 (3d ed.).  Adopting Jackson's position here would render the force clause inapplicable to murder in all of these jurisdictions. The Supreme Court has cautioned that the language of the force clause should not be construed in a way that "would render it inapplicable in many states." Stokeling v. United States, 139 S. Ct. 544, 552 (2019).

In short, as the Fourth Circuit has recognized, and as common-sense dictates, the offense of murder in the first degree is unquestionably a crime of violence under the force clause of § 924(c).  To hold otherwise would be to exclude the "most morally repugnant crime" from the ambit of the force clause, Irby, 858 F.3d at 237, while permitting less serious offenses, such as robbery, to remain.  See United States v. Mathis, 932 F.3d 242, 265-66 (4th Cir.) (holding that Hobbs Act robbery is a crime of violence), cert. denied, 140 S. Ct. 639 (2019).  The law cannot countenance such an absurd and illogical result.

10

**JA0124**

Jackson's offense of aggravated sexual abuse also clearly qualifies as a crime of violence under the force clause.    Section 2241(a) punishes "[w]hoever, in the special maritime and territorial jurisdiction of the United States or in a federal prison, knowingly causes another person to engage in a sexual act" — "(1) by *using force* against that other person; or (2) by *threatening* or placing that other person in fear that any person will be subjected to *death, serious bodily injury, or kidnapping*; or attempts to do so." 18 U.S.C. § 2241(a) (1998) (emphasis added).  As the Supreme Court has noted, this statute "prohibits *forced* sexual acts against 'another person.'" Lockhart v. United States, 136 S. Ct. 958, 964 n.1 (2016) (emphasis added). It is difficult to fathom how a "forced sexual act" does not involve the use of force sufficient to satisfy § 924(c)(3)(A).

Jackson attempts to argue that aggravated sexual abuse does not qualify as a crime of violence because the offense may be accomplished by physical contact, "however slight," or even by no contact at all  [CV Doc. 1-1 at 24-27].    Jackson further argues that because kidnapping may be accomplished in "many non-forceful ways," the use of a threat of kidnapping does not constitute a threat of physical force, thereby removing the entire crime of aggravated sexual abuse from the ambit of the force clause.  [Id. at 27-28].  In making such arguments, Jackson blithely ignores the requirement

11

JA0125

that when applying the force clause the Court must focus on the "minimum conduct" that the government "would *actually punish.*" United States v. Salmons, 873 F.3d 446, 448 (4th Cir. 2017) (emphasis added).   In other words, "there must be a 'realistic probability, not a theoretical possibility,'" that the Government would "actually punish" causing a sexual act under section 2241(a) that has no potential to cause any pain or injury.  See id. The standard does not permit the application of "legal imagination" to the predicate offense.  United States v. Bell, 901 F.3d 455, 472 (4th Cir. 2018) (quoting Moncrieffe v. Holder, 569 U.S. 184, 191 (2013)), cert. denied, 140 S. Ct. 123 (2019).  Instead, a party ordinarily "must at least point to his own case or other cases in which state courts in fact did apply the statute" in the "manner for which he argues."  Bell, 901 F.3d at 472 (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)).  Jackson has not come close to meeting this requirement for either of his arguments.  He has not identified even an imaginary scenario under which the kind of actual or threatened conduct described by the statute had no potential of causing pain or injury.[3]

---

[3] Because the Court has determined that at least two of Jackson's underlying offenses qualify as crimes of violence under the force clause, the Court need not address Jackson's other underlying offense or the other arguments raised in the Government's Motion to Dismiss.

12

**JA0126**

Jackson's crimes against Karen Styles involved some of the worst and most violent conduct that any human being can inflict on another: kidnapping, assault, rape, and ultimately, murder. Jackson not only took the life of Karen Styles: he terrorized, tortured, and raped her before executing her with a single bullet to the head. Counsel's effort to argue that Jackson's crimes do not constitute crimes of violence, however well-meaning, flies in the face of reason and common-sense. They simply represent the next step in the continued "protracted ruse for paradoxically finding even the worst and most violent offenses not to constitute crimes of violence." United States v. Doctor, 842 F.3d 306, 313 (4th Cir. 2016) (Wilkinson, J., concurring). Such arguments undermine the public's confidence in lawyers, the legal system, and the Court. While the Court appreciates zealous advocacy by counsel on the part of a litigant, such advocacy has its limits. And the Court cannot allow a lawyer's zealous representation of a client to undermine the principles of justice.

## IV.    CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is granted, and the Petitioner's Motion to Vacate is denied and dismissed.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. §

13

2253(c)(2); see also Miller El v. Cockrell, 537 U.S. 322, 336 38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Given the specific issues presented here, it is hard to imagine that reasonable jurists would adopt the Petitioner's arguments. The Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the motion to vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [CV Doc. 17] is **GRANTED**, and the Petitioner's Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 [CV Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

14

**JA0128**

**IT IS SO ORDERED.**

Signed: March 31, 2020

Martin Reidinger
United States District Judge

15

**JA0129**

# United States District Court
## Western District of North Carolina
## Asheville Division

| | | |
|---|---|---|
| **RICHARD ALLEN JACKSON,** | ) | JUDGMENT IN CASE |
| | ) | |
| Petitioner, | ) | 1:16-cv-00212-MR |
| | ) | 1:00-cr-00074-MR |
| vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

DECISION BY COURT. This action having come before the Court and a decision having been rendered;

IT IS ORDERED AND ADJUDGED that Judgment is hereby entered in accordance with the Court's March 31, 2020 Memorandum of Decision and Order.

March 31, 2020

*Frank G. Johns*

Frank G. Johns, Clerk
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil No. 1:16-CV-212-MR
[Criminal Case No. 1:00-CR-74-MR-1]

RICHARD JACKSON,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

**NOTICE OF APPEAL**

Please take notice that Petitioner Richard Jackson, through counsel, hereby appeals to the United States Court of Appeals for the Fourth Circuit this Court's March 31, 2020 Order [Doc. 22] and final Judgment [Doc. 23] and from each and every subsidiary adverse ruling and finding forming the basis for said Order and Judgment.

1

**JA0131**

Respectfully submitted, this 29th day of May 2020.

/s/ Frank E. Schall
John A. Fagg, Jr.
N.C. State Bar No. 28516
Frank E. Schall
N.C. State Bar No. 40052
Moore & Van Allen PLLC
100 N. Tryon Street, Suite 4700
Charlotte, NC  28202
Telephone: (704) 331-1000
Fax: (704) 378-2092
johnfagg@mvalaw.com
frankschall@mvalaw.com

**_ATTORNEYS FOR PETITIONER_**
**_RICHARD JACKSON_**

2

**Query**    **Reports**    **Utilities**    **Help**    **Log Out**

APPEAL,DEATH

# U.S. District Court
## Western District of North Carolina (Asheville)
### CRIMINAL DOCKET FOR CASE #: 1:00-cr-00074-MR-1

Case title: USA v. Jackson                    Date Filed: 10/02/2000

Related  Case: 1:16-cv-00212-MR              Date Terminated: 05/14/2001

Assigned to: District Judge Martin
Reidinger

**Defendant (1)**

**Richard Allen Jackson**                    represented by    **David G. Belser**
*TERMINATED: 05/14/2001*                                       Belser & Parke
                                                               17 N. Market, Ste. 1
                                                               Asheville, NC 28801
                                                               828-258-1500
                                                               Fax: 828-258-1510
                                                               *TERMINATED: 05/14/2001*
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Designation: CJA Appointment*

                                                               **Eric J. Foster**
                                                               Law Office of Rick Foster
                                                               22 South Pack Square
                                                               Suite 330
                                                               Asheville, NC 28801
                                                               828-771-4787
                                                               Fax: 828 275-9918
                                                               Email: rickfoster200@gmail.com
                                                               *TERMINATED: 03/16/2001*
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Designation: CJA Appointment*

                                                               **Frank E. Schall**
                                                               Moore & Van Allen
                                                               Suite 4700
                                                               100 North Tryon Street
                                                               Charlotte, NC 28202
                                                               704-331-1117
                                                               Fax: 704-409-5689
                                                               Email: frankschall@mvalaw.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**JA0133**

**John Anderson Fagg , Jr.**
Moore and Van Allen
100 North Tryon Street
Suite 4700
Charlotte, NC 28202
704-331-3622
Fax: 704-378-2092
Email: johnfagg@mvalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**M. Gordon Widenhouse , Jr.**
Rudolf, Widenhouse
Post Office Box 7447
Winston-Salem, NC 27109
3367582527
Email:
mgwidenhouse@rudolfwidenhouse.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Shelagh Rebecca Kenney**
Center for Death Penalty Litigation
Suite 700
123 W. Main Street
Durham, NC 27701
919/ 956-9545
Fax: 919/ 956-9547
Email: shelagh@cdpl.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen P. Lindsay**
Lindsay Law
46 Haywood Street
Suite 200
Asheville, NC 28801
828-551-6446
Fax: 828-412-3412
Email: spl@lindsaylaw.org
*TERMINATED: 05/14/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18:924C.F, 924(j), 7(3) - VIOLENT
CRIME/DRUGS/MACHINE GUN
(1s)

**Disposition**

DEATH; $50 assessment

**Highest Offense Level (Opening)**

**JA0134**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:924C.F; 924(j)(1) - VIOLENT CRIME/DRUGS/MACHINE GUN (1) | Dismissed by the Court. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| **USA** | represented by | **Jeffrey Bradford Kahan**<br>United States DOJ, Capital Case Unit<br>1331 F Street, NW; Rm. 345<br>Washington, DC 20530<br>202-305-8910<br>Fax: 202-353-9779<br>Email: jeffrey.kahan@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Jerry W. Miller - Former AUSA**<br>Email: lorraine.simpson@usdoj.gov<br>*TERMINATED: 11/22/2004*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Richard Lee Edwards**<br>Office of the U.S. Attorney--WDNC<br>233 U.S. Courthouse Bldg.<br>100 Otis St.<br>Asheville, NC 28801<br>828-271-4661<br>Fax: 828-271-4670<br>Email: richard.edwards2@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/02/2000 | 1 | INDICTMENT as to Richard Allen Jackson (1) count(s) 1 (siw) (Entered: 10/02/2000) |
| 10/02/2000 | | Arrest WARRANT issued as to Richard Allen Jackson (siw) (Entered: 10/02/2000) |
| 10/02/2000 | 2 | PETITION by USA for Writ of Habeas Corpus ad Prosequendum as to Richard Allen Jackson (siw) (Entered: 10/02/2000) |
| | | |

**JA0135**

| | | |
|---|---|---|
| 10/04/2000 | 3 | WRIT of Habeas Corpus ad Prosequendum issued as to Richard Allen Jackson for 10/17/00 at 9:30 (siw) (Entered: 10/04/2000) |
| 10/17/2000 | | ARREST of Richard Allen Jackson (siw) (Entered: 10/17/2000) |
| 10/17/2000 | 4 | Arrest WARRANT Returned Executed as to Richard Allen Jackson on 10/17/00 (siw) (Entered: 10/17/2000) |
| 10/17/2000 | | Initial Appearance as to Richard Allen Jackson held Arraignment set for 11:20 10/24/00 for Richard Allen Jackson (Defendant informed of rights.) Judge: Cogburn Court Rptr: electronic (emw) (Entered: 10/19/2000) |
| 10/17/2000 | 5 | CJA 23 Affidavit as to Richard Allen Jackson (emw) (Entered: 10/19/2000) |
| 10/17/2000 | 6 | Election of Counsel by defendant Richard Allen Jackson signed by Judge Max O. Cogburn Jr. (emw) (Entered: 10/19/2000) |
| 10/19/2000 | | NOTICE of Hearing as to Richard Allen Jackson :, set Arraignment for 11:20 10/24/00 for Richard Allen Jackson before Judge Max O. Cogburn Jr. (emw) (Entered: 10/19/2000) |
| 10/19/2000 | 7 | CJA 30 as to Richard Allen Jackson : Appointment of Attorney Stephen Lindsay. (emw) (Entered: 05/16/2001) |
| 10/24/2000 | | MOTION in open court by Richard Allen Jackson to Continue Arraignment (emw) (Entered: 10/26/2000) |
| 10/24/2000 | | ORAL ORDER as to Richard Allen Jackson granting [0-0] oral motion to Continue Arraignment as to Richard Allen Jackson (1) ( Entered by Judge Max O. Cogburn Jr. ) (emw) (Entered: 10/26/2000) |
| 10/26/2000 | | Arraignment as to Richard Allen Jackson held Judge: Cogburn Court Rptr: electronic (emw) (Entered: 10/26/2000) |
| 10/26/2000 | 9 | Arraignment Order as to Richard Allen Jackson setting Calendar Call for 9:31 11/6/00 for Richard Allen Jackson ; ( Signed by Judge Max O. Cogburn Jr. ) (emw) (Entered: 10/26/2000) |
| 10/26/2000 | 10 | Standard Discovery Order as to Richard Allen Jackson (emw) (Entered: 10/26/2000) |
| 10/26/2000 | | MOTION in open court by USA as to Richard Allen Jackson for no mental testing to be done at this time (emw) (Entered: 10/26/2000) |
| 10/26/2000 | | ORAL ORDER as to Richard Allen Jackson granting [0-0] oral motion for no mental testing to be done at this time as to Richard Allen Jackson (1) ( Entered by Judge Max O. Cogburn Jr. ) (emw) (Entered: 10/26/2000) |
| 10/26/2000 | 11 | MOTION by USA as to Richard Allen Jackson Forbidding either party from conducting mental health testing or evaluation pending a full hearing on this motion referred to: Judge Max O. Cogburn Jr. (emw) (Entered: 10/26/2000) |
| 10/26/2000 | | NOTICE of Hearing as to Richard Allen Jackson :, for Hearing on motion for Pretrial Psychiatric or Psychological Examinations on October 31, 2000 at 11:30 a.m. before Judge Max O. Cogburn Jr. (emw) (Entered: 10/26/2000) |
| 10/26/2000 | | Case file for Richard Allen Jackson sent to Judge Cogburn's Office (emw) (Entered: 10/26/2000) |
| 10/26/2000 | 12 | WITHDRAWAL by USA [11-1] motion Forbidding either party from conducting mental health testing or evaluation pending a full hearing on this motion as to Richard Allen Jackson (1) (siw) (Entered: 10/31/2000) |

| | | |
|---|---|---|
| 10/26/2000 | 13 | MOTION by USA as to Richard Allen Jackson for Psychiatric or psychological Exam referred to: Judge Max O. Cogburn Jr. (siw) (Entered: 10/31/2000) |
| 10/26/2000 | 8 | CJA 30 as to Richard Allen Jackson : Appointment of Attorney Eric Foster. (emw) (Entered: 05/16/2001) |
| 10/27/2000 | 14 | ORDER as to Richard Allen Jackson [13-1] motion for Psychiatric or psychological Exam as to Richard Allen Jackson (1) ( Signed by Judge Max O. Cogburn Jr. ) (siw) (Entered: 10/31/2000) |
| 10/30/2000 | 15 | MOTION by Richard Allen Jackson of Continuance in Interests of Justice referred to: Judge Lacy H. Thornburg (siw) (Entered: 10/31/2000) |
| 10/30/2000 | 16 | MOTION by Richard Allen Jackson to Extend Time to file motions referred to: Judge Max O. Cogburn Jr. (siw) (Entered: 10/31/2000) |
| 11/01/2000 | 17 | ORDER as to Richard Allen Jackson granting [15-1] motion of Continuance in Interests of Justice Time excluded from 11/1/00 to 1/2/01 as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 11/01/2000) |
| 11/01/2000 | | Deadline updated as to Richard Allen Jackson, reset Calendar Call for 9:31 1/2/01 for Richard Allen Jackson before Judge Lacy H. Thornburg (siw) (Entered: 11/01/2000) |
| 11/01/2000 | 18 | RESPONSE by USA as to Richard Allen Jackson re [16-1] motion to Extend Time to file motions (siw) (Entered: 11/03/2000) |
| 11/06/2000 | 19 | SUPERSEDING INDICTMENT as to Richard Allen Jackson (1) count(s) 1s (siw) (Entered: 11/08/2000) |
| 11/08/2000 | | NOTICE of Hearing as to Richard Allen Jackson :, set Arraignment for 9:30 11/14/00 for Richard Allen Jackson before Judge Max O. Cogburn Jr. (siw) (Entered: 11/08/2000) |
| 11/14/2000 | | Arraignment as to Richard Allen Jackson held Judge: Cogburn Court Rptr: electronic (emw) (Entered: 11/14/2000) |
| 11/14/2000 | 20 | Arraignment Order as to Richard Allen Jackson setting Calendar Call for 9:31 1/8/01 for Richard Allen Jackson ; ( Signed by Judge Max O. Cogburn Jr. ) (emw) (Entered: 11/14/2000) |
| 11/14/2000 | 21 | Standard Discovery Order as to Richard Allen Jackson (emw) (Entered: 11/14/2000) |
| 11/14/2000 | | Motion Hearing held as to Richard Allen Jackson re: [16-1] motion to Extend Time to file motions Judge: Cogburn Court Rptr: electronic (emw) (Entered: 11/14/2000) |
| 11/14/2000 | | ORAL ORDER as to Richard Allen Jackson granting [16-1] motion to Extend Time to file motions as to Richard Allen Jackson (1) ( Entered by Judge Max O. Cogburn Jr. ) (emw) (Entered: 11/14/2000) |
| 11/15/2000 | | Deadline updated as to Richard Allen Jackson, set Calendar Call for 9:31 1/8/01 for Richard Allen Jackson before Judge Lacy H. Thornburg (siw) (Entered: 11/15/2000) |
| 11/28/2000 | | NOTICE of Hearing as to Richard Allen Jackson :, set Calendar Call for 9:31 1/8/01 for Richard Allen Jackson before Judge Lacy H. Thornburg (siw) (Entered: 11/28/2000) |
| 12/04/2000 | 24 | NOTICE of intent to seek the death penalty by USA as to Richard Allen Jackson (siw) (Entered: 12/10/2000) |
| 12/04/2000 | 25 | MOTION by Richard Allen Jackson for add'l pre-trial Discovery motions referred to: Judge Lacy H. Thornburg (siw) (Entered: 12/10/2000) |
| 12/04/2000 | 26 | Supplemental MOTION by Richard Allen Jackson for Discovery referred to: Judge Lacy |

**JA0137**

| | | |
|---|---|---|
| | | H. Thornburg (siw) (Entered: 12/10/2000) |
| 12/04/2000 | 27 | MOTION by Richard Allen Jackson of Continuance in Interests of Justice referred to: Judge Lacy H. Thornburg (siw) (Entered: 12/10/2000) |
| 12/04/2000 | 28 | Standard Discovery Motion as to Richard Allen Jackson (siw) (Entered: 12/10/2000) |
| 12/04/2000 | 29 | MOTION by Richard Allen Jackson of Continuance in Interests of Justice, add'l grounds referred to: Judge Lacy H. Thornburg (siw) (Entered: 12/10/2000) |
| 12/04/2000 | 23 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |
| 12/04/2000 | 23 | MOTION by Richard Allen Jackson EX PARTE MOTION for expert witness fees/sentencing phase (siw) (Entered: 04/26/2001) |
| 12/04/2000 | 3 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |
| 12/04/2000 | 23 | ATTACHMENT by Richard Allen Jackson re: 23 Document Sealed, (siw) (Entered: 07/07/2009) |
| 12/14/2000 | 30 | RESPONSE by USA as to Richard Allen Jackson re [25-1] motion for add'l pre-trial Discovery motions (siw) (Entered: 12/14/2000) |
| 12/21/2000 | 31 | SEALED DOCUMENT as to Richard Allen Jackson (bsw) (Entered: 04/05/2001) |
| 12/22/2000 | 32 | REQUEST by USA as to Richard Allen Jackson for notice of alibi/insanity defense (siw) Modified on 12/22/2000 (Entered: 12/22/2000) |
| 12/22/2000 | 33 | MOTION by USA as to Richard Allen Jackson for Discovery of mental health evidence referred to: Judge Lacy H. Thornburg(siw) Modified on 12/22/2000 (Entered: 12/22/2000) |
| 12/28/2000 | 34 | ORDER as to Richard Allen Jackson granting [29-1] motion of Continuance in Interests of Justice, add'l grounds Time excluded from 12/28/00 to 3/5/01 as to Richard Allen Jackson (1), granting [27-1] motion of Continuance in Interests of Justice Time excluded from 12/28/00 to 3/5/01 as to Richard Allen Jackson (1), Extending Time ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 12/28/2000) |
| 12/28/2000 | 35 | ORDER as to Richard Allen Jackson, to Compel the orderly administration of the trial. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 12/28/2000) |
| 12/28/2000 | | Deadline updated as to Richard Allen Jackson, reset Calendar Call for 9:31 3/5/01 for Richard Allen Jackson before Judge Lacy H. Thornburg (siw) (Entered: 12/29/2000) |
| 12/28/2000 | 36 | SEALED DOCUMENT as to Richard Allen Jackson (bsw) (Entered: 04/05/2001) |
| 01/10/2001 | 37 | ORDER as to Richard Allen Jackson denying [26-1] supplemental motion for Discovery as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 01/10/2001) |
| 01/12/2001 | 38 | RESPONSE by Richard Allen Jackson to govt.'s request for notice of alibi. (siw) (Entered: 01/16/2001) |
| 01/12/2001 | 39 | Proposed Jury Instructions by Richard Allen Jackson (siw) (Entered: 01/16/2001) |
| 01/12/2001 | 40 | SEALED DOCUMENT as to Richard Allen Jackson (bsw) (Entered: 04/05/2001) |
| 01/12/2001 | 41 | Sealed RESPONSE by Richard Allen Jackson to [33-1] motion for Discovery of mental health evidence (siw) (Additional attachment(s) added on 7/16/2009: # 1 Response) (siw). (Entered: 04/26/2001) |
| 01/12/2001 | 41 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |

**JA0138**

| | | |
|---|---|---|
| 01/22/2001 | 42 | ORDER as to Richard Allen Jackson granting in part, denying in part [25-1] motion for add'l pre-trial Discovery motions as to Richard Allen Jackson (1), directing each party as to their respective duties. ( Signed by Judge Lacy H. Thornburg ) (siw) Modified on 01/22/2001 (Entered: 01/22/2001) |
| 01/25/2001 | 43 | SEALED DOCUMENT as to Richard Allen Jackson (bsw) (Entered: 04/05/2001) |
| 01/26/2001 | 44 | ORDER as to Richard Allen Jackson granting [33-1] motion for Discovery of mental health evidence as to Richard Allen Jackson (1), under conditions set forth Extending Time to file pretrial motions and/or motions in limine to on or before 2/15/01 , and to Continue in Interests of Justice Time excluded from 1/26/01 to 4/9/01 ( Signed Judge Lacy H. Thornburg ) (siw) (Entered: 01/29/2001) |
| 01/26/2001 | | Deadline updated as to Richard Allen Jackson, reset Calendar Call for 9:31 4/9/01 for Richard Allen Jackson before Judge Lacy H. Thornburg (siw) (Entered: 01/29/2001) |
| 01/30/2001 | 45 | Proposed Jury Instructions by USA as to Richard Allen Jackson (siw) (Entered: 01/30/2001) |
| 01/31/2001 | 46 | Response by defendant Richard Allen Jackson re: [44-1] order Extending Time to file pretrial motions and/or motions in limine to on or before 2/15/01 (siw) (Entered: 01/31/2001) |
| 02/05/2001 | | NOTICE of Hearing as to Richard Allen Jackson : re: subpoena on 2/13/01 at 9:30 before Judge Lacy H. Thornburg (siw) Modified on 02/05/2001 (Entered: 02/05/2001) |
| 02/06/2001 | 47 | MOTION by USA as to Richard Allen Jackson for Hearing to enforce subpoena referred to: Judge Lacy H. Thornburg (siw) (Entered: 02/07/2001) |
| 02/13/2001 | 48 | Suggested additions & corrections to Court's Proposed Jury Instructions by USA as to Richard Allen Jackson (siw) (Entered: 02/14/2001) |
| 02/15/2001 | 49 | MOTION by Richard Allen Jackson to Dismiss based upon prosecutorial vindictiveness referred to: Judge Lacy H. Thornburg (siw) (Entered: 02/20/2001) |
| 02/15/2001 | 50 | MOTION by Richard Allen Jackson to Dismiss/pre-indictment delay referred to: Judge Lacy H. Thornburg (siw) (Entered: 02/20/2001) |
| 02/15/2001 | 51 | MOTION by Richard Allen Jackson to Dismiss/double jeopardy referred to: Judge Lacy H. Thornburg (siw) (Entered: 02/20/2001) |
| 02/15/2001 | 52 | MOTION by Richard Allen Jackson in Limine to prohibit and/or limit victim impact evidence at guilty/innocence & sentencing phases referred to: Judge Lacy H. Thornburg (siw) (Entered: 02/20/2001) |
| 02/15/2001 | 53 | MOTION by Richard Allen Jackson to Dismiss death penalty as possible punishment referred to: Judge Lacy H. Thornburg (siw) (Entered: 02/20/2001) |
| 02/15/2001 | 54 | MOTION by Richard Allen Jackson to Dismiss/statute of limitations referred to: Judge Lacy H. Thornburg (siw) (Entered: 02/20/2001) |
| 02/15/2001 | 55 | MOTION by Richard Allen Jackson to Suppress alleged confession to officers referred to: Judge Lacy H. Thornburg (siw) (Entered: 02/20/2001) |
| 02/15/2001 | 56 | MOTION by Richard Allen Jackson to Suppress alleged inmate statements referred to: Judge Lacy H. Thornburg (siw) (Entered: 02/20/2001) |
| 02/15/2001 | 57 | MOTION by Richard Allen Jackson to Suppress alleged confession to R. Sexton referred to: Judge Lacy H. Thornburg (siw) (Entered: 02/20/2001) |
| 02/15/2001 | 58 | MOTION by Richard Allen Jackson to Suppress state court plea & related evidence of |

**JA0139**

| | | |
|---|---|---|
| | | same referred to: Judge Lacy H. Thornburg (siw) (Entered: 02/20/2001) |
| 02/15/2001 | 59 | MOTION by Richard Allen Jackson to Dismiss 924(c) indictment referred to: Judge Lacy H. Thornburg (siw) (Entered: 02/20/2001) |
| 02/15/2001 | 60 | MOTION by Richard Allen Jackson in Limine referred to: Judge Lacy H. Thornburg (siw) (Entered: 02/20/2001) |
| 02/20/2001 | 61 | RESPONSE by USA as to Richard Allen Jackson re [49-1] motion to Dismiss based upon prosecutorial vindictiveness, [51-1] motion to Dismiss/double jeopardy (siw) (Entered: 02/20/2001) |
| 02/21/2001 | 62 | RESPONSE by USA as to Richard Allen Jackson re [54-1] motion to Dismiss/statute of limitations (siw) (Entered: 02/21/2001) |
| 02/21/2001 | 63 | RESPONSE by USA as to Richard Allen Jackson re [58-1] motion to Suppress state court plea & related evidence of same (siw) (Entered: 02/21/2001) |
| 02/22/2001 | 64 | RESPONSE by USA as to Richard Allen Jackson in opposition to [52-1] motion in Limine to prohibit and/or limit victim impact evidence at guilty/innocence & sentencing phases (siw) (Entered: 02/22/2001) |
| 02/22/2001 | 65 | RESPONSE by USA as to Richard Allen Jackson re [57-1] motion to Suppress alleged confession to R. Sexton, [55-1] motion to Suppress alleged confession to officers (siw) (Entered: 02/22/2001) |
| 02/22/2001 | 66 | PETITION by USA for Writ of Habeas Corpus ad Testificandum as to Richard Allen Jackson (siw) (Entered: 02/23/2001) |
| 02/22/2001 | 67 | PETITION by USA for Writ of Habeas Corpus ad Testificandum as to Richard Allen Jackson (siw) (Entered: 02/23/2001) |
| 02/22/2001 | 68 | PETITION by USA for Writ of Habeas Corpus ad Testificandum as to Richard Allen Jackson (siw) (Entered: 02/23/2001) |
| 02/22/2001 | 69 | PETITION by USA for Writ of Habeas Corpus ad Testificandum as to Richard Allen Jackson (siw) (Entered: 02/23/2001) |
| 02/22/2001 | 70 | PETITION by USA for Writ of Habeas Corpus ad Testificandum as to Richard Allen Jackson (siw) (Entered: 02/23/2001) |
| 02/22/2001 | 71 | PETITION by USA for Writ of Habeas Corpus ad Testificandum as to Richard Allen Jackson (siw) (Entered: 02/23/2001) |
| 02/23/2001 | | Deadline updated as to Richard Allen Jackson, set Jury Trial for 9:31 4/9/01 for Richard Allen Jackson (siw) (Entered: 02/23/2001) |
| 02/23/2001 | | NOTICE of Hearing as to Richard Allen Jackson :, set Calendar Call for 9:31 4/9/01 for Richard Allen Jackson before Judge Lacy H. Thornburg , and set Jury Trial for 9:31 4/9/01 for Richard Allen Jackson before Judge Lacy H. Thornburg (siw) (Entered: 02/23/2001) |
| 02/23/2001 | 72 | WRIT of Habeas Corpus ad Testificandum issued for Eugene Thomas Keiber for 3/19/01 & 4/9/01 in case as to Richard Allen Jackson (siw) (Entered: 02/23/2001) |
| 02/23/2001 | 73 | WRIT of Habeas Corpus ad Testificandum issued for George Lee Farlow, Jr. for 3/19/01 & 4/9/01 in case as to Richard Allen Jackson (siw) (Entered: 02/23/2001) |
| 02/23/2001 | 74 | WRIT of Habeas Corpus ad Testificandum issued for James Robert Pruette for 3/19/01 & 4/9/01 in case as to Richard Allen Jackson (siw) (Entered: 02/23/2001) |
| | | |

**JA0140**

| 02/23/2001 | 75 | WRIT of Habeas Corpus ad Testificandum issued for Raymond Lee Washington for 3/19/01 & 4/9/01 in case as to Richard Allen Jackson (siw) (Entered: 02/23/2001) |
| 02/23/2001 | 76 | WRIT of Habeas Corpus ad Testificandum issued for Anthony Soloman for 3/19/01 & 4/9/01 in case as to Richard Allen Jackson (siw) (Entered: 02/23/2001) |
| 02/23/2001 | 77 | WRIT of Habeas Corpus ad Testificandum issued for Robert Allen Sartori for 3/19/01 & 4/9/01 in case as to Richard Allen Jackson (siw) (Entered: 02/23/2001) |
| 02/23/2001 | 78 | RESPONSE by USA as to Richard Allen Jackson re [59-1] motion to Dismiss 924(c) indictment (siw) (Entered: 02/26/2001) |
| 02/23/2001 | 79 | RESPONSE by USA as to Richard Allen Jackson re [53-1] motion to Dismiss death penalty as possible punishment (siw) (Entered: 02/26/2001) |
| 02/23/2001 | 80 | RESPONSE by Richard Allen Jackson to govt.'s suggested additions & corrections to Court's proposed juror questionnaire (siw) Modified on 02/26/2001 (Entered: 02/26/2001) |
| 02/23/2001 | 81 | RESPONSE by USA as to Richard Allen Jackson re [52-1] motion in Limine to prohibit and/or limit victim impact evidence at guilty/innocence & sentencing phases (siw) (Entered: 02/26/2001) |
| 02/26/2001 | 82 | RESPONSE by USA as to Richard Allen Jackson re [50-1] motion to Dismiss/pre-indictment delay (siw) (Entered: 02/27/2001) |
| 03/06/2001 | 83 | MOTION by Richard Allen Jackson to Compel, prohibit violation of prior Order of this Court referred to: Judge Lacy H. Thornburg (siw) (Entered: 03/06/2001) |
| 03/06/2001 | 84 | RESPONSE by USA as to Richard Allen Jackson in opposition to [83-1] motion to Compel, prohibit violation of prior Order of this Court (siw) (Entered: 03/06/2001) |
| 03/06/2001 | 85 | Preliminary Proposed Jury Instructions by USA as to Richard Allen Jackson (siw) (Entered: 03/07/2001) |
| 03/07/2001 | | NOTICE of Hearing as to Richard Allen Jackson :, Motion Hearing set for 10:00 3/16/01 for Richard Allen Jackson for [57-1] motion to Suppress alleged confession to R. Sexton before Judge Lacy H. Thornburg, set for 10:00 3/16/01 for Richard Allen Jackson for [55-1] motion to Suppress alleged confession to officers before Judge Lacy H. Thornburg, set for 10:00 3/16/01 for Richard Allen Jackson for [51-1] motion to Dismiss/double jeopardy before Judge Lacy H. Thornburg, set for 10:00 3/16/01 for Richard Allen Jackson for [49-1] motion to Dismiss based upon prosecutorial vindictiveness before Judge Lacy H. Thornburg (siw) (Entered: 03/07/2001) |
| 03/07/2001 | 86 | ORDER as to Richard Allen Jackson, for motions Hearing, to be scheduled by the Clerk of Court ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 03/08/2001) |
| 03/08/2001 | 87 | ORDER as to Richard Allen Jackson denying [83-1] motion to Compel, prohibit violation of prior Order of this Court as to Richard Allen Jackson (1), to Amend [44-1] order Extending Time to file pretrial motions and/or motions in limine to on or before 2/15/01, amended nunc pro tunc to include the terms & provisions of Order of 3/8/01; objections to admissibility of videotape and/or audio tape shall be in writing on or before 4/2/01, on that date govt. shall file support for the admissibility thereof; at hrg. scheduled by the Clerk, any & all evidence or expert retained by govt. has violated Order of 1/26/01 by disclosing & discussing any examination of deft. ( Signed by Judge Lacy H. Thornburg ) (siw) Modified on 03/08/2001 (Entered: 03/08/2001) |
| 03/08/2001 | | NOTICE of Hearing as to Richard Allen Jackson :, Motion Hearing reset for 3/14/01 at 10:30 am before Judge Lacy H. Thornburg (siw) (Entered: 03/08/2001) |

**JA0141**

| 03/08/2001 | 88 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |
| 03/09/2001 |  | Deadline updated as to Richard Allen Jackson, Motion Hearing set for 10:30 3/14/01 for Richard Allen Jackson for [58-1] motion to Suppress state court plea & related evidence of same before Judge Lacy H. Thornburg (siw) (Entered: 03/09/2001) |
| 03/12/2001 | 89 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |
| 03/14/2001 |  | Motion Hearing held as to Richard Allen Jackson re: pending motions. Judge: Thornburg Reporter: Elise Evans (pdf) (Entered: 03/14/2001) |
| 03/15/2001 | 91 | MOTION by USA as to Richard Allen Jackson to Extend Time for filing of experts' reports referred to: Judge Lacy H. Thornburg (siw) (Entered: 03/15/2001) |
| 03/15/2001 | 92 | ORDER as to Richard Allen Jackson denying [51-1] motion to Dismiss/double jeopardy as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 03/16/2001) |
| 03/15/2001 | 93 | ORDER as to Richard Allen Jackson granting [91-1] motion to Extend Time for filing of experts' reports as to Richard Allen Jackson (1) to & inc. 3/19/01. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 03/16/2001) |
| 03/15/2001 | 90 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |
| 03/16/2001 | 94 | SEALED DOCUMENT as to Richard Allen Jackson (bsw) (Entered: 04/05/2001) |
| 03/16/2001 | 95 | SEALED DOCUMENT as to Richard Allen Jackson (bsw) (Entered: 04/05/2001) |
| 03/16/2001 | 96 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |
| 03/19/2001 | 98 | SEALED DOCUMENT as to Richard Allen Jackson (siw) Modified on 03/20/2001 (Additional attachment(s) added on 7/8/2009: # 1 Psy Evaluation, # 2 Psy report (continued), # 3 Psy report (continued), # 4 Psy Evaluation, # 5 Forensic evaluation (continued)) (siw). (Entered: 03/19/2001) |
| 03/19/2001 | 99 | MOTION by USA as to Richard Allen Jackson to Seal transcripts referred to: Judge Lacy H. Thornburg (siw) (Entered: 03/20/2001) |
| 03/19/2001 | 100 | NOTICE evidence submission by USA as to Richard Allen Jackson (siw) (Entered: 03/20/2001) |
| 03/19/2001 | 101 | ORDER as to Richard Allen Jackson granting [99-1] motion to Seal transcripts as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 03/20/2001) |
| 03/20/2001 | 102 | MOTION by Richard Allen Jackson of Continuance in Interests of Justice referred to: Judge Lacy H. Thornburg (siw) (Entered: 03/20/2001) |
| 03/21/2001 | 103 | ORDER as to Richard Allen Jackson granting [102-1] motion of Continuance in Interests of Justice Time excluded from 3/21/01 to 4/30/01 as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 03/21/2001) |
| 03/21/2001 |  | Deadline updated as to Richard Allen Jackson, reset Calendar Call for 9:31 4/30/01 for Richard Allen Jackson before Judge Lacy H. Thornburg , and reset Jury Trial for 9:31 4/30/01 for Richard Allen Jackson (siw) (Entered: 03/21/2001) |
| 03/21/2001 |  | NOTICE of Hearing as to Richard Allen Jackson :, reset Calendar Call for 9:31 4/30/01 for Richard Allen Jackson before Judge Lacy H. Thornburg , and reset Jury Trial for 9:31 4/30/01 for Richard Allen Jackson before Judge Lacy H. Thornburg (siw) (Entered: 03/21/2001) |
|  |  |  |

**JA0142**

| 03/21/2001 | 104 | ORDER as to Richard Allen Jackson denying [49-1] motion to Dismiss based upon prosecutorial vindictiveness as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 03/22/2001) |
|---|---|---|
| 03/22/2001 | 105 | ORDER as to Richard Allen Jackson denying [50-1] motion to Dismiss/pre-indictment delay as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 03/22/2001) |
| 03/22/2001 | 106 | ORDER as to Richard Allen Jackson denying [59-1] motion to Dismiss 924(c) indictment as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 03/22/2001) |
| 03/23/2001 | 107 | NOTICE OF APPEAL by Richard Allen Jackson (1) count(s) 1s of Court Order of 3/15/01 denying motion to dismiss based on double jeopard grounds. Filing Fee $ PAUPER cc: Counsel, USM and USPO (siw) (Entered: 03/23/2001) |
| 03/23/2001 | 108 | CJA 30 as to Richard Allen Jackson : Appointment of Attorney David Belser (siw) (Entered: 03/23/2001) |
| 03/23/2001 |  | Notice of appeal and certified copy of docket as to Richard Allen Jackson to USCA: [107-1] appeal (siw) (Entered: 03/23/2001) |
| 03/23/2001 | 109 | ORDER as to Richard Allen Jackson that the motion to dismiss based on double jeopardy violations to be frivolous. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 03/23/2001) |
| 03/26/2001 |  | Updated transmittal re: Order finding motion to dismiss based on double jeopardy violations to be frivolous and certified copy of docket as to Richard Allen Jackson to USCA: [107-1] appeal (siw) (Entered: 03/26/2001) |
| 03/27/2001 | 110 | ORDER as to Richard Allen Jackson denying [54-1] motion to Dismiss/statute of limitations as to Richard Allen Jackson (1), denying [53-1] motion to Dismiss death penalty as possible punishment as to Richard Allen Jackson (1), denying [52-1] motion in Limine to prohibit and/or limit victim impact evidence at guilty/innocence & sentencing phases as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 03/27/2001) |
| 03/28/2001 | 111 | NOTICE of filing of interview tapes by USA as to Richard Allen Jackson (siw) (Entered: 03/29/2001) |
| 04/02/2001 | 113 | MEMORANDUM by USA as to Richard Allen Jackson in support of [87-1] order to Amend [44-1] order Extending Time to file pretrial motions and/or motions in limine to on or before 2/15/01, amended nunc pro tunc to include the terms & provisions of Order of 3/8/01; objections to admissibility of videotape and/or audio tape shall be in writing on or before 4/2/01, on that date govt. shall file support for the admissibility thereof; at hrg. scheduled by the Clerk, any & all evidence or expert retained by govt. has violated Order of 1/26/01 by disclosing & discussing any examination of deft. (emw) (Entered: 04/04/2001) |
| 04/02/2001 | 114 | Proposed Guilt Phase Jury Instructions by USA as to Richard Allen Jackson (emw) (Entered: 04/04/2001) |
| 04/02/2001 | 115 | Proposed Guilt Phase Jury Verdict Form by USA as to Richard Allen Jackson (emw) (Entered: 04/04/2001) |
| 04/02/2001 | 116 | NOTICE PURSUANT TO FEDERAL RULE CR. P. 12.2(b) by Richard Allen Jackson (emw) (Entered: 04/04/2001) |
| 04/02/2001 | 112 | SEALED DOCUMENT as to Richard Allen Jackson (emw) (Entered: 04/05/2001) |

**JA0143**

| 04/03/2001 | 117 | MOTION by USA as to Richard Allen Jackson to Strike Deft's Notice Pursuant To Fed R. Cr. P. 12.2(b) referred to: Judge Lacy H. Thornburg (emw) (Entered: 04/04/2001) |
|---|---|---|
| 04/06/2001 | 119 | ORDER as to Richard Allen Jackson denying [58-1] motion to Suppress state court plea & related evidence of same as to Richard Allen Jackson (1), denying [57-1] motion to Suppress alleged confession to R. Sexton as to Richard Allen Jackson (1), denying [56-1] motion to Suppress alleged inmate statements as to Richard Allen Jackson (1), denying [55-1] motion to Suppress alleged confession to officers as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (emw) (Entered: 04/06/2001) |
| 04/06/2001 | | Ex parte motion hearing. (emw) Modified on 04/09/2001 (Entered: 04/06/2001) |
| 04/06/2001 | | Minute entry as to Richard Allen Jackson : Hearing held on deft's ntc to use mental health issue as part of guild phase of trial - taken under advisement. Ex Parte hrg held. (pdf) (Entered: 04/09/2001) |
| 04/06/2001 | 122 | ORDER as to Richard Allen Jackson denying [117-1] motion to Strike Deft's Notice Pursuant To Fed R. Cr. P. 12.2(b) as to Richard Allen Jackson (1), deft. to make himself available to govt. experts & shall ensure cooperation therein. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 04/09/2001) |
| 04/06/2001 | 120 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |
| 04/06/2001 | 123 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |
| 04/06/2001 | 269 | SEALED DOCUMENT *(Partial Sealed - Court)* as to Richard Allen Jackson - Ex parte motion (siw) (Entered: 04/23/2010) |
| 04/09/2001 | 120 | MOTION by USA as to Richard Allen Jackson to Produce, release mental evaluation reports referred to: Judge Lacy H. Thornburg (siw) (Entered: 04/09/2001) |
| 04/09/2001 | 121 | JUDGMENT OF USCA (certified copy) as to Richard Allen Jackson Re: [107-1] appeal Dismissing (siw) (Entered: 04/09/2001) |
| 04/09/2001 | | NOTICE of Hearing as to Richard Allen Jackson :, Motion Hearing set for 11:00 4/10/01 for Richard Allen Jackson for [120-1] motion to Produce, release mental evaluation reports before Judge Lacy H. Thornburg (siw) (Entered: 04/09/2001) |
| 04/10/2001 | | Motion Hearing held as to Richard Allen Jackson re: [120-1] motion to Produce, release mental evaluation reports Judge: Thornburg Court Rptr: Elise Evans (pdf) (Entered: 04/10/2001) |
| 04/10/2001 | 124 | ORDER as to Richard Allen Jackson denying [120-1] motion to Produce, release mental evaluation reports as to Richard Allen Jackson (1), deft. shall comply w/Federal R. of Cr. Procedure 16(b) on or before 5:00 pm on 4/12/01, and govt. shall provide reciprocal discovery. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 04/10/2001) |
| 04/11/2001 | 125 | MOTION by USA as to Richard Allen Jackson in Limine referred to: Judge Lacy H. Thornburg (siw) (Entered: 04/11/2001) |
| 04/11/2001 | 126 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |
| 04/13/2001 | 127 | MOTION by Richard Allen Jackson EX PARTE MOTION for subpoenas for trial witnesses (siw) Modified on 04/26/2001 (Additional attachment(s) added on 7/9/2009: # 1 Ex parte Motion) (siw). (Entered: 04/13/2001) |
| 04/13/2001 | | TRANSCRIPT filed in case as to Richard Allen Jackson for dates of 4/6/01 Crt Rptr: Elise Evans - as to deft.'s intent to introduce expert testimony as to mental disease or defect or other mental condition (siw) (Entered: 04/13/2001) |
| 04/13/2001 | 127 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |

**JA0144**

| 04/17/2001 | 128 | SEALED DOCUMENT as to Richard Allen Jackson (bsw) (Entered: 04/20/2001) |
|---|---|---|
| 04/18/2001 | 129 | MOTION by Richard Allen Jackson EX PARTE MOTION for funding for defense psychiatrist (siw) Modified on 04/26/2001 (Additional attachment(s) added on 7/9/2009: # 1 Ex parte Motion) (siw). (Entered: 04/18/2001) |
| 04/18/2001 | 130 | ORDER as to Richard Allen Jackson, for Clarification re: govt.'s suggested additions & corrections to the Court's proposed juror questionnaire & deft.'s response thereto. Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 04/18/2001) |
| 04/18/2001 | 129 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |
| 04/19/2001 | 131 | MOTION by USA as to Richard Allen Jackson in Limine referred to: Judge Lacy H. Thornburg (siw) (Entered: 04/19/2001) |
| 04/23/2001 | 133 | MOTION by USA as to Richard Allen Jackson for Disclosure for jury view referred to: Judge Lacy H. Thornburg (siw) (Entered: 04/23/2001) |
| 04/23/2001 | 135 | NOTICE of motion for inquiry into appropriateness of joint representation of inmate witnesses by Richard Allen Jackson (siw) (Entered: 04/23/2001) |
| 04/23/2001 | 136 | ORDER as to Richard Allen Jackson, for Hearing, deferring govt.'s motion for jury view until trial. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 04/23/2001) |
| 04/23/2001 | 137 | ORDER as to Richard Allen Jackson denying [131-1] as moot motion in Limine regarding Richard Ofshe; allowing motion regarding courtroom conduct as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 04/23/2001) |
| 04/23/2001 | 134 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |
| 04/24/2001 | 139 | MOTION by Richard Allen Jackson to Strike [24-1] notice of intent to seek the death penalty by USA referred to: Judge Lacy H. Thornburg (siw) (Entered: 04/24/2001) |
| 04/24/2001 | 140 | MOTION by Richard Allen Jackson to Dismiss the indictment referred to: Judge Lacy H. Thornburg (siw) (Entered: 04/24/2001) |
| 04/24/2001 | 138 | SEALED DOCUMENT as to Richard Allen Jackson (siw) Modified on 04/26/2001 (Entered: 04/26/2001) |
| 04/25/2001 | 141 | NOTICE of proposed special verdict form for capital sentencing by USA as to Richard Allen Jackson (siw) (Entered: 04/25/2001) |
| 04/25/2001 | 142 | Govt.'s proposed final penalty-phase Jury instructions as to Richard Allen Jackson (siw) (Entered: 04/25/2001) |
| 04/26/2001 | 143 | RESPONSE by Richard Allen Jackson to [133-1] motion for Disclosure for jury view (siw) (Entered: 04/26/2001) |
| 04/26/2001 | 144 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |
| 04/26/2001 | 145 | ORDER as to Richard Allen Jackson denying [140-1] motion to Dismiss the indictment as to Richard Allen Jackson (1), denying [139-1] motion to Strike [24-1] notice of intent to seek the death penalty by USA as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 04/26/2001) |
| 04/26/2001 | 146 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |
| 04/26/2001 | 147 | RESPONSE by USA as to Richard Allen Jackson re: notice of motion for inquiry as to joint representation of inmate witnesses. (siw) (Entered: 04/26/2001) |
| 04/26/2001 | 148 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 04/26/2001) |

**JA0145**

| 04/27/2001 | 149 | MOTION by USA as to Richard Allen Jackson for Leave to File writ of habeas corpus ad testificandum & for relief from deadline in pre-trial order. referred to: Judge Lacy H. Thornburg (siw) Modified on 04/27/2001 (Entered: 04/27/2001) |
| --- | --- | --- |
| 04/27/2001 | 150 | Proposed preliminary penalty-phase Jury Instructions by USA as to Richard Allen Jackson (siw) (Entered: 04/27/2001) |
| 04/27/2001 | 151 | NOTICE of proposed preliminary instructions on the death penalty for prospective jurors prior to voir dire by USA as to Richard Allen Jackson (siw) (Entered: 04/27/2001) |
| 04/27/2001 | 152 | ORDER as to Richard Allen Jackson granting [149-1] motion for Leave to File writ of habeas corpus ad testificandum & for relief from deadline in pre-trial order. as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 04/27/2001) |
| 04/27/2001 | 153 | PETITION by USA for Writ of Habeas Corpus ad testificandum as to Richard Allen Jackson (siw) (Entered: 04/27/2001) |
| 04/27/2001 | 154 | PETITION by USA for Writ of Habeas Corpus ad testificandum as to Richard Allen Jackson (siw) (Entered: 04/27/2001) |
| 04/27/2001 | 155 | WRIT of Habeas Corpus ad Testificandum issued for Ted William Juergens for 4/30/01 at 9:30 am in case as to Richard Allen Jackson (siw) (Entered: 04/27/2001) |
| 04/27/2001 | 156 | WRIT of Habeas Corpus ad Testificandum issued for Randall David Buffington for 4/30/01 at 9:30 am in case as to Richard Allen Jackson (siw) (Entered: 04/27/2001) |
| 04/27/2001 | 157 | MOTION by USA as to Richard Allen Jackson for Transfer of custody referred to: Judge Lacy H. Thornburg (siw) (Entered: 04/27/2001) |
| 04/27/2001 | 158 | ORDER as to Richard Allen Jackson granting [157-1] motion for Transfer of custody of Ted William Juergens as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 04/27/2001) |
| 04/27/2001 | 159 | ORDER as to Richard Allen Jackson, to Produce, the admissibility of tape recordings of mental health evaluations. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 04/27/2001) |
| 04/27/2001 | 160 | ORDER as to Richard Allen Jackson denying [146-1] motion to Produce exculpatory evidence as to Richard Allen Jackson; denying motion for inquiry; copy of this order & motion for an inquiry to Jack Stewart. (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 04/27/2001) |
| 04/27/2001 | 161 | ORDER as to Richard Allen Jackson granting [125-1] motion in Limine as to Richard Allen Jackson (1), defense counsel prohibited from engaging in conduct before the jury as outlined in govt.'s motion. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 04/27/2001) |
| 04/30/2001 | 162 | Witness list by USA as to Richard Allen Jackson (pdf) (Entered: 04/30/2001) |
| 04/30/2001 | 163 | Witness list by Richard Allen Jackson (pdf) (Entered: 04/30/2001) |
| 04/30/2001 | 164 | WRIT of Habeas Corpus ad Testificandum returned unexecuted for Randall David Buffington in case as to Richard Allen Jackson (siw) (Entered: 04/30/2001) |
| 04/30/2001 |  | Calendar Call as to Richard Allen Jackson held (pdf) (Entered: 04/30/2001) |
| 04/30/2001 |  | Jury selection begun as to Richard Allen Jackson (1) count(s) 1s Terminated motions: Judge: Thornburg Court Rptr: Elise Evans (pdf) (Entered: 04/30/2001) |
| 04/30/2001 | 165 | MOTION by Asheville Citizen-Times, to Compel, for press to be present for jury view referred to: Judge Lacy H. Thornburg (siw) (Entered: 04/30/2001) |

**JA0146**

| 04/30/2001 | | Jury trial as to Richard Allen Jackson held Judge: Thornburg Court Rptr: Elise Evans. Voir dire of the jury. Eight jurors selected. (pdf) Modified on 04/30/2001 (Entered: 04/30/2001) |
|---|---|---|
| 05/01/2001 | | Jury selection continued as to Richard Allen Jackson (1) count(s) 1s Terminated motions: Judge: Thornburg Court Rptr: Elise Evans (pdf) (Entered: 05/01/2001) |
| 05/01/2001 | | Jury trial as to Richard Allen Jackson held Judge: Thornburg Court Rptr: Elise Evans. Jury selection continued. (pdf) (Entered: 05/02/2001) |
| 05/02/2001 | 166 | Exhibit list by USA as to Richard Allen Jackson (pdf) (Entered: 05/02/2001) |
| 05/02/2001 | 167 | MOTION for television broadcast company to Compel, to be present for jury view referred to: Judge Lacy H. Thornburg (siw) (Entered: 05/02/2001) |
| 05/02/2001 | 168 | WRIT of Habeas Corpus ad Testificandum returned unexecuted for Ted William Juergens in case as to Richard Allen Jackson (siw) (Entered: 05/02/2001) |
| 05/02/2001 | | Jury selection continued as to Richard Allen Jackson (1) count(s) 1s Terminated motions: Judge: Thornburg Court Rptr: Elise Evans (pdf) (Entered: 05/02/2001) |
| 05/02/2001 | | Jury trial as to Richard Allen Jackson held Judge: Thornburg Court Rptr: Elise Evans. Jury selection completed. Panel of 12 regular and 2 alternate jurors impanelled. Opening Statements made by counsel. Govt's evidence (see lists in file). (pdf) (Entered: 05/02/2001) |
| 05/03/2001 | 169 | Sealed NOTICE by USA to Court & deft. concerning mental health examination as to Richard Allen Jackson (siw) (Additional attachment(s) added on 7/14/2009: # 1 Sealed Notice) (siw). (Entered: 05/03/2001) |
| 05/03/2001 | 169 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 05/03/2001) |
| 05/03/2001 | 170 | Consent ORDER as to Richard Allen Jackson, for Disclosure of mental health experts, modifying to allow mental health expert witnesses for each side to be present in Court & to observe the testimony of the mental health expert witnesses presented by the opposing party. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 05/03/2001) |
| 05/03/2001 | | Jury trial as to Richard Allen Jackson held Judge: Thornburg Court Rptr: Elise Evans. Case recalled for trial. Govt's evidence continued. (pdf) (Entered: 05/03/2001) |
| 05/03/2001 | 171 | ORDER as to Richard Allen Jackson, for Return of trial exhibits ( Signed by Judge Lacy H. Thornburg ) (pdf) (Entered: 05/03/2001) |
| 05/03/2001 | 172 | ORDER as to Richard Allen Jackson,, granting [133-1] motion for Disclosure for jury view as to Richard Allen Jackson (1) deft. shall not be present during jury view; USM to secure the scene; the press may attend the jury view provided all members thereof, maintain their presence only in the area designated for the press by the USM. ( Signed by Judge Lacy H. Thornburg ) (siw) Modified on 05/03/2001 (Entered: 05/03/2001) |
| 05/04/2001 | | MOTION in open court by Richard Allen Jackson in Limine regarding statement as to upcoming witnesses (pdf) (Entered: 05/04/2001) |
| 05/04/2001 | | ORAL ORDER as to Richard Allen Jackson granting in part, denying in part [0-0] oral motion in Limine regarding statement as to upcoming witnesses as to Richard Allen Jackson (1) ( Entered by Judge Lacy H. Thornburg ) (pdf) (Entered: 05/04/2001) |
| 05/04/2001 | | Jury trial as to Richard Allen Jackson held Judge: Thornburg Court Rptr: Elise Evans. Case recalled for trial. Govt rests. (pdf) (Entered: 05/07/2001) |
| 05/04/2001 | | MOTION in open court by Richard Allen Jackson to Strike testimony of Katz and Evans |

**JA0147**

| | | |
|---|---|---|
| | | (pdf) Modified on 05/07/2001 (Entered: 05/07/2001) |
| 05/04/2001 | | ORAL ORDER as to Richard Allen Jackson denying [0-0] oral motion to Strike testimony of Katz and Evans as to Richard Allen Jackson (1) ( Entered by Judge Lacy H. Thornburg ) (pdf) (Entered: 05/07/2001) |
| 05/04/2001 | | MOTION in open court by Richard Allen Jackson in Limine regarding testimony of TV represent (pdf) (Entered: 05/07/2001) |
| 05/04/2001 | | ORAL ORDER as to Richard Allen Jackson denying [0-0] oral motion in Limine regarding testimony of TV represent as to Richard Allen Jackson (1) ( Entered by Judge Lacy H. Thornburg ) (pdf) (Entered: 05/07/2001) |
| 05/04/2001 | | MOTION in open court by Richard Allen Jackson to Strike video tape , or in the alternative for a mistrial (pdf) (Entered: 05/07/2001) |
| 05/04/2001 | | ORAL ORDER as to Richard Allen Jackson denying [0-0] oral motion for a mistrial as to Richard Allen Jackson (1), denying [0-0] oral motion to Strike video tape as to Richard Allen Jackson (1) ( Entered by Judge Lacy H. Thornburg ) (pdf) (Entered: 05/07/2001) |
| 05/04/2001 | 270 | SEALED DOCUMENT *(Partial Sealed - Court)* as to Richard Allen Jackson (siw) (Entered: 04/23/2010) |
| 05/04/2001 | 271 | SEALED DOCUMENT *(Partial Sealed - Court)* Juror Questionnaire as to Richard Allen Jackson (siw) (Entered: 04/23/2010) |
| 05/07/2001 | 173 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 05/07/2001) |
| 05/07/2001 | | Jury trial as to Richard Allen Jackson held Judge: Thornburg Court Rptr: Elise Evans. Case recalled for trial. Deft's evidence (see lists attached to courtroom notes). Deft rests. Closing arguments, court's charge and jury deliberated and returned a verdict of guilty as to guilt phase of trial. (pdf) Modified on 05/10/2001 (Entered: 05/07/2001) |
| 05/07/2001 | | MOTION in open court by Richard Allen Jackson for Judgment of Acquittal at the close of govt's evidence (pdf) (Entered: 05/07/2001) |
| 05/07/2001 | | ORAL ORDER as to Richard Allen Jackson denying [0-0] oral motion for Judgment of Acquittal at the close of govt's evidence as to Richard Allen Jackson (1) ( Entered by Judge Lacy H. Thornburg ) (pdf) (Entered: 05/07/2001) |
| 05/07/2001 | | MOTION in open court by Richard Allen Jackson to Strike testimony of Robert Sartori (pdf) (Entered: 05/07/2001) |
| 05/07/2001 | | ORAL ORDER as to Richard Allen Jackson granting [0-0] oral motion to Strike testimony of Robert Sartori as to Richard Allen Jackson (1) ( Entered by Judge Lacy H. Thornburg ) (pdf) (Entered: 05/07/2001) |
| 05/07/2001 | | MOTION in open court by Richard Allen Jackson for a mistrial (pdf) (Entered: 05/07/2001) |
| 05/07/2001 | | ORAL ORDER as to Richard Allen Jackson denying [0-0] oral motion for a mistrial as to Richard Allen Jackson (1) ( Entered by Judge Lacy H. Thornburg ) (pdf) (Entered: 05/07/2001) |
| 05/07/2001 | 174 | Proposed Jury Instructions by USA as to Richard Allen Jackson (pdf) (Entered: 05/07/2001) |
| 05/07/2001 | 175 | Proposed Jury Instructions by Richard Allen Jackson as to Richard Allen Jackson (pdf) (Entered: 05/07/2001) |
| 05/07/2001 | | MOTION in open court by Richard Allen Jackson for Judgment of Acquittal at the close |

**JA0148**

| | | |
|---|---|---|
| | | of all evidence (pdf) (Entered: 05/07/2001) |
| 05/07/2001 | | ORAL ORDER as to Richard Allen Jackson denying [0-0] oral motion for Judgment of Acquittal at the close of all evidence as to Richard Allen Jackson (1) ( Entered by Judge Lacy H. Thornburg ) (pdf) (Entered: 05/07/2001) |
| 05/07/2001 | 176 | JURY VERDICT as to Richard Allen Jackson Guilty: Richard Allen Jackson (1) count(s) 1s (pdf) (Entered: 05/07/2001) |
| 05/08/2001 | 177 | WITHDRAWAL OF INTENT to Introduce Expert Testimony in Support of Insanity Defense, mental disease, deft or condition & disavowal of intent to offer such expert testimony by Richard Allen Jackson (siw) (Entered: 05/08/2001) |
| 05/08/2001 | 178 | MOTION by Richard Allen Jackson to Produce exculpatory evidence referred to: Judge Lacy H. Thornburg (siw) (Entered: 05/08/2001) |
| 05/08/2001 | 179 | MOTION by Richard Allen Jackson in Limine to exclude evidence that does not prove an aggravating factor or rebut a mitigating factor referred to: Judge Lacy H. Thornburg (siw) (Entered: 05/08/2001) |
| 05/08/2001 | | Jury trial as to Richard Allen Jackson held Judge: Thornburg Court Rptr: Elise Evans. Case recalled for the sentencing phase of the trial. Govt's evidence (see lists in file). Govt rests. Deft's evidence (see lists attached to courtroom notes). (pdf) Modified on 05/09/2001 (Entered: 05/09/2001) |
| 05/08/2001 | | MOTION in open court by Richard Allen Jackson in Limine (pdf) (Entered: 05/09/2001) |
| 05/08/2001 | | MOTION in open court by Richard Allen Jackson for exculpatory evidence (pdf) (Entered: 05/09/2001) |
| 05/08/2001 | | ORAL ORDER as to Richard Allen Jackson denying [0-0] oral motion for exculpatory evidence as to Richard Allen Jackson (1) ( Entered by Judge Lacy H. Thornburg ) (pdf) (Entered: 05/09/2001) |
| 05/08/2001 | | MOTION in open court by Richard Allen Jackson to Dismiss aggravating factor - premeditation (pdf) (Entered: 05/09/2001) |
| 05/08/2001 | | ORAL ORDER as to Richard Allen Jackson denying [0-0] oral motion to Dismiss aggravating factor - premeditation as to Richard Allen Jackson (1) ( Entered by Judge Lacy H. Thornburg ) (pdf) (Entered: 05/09/2001) |
| 05/09/2001 | 180 | WRIT of Habeas Corpus ad Testificandum executed for Raymond Lee Washington on 5/8/01 in case as to Richard Allen Jackson (siw) (Entered: 05/09/2001) |
| 05/09/2001 | | MOTION in open court by USA as to Richard Allen Jackson for limitation of testimony (pdf) (Entered: 05/09/2001) |
| 05/09/2001 | | ORAL ORDER as to Richard Allen Jackson granting [0-0] oral motion for limitation of testimony as to Richard Allen Jackson (1) ( Entered by Judge Lacy H. Thornburg ) (pdf) (Entered: 05/09/2001) |
| 05/09/2001 | | MOTION in open court by Richard Allen Jackson for a mistrial or to strike video tape (pdf) (Entered: 05/09/2001) |
| 05/09/2001 | | ORAL ORDER as to Richard Allen Jackson denying [0-0] oral motion for a mistrial or to strike video tape as to Richard Allen Jackson (1) ( Entered by Judge Lacy H. Thornburg ) (pdf) (Entered: 05/09/2001) |
| 05/09/2001 | | Jury trial as to Richard Allen Jackson held Judge: Thornburg Court Rptr: Elise Evans. Case recalled for trial. Deft rests. Govt's rebuttal evidence. Govt rests. Sir rebuttal evidence. Deft rests. Closing arguments of counsel. Court's charge to the jury. Jury |

**JA0149**

| | | |
|---|---|---|
| | | deliberated. Jury returned a verdict of death regarding punishment. (pdf) Modified on 05/10/2001 (Entered: 05/09/2001) |
| 05/09/2001 | | MOTION in open court by USA and Richard Allen Jackson as to Richard Allen Jackson for relief from previously entered court order relating to experts (pdf) (Entered: 05/10/2001) |
| 05/09/2001 | | ORAL ORDER as to Richard Allen Jackson granting [0-0] oral motion for relief from previously entered court order relating to experts as to Richard Allen Jackson (1) however request for 1 report to be put in writing the parties are to file written brief before court will rule ( Entered by Judge Lacy H. Thornburg ) (pdf) (Entered: 05/10/2001) |
| 05/09/2001 | 181 | SPECIAL JURY VERDICT as to the punishment to be imposed on Richard Allen Jackson Death: Richard Allen Jackson (1) count(s) 1s (pdf) Modified on 05/10/2001 (Entered: 05/10/2001) |
| 05/10/2001 | | Deadline updated as to Richard Allen Jackson, set Sentencing for 8:30 5/14/01 for Richard Allen Jackson before Judge Lacy H. Thornburg (siw) (Entered: 05/10/2001) |
| 05/10/2001 | | NOTICE of Hearing as to Richard Allen Jackson :, set Sentencing for 8:30 5/14/01 for Richard Allen Jackson before Judge Lacy H. Thornburg (siw) (Entered: 05/10/2001) |
| 05/10/2001 | 182 | NOTICE of filing of interview tapes by USA as to Richard Allen Jackson (siw) (Entered: 05/11/2001) |
| 05/11/2001 | 183 | MOTION by USA as to Richard Allen Jackson for Clarification re: language in judgment referred to: Judge Lacy H. Thornburg (siw) (Entered: 05/11/2001) |
| 05/11/2001 | 184 | ORDER as to Richard Allen Jackson, for Disclosure, admissibilty of testimony of Steve Casper ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 05/11/2001) |
| 05/11/2001 | 185 | ORDER as to Richard Allen Jackson, for Disclosure, admissibility of testimony of Robert Stratbucker, M.D. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 05/11/2001) |
| 05/14/2001 | 186 | MOTION by Richard Allen Jackson for Transfer of custody to state custody referred to: Judge Lacy H. Thornburg (siw) (Entered: 05/14/2001) |
| 05/14/2001 | | Sentencing held Richard Allen Jackson (1) count(s) 1s Judge: Thornburg Crt Rptr: Elise Evans (siw) (Entered: 05/14/2001) |
| 05/14/2001 | 187 | JUDGMENT Richard Allen Jackson (1) count(s) 1s. DEATH; $50 assessment ( Signed by Judge Lacy H. Thornburg ) () (siw) (Entered: 05/14/2001) |
| 05/14/2001 | | DISMISSAL of Count(s) on Government Motion as to Richard Allen Jackson Terminated motions: [183-1] motion for Clarification re: language in judgment as to Richard Allen Jackson (1) Counts Dismissed: Richard Allen Jackson (1) count(s) 1 (siw) (Entered: 05/14/2001) |
| 05/14/2001 | | ORAL ORDER as to Richard Allen Jackson denying [186-1] motion for Transfer of custody to state custody as to Richard Allen Jackson (1) ( Entered by Judge Lacy H. Thornburg ) (siw) (Entered: 05/14/2001) |
| 05/14/2001 | 188 | WRIT of Habeas Corpus ad Testificandum executed for Eugene Thomas Keiber on 5/11/01 in case as to Richard Allen Jackson (siw) (Entered: 05/14/2001) |
| 05/14/2001 | 189 | WRIT of Habeas Corpus ad Prosequendum executed as to Richard Allen Jackson on 5/14/01 (siw) (Entered: 05/14/2001) |
| 05/15/2001 | 190 | WRIT of Habeas Corpus ad Testificandum executed for James Robert Pruette on 5/14/01 in case as to Richard Allen Jackson (siw) (Entered: 05/15/2001) |

**JA0150**

| 05/15/2001 | 191 | Addendum by Richard Allen Jackson re: [186-1] motion for Transfer of custody to state custody (siw) (Entered: 05/15/2001) |
| 05/15/2001 | 192 | WRIT of Habeas Corpus ad Testificandum executed for George Lee Farlow, Jr. on 5/15/01 in case as to Richard Allen Jackson (siw) (Entered: 05/15/2001) |
| 05/15/2001 | 193 | RESPONSE by USA as to Richard Allen Jackson re [186-1] addendum to motion for Transfer of custody to state custody (siw) (Entered: 05/15/2001) |
| 05/15/2001 | 194 | MOTION by Richard Allen Jackson to Extend Time to file motion for a new trial from 7 days to 30 days referred to: Judge Lacy H. Thornburg (siw) (Entered: 05/15/2001) |
| 05/15/2001 | 195 | ORDER as to Richard Allen Jackson granting [194-1] motion to Extend Time to file motion for a new trial from 7 days to 30 days as to Richard Allen Jackson (1) to & inc. 6/13/01. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 05/15/2001) |
| 05/15/2001 | 196 | ORDER as to Richard Allen Jackson's addendum to his previous motion to return to state custody is denied as moot. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 05/15/2001) |
| 05/23/2001 | 197 | WRIT of Habeas Corpus ad Testificandum executed for Anthony Soloman on 5/22/01 in case as to Richard Allen Jackson (siw) (Entered: 05/23/2001) |
| 05/23/2001 | 198 | WRIT of Habeas Corpus ad Testificandum executed for Robert Sartori on 5/22/01 in case as to Richard Allen Jackson (siw) (Entered: 05/23/2001) |
| 06/13/2001 | 199 | NOTICE OF APPEAL by Richard Allen Jackson (1) count(s) 1s Filing Fee $ PAUPER cc: Counsel, USM and USPO (siw) (Entered: 06/18/2001) |
| 06/18/2001 |  | Notice of appeal and certified copy of docket as to Richard Allen Jackson to USCA: [199-1] appeal (siw) (Entered: 06/18/2001) |
| 06/25/2001 | 200 | WRIT of Habeas Corpus ad Testificandum executed for George Farlow, Jr. on 5/14/01 in case as to Richard Allen Jackson (siw) (Entered: 06/25/2001) |
| 06/28/2001 |  | USCA Case Number as to Richard Allen Jackson Re: [199-1] appeal USCA Number: 01-9 Case Mgr: Beth Walton (siw) (Entered: 07/03/2001) |
| 07/02/2001 | 201 | Judgment Returned Executed as to Richard Allen Jackson ; on 6/25/01, dft delivered to USP, Terre Haute, Indiana USMS#: 16669-058 (siw) (Entered: 07/03/2001) |
| 07/20/2001 | 202 | CJA 31 as to Richard Allen Jackson Authorization to Pay Ronald Ostrowski $ 2464.00 for Expert Services Voucher # 010605000006 ( Signed by Judge Lacy H. Thornburg ) (jlk) (Entered: 07/20/2001) |
| 07/20/2001 | 203 | CJA 31 as to Richard Allen Jackson Authorization to Pay Pam Laughon $ 4762.50 for Expert Services Voucher # 01060500004 ( Signed by Judge Lacy H. Thornburg ) (jlk) (Entered: 07/20/2001) |
| 07/20/2001 | 204 | CJA 31 as to Richard Allen Jackson Authorization to Pay Lester Roane $ 200.00 for Expert Services Voucher # 010601000002 ( Signed by Judge Lacy H. Thornburg ) (jlk) (Entered: 07/20/2001) |
| 07/20/2001 | 205 | CJA 31 as to Richard Allen Jackson Authorization to Pay Mark Cunningham $ 7154.00 for Expert Services Voucher # 010601000001 ( Signed by Judge Lacy H. Thornburg ) (jlk) (Entered: 07/20/2001) |
| 07/20/2001 | 206 | CJA 30 as to Richard Allen Jackson Authorization to Pay Eric Foster $ 10,242.85 Voucher # 010513000001 ( Signed by Judge Lacy H. Thornburg ) (jlk) (Entered: 07/20/2001) |

**JA0151**

| 07/30/2001 | 207 | CJA 21 as to Richard Allen Jackson Authorization to Pay Richard Page Hudson $ 2,750.00 for Expert Services Voucher # 010116000003 ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 08/01/2001) |
| 07/30/2001 | 208 | CJA 21 as to Richard Allen Jackson Authorization to Pay Claudia Coleman $ 6,251.00 for Expert Services Voucher # 010716000002 ( Signed by Judge Lacy H. Thornburg ) (siw) Modified on 08/01/2001 (Entered: 08/01/2001) |
| 08/01/2001 | 209 | ORDER as to Richard Allen Jackson, Substituting Attorney terminated attorney Stephen P. Lindsay for Richard Allen Jackson Added , and Appointing Counsel () (siw) (Entered: 08/01/2001) |
| 08/06/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 3/7/01 Re: [199-1] appeal - ex parte motion proceeding before Judge Thornburg (Elise Evans, Court Reporter) (siw) (Entered: 08/06/2001) |
| 08/06/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 3/14/01 Re: [199-1] appeal - motions proceedings before Judge Thornburg (Elise Evans, Court Reporter) (siw) (Entered: 08/06/2001) |
| 08/06/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 4/10/01 Re: [199-1] appeal - motion proceedings before Judge Thornburg (Elise Evans, Court Reporter) (siw) (Entered: 08/06/2001) |
| 08/06/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 4/30/01 Re: [199-1] appeal - jury trial proceedings - Vol. I (Elise Evans, Court Reporter) (siw) Modified on 08/06/2001 (Entered: 08/06/2001) |
| 08/06/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 5/1/01 Re: [199-1] appeal - jury trial proceedings - Vol. II ( Elise Evans, Court Reporter) (siw) Modified on 08/06/2001 (Entered: 08/06/2001) |
| 08/06/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 5/2/01 Re: [199-1] appeal - jury trial proceedings - Vol. III (Elise Evans, Court Reporter) (siw) (Entered: 08/06/2001) |
| 08/06/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 5/3/01 Re: [199-1] appeal - jury trial proceedings - Vol. IV (Elise Evans, Court Reporter) (siw) (Entered: 08/06/2001) |
| 08/06/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 5/4/01 Re: [199-1] appeal - jury trial proceedings - Vol. 5 (Elise Evans) (siw) (Entered: 08/06/2001) |
| 08/06/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 5/7/01 Re: [199-1] appeal - jury trial proceedings - Vol. VI (Elise Evans, Court Reporter) (siw) (Entered: 08/06/2001) |
| 08/06/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 5/8/01 Re: [199-1] appeal - jury trial proceedings - Vol. VII (Elise Evans, Court Reporter) (siw) (Entered: 08/06/2001) |
| 08/06/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 5/9/01 Re: [199-1] appeal - jury trial proceedings - Vol. VIII (Elise Evans, Court Reporter) (siw) (Entered: 08/06/2001) |
| 08/06/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 5/14/01 Re: [199-1] appeal - motions/sentencing proceedings (Elise Evans, Court Reporter) (siw) (Entered: 08/06/2001) |
| 08/14/2001 | | Updated transmittal re: Clerk's Certificate and certified copy of docket as to Richard Allen Jackson to USCA: [199-1] appeal (siw) (Entered: 08/14/2001) |
| 08/14/2001 | 210 | CJA 21 as to Richard Allen Jackson Authorization to Pay Seymour Halleck, MD $ |

**JA0152**

| | | |
|---|---|---|
| | | 15,451.00 for Expert Services Voucher # 010810000001 ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 08/17/2001) |
| 08/17/2001 | 211 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 08/17/2001) |
| 08/27/2001 | 212 | ORDER as to Richard Allen Jackson denying [211-1] motion EX PARTE MOTION to seal payment vouchers as to Richard Allen Jackson (1), to Unseal Doc. #211 motion to seal vouchers ( Signed by Judge Lacy H. Thornburg ) (former emp) Modified on 09/04/2001 (Entered: 08/28/2001) |
| 08/27/2001 | 213 | CJA 30 as to Richard Allen Jackson Authorization to Pay David Belser $ 73,235.12 Voucher # 010810000003 ( Signed by Judge Lacy H. Thornburg ) (siw) Modified on 09/04/2001 (Entered: 09/04/2001) |
| 08/27/2001 | 214 | CJA 30 as to Richard Allen Jackson Authorization to Pay Stephen Lindsay $ 136,878.10 Voucher # 010705000003 ( Signed by Judge Lacy H. Thornburg ) (siw) Modified on 09/04/2001 (Entered: 09/04/2001) |
| 08/28/2001 | 215 | CJA 24 as to Richard Allen Jackson Authorization to Pay Elise Evans $ 878.00 for Transcript Voucher # 01000077 ( Signed by Judge Lacy H. Thornburg ) (former emp) Modified on 09/04/2001 (Entered: 08/28/2001) |
| 10/19/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 10/17/00 Re: [199-1] appeal - initial appearance proceedings (Elise Evans, Court Reporter) (siw) (Entered: 10/19/2001) |
| 10/19/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 10/24/00 Re: [199-1] appeal - motion to continue arraignment (Elise Evans, Court Reporter) (siw) (Entered: 10/19/2001) |
| 10/19/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 10/26/00 Re: [199-1] appeal - arraignment (Elise Evans, Court Reporter) (siw) (Entered: 10/19/2001) |
| 10/19/2001 | | TRANSCRIPT filed as to Richard Allen Jackson for dates of 11/14/00 Re: [199-1] appeal - arraignment/motions proceedings (Elise Evans, Court Reporter) (siw) (Entered: 10/19/2001) |
| 11/28/2001 | | **Set Death Penalty Flag.** (siw) (Entered: 11/28/2001) |
| 01/28/2002 | 216 | MOTION by Richard Allen Jackson to Produce unsealed portions of record referred to: Judge Lacy H. Thornburg (siw) (Additional attachment(s) added on 7/13/2009: # 1 Motion to Unseal) (siw). (Entered: 02/01/2002) |
| 01/31/2002 | 217 | SEALED DOCUMENT as to Richard Allen Jackson (siw) (Entered: 02/01/2002) |
| 01/31/2002 | 217 | **SEALED Ex parte ORDER *(Sealed - Court)* as to Richard Allen Jackson. Signed by District Judge Lacy Thornburg on 1/31/02. (siw)** (Entered: 07/14/2009) |
| 03/19/2002 | | Updated transmittal re: Supplemental Clerk's Certificate and certified copy of docket as to Richard Allen Jackson to USCA: [199-1] appeal (siw) (Entered: 03/20/2002) |
| 05/06/2002 | 218 | AFFIDAVIT by Stephen P. Lindsay, Trial Counsel for Richard Allen Jackson Re: Offer of Proof. (siw) (Entered: 05/06/2002) |
| 11/04/2002 | | Certified and transmitted record on appeal to U.S. Court of Appeals as to Richard Allen Jackson : [199-1] appeal (siw) (Entered: 11/04/2002) |
| 11/06/2002 | | Minute entry as to Richard Allen Jackson : The Fourth Circuit requested an Exhibit from the U. S. Attorney Re: WHNS Interview with Richard Jackson of 10/00. Sent this date to the Fourth Circuit. (siw) (Entered: 11/06/2002) |

**JA0153**

| 03/20/2003 | 219 | UNPUBLISHED OPINION as to Richard Allen Jackson Re: [199-1] appeal, [107-1] appeal received from USCA - AFFIRMED (siw) (Entered: 03/20/2003) |
| --- | --- | --- |
| 04/30/2003 | 220 | JUDGMENT OF USCA (certified copy) as to Richard Allen Jackson Re: [199-1] appeal affirming judgment/order Richard Allen Jackson (1) count(s) 1s (siw) (Entered: 04/30/2003) |
| 05/15/2003 | | Record on Appeal as to Richard Allen Jackson returned from U.S. Court of Appeals: [199-1] appeal, [107-1] appeal (siw) (Entered: 05/19/2003) |
| 10/04/2004 | 221 | ORDER as to Richard Allen Jackson, that the govt. file reponse to deft.'s motion for appointment of lead counsel & co-counsel to pursue post-conviction remedies w/i 20 days from entry of this Order. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 10/04/2004) |
| 10/04/2004 | 223 | MOTION with Memorandum in Support by Richard Allen Jackson for Appointment of Lead Counsel and co-counsel to pursue post-conviction remedies (siw) (Entered: 10/28/2004) |
| 10/26/2004 | 222 | RESPONSE by USA as to Richard Allen Jackson re motion for appointment of counsel. (siw) (Entered: 10/26/2004) |
| 10/26/2004 | 224 | Supplemental MOTION by Richard Allen Jackson for Appointment of Counsel referred to: Judge Lacy H. Thornburg (siw) (Entered: 10/28/2004) |
| 10/28/2004 | 225 | ORDER as to Richard Allen Jackson granting [224-1] motion for Appointment of Counsel as to Richard Allen Jackson (1), granting [223-1] motion for Appointment of Lead Counsel and co-counsel to pursue post-conviction remedies as to Richard Allen Jackson (1) ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 10/28/2004) |
| 11/01/2004 | 226 | Supplement to MOTION by Richard Allen Jackson for Appointment of Counsel referred to: Judge Lacy H. Thornburg (siw) (Entered: 11/01/2004) |
| 11/16/2004 | 227 | MOTION by Richard Allen Jackson to Vacate under 28 U.S.C. 2255 CR/CV Case No: 1:04cv251 referred to: Judge Lacy H. Thornburg (siw) (Entered: 11/17/2004) |
| 11/16/2004 | 228 | MOTION by Richard Allen Jackson for leave to interview jurors referred to: Judge Lacy H. Thornburg (siw) (Entered: 11/17/2004) |
| 11/16/2004 | 229 | MOTION by Richard Allen Jackson to Produce records of the Buncombe County Dept. of Social Services referred to: Judge Lacy H. Thornburg (siw) (Entered: 11/17/2004) |
| 11/22/2004 | 230 | ORDER as to Richard Allen Jackson, Response to Motion reset to 12/6/04 for Richard Allen Jackson for [229-1] motion to Produce records of the Buncombe County Dept. of Social Services, reset to 12/6/04 for Richard Allen Jackson for [228-1] motion for leave to interview jurors ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 11/22/2004) |
| 12/06/2004 | 231 | RESPONSE by USA as to Richard Allen Jackson in combined opposition to [229-1] motion to Produce records of the Buncombe County Dept. of Social Services, [228-1] motion for leave to interview jurors (siw) (Entered: 12/06/2004) |
| 12/10/2004 | 232 | RESPONSE by Buncombe County Dept. of Social Services in opposition to [229-1] motion to Produce records of the Buncombe County Dept. of Social Services by Richard Allen Jackson (siw) (Entered: 12/10/2004) |
| 12/10/2004 | 233 | RESPONSE by USA as to Richard Allen Jackson in opposition to [228-1] motion for leave to interview jurors (siw) (Entered: 12/13/2004) |
| 12/21/2004 | 234 | MOTION by Richard Allen Jackson for Appointment of Expert referred to: Judge Lacy H. Thornburg (siw) (Entered: 12/29/2004) |

**JA0154**

| 01/31/2005 | 235 | ORDER as to Richard Allen Jackson denying [234-1] motion for Appointment of Expert as to Richard Allen Jackson (1), denying [229-1] motion to Produce records of the Buncombe County Dept. of Social Services as to Richard Allen Jackson (1), denying [228-1] motion for leave to interview jurors as to Richard Allen Jackson (1), setting deadlines. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 02/01/2005) |
|---|---|---|
| 03/11/2005 | 236 | MOTION by Richard Allen Jackson to Extend Time to file supplemental materials referred to: Judge Lacy H. Thornburg (sdc) (Entered: 03/11/2005) |
| 03/14/2005 | 237 | ORDER as to Richard Allen Jackson granting [236-1] motion to Extend Time to file supplemental materials as to Richard Allen Jackson (1) to & inc. 3/28/05. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 03/14/2005) |
| 03/24/2005 | 238 | MOTION by Richard Allen Jackson to Extend Time to file supplemental materials referred to: Judge Lacy H. Thornburg (siw) (Entered: 03/28/2005) |
| 03/25/2005 | 239 | ORDER as to Richard Allen Jackson granting [238-1] motion to Extend Time to file supplemental materials as to Richard Allen Jackson (1) to & inc. 4/27/05; respondent shall have to & inc. 5/27/05 to file response. ( Signed by Judge Lacy H. Thornburg ) (siw) (Entered: 03/28/2005) |
| 04/28/2005 | 240 | MOTION by Richard Allen Jackson For One-Day Extension of Time to File Supplemental Materials referred to: Judge Lacy H. Thornburg (siw) (Entered: 04/28/2005) |
| 04/28/2005 | 241 | MOTION by Richard Allen Jackson For Funds For Private Investigator referred to: Judge Lacy H. Thornburg (siw) (Entered: 04/28/2005) |
| 04/28/2005 | 242 | AMENDMENT TO MOTION by Richard Allen Jackson to Vacate under 28 U.S.C. 2255 CR/CV Case No: 1:00cr74-01 referred to: Judge Lacy H. Thornburg (siw) (Entered: 04/28/2005) |
| 04/28/2005 | 243 | SUPPLEMENTAL MEMORANDUM In Support of Motion by Richard Allen Jackson in support of [242-1] motion to Vacate under 28 U.S.C. 2255 CR/CV Case No: 1:00cr74-01 by Richard Allen Jackson (siw) (Entered: 04/28/2005) |
| 05/04/2005 | 244 | ORDER granting 240 Motion one-day extension to file supplemental materials supporting 2255 petition as to Richard Allen Jackson (1). Signed by Judge Lacy Thornburg on 5/4/05. (Wilson, Sharon) (Entered: 05/05/2005) |
| 05/18/2005 | 245 | CJA 20 as to Richard Allen Jackson: Appointment of Attorney Shelagh R. Kenney see order dated 10/28/04 doc # 225. . Signed by Judge Lacy Thornburg on 9/1/04. (Anderton, Michelle) (Entered: 05/18/2005) |
| 08/05/2005 | 247 | CJA 30: Authorization to Pay Shelagh Kenney in Death Penalty Proceedings as to Richard Allen Jackson Amount: $ 83,331.39, Voucher # 050727000012. . Signed by Judge Lacy Thornburg on 8/2/05. (Guerra, Letha) (Entered: 08/19/2005) |
| 08/05/2005 | 248 | CJA 20 as to Richard Allen Jackson: Authorization to Pay Shelagh Kenney. Amount: $ 83,331.39, Voucher # 050727000012. . Signed by Judge Lacy Thornburg on 8/2/05. (Wilson, Sharon) (Entered: 08/19/2005) |
| 08/18/2005 | 246 | MOTION to re-enter previous Order of 5/12/05 by Richard Allen Jackson. (Wilson, Sharon) (Entered: 08/18/2005) |
| 08/19/2005 | 249 | ORDER granting 246 Motion to re-enter May 12, 2005 Order as to Richard Allen Jackson (1), petitioner's counsel may retain the services of a private investigator not to exceed $1,000 exclusive of reasonable expenses. Signed by Judge Lacy Thornburg on 8/19/05. (Wilson, Sharon) (Entered: 08/19/2005) |

**JA0155**

| | | |
|---|---|---|
| 11/16/2005 | 250 | MOTION for Extension of Time to File supplemental materials by Richard Allen Jackson. (Wilson, Sharon) (Entered: 11/16/2005) |
| 12/01/2005 | 253 | RESPONSE in Opposition by USA as to Richard Allen Jackson re 250 MOTION for Extension of Time to File supplemental materials (Wilson, Sharon) (Entered: 12/01/2005) |
| 12/05/2005 | 254 | Order that the petitioner's response to the Order of 11/18/05 shall comply with the previous cited case as to Richard Allen Jackson . Signed by Judge Lacy Thornburg on 12/2/05. (Wilson, Sharon) (Entered: 12/06/2005) |
| 12/07/2005 | 255 | ORDER that the got. file response to motion for ex parte hearing on or before 12/19/05 as to Richard Allen Jackson re 251 EX PARTE MOTION filed by Richard Allen Jackson, . Signed by Judge Lacy Thornburg on 12/7/05. (Wilson, Sharon) (Entered: 12/07/2005) |
| 12/10/2005 | | Attorney update in case as to Richard Allen Jackson. Attorney Richard Lee Edwards for USA added. (Wilson, Sharon) (Entered: 12/10/2005) |
| 06/16/2006 | 257 | ORDER that petitioner's motion for an ex parte hearing is denied; further, petitioner's motion for add'l funds & expert assistance is denied; further, any add'l claims on behalf of the petitioner shall be raised, if at all, on or before 30 days from entry of this Order with a memorandum not to exceed 12 double spaced pages; and further, that on or before 60 days after such filing, the govt. shall file response to the motion, as to Richard Allen Jackson . Signed by Judge Lacy Thornburg on 6/16/06. (Wilson, Sharon) (Entered: 06/16/2006) |
| 09/11/2006 | 261 | ORDER granting respondent's motion to respond to 2255 to & including 11/15/06, as to Richard Allen Jackson. Signed by Judge Lacy Thornburg on 9/11/06. (siw) (Entered: 09/12/2006) |
| 12/08/2006 | 262 | ORDER as to Richard Allen Jackson that petitioner's motion for leave to file reply to respondent's memorandum in response to his 2255 petition may be filed on or before 1/15/07, and shall not exceed 25, double-spaced pages. Signed by Judge Lacy Thornburg on 12/8/06. (siw) (Entered: 12/08/2006) |
| 06/19/2009 | 263 | **MEMORANDUM of OPINION and Order of Richard Allen Jackson. Signed by District Judge Lacy Thornburg on 06/19/2009. (thh)** (Entered: 06/19/2009) |
| 06/19/2009 | 264 | **JUDGMENT denying 227 Motion to Vacate (2255) as to Richard Allen Jackson (1) Signed by District Judge Lacy Thornburg on 06/19/2009. (thh)** Modified on 6/19/2009 to correct docket text (thh). (Entered: 06/19/2009) |
| 10/27/2009 | 266 | NOTICE OF APPEAL as to 263 Memorandum Opinion by Richard Allen Jackson (Kenney, Shelagh) (Entered: 10/27/2009) |
| 10/27/2009 | | Request by the Clerk to USPO for Presentence Report for inclusion in the Record on Appeal as to Richard Allen Jackson regarding 266 Notice of Appeal (nll) (Entered: 10/27/2009) |
| 11/04/2009 | | Case as to Richard Allen Jackson Reassigned to District Judge Martin Reidinger. District Judge Lacy Thornburg no longer assigned to the case. *This is your only notice - you will not receive a separate document.* (siw) (Entered: 11/04/2009) |
| 04/27/2010 | 272 | SEALED DOCUMENT *(Partial Sealed - Court)* of items received by Rebecca Smith on behalf of the U. S. Attorney's office as to Richard Allen Jackson (siw) (Entered: 04/29/2010) |
| 04/19/2011 | 276 | MANDATE of USCA as to Richard Allen Jackson re 266 Notice of Appeal (jhg) (Entered: 04/19/2011) |
| 05/25/2016 | | Request by the Clerk to USPO for Presentence Report as to Richard Allen Jackson. |

|  |  | (emw) (Entered: 05/25/2016) |
|---|---|---|
| 05/25/2016 | 277 | ***Staff Notes as to Richard Allen Jackson: Notified by probation that no PSR prepared as defendant received death penalty. Called R. J. Warren w/4th Circuit 804-916-2702 and informed him of no PSR. (emw) (Additional attachment(s) added on 5/25/2016: # 1 Documents) (emw). (Entered: 05/25/2016) |
| 06/16/2016 | 278 | 4th Circuit ORDER as to Richard Allen Jackson granting Motion pursuant to 28 U.S.C. §§ 2244(b), 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion. [16-10] (Copy emailed to Federal Defenders of Western NC via NEF) (ejb) (Entered: 06/16/2016) |
| 06/24/2016 | 279 | MOTION to Vacate under 28 U.S.C. 2255 (re: Johnson) by Richard Allen Jackson. (Fagg, John) Civil case 1:16-cv-00212 opened. (Additional attachment(s) added on 6/24/2016: # 1 Exhibit 1 - Order Granting Motion to File Successive 2255) (tmg). (Entered: 06/24/2016) |
| 06/24/2016 | 280 | MEMORANDUM in Support by Richard Allen Jackson re 279 MOTION to Vacate under 28 U.S.C. 2255 (re: Johnson) (Fagg, John) (Entered: 06/24/2016) |
| 06/24/2016 | 281 | NOTICE OF ATTORNEY APPEARANCE Jeffrey Bradford Kahan appearing for USA. (Kahan, Jeffrey) (Entered: 06/24/2016) |
| 06/27/2016 | 282 | NOTICE OF ATTORNEY APPEARANCE: Frank E. Schall appearing for Richard Allen Jackson (Schall, Frank) (Entered: 06/27/2016) |
| 03/31/2020 | 283 | **MEMORANDUM OF DECISION AND ORDER DENYING and DISMISSING 279 Motion to Vacate (2255) as to Richard Allen Jackson (1). The Court declines to issue a certificate of appealability. Signed by District Judge Martin Reidinger on 3/31/2020. (Attachments: # 1 Clerk's Judgment) (khm)** Civil Case 1:16-cv-00212-MR closed. (Entered: 03/31/2020) |
| 06/01/2020 | 284 | NOTICE OF APPEAL as to 283 Order on Motion to Vacate (2255), by Richard Allen Jackson (IFP/CJA). (khm) (Entered: 06/01/2020) |

**JA0157**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
CHARLOTTE, N. C.
NOV 6 2000
U. S. DISTRICT COURT
W. DIST. OF N. C.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO.  1:00CR74 |
| | ) | |
| v. | ) | SUPERCEDING |
| | ) | BILL OF INDICTMENT |
| | ) | |
| RICHARD ALLEN JACKSON | ) | Violation: |
| | ) | 18 U.S.C. §§ 1111(a), 1201(a)(2), |
| | ) | 2241(a)(1)-(2), 924(c), |
| | ) | 924(j)(1), and 7(3). |
| | ) | |
| | ) | |

THE GRAND JURY CHARGES:

COUNT ONE

On or about October 31, 1994, in Buncombe County, within the Western District of

North Carolina, and, pursuant to Title 18 United States Code, Section 7(3), within the Special

Territorial Jurisdiction of the United States, to wit: the Pisgah National Forest,

**RICHARD ALLEN JACKSON**

did unlawfully, knowingly, and intentionally use and carry a firearm, to wit: a .22 caliber rifle,

during and in relation to a crime of violence for which he may be prosecuted in a court of the

United States, to wit:  Murder [Title 18 United States Code, Section 1111(a)], Kidnapping [Title

18 United States Code, Section 1201(a)(2)], and Aggravated Sexual Abuse [Title 18 United

Page 1 of 2

19

**JA0158**

States Code, Section 2241(a)(1)-(2)], in violation of Title 18 United States Code, Section 924(c)(1), and, in the course of such violation and through the use of such firearm, did cause the death of a person, Karen Styles, in violation of Title 18 United States Code, Section 924(j)(1), which killing is a murder as defined in Title 18 United States Code, Section 1111, in that RICHARD ALLEN JACKSON unlawfully killed a human being, Karen Styles, with malice aforethought, by shooting her with the firearm willfully, deliberately, maliciously, and with premeditation, and in the perpetration and attempted perpetration of a felony, to wit: kidnapping and aggravated sexual abuse.

All in violation of Title 18 United States Code, Sections 924(c), 924(j), and 7(3).

A TRUE BILL:

Foreman

Attest:

MARK T. CALLOWAY
United States Attorney

JERRY W. MILLER
Assistant U.S. Attorney

Page 2 of 2