IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 20-9

———————————

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

RICHARD ALLEN JACKSON,

*Defendant – Appellant.*

———————————

Appeal from the United States District Court
for the Western District of North Carolina

*The Honorable Martin K. Reidinger, Chief District Judge*

———————————

BRIEF OF THE UNITED STATES

———————————

| | |
|---|---|
| Dena J. King<br>United States Attorney | Anthony J. Enright<br>Assistant United States Attorney<br>United States Attorney's Office<br>227 West Trade Street<br>Carillon Building, Suite 1650<br>Charlotte, North Carolina 28202<br>(704) 344-6222 |

*Attorneys for the United States of America*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................iv

JURISDICTIONAL STATEMENT ......................................................... 1

ISSUE PRESENTED ............................................................................ 1

STATEMENT OF THE CASE .............................................................. 2

    A.    Jackson uses a gun to kidnap, rape, and murder a victim in the Pisgah National Forest ...............................................2

    B.    A jury finds Jackson guilty of possession of a firearm causing death in furtherance of murder, kidnapping, and aggravated sexual abuse.........................................................3

    C.    The district court rejects Jackson's successive § 2255 motion, finding that murder and aggravated sexual abuse are crimes of violence."...............................................................................5

SUMMARY OF THE ARGUMENT ......................................................... 6

ARGUMENT

    The district court properly rejected Jackson's § 2255 motion......... 7

    A.    Standard of Review ................................................................. 7

    B.    Discussion................................................................................ 7

        1.    Jackson's procedural default bars his claim.................. 8

2.    The district court properly found Jackson's claim
      meritless as a matter of law......................................... 12

      a.    Jackson's murder offense qualifies as a crime of
            violence.............................................................. 14

         i.  Federal first-degree premeditated murder
             requires a degree of force that matches the force
             clause.............................................................. 16

         ii. Federal first-degree premeditated murder
             requires a mens rea that meets the requirements
             of the force clause............................................. 18

         iii. The felony-murder rule does not categorically
              exclude federal murder from the definition of
              "crime of violence." ........................................... 20

              (a).  This Court's precedent establishes that
                    first-degree pre-meditated murder qualifies
                    as a crime of violence ............................... 21

              (b).  First-degree premeditated murder qualifies
                    as a "crime of violence" under the modified
                    categorical approach ................................. 27

      b.    Jackson's aggravated sexual abuse offense
            continues to qualify as a crime of violence.... ...... 36

3.    The error Jackson alleges would be harmless............. 44

4.    Jackson requests an inappropriate remedy from this
      Court..................................................................... 46

CONCLUSION ................................................................................. 49

STATEMENT REGARDING ORAL ARGUMENT ................................ 49

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bousley v. United States,*
523 U.S. 614 (1998) ................................................................. 8, 9, 11

*Brecht v. Abrahamson,*
507 U.S. 619 (1993) ......................................................................... 49

*Davila v. Davis,*
137 S. Ct. 2058 (2017) ...................................................................... 9

*Gonzales v. Duenas-Alvarez,*
549 U.S. 183 (2007) ......................................................................... 40

*In re Irby,*
858 F.3d 231 (4th Cir. 2017) ..................................................... passim

*Jackson v. United States,*
638 F. Supp. 2d 514 (W.D.N.C. 2009) ........................................... 5, 15

*Johnson v. United States,*
559 U.S. 133 (2010) .............................................................. 16, 17, 27

*Leocal v. Ashcroft,*
543 U.S. 1 (2004) ............................................................................ 22

*Lewis v. United States,*
523 U.S. 155 (1998) ......................................................................... 35

*Lockhart v. United States,*
136 S. Ct. 958 (2016) ....................................................................... 42

*Mathis v. United States,*
  136 S. Ct. 2243 (2016) .............................................................. passim

*Moncrieffe v. Holder,*
  569 U.S. 184 (2013) ........................................................................40

*Murray v. Carrier,*
  477 U.S. 478 (1986) ........................................................................11

*Omargharib v. Holder,*
  775 F.3d 192 (4th Cir. 2014) ..........................................................28

*Rutledge v. United States,*
  517 U.S. 292 (1996) .............................................................. 10, 11, 47

*Schad v. Arizona,*
  501 U.S. 624 (1991) ........................................................................23

*Silvers v. United States,*
  90 F.3d 95 (4th Cir. 1996) ...................................................11, 47, 48

*Stokeling v. United States,*
  139 S. Ct. 544 (2019) .............................................................. passim

*Strickler v. Greene,*
  527 U.S. 263 (1999) ........................................................................11

*Thompson v. United States,*
  924 F.3d 1153 (11th Cir. 2019) .............................................14, 26, 27

*United States v. Turner,*
  1998 WL 67797 (4th Cir. Feb.20, 1998)........................................30, 32

*United States v. Agofsky,*
  516 F.3d 280 (5th Cir. 2008) ..........................................................33

*United States v. Ali,*
  991 F.3d 561 (4th Cir. 2021) ........................................................ 12, 13

*United States v. Allred,*
  942 F.3d 641 (4th Cir. 2019) ...................................................... passim

*United States v. Antelope,*
  430 U.S. 641 (1977) ............................................................................30

*United States v. Baez-Martinez,*
  950 F.3d 119 (1st Cir. 2020) .............................................................19

*United States v. Bagola,*
  796 F.3d 903 (8th Cir. 2015) .............................................................33

*United States v. Battle,*
  927 F.3d 160 (4th Cir. 2019) .............................................................40

*United States v. Becenti,*
  1999 WL 38157 (10th Cir. Jan. 29, 1999) .........................................33

*United States v. Bedonie,*
  913 F.2d 782 (10th Cir. 1990) ...........................................................30

*United States v. Begay,*
  673 F.3d 1038 (9th Cir. 2011) ..................................................... 19, 30

*United States v. Bell,*
  704 F. App'x 297 (4th Cir. 2017) .................................................20, 24

*United States v. Bell,*
  819 F.3d 310 (7th Cir. 2016) ...................................................... 19, 30

*United States v. Bell,*
  901 F.3d 455 (4th Cir. 2018) .............................................................40

*United States v. Bonilla-Romero,*
    984 F.3d 414 (5th Cir. 2020) ............................................................ 30

*United States v. Bordeaux,*
    997 F.2d 419 (8th Cir. 1993) ............................................................ 41

United States v. Borden,
    141 S. Ct. 1817 (2021) ........................................................ 16, 18, 22

*United States v. Bridges,*
    1994 WL 687301 (4th Cir. Dec. 9, 1994) ...................................... 31, 33

*United States v. Brown,*
    701 F.3d 120 (4th Cir. 2012) .............................................................. 7

*United States v. Bryant,*
    949 F.3d 168 (4th Cir. 2020) ........................................................ 27, 28

*United States v. Castleman,*
    572 U.S. 157 (2014) ......................................................................... 17

*United States v. Catalan-Roman,*
    585 F.3d 453 (1st Cir. 2009) ............................................................ 30

*United States v. Chaney,*
    911 F.3d 222 (4th Cir. 2018) ........................................................ 46, 47

United States v. Davis,
    139 S. Ct. 2319 (2019) ....................................................................... 9

*United States v. DeMarce,*
    564 F.3d 989 (8th Cir. 2009) ............................................................ 43

*United States v. Dodge,*
    963 F.3d 379 (4th Cir. 2020) ............................................................ 26

*United States v. Garcia-Meza,*
  403 F.3d 364 (6th Cir. 2005) .................................................. 19, 30, 32

*United States v. Gossett,*
  877 F.2d 901 (11th Cir. 1989) ...................................................... 31, 33

*United States v. Hadden,*
  475 F.3d 652 (4th Cir. 2007) ............................................................ 47

*United States v. Hammond,*
  912 F.3d 658 (4th Cir. 2019) .......................................... 17, 38, 39, 41

*United States v. Higgs,*
  353 F.3d 281 (4th Cir. 2003) ...................................................... 30, 33

*United States v. Holly,*
  488 F.3d 1298 (10th Cir. 2007) ........................................................ 41

*United States v. Jackson,*
  327 F.3d 273 (4th Cir. 2003) ..................................................... passim

*United States v. Jackson,*
  554 F. App'x 156 (4th Cir. 2014) ...................................................... 33

*United States v. Johnson,*
  492 F.3d 254 (4th Cir. 2007) ............................................................ 41

*United States v. Kearney,*
  837 F. App'x 975 (4th Cir. 2020) ..................................................... 24

*United States v. Lauck,*
  905 F.2d 15 (2d Cir. 1990) ............................................................... 41

*United States v. Lee,*
  697 F. App'x 175 (4th Cir. 2017) ................................................. 20, 24

*United States v. Leshen,*
   453 F. App'x. 408 (4th Cir. 2011) ........................................................ 39

*United States v. Lespier,*
   725 F.3d 437 (4th Cir. 2013) ............................................................. 33

*United States v. Locust,*
   95 F. App'x 507 (4th Cir. 2004) ................................................ 19, 29, 33

*United States v. Looking Cloud,*
   419 F.3d 781 (8th Cir. 2005) ............................................................. 30

*United States v. Lopez-Alvarez,*
   970 F.2d 583 (9th Cir. 1992) ............................................................. 33

*United States v. Lucas,*
   157 F.3d 998 (5th Cir. 1998) ............................................................. 41

*United States v. Mathis,*
   932 F.3d 242 (4th Cir. 2019) ...................................................... passim

*United States v. Mathis,*
   2017 WL 2444313 (4th Cir. May 30, 2017) ................................. passim

*United States v. Medina-Garcia,*
   226 F. App'x 281 (4th Cir. 2007) ....................................................... 30

*United States v. Miller,*
   471 U.S. 130 (1985) ......................................................................... 13

*United States v. Nielsen,*
   640 F. App'x 224 (4th Cir. 2016) ....................................................... 41

*United States v. Parrish,*
   767 F. App'x 440 (4th Cir. 2019) .................................................. 20, 24

*United States v. Randall,*
171 F.3d 195 (4th Cir. 1999) ....................................................... 10, 45

*United States v. Reid,*
861 F.3d 523 (4th Cir. 2017) ....................................................... 18, 37

*United States v. Rivera,*
412 F.3d 562 (4th Cir. 2005) .............................................................33

*United States v. Roane,*
378 F.3d 382 (4th Cir. 2004) ...............................................................7

*United States v. Rojas,*
520 F.3d 876 (8th Cir. 2008) .............................................................41

*United States v. Roof,*
10 F.4th 314 (4th Cir. 2021)................................................... 25, 27, 39

*United States v. Salmons,*
873 F.3d 446 (4th Cir. 2017) ....................................................... 40, 41

*United States v. Shaw,*
701 F.2d 367 (5th Cir. 1983) .............................................................19

*United States v. Slader,*
791 F.2d 655 (8th Cir. 1986) .............................................................30

*United States v. Smith,*
723 F.3d 510 (4th Cir. 2013) ....................................................... 44, 46

*United States v. Smith,*
882 F.3d 460 (4th Cir. 2018) .............................................................17

*United States v. Snarr,*
704 F.3d 368 (5th Cir. 2013) .............................................................19

*United States v. Steward,*
   793 F. App'x 188 (4th Cir. 2019) ........................................................ 12

*United States v. Taylor,*
   979 F.3d 203 (4th Cir. 2020) ........................................................ 43, 44

*United States v. Tillery,*
   823 F. App'x 157 (4th Cir. 2020) ........................................................ 18

*United States v. Townsend,*
   886 F.3d 441 (4th Cir. 2018) ........................................................ 19

*United States v. Umana,*
   750 F.3d 320 (4th Cir. 2014) ........................................................ 26

*United States v. United States Gypsum,*
   438 U.S. 422 (1978) ........................................................ 18

*United States v. Walker,*
   934 F.3d 375 (4th Cir. 2019) ........................................................ 13

United States v. Webb,
   214 F.3d 962 (8th Cir. 2000) ........................................................ 42

*United States v. Williams,*
   342 F.3d 350 (4th Cir. 2003) ........................................................ passim

*Whiteside v. United States,*
   775 F.3d 180 (4th Cir. 2014) ........................................................ 9

## Statutes

18 U.S.C. § 16(a) ........................................................ 25

18 U.S.C. § 924(c) ........................................................ passim

18 U.S.C. § 924(c)(3)(A) ........................................................ 43

18 U.S.C. § 924(e)(2)(B)(i) ........................................................................25

18 U.S.C. § 1111 .................................................................................30, 32

18 U.S.C. § 1111(a)............................................................................. passim

18 U.S.C. § 1201 ........................................................................................13

18 U.S.C. § 1201(a) ................................................................................3, 13

18 U.S.C. § 1951(a)....................................................................................43

18 U.S.C. § 2241(a)...........................................................................2, 3, 36

18 U.S.C. § 2246(2).....................................................................................36

18 U.S.C. § 2246(2)(C) ...............................................................................38

18 U.S.C. § 3231 ...........................................................................................1

28 U.S.C. § 2253(a)......................................................................................1

28 U.S.C. § 2255 ...........................................................................1, 5, 7, 46

Va. Code § 18.2-32.....................................................................................23

## Rules

Fed. R. App. P. 4(a)(1)(B) ...........................................................................1

## Other Authorities

2 Wayne R. LaFave, *Substantive Criminal Law,* § 14.5 (3d ed.) ...........26

## JURISDICTIONAL STATEMENT

Richard Allen Jackson appeals the district court's judgment dismissing his motion under 28 U.S.C. § 2255, which challenged the conviction under 18 U.S.C. § 924(c) and (j) for which Jackson received a death sentence in 2001.   The district court had jurisdiction of Jackson's criminal case under 18 U.S.C. § 3231, and the court (Hon. Martin K. Reidinger, C.J.) had jurisdiction of proceedings on Jackson's postconviction motion under 28 U.S.C. § 2255(a).   The district court entered its judgment dismissing Jackson's motion on March 31, 2020, J.A. 130, and Jackson filed a timely notice of appeal, J.A. 131; Fed. R. App. P. 4(a)(1)(B).   On September 22, 2021, this Court granted a certificate of appealability.   This Court has jurisdiction under 28 U.S.C. § 2253(a), (c)(1)(B), and 28 U.S.C § 2255(d).

## ISSUE PRESENTED

Did the district court properly reject Jackson's motion under 28 U.S.C. § 2255 challenging his conviction for use of a firearm during and in relation to a crime of violence resulting in death under 18 U.S.C. § 924(c), (j), after concluding that the federal offenses of first-degree

premeditated murder under 18 U.S.C. § 1111(a) and aggravated sexual abuse under 18 U.S.C. § 2241(a) qualify as "crimes of violence"?

## STATEMENT OF THE CASE

### A.    Jackson uses a gun to kidnap, rape, and murder a victim in the Pisgah National Forest.

In October of 1994, Jackson saw Karen Styles on a trail in the Pisgah National Forest, threatened her with a gun, duct-taped her to a tree, and raped her. *United States v. Jackson*, 327 F.3d 273, 280 (4th Cir. 2003). Styles offered Jackson her car and money that it contained. *Id.* And she repeatedly pleaded with him not to hurt her. *Id.*; J.A. 115–16.

Jackson "shocked Styles with a stun gun once above her left breast and several times in the pubic area." *Jackson*, 327 F.3d at 280. He "then moved away from Styles and looked at his pornographic magazine while masturbating." *Id.* The duct tape that Jackson had placed "over Styles's mouth loosened, and Styles began screaming." *Id.*

"Jackson walked up to" Styles, "put the gun to her head, and shot her once," murdering her. *Id.* at 278, 280. "Styles's nude body was discovered by a hunter, duct-taped to a tree, where investigators also

2

found a duct-tape wrapper, a pornographic magazine, and one spent Remington .22 caliber rifle casing." *Id.* at 279. "Jackson confessed fully." *Id.* at 280.

### B.  A jury finds Jackson guilty of possession of a firearm causing death in furtherance of murder, kidnapping, and aggravated sexual abuse.

A grand jury in the Western District of North Carolina indicted Jackson, charging him with one count of use of a firearm causing the death of a person during and in relation to a crime of violence, 18 U.S.C. § 924(c), (j). J.A. 158–59. The indictment alleged three federal offenses as predicate crimes of violence. J.A. 158–59. The first predicate "crime of violence" is murder within the special territorial jurisdiction of the United States, 18 U.S.C. § 1111(a). *Id.* at 1. The second predicate is kidnapping, 18 U.S.C. § 1201(a)(2). *Id.* at 1. And the third predicate is aggravated sexual abuse, 18 U.S.C. § 2241(a). *Id.* at 1–2.

A jury convicted Jackson of the count under § 924(c) and (j) and returned a special verdict form with specific findings. J.A. 158; *Verdict Sheet, United States v. Jackson*, No. 1:00CR74, at 1–2 (W.D.N.C. May 7,

3

2001) (Doc. No. 176). The jury unanimously found that Jackson "committed the crime of kidnaping Karen Styles." *Id.* The jury unanimously found that Jackson "committed the crime of aggravated sexual abuse of Karen Styles." *Id.* And the jury unanimously found that Jackson "committed the crime of the murder of Karen Styles." *Id.* at 1–2; J.A. 117.

In addition to finding that Jackson committed each of the three alleged crimes of violence, the jury also found that he had perpetrated three kinds of murder. *Verdict Sheet* 2; J.A. 117. The jury found that Jackson "committed the murder of Karen Styles with malice aforethought, willfully, deliberately, maliciously and with premeditation"; that he committed it "during the perpetration of kidnaping"; and that he committed it "during the perpetration of aggravated sexual abuse." *Verdict Sheet* 2.

After a sentencing trial, "[a]ll 12 jurors signed" a "verdict form, unanimously recommending that Jackson be sentenced to death." *Jackson*, 327 F.3d at 281. The district court "entered judgment on May 14, 2001, finding Jackson guilty of the offense charged in the indictment

4

and imposing the sentence of death."  *Id.* at 281.   This Court affirmed

"Jackson's conviction and the sentence of death" in March of 2003.   *Id.*

at 279.   And, in 2009, the district court denied Jackson's first motion

under 28 U.S.C. § 2255.   *Jackson v. United States*, 638 F. Supp. 2d 514,

618 (W.D.N.C. 2009), *certificate of appealability denied*, No. 09-0010

(4th Cir. Feb. 11, 2011), and *cert. denied*, 133 S. Ct. 100 (2012).

> ### C.    The district court rejects Jackson's successive § 2255 motion, finding that murder and aggravated sexual abuse are "crimes of violence."

In June of 2016, with authorization from this Court, Jackson filed

a successive motion to vacate his conviction and sentence under § 2255.

J.A. 62–84.   The United States moved to dismiss the collateral attack,

arguing that Jackson procedurally defaulted his claim, that his

argument failed as a matter of law, that the supposed error was

harmless, and that the requested remedy — relief from his conviction

and sentence — was inappropriate.   J.A. 62–84.

The district court dismissed and denied Jackson's § 2255 motion,

holding his conviction under § 924(c), (j), remains valid as a matter of

law.   J.A. 127.   The court found that Jackson's murder offense and

5

aggravated sexual abuse offense both qualify as "crimes of violence"

under § 924(c).   J.A. 124–25.   This appeal followed.

## SUMMARY OF THE ARGUMENT

The district court properly rejected Jackson's § 2255 motion after

finding that his predicate offenses of first-degree premeditated murder

and aggravated sexual abuse both qualify as "crimes of violence" under

the force clause of § 924(c).   Jackson's procedural default bars him from

contending otherwise for the first time on collateral review, years after

his conviction became final.   And the district court properly rejected

Jackson's claim on the merits.   As common sense suggests, first-degree

premeditated murder under 18 U.S.C. § 1111(a) meets the

requirements of the force clause.   The offense requires the unlawful

killing of a human being, an element that necessarily involves the use

of force capable of causing pain or injury against another.   And the

crime's element of premeditation requires intent to kill, a mens rea that

satisfies the force clause.   Aggravated sexual abuse under 18 § 2241(a)

also meets the requirements of the clause.   It requires a perpetrator to

employ force, a threat, or fear knowingly to cause a victim to engage in

6

a sexual act.   A person cannot realistically perpetrate the offense without a use of force capable of causing pain or injury.

## ARGUMENT

**The district court properly rejected Jackson's § 2255 motion.**

### A.   Standard of Review

When considering the dismissal or denial of a motion under 28 U.S.C. § 2255, this Court ordinarily reviews the district court's "legal conclusions de novo and its findings of fact for clear error."   *United States v. Roane*, 378 F.3d 382, 395 (4th Cir. 2004).   This Court may affirm "on any ground supported by the record."   *United States v. Brown*, 701 F.3d 120, 125 (4th Cir. 2012).

### B.   Discussion

The district court properly rejected Jackson's motion under § 2255, for three reasons.   First, Jackson was required to challenge the validity of his conviction under § 924(c) and (j) during his criminal case and on direct appeal.   His procedural default precludes him from raising his claim for the first time in a § 2255 proceeding.   Second, Jackson's claim fails as a matter of law, as the district court correctly

7

found.    Two of Jackson's predicate offenses — first-degree murder and aggravated sexual abuse — qualify as "crimes of violence" under § 924(c)'s force clause, which remains a valid part of the definition of that term.    *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir. 2019). Jackson, therefore, remains properly convicted of using a firearm and causing the death of a person during and in relation to a crime of violence, 18 U.S.C. § 924(c), (j).    Third, the error alleged entitles Jackson to no relief because it would not have affected the outcome of the proceedings.    Jackson, moreover, requests a remedy from this Court — an order vacating his conviction and sentence and granting a new trial — that would be inappropriate in any event.

### 1.    Jackson's procedural default bars his claim.

Jackson was obligated to raise his claim during his criminal case and on direct appeal.    *See Bousley v. United States*, 523 U.S. 614, 621 (1998).    The Supreme Court has held that Jackson can raise his procedurally defaulted claim on collateral review "only" if he can "first demonstrate either 'cause' and actual 'prejudice'" or that he is "actually innocent."    *Id.* at 622.    Jackson cannot meet either requirement.    *Id.*

Jackson cannot establish the cause necessary to overcome his procedural default.   Cause requires a "factor external to the defense" that impeded Jackson's counsel's efforts to timely present objections. *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017).   That Jackson's appeal ended years before the Supreme Court issued its decision in *United States v. Davis*, holding that the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague," 139 S. Ct. 2319, 2336 (2019), does not establish cause.   *See Bousley*, 523 U.S. at 623 (rejecting arguments that § 2255 movant demonstrated cause for failure to raise argument based on a new Supreme Court holding issued after his case became final).   That Jackson's arguments would have been unlikely to succeed would not be enough, even if the arguments would have been entirely futile.   *Whiteside v. United States*, 775 F.3d 180, 185 (4th Cir. 2014) (en banc).   But Jackson has not identified any precedent in effect at the time of his trial or appeal that would have foreclosed an attack on the constitutionality of § 924(c) in any event.

If Jackson could establish cause, he would remain unable to demonstrate "actual prejudice," *Bousley*, 523 U.S. at 622 (cleaned up).

9

As detailed below, *see Argument* § B.2, *supra*, Jackson was convicted of what today remains a valid offense under § 924(c) and (j). He therefore cannot establish that any error affected the outcome of his proceedings.

Even if Jackson could establish that none of his predicate offenses qualify as "crimes of violence" under § 924(c), he could not establish that the error prejudiced him. When the jury found Jackson guilty of a § 924(c) offense based on the predicate offenses of first-degree murder in the territorial jurisdiction of the United States and kidnapping resulting in death, it found all of the elements of both predicates, which are themselves capital offenses. 18 U.S.C. §§ 1111(a); 1201(a); *United States v. Randall*, 171 F.3d 195, 205 (4th Cir. 1999) ("[P]roof of a predicate offense is an essential element of a § 924(c) violation."). Indeed, the jury did so explicitly. *Verdict Sheet* 1–2. The defect Jackson alleges is confined to "grounds that affect only the greater offense," a violation of § 924(c) & (j). *Rutledge v. United States*, 517 U.S. 292, 306 (1996). Jackson would remain guilty of the included capital offenses of kidnapping and murder even if those offenses did not qualify as "crimes of violence." No "reasonable probability" exists,

10

*Strickler v. Greene*, 527 U.S. 263, 296 (1999), that Jackson would not have been charged, convicted, and sentenced to death for the predicate offenses directly if they did not qualify as "crimes of violence" under § 924(c) and (j).   Indeed, had Jackson successfully raised his present claim on direct appeal, the remedy would have been a conviction for the included murder, kidnapping, and sexual-abuse offenses.   *See Rutledge*, 517 U.S. at 306; *Silvers v. United States*, 90 F.3d 95, 99 (4th Cir. 1996).   Jackson therefore cannot establish that the error he alleges "worked to his actual and substantial disadvantage."   *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (cleaned up).

Nor can Jackson establish "actual innocence" as required to overcome his procedural default in the absence of a showing of cause and prejudice.   Jackson has the burden to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."   *Bousley*, 523 U.S. at 624 (cleaned up). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."   *Id.*   "[T]he evidence of Jackson's guilt, including his own confession, was," in the words of this Court, "overwhelming."

11

*Jackson*, 327 F.3d at 297. His factual guilt precludes an excuse for his default of this issue.

### 2. The district court properly found Jackson's claim meritless as a matter of law.

Independently of Jackson's procedural default, the district court properly found that Jackson's challenge to his conviction under § 924(c) and (j) is meritless. As noted, the jury convicted Jackson under § 924(c) and (j) based on three predicate offenses — murder, kidnapping, and aggravated sexual abuse. *Verdict Sheet* 1–2. The § 924 offense requires only one "crime of violence," § 924(c)(1)(A), (j), though the jury found that Jackson committed three. *Verdict Sheet* 1–2. The result of Jackson's trial would, therefore, have been the same had two of the three predicates "not been listed as an underlying crime of violence." *United States v. Steward*, 793 F. App'x 188, 190 (4th Cir. 2019) (unpublished decision); *United States v. Ali*, 991 F.3d 561, 576 (4th Cir. 2021). In other words, as Jackson appears to acknowledge, *Br. of Appellant* 7, if any of the three predicates continues to qualify as a "crime of violence," the district court's dismissal of his § 2255 motion was proper.

12

At least two of Jackson's predicate offenses — first-degree premeditated murder and aggravated sexual abuse — continue to qualify as crimes of violence under § 924(c)'s force clause, which embraces crimes that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). This Court has held that federal kidnapping under 18 U.S.C. § 1201(a) "does not categorically qualify as a crime of violence under the force clause." *United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019). But that holding does not affect the validity of Jackson's conviction, given the jury's explicit reliance on the remaining two predicates. *See United States v. Miller*, 471 U.S. 130, 136 (1985) ("A part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a 'useless averment' that 'may be ignored.'"); *Ali*, 991 F.3d at 576.[1]

---

[1] At sentencing, the jury unanimously found in aggravation that "Karen Styles' death occurred during the commission of the offense of kidnapping, as defined under 18 U.S.C. § 1201." *Jackson*, 327 F.3d at 281. Jackson has identified nothing that suggests the jury would have heard materially different evidence during the penalty phase had kidnapping not been alleged or found as a § 924(c) predicate.

13

###### a. Jackson's murder offense qualifies as a crime of violence.

As common sense and judicial decisions dictate, Jackson's first-degree premeditated murder offense under 18 U.S.C. § 1111(a) qualifies as a crime of violence under § 924(c)'s force clause. *See United States v. Mathis*, 932 F.3d 242, 265 (4th Cir. 2019); *Thompson v. United States*, 924 F.3d 1153, 1158 (11th Cir. 2019); *In re Irby*, 858 F.3d 231, 236 (4th Cir. 2017). "Murder," the statute says, "is the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a) (2000).

The murder statute sets out four "types of murder," distinguished by elements beyond an unlawful killing with malice aforethought. § 1111(a); *see United States v. Williams*, 342 F.3d 350, 355 (4th Cir. 2003). "One is first-degree premeditated murder, which requires a showing of premeditation in addition to proof of malice." *Id.* This type includes "[e]very murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing." § 1111(a). The second type is first-degree "felony murder, or a killing 'committed in the perpetration of'" one of several "listed felonies, where there is no requirement that the government prove

14

premeditation." *Williams*, 342 F.3d at 355; § 1111(a). Next is first-degree transferred-intent murder, "perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed." § 1111(a). "Finally, there is second-degree murder, which requires only a showing of malice." *Williams*, 342 F.3d at 355; § 1111(a).

Jackson was charged with and convicted of two types of "first-degree murder" — premeditated murder and felony murder. *Jackson*, 327 F.3d at 288, 299; *Jackson v. United States*, 638 F. Supp. 2d 514, 584 (W.D.N.C. 2009); *Verdict Sheet* 2. The jury found that Jackson committed the murder "willfully, deliberately, maliciously and with premeditation." *Verdict Sheet* 2; § 1111(a). The jury further found that he committed the murder "during the perpetration of kidnaping" and "during the perpetration of aggravated sexual abuse." *Verdict Sheet* 2.

Jackson's first-degree premeditated murder offense qualifies as a crime of violence under the "force clause" of § 924(c). The Supreme Court's recent opinion in *United States v. Borden* explains that

15

precedents defining the requirements of the force clause are designed to "mark out a narrow 'category of violent, active crimes.'" 141 S. Ct. 1817, 1830 (2021) (plurality opinion) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). Although *Borden* produced several opinions, eight justices agreed that "murder" qualifies as one of the "quintessential violent crimes." *Id.* at 1830 (plurality opinion); *id.* at 1854 (Kavanaugh, J., dissenting). Designed as they are to distinguish core violent crimes "like murder" from offenses that "do not fit within the ordinary meaning of the term 'violent' crime," *Borden*, 141 S. Ct. at 1830 (plurality opinion) (cleaned up), the principles describing the kind of conduct and mens rea the force clause ordinarily requires place first-degree premeditated murder firmly within the definition of "crime of violence."

### i.    Federal first-degree premediated murder requires a degree of force that matches the force clause.

Federal first-degree premeditated murder under § 1111 requires at least the force necessary to satisfy § 924(c)'s force clause. *Cf. Br. of Appellant* 18–19. That clause requires "*violent* force — that is, force

16

capable of causing physical pain or injury to another person." *United States v. Hammond*, 912 F.3d 658, 661 (4th Cir. 2019) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis supplied by *Johnson*)). The clause "does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality." *Stokeling v. United States*, 139 S. Ct. 544, 554 (2019). "[H]itting, slapping, shoving, grabbing, pinching, biting, and hair pulling," therefore, all suffice. *Id.* (quoting *United States v. Castleman*, 572 U.S. 157, 182 (2014) (Scalia, J., concurring)).

This Court has held that the conduct element of federal murder meets the requirements of the force clause. Every kind of "[m]urder" under the federal statute requires "the unlawful killing of a human being." 18 U.S.C. § 1111(a). And this Court has held that "unlawfully killing another human being requires the use of force 'capable of causing physical pain or injury to another person.'" *Irby*, 858 F.3d at 236. Murder retains that requirement "irrespective of whether that force is exerted directly or indirectly by the defendant." *Mathis*, 932 F.3d at 265; *United States v. Smith*, 882 F.3d 460, 463 (4th Cir. 2018)

17

(holding that voluntary manslaughter, which also requires "the unlawful killing of a human being," satisfies the clause).

### ii. Federal first-degree premediated murder requires a mens rea that meets the requirements of the force clause.

Federal "first-degree premeditated murder" also requires at least the mens rea required by the force clause.   *Williams*, 342 F.3d at 356. The offense contains two mens rea requirements.   First, it "requires a showing of malice aforethought."   *Id.*   Second, it "requires a showing of premeditation in addition to proof of malice."   *Id.*

The premeditation element fully satisfies the mens rea requirements of the force clause.   Conduct that is "purposeful or knowing" — what "the law" views as "inten[tional]" conduct — meets the clause's mens rea requirement.   *Borden*, 141 S. Ct. at 1827–28 (plurality opinion) (quoting *United States v. United States Gypsum*, 438 U.S. 422, 445 (1978)); *Irby*, 858 F.3d at 238; *United States v. Reid*, 861 F.3d 523, 527 (4th Cir. 2017).   Premeditation requires "a fully formed conscious purpose to kill."   *United States v. Tillery*, 823 F. App'x 157, 161 (4th Cir. 2020) (unpublished decision).   It indeed requires

18

"planning and deliberation *beyond* the simple conscious intent to kill."
*United States v. Bell*, 819 F.3d 310, 319 (7th Cir. 2016) (emphasis
added); *accord United States v. Snarr*, 704 F.3d 368, 389 (5th Cir. 2013);
*United States v. Begay*, 673 F.3d 1038, 1042–43 (9th Cir. 2011); *United
States v. Garcia-Meza*, 403 F.3d 364, 371 (6th Cir. 2005).[2]   First-degree
premeditated murder, therefore, more than satisfies the force clause's
mens rea requirement.   *See Mathis*, 932 F.3d at 265; *United States v.
Townsend*, 886 F.3d 441, 445 (4th Cir. 2018); *Irby*, 858 F.3d at 238.

Jackson ignores the premeditation element and instead focuses
only on first-degree premeditated murder's *additional* mens rea
requirement — "malice aforethought."   *Br. of Appellant* 11–17.   His
focus is misplaced for two reasons.   First, this and other courts have
held that "malice" murder meets the requirements of the force clause.[3]

---

[2]   The "kind[s]" of "willful, deliberate, malicious, and
premeditated killing[s]" that the statute enumerates — murders
"perpetrated by poison" or "lying in wait" — likewise require specific
"intent to kill or do serious bodily harm to another."   *See United States
v. Locust*, 95 F. App'x 507, 515–16 (4th Cir. 2004) (unpublished
decision); *United States v. Shaw*, 701 F.2d 367, 393 n.21 (5th Cir. 1983).

[3]   *United States v. Solis-Vasquez*, 10 F.4th 59, 65 (1st Cir. 2021);
*United States v. Baez-Martinez*, 950 F.3d 119, 126–27 (1st Cir. 2020);

Second, Jackson's argument is a red herring.   Jackson's predicate offense was not second-degree murder, the kind that "requires only a showing of malice."   *Williams*, 342 F.3d at 356.   The jury explicitly found that Jackson committed first-degree murder "with premeditation."   *Verdict Sheet* 2.   The premeditation element alone satisfies the mens rea requirement of the force clause.

### iii.    The felony-murder rule does not categorically exclude federal murder from the definition of "crime of violence."

Jackson does not dispute that a jury "unanimously found" that he committed first-degree premeditated murder, J.A. 117, and his contention that the murder statute is categorically overbroad because it also contains the offense of felony murder, *Br. of Appellant* 17–20,[4] is

*United States v. Parrish*, 767 F. App'x 440, 442–43 (4th Cir. 2019) (unpublished decision); *United States v. Bell*, 704 F. App'x 297, 298 (4th Cir. 2017) (unpublished decision); *United States v. Lee*, 697 F. App'x 175, 176 (4th Cir. 2017) (unpublished decision).

[4]    Jackson does not contend that the two other forms of murder that appear in the statute disqualify his offense.   Murder "perpetrated from a premeditated design unlawfully and maliciously to effect the death" of another human being, § 1111(a), plainly meets the mens rea requirements of the force clause.   And "murder in the second degree," § 1111(a), is a separate offense subject to different statutory penalties.

meritless.   This Court's precedent forecloses his argument.   And first-degree premeditated murder is a different offense with different elements than felony murder.   Jackson's arguments about felony murder would, therefore, not undercut the district court's finding that at least one of his predicate offenses qualifies as a crime of violence in any event.

> **(a)  This Court's precedent establishes that first-degree premeditated murder qualifies as a crime of violence.**

First, this Court's precedent forecloses Jackson's argument that first-degree premeditated murder is not a crime of violence because its defining statute, § 1111(a), also prohibits felony murder.   *Cf. Br. of Appellant* 17–22.   This Court held in *Irby* that murder qualifies as a "crime of violence" under section 924(c)'s force clause, recognizing what common sense suggests:   "[M]urder" is a "quintessential crime of violence," and a contrary result would be "absurd" and "illogical."   *Irby*, 858 F.3d at 236–37 (citations omitted).   Although the Court addressed second-degree retaliatory murder, a federal murder offense somewhat

---

§ 1111(b); *Mathis v. United States*, 136 S. Ct. 2243, 2245 (2016).

different from Jackson's, it adopted a rationale that applies to all forms of "murder." *Id.* In addition to its language, the force clause's "statutory context, structure, history," and "purpose," along with "common sense" require the conclusion that "murder" is a "crime of violence" under its terms. *Id.* Although the force clause was originally accompanied by a second, "residual" clause, it is the former, and not the latter, that was designed "to catch a quintessential crime of violence such as murder." *Irby*, 858 F.3d at 236.

The Supreme Court reinforced *Irby's* determination that murder qualifies as a crime of violence under the force clause earlier this year when it decided *Borden*. The plurality opinion reiterated that the "ordinary meaning" of the term "crime of violence" informs the term's construction. *Borden*, 141 S. Ct. at 1830 (plurality opinion) (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004)). It reminded courts, "[W]e cannot forget that we ultimately are determining the meaning of 'crime of violence.'" *Id.* And, as mentioned, *Borden* endorsed *Irby's* conclusion that "murder" is a "quintessential violent crime[]." *Borden*, 141 S. Ct. at 1830 (plurality opinion).

22

This Court applied *Irby* to a Virginia statute that prohibits both premeditated and felony murders in *Mathis*, 932 F.3d at 265. Like the statute governing Jackson's offense, Virginia's law prohibits murder by "premeditated killing" *or* "in the commission of, or attempt to commit" a number of offenses, including "arson," "burglary," and "abduction," as "murder of the first degree." Va. Code § 18.2-32. And, like Jackson, the *Mathis* defendants argued that the Virginia statute covers conduct outside the ambit of the force clause. *Brief of Appellants*, *United States v. Mathis*, No. 16-4633(L), 2017 WL 2444313, at *94 (4th Cir. May 30, 2017). In the *Mathis* defendants' words, the Virginia statute "broadly describes premeditation or commission during a felony as a means of satisfying the higher culpability perceived to warrant classifying a murder as first degree." *Id.* (quoting *Schad v. Arizona*, 501 U.S. 624, 627–29 (1991)). They argued that the Virginia statute "does not require unanimity as to a single means of satisfying the *mens rea* for first degree murder." *Id.* This Court rejected the arguments and held "that the crime of first-degree murder under Virginia law qualifies categorically as a crime of violence under the force clause." *Mathis*,

23

932 F.3d at 265 (citing *Irby*, 858 F.3d at 236, 238).

Jackson contends that the *Mathis* decision "did nothing more than generally cite *Irby* without any further analysis." *Br. of Appellant* 20–21. He appears to present this contention as a criticism, *see id.*, but it only proves that a panel of this Court need look no further than *Irby* to hold that murder qualifies as a crime of violence. Indeed, each time this Court has confronted the question, it has applied *Irby* and held that murder satisfies the force clause. *See, e.g.*, *United States v. Kearney*, 837 F. App'x 975, 978–79 (4th Cir. 2020) (unpublished decision) (finding murder involving an intent to kill or inflict bodily harm a "crime of violence"); *Mathis*, 932 F.3d at 265 (first-degree murder under Virginia law); *United States v. Parrish*, 767 F. App'x 440, 442–43 (4th Cir. 2019) (second-degree "malice" murder under North Carolina law) (unpublished decision); *United States v. Bell*, 704 F. App'x 297, 298 (4th Cir. 2017) (unpublished decision) (same); *United States v. Lee*, 697 F. App'x 175, 176 (4th Cir. 2017) (unpublished decision) (same). These decisions involve different types of murder. But a holding that any form of murder within the ordinary understanding of the crime fails to

24

qualify as a crime of violence would conflict with practically all of *Irby*'s reasoning. It would be the "absurd" and "illogical" result that *Irby* held this Court is obligated to avoid. 858 F.3d at 237.

A construction of the force clause that would remove Jackson's first-degree premeditated murder offense from the definition of a crime of violence would also contravene the Supreme Court's recent directive in *Stokeling*, 139 S. Ct. at 552. Where "the applicability" of a provision of federal law "requires a state conviction," the Supreme Court instructs that it should not be construed "in a way that would render it inapplicable in many States." *Id.* at 552. *Stokeling* applied this principle and declined to interpret the force clause of the Armed Career Criminal Act in a way that would disqualify "widely accepted definitions of robbery." *Id.*[5]

The holding that Jackson requests — that first-degree

---

[5] Although predicate offenses under section 924(c) are ordinarily limited to federal crimes, the language of the force clause appears in numerous other provisions, such as the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i), and 18 U.S.C. § 16(a), that apply to state convictions. *See Stokeling*, 139 S. Ct. at 552. This Court regularly applies its precedent interpreting one force clause to another. *Roof*, 10 F.4th at 398 n.61.

premeditated murder is not a crime of violence — would offend *Stokeling* by disqualifying widely accepted definitions of murder. *Cf. Br. of Appellant* 21–22. The felony-murder rule on which Jackson relies is not some quirk unique to the federal statute. *Cf. Br. of Appellant* 20–22. "[M]ost jurisdictions accept the felony-murder doctrine," 2 Wayne R. LaFave, *Substantive Criminal Law*, § 14.5 (3d ed.), and do so as an alternative to premeditated murder, *United States v. Umana*, 750 F.3d 320, 357 & n.2 (4th Cir. 2014).

Jackson seeks a holding that the most serious variety of the "quintessential crime of violence" is not a crime of violence at all. *Irby*, 858 F.3d at 236. But like "common sense," *id.*, the precedent of this Court and of the Supreme Court requires a conclusion that first-degree premeditated murder is a crime of violence. Indeed, this court's holdings in *Irby* and *Mathis* alone foreclose Jackson's argument. *See United States v. Dodge*, 963 F.3d 379, 383 (4th Cir. 2020) (describing the binding effect of circuit precedent); *Thompson*, 924 F.3d at 1158 (holding prior decision interpreting state murder offense controlling of interpretation of federal murder statute).

26

### (b) First-degree premeditated murder qualifies as a "crime of violence" under the modified categorical approach.

Second, if this Court were to conclude that the federal murder statute is broader than what the force clause requires, then the "modified categorical approach" would apply. *United States v. Roof*, 10 F.4th 398–99 (4th Cir. 2021). That approach applies when a statute is "divisible," which means that it "lists potential offense *elements* in the alternative, and thus includes multiple alternative versions of the crime." *Id.* (quoting *United States v. Bryant*, 949 F.3d 168, 173 (4th Cir. 2020)). If the offense is divisible, the court may consult approved documents from the "trial record," including "verdict forms," to determine which version of the crime served as the basis for Jackson's conviction. *Johnson v. United States*, 559 U.S. 133, 144 (2010).

Under the modified categorical approach, Jackson's murder offense easily meets the requirements of the force clause. The indictment and verdict form unequivocally establish that the jury convicted Jackson of first-degree murder "with premeditation." *Verdict Sheet* 2. And as discussed above, *see Argument* § B.2.a.i., *supra*, "first-

27

degree premeditated murder" requires the kind of intentional, purposeful, or knowing conduct that suffices under the force clause. *Williams*, 342 F.3d at 355.

This Court can apply the modified categorical approach because the federal murder statute, 18 U.S.C. § 1111(a), is divisible.   The four kinds of murder defined in § 1111 "are multiple, alternative versions" of the crime, *Bryant*, 949 F.3d at 173.   And the different types of murder are not "merely" alternative "means" of committing the same offense; they are "alternative *elements*" creating "multiple versions of [the] crime."   *Id.* (quoting *Omargharib v. Holder*, 775 F.3d 192, 198 (4th Cir. 2014)).   "Elements, as distinguished from means, are factual circumstances of the offense the jury must find unanimously and beyond a reasonable doubt."   *Id.*   They are "the constituent parts of a crime's legal definition."   *Mathis v. United States*, 136 S. Ct. 2243, 2245 (2016).   Several "indicia of divisibility" determine whether statutory alternatives are means or elements.   *United States v. Allred*, 942 F.3d 641, 649–50 (4th Cir. 2019).   At least seven of those indicia demonstrate that the facts that distinguish premeditated murder from

28

felony murder are elements.

First, the "text of the statute" indicates that alternative elements distinguish premeditated murder from felony murder. *United States v. Allred*, 942 F.3d 641, 650 (4th Cir. 2019). The statute "easily divides into four separate general offenses," *id.*; *see Williams*, 342 F.3d at 355 (discussing three of the "types of murder"). It sets out the four kinds of murder "disjunctively," *Allred*, 942 F.3d at 650, separating them with a semicolon or a period. § 1111(a). And, when the statute describes alternative "means" of performing an act, it does so clearly. It describes premeditated murder as "murder perpetrated by poison, lying in wait, *or any other kind* of willful, deliberate, malicious, and premediated killing." § 1111(a) (emphasis added). That language clearly indicates that "poison[ing]" and "lying in wait," *id.*, are "illustrative examples," and therefore alternative "means" of committing a premeditated killing. *Mathis*, 136 S. Ct. at 2256; *see Locust*, 95 F. App'x at 515 ("[L]ying in wait inherently demonstrates the deliberation and premeditation necessary to elevate a murder to the grade of first degree."). No similar language suggests that

29

*premeditation* and *felony-murder* are alternative means of committing the same element: premeditation is instead a separate "element[]" from the "felony-murder component of 18 U.S.C. § 1111." *United States v. Antelope*, 430 U.S. 641, 644 (1977).

Second, "court decision[s]" answer "the question." *Mathis*, 136 S. Ct. at 2256. Courts, including this Court and the Supreme Court, have repeatedly described "premeditation" as an "element."[6] And this Court has treated felony murders and premeditated murders like separate offenses, affirming separate convictions for each kind of murder of a single victim. *United States v. Higgs*, 353 F.3d 281, 289, 297 (4th Cir. 2003) (affirming convictions of "three counts of first-degree premeditated murder" and "three counts of first-degree murder

---

[6]    *See, e.g.*, *Antelope*, 430 U.S. at 644; *United States v. Medina-Garcia*, 226 F. App'x 281, 285–86 (4th Cir. 2007) (unpublished decision); *Turner*, 1998 WL 67797, at *3; *United States v. Bonilla-Romero*, 984 F.3d 414, 419 n.2 (5th Cir. 2020); *United States v. Bell*, 819 F.3d 310, 319 (7th Cir. 2016); *United States v. Begay*, 673 F.3d 1038, 1042 (9th Cir. 2011); *United States v. Catalan-Roman*, 585 F.3d 453, 467 (1st Cir. 2009); *United States v. Looking Cloud*, 419 F.3d 781, 789 (8th Cir. 2005); *United States v. Garcia-Meza*, 403 F.3d 364, 371–72 (6th Cir. 2005); *United States v. Bedonie*, 913 F.2d 782, 787–88 (10th Cir. 1990); *United States v. Slader*, 791 F.2d 655, 657 (8th Cir. 1986).

30

committed in the perpetration or attempted perpetration of a kidnapping" based on the killing of three victims); *United States v. Bridges*, No. 94-5130, 1994 WL 687301, at \*1 (4th Cir. Dec. 9, 1994) (unpublished decision) (upholding conviction for one count of premeditated murder and one count of felony murder for killing of one victim); *accord United States v. Gossett*, 877 F.2d 901, 907 (11th Cir. 1989) (Powell, J.) (rejecting argument "that the court erred in allowing the jury to convict" a defendant "of both premediated first-degree murder and felony murder" for the killing of a ship's captain).

Third, federal jury instructions about § 1111 establish that premeditated murder and felony murder require different elements. *Allred*, 942 F.3d at 650 (this Court "may consider how courts generally instruct juries" to determine whether an offense is divisible). As a typical example, the Fifth Circuit's pattern instruction identifies unlawful killing and "malice aforethought" as the first and second elements of the offense, respectively. Fifth Circuit Pattern Jury Instr. § 2.52A (2019). And it states that the third element ordinarily requires the government to prove "[t]hat the killing was premeditated." *Id.*

31

"If felony murder is charged," however, an "alternative third *element*" should be given," which requires the jury instead to find that "the killing was committed in the perpetration of a specific offense." *Id.* (emphasis added). "The jury charge should also instruct on the elements of the charged felony," the pattern instructions add. *Id.* Instructions used in other circuits are in accord,[7] and confirm that the "factual circumstances" that distinguish premeditated murder from felony murder are alternative "elements" that "the jury must find unanimously and beyond a reasonable doubt." *Bryant*, 949 F.3d at173.

Fourth, the way federal murder "has historically been charged" indicates that premeditated murder and felony murder have different elements. *Allred*, 942 F.3d at 651. "[F]ederal prosecutors typically

---

[7]  *See, e.g.*, *United States v. Turner*, No. 97-4104, 1998 WL 67797, at \*2 (4th Cir. Feb. 20, 1998) (unpublished decision); *United States v. Garcia-Meza*, 403 F.3d 364, 371 (6th Cir. 2005); Seventh Circuit Fed. Crim. Jury Instr. § 1111[1] (2020); Eighth Circuit Model Crim. Jury Instr. § 6.18.1111A (2020); Ninth Circuit Model Crim. Jury Instr. § 8.107 (2021). The pattern instructions of the Tenth and Eleventh Circuits include entirely different instructions for premeditated murder and first-degree murder. Tenth Circuit Pattern Crim. Jury Instr. §§ 2.52, 2.52.1 (2021); Eleventh Circuit Pattern Criminal Jury Instructions §§ 45.1, 45.2 (2020).

select and charge only one of the statutory alternatives" for first-degree murder under § 1111, *id.* — either murder with premeditation or felony murder.[8]   And when a defendant has committed both felony murder and premeditated murder, prosecutors have charged and obtained convictions for both crimes, *see Higgs*, 353 F.3d at 299; *Bridges*, No. 94-5130, 1994 WL 687301, at *1; *Gossett*, 877 F.2d at 905, confirming that the federal murder statute "defines multiple crimes by listing multiple, alternative elements," *Mathis*, 136 S. Ct. at 2245.

Fifth, the "behavior underlying" felony murder differs "significantly from" that of premeditated murder.   *Allred*, 942 F.3d at 650.   Premeditated murder requires an exceptionally high degree of

---

[8] *See, e.g., United States v. Bagola*, 796 F.3d 903, 906 (8th Cir. 2015) (felony murder); *United States v. Jackson*, 554 F. App'x 156, 157 (4th Cir. 2014) (unpublished decision) (premeditated murder); *United States v. Lespier*, 725 F.3d 437, 443 n.4 (4th Cir. 2013) (premeditated murder); *United States v. Agofsky*, 516 F.3d 280, 281 (5th Cir. 2008) (premeditated murder); *United States v. Rivera*, 412 F.3d 562, 565 (4th Cir. 2005) (premeditated murder); *United States v. Locust*, 95 F. App'x 507, 515 (4th Cir. 2004) (murder with premeditation and by lying in wait); *United States v. Becenti*, No. 98-213, 1999 WL 38157, *1 (10th Cir. Jan. 29, 1999) (unpublished decision) (felony murder); *United States v. Lopez-Alvarez*, 970 F.2d 583, 586–87, 596 (9th Cir. 1992) (felony murder).

33

homicidal intent but no particular *conduct*, apart from a killing. *Williams*, 342 F.3d at 350. Felony murder, in contrast, does not require "that the government prove premeditation," a plan, or even a desire to harm the victim. *Id.* But it requires proof of a killing during a specific kind of criminal conduct — "arson, escape, murder, kidnaping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, burglary, or robbery" — accompanied by the mens rea applicable to that crime. 18 U.S.C. § 1111(a) (2000). Because "each formulation of the crime involves a different type of conduct," they "should be treated as separate crimes warranting the use of the modified categorical approach." *Allred*, 942 F.3d at 650.

Sixth, that different types of murder in § 1111 "carry different punishments" indicates that they involve alternative elements. *Mathis*, 136 S. Ct. 2243. Because second-degree murder carries statutory penalties different from the other types of murder, § 1111(b), at least those "statutory alternatives . . . *must* be elements." *Mathis*, 136 S. Ct. at 2257 (emphasis added). The structure of the murder statute — with "'first-degree' and 'second-degree'" provisions

34

"linguistically interwoven," *Lewis v. United States*, 523 U.S. 155, 169 (1998) — indicates that all four statutory alternatives involve different elements.

Finally, this Court may "peek" at the "record of" the "conviction" for the "limited purpose of determining whether the listed items" in the statute "are elements of the offense." *Mathis*, 136 S. Ct. at 2256–57. The record establishes that the jury "unanimously found" that Jackson committed his § 1111 offense in furtherance of two listed offenses, kidnapping and aggravated sexual abuse. *Verdict Sheet* 2. And the jury *also* unanimously found that Jackson "committed the murder of Karen Styles with malice aforethought, willfully, deliberately, maliciously and with premeditation." *Id.* The verdict sheet "speak[s] plainly." *Mathis*, 136 S. Ct. at 2257. Felony murder and premeditation are not alternative means of satisfying one element; they are alternative *elements* that the jury found unanimously.

First-degree premeditated murder is a different offense with different elements from felony murder. And the record establishes that the jury unanimously found that one of Jackson's predicate offenses is

35

first-degree murder with "premeditation." *Verdict Sheet* 2. The district court, therefore, properly rejected Jackson's 2255 motion regardless of whether felony murder qualifies as a crime of violence.

### b. Jackson's aggravated sexual abuse offense continues to qualify as a crime of violence.

Jackson's aggravated sexual abuse of Karen Styles, 18 U.S.C. § 2241(a) (1998), also qualifies as a crime of violence under § 924(c)'s force clause. *Cf. Br. of Appellant* 22–33. Section 2241(a) punishes "[w]hoever, in the special maritime and territorial jurisdiction of the United States or in a federal prison, knowingly causes another person to engage in a sexual act" — "(1) by using force against that other person; or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping; or attempts to do so."

The statute requires a victim to engage in a "sexual act," a statutory term defined to include four kinds of conduct. 18 U.S.C. § 2246(2). First, the term includes "contact between the penis and the vulva or the penis and the anus," and the statute specifies that "contact involving the penis occurs upon penetration, however slight." 18

36

§ 2246(2)(A).   Second, the term includes "contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus." § 2246(2)(B).   Third, the term includes "the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."   § 2246(2)(C). Finally, the term includes "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."   § 2246(2)(D).

Because § 2241(a) requires proof that a defendant "knowingly caus[ed] another person to engage in a sexual act," the offense has as an element the use of force.   The requirement of "knowing[]" conduct demands at least the mens rea required by the force clause.   Jackson does not dispute that this requirement is sufficient.   *See United States v. Reid*, 861 F.3d 523, 527 (4th Cir. 2017).

A "sexual act" under § 2241(a) requires the quantum of force demanded by the force clause — "force capable of causing physical pain

37

or injury to another person." *Hammond*, 912 F.3d at 661. The clause, as mentioned, requires no "particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality." *Stokeling*, 139 S. Ct. at 554. The force required for "shoving" or "grabbing" is enough. *Id.* Each of the four statutorily proscribed sex acts involves a "potentiality" for "physical pain or injury." *Id.* Each involves direct physical contact with the genitals or anus. § 2246(2), (A) – (D). Contact of that kind has the "potentiality" to cause pain or injury. *Stokeling*, 139 S. Ct. at 554.

Jackson's focus on the statute's "slight" "penetration" threshold ignores its limitation to contact *with the genitals or anus*. 18 U.S.C. § 2246(2)(C). Jackson concedes that "the genitals or anus" are "indeed sensitive areas." *Br. of Appellant* 25–26. Because of this increased sensitivity, any contact — particularly "unwanted contact," *Br. of Appellant* 26 — carries a potential for causing pain or injury well greater than the "merest touching" of another's hand, arm, or shoulder. *Stokeling*, 139 S. Ct. at 553–54. By limiting the offense to contact with these physically sensitive areas, the statute focuses on conduct with at

38

least as much potential for causing pain or injury as an ordinary "pull,"

"yank[]," *Hammond*, 912 F.3d at 664, "shov[e]," or "grab[]," *Stokeling*,

139 S. Ct. at 554.   In the face of this intuitive conclusion, Jackson relies

on an unpublished decision, *United States v. Leshen*, 453 F. App'x. 408

(4th Cir. 2011) (unpublished decision), for his contention that

"penetration" of the "genitals or anus" involves no force, *Br. of Appellant*

25.   But that decision does not help him because it does not apply the

controlling definition of force set out in *Stokeling*.

Even if the "sexual act" element did not alone bring the statute

within the requirements of the force clause, the statute's other elements

would.   This court does "not view each element of the crime in

isolation."   *Roof*, 10 F.4th at 402.   The statute punishes a defendant

who knowingly causes another person to engage in a sexual act "by

*using force* against that other person" or "by threatening or placing that

other person in fear that any person will be subjected to *death, serious*

*bodily injury, or kidnapping*."   § 2241(a)(1), (2).   A "sexual act" that a

person "causes" with force, threat, or fear is not the kind of "mere[]

touching" excluded by the force clause.   *Stokeling*, 139 S. Ct. at 553–54.

39

The focus when applying the force clause is on the "minimum conduct" that the government "would *actually punish*." *United States v. Salmons*, 873 F.3d 446, 448 (4th Cir. 2017) (emphasis added). The standard does not permit the application of "'legal imagination' to the" predicate "offense." *United States v. Bell*, 901 F.3d 455, 472 (4th Cir. 2018) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)). For Jackson to prevail, "there must be a 'realistic probability, not a theoretical possibility,'" that the United States would "actually punish" someone who used force, threats, or fear to cause another person to engage in a sexual act that has no potential to cause pain or injury. *Salmons*, 873 F.3d at 448.

Jackson must "demonstrate that the [government] actually prosecutes the relevant offense in cases in the manner" he "claims," *United States v. Battle*, 927 F.3d 160, 164 (4th Cir. 2019) (quoting *Moncrieffe*, 569 U.S. at 191). To meet this obligation, he "must at least point to his own case or other cases in which" courts "in fact did apply the statute" in the "manner for which he argues." *Bell*, 901 F.3d at 472 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

40

Although Jackson acknowledges this principle, *cf. Br. of Appellant* 26–27, he has not identified even an imaginary scenario under which a person procures by force, threat, or fear a "sexual act" that would not be "capable of causing physical pain or injury." *Stokeling*, 139 S. Ct. at 544. And the real-world *decisions* Jackson cites applying § 2241(a) demonstrate that the conduct the government "would actually punish" as aggravated sexual abuse, *Salmons*, 873 F.3d at 448, involves at least as much force as a "shov[e]." *Stokeling*, 139 S. Ct. at 554.[9]

---

[9] *See United States v. Nielsen*, 640 F. App'x 224, 227 (4th Cir. 2016) (unpublished decision) (defendant engaged in "various sex acts" with twelve-year-old niece); *United States v. Rojas*, 520 F.3d 876, 882 (8th Cir. 2008) (defendant "painfully penetrat[ed]" victim, who was younger than ten years old, "digitally and with his penis on repeated occasions over an extended period"); *United States v. Johnson*, 492 F.3d 254, 256 (4th Cir. 2007) (defendant and cohort took turns raping victim; cohort "punched the victim repeatedly in the face, body, and head"); *United States v. Holly*, 488 F.3d 1298, 1302 (10th Cir. 2007) (testimony indicated defendant raped four women); *United States v. Lucas*, 157 F.3d 998, 1002 (5th Cir. 1998) (defendant "pulled off" victim's "pants and raped her"); *United States v. Bordeaux*, 997 F.2d 419 (8th Cir. 1993) (defendant had "anal intercourse with" the victim regularly "since she was about five years old"); *United States v. Lauck*, 905 F.2d 15 (2d Cir. 1990) (defendant held victim's "head 'forcibly' 'with both hands,' and engaged in abusive sexual contact with her."); *compare Hammond*, 912 F.3d at 664 (holding that a "pull" sufficient "to break a person's grip" is sufficient under the force clause). Another decision Jackson cites, *United States v. Webb*, involves a defendant who grabbed a victim's

41

In the words of the Supreme Court, "§ 2241(a) . . . prohibits *forced* sexual acts against 'another person.'" *Lockhart v. United States*, 136 S. Ct. 958, 964 n.1 (2016) (emphasis added). The offense categorically qualifies as a crime of violence under the force clause.

That the statute also punishes a person who "attempts" to "knowingly cause[] another person to engage in a sexual act," § 2241(a), does not help Jackson, for two reasons. *Cf. Br. of Appellant* 31–32. His predicate is the substantive offense, not an attempt. And an attempted aggravated sexual abuse would also satisfy the force clause.

First, attempted aggravated sexual abuse is a different offense from the completed crime, an offense with different elements. As Jackson acknowledges, *Br. of Appellant* 31, the "requisite elements of attempt" are "1) an intent to engage in sexual abuse by knowingly attempting to cause the" victim "to engage in a sexual act; and 2) conduct constituting a 'substantial step' toward the commission of the substantive offense which strongly corroborates the actor's criminal

---

hand and placed it on his genitals, but the decision notably does not involve a conviction under § 2241(a). 214 F.3d 962, 966 (8th Cir. 2000).

42

intent." *United States v. DeMarce*, 564 F.3d 989, 999 (8th Cir. 2009). Because these elements differ from those of the substantive offense, the statute is divisible. Like the Hobbs Act, 18 U.S.C. § 1951(a), section 2241(a) creates separate offenses: the substantive crime and the attempt crime. *See United States v. Taylor*, 979 F.3d 203, 209 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 2882 (2021).[10]

The record establishes that Jackson was convicted of "aggravated sexual abuse." *Verdict Sheet* 1. The attempt offense does not help him because it played no role in his conviction. *Id.*

Second, even if § 2241(a) were indivisible, attempted aggravated sexual abuse would meet the requirements of the force clause, which includes offenses that have as an element the "attempted use" of physical force against the person or property of another. 18 U.S.C. § 924(c)(3)(A). Knowingly *causing* another person to *engage* in a sexual act, § 2241(a), requires the "use" of physical force, § 924(c)(3)(A) — a threat alone will not accomplish that element of the substantive offense.

---

[10]   The Supreme Court has granted certiorari on the question whether the force clause excludes attempted Hobbs Act robbery.

*Br. of Appellant* 31–33.   "[B]ecause the substantive crime of violence invariably involves the *use* of force, the corresponding attempt to commit that crime necessarily involves the attempted use of force" and qualifies the offense as "a 'crime of violence' within the meaning of the force clause in § 924(c)(3)."   *Taylor*, 979 F.3d at 209.

### 3.    The error Jackson alleges would be harmless.

Even if the district court had erred by concluding that Jackson's predicate offenses of first-degree premeditated murder and aggravated sexual abuse qualify as "crimes of violence," the error would be harmless.   Errors on collateral review do not warrant relief unless they "had a substantial and injurious effect or influence" on the outcome of the proceedings.   *United States v. Smith*, 723 F.3d 510, 518 (4th Cir. 2013).   The standard, by design, requires more to support relief on collateral review than what is necessary on direct appeal.   *Id.*

If none of Jackson's predicate offenses constituted "crimes of violence" in § 924(c) and (j), the outcome of his trial would have been the same.   As mentioned, *see Argument* § B.1, *supra*, Jackson's § 924(c) conviction included the jury's findings that he committed the underlying

44

offenses of murder, kidnapping, and aggravated sexual abuse, and the jury found Jackson guilty of those offenses explicitly. *Randall*, 171 F.3d at 205; *Verdict Sheet* 1–2. Two of those offenses — murder and kidnapping — are themselves capital offenses, § 1111(a); § 1201(a). If those offenses were not "crimes of violence" under § 924(c), Jackson would "surely" have been charged with them directly, *Jackson*, 327 F.3d at 305 (bracket omitted). The jury would have found that Jackson committed those offenses as substantive counts, instead of as predicates, based on the same "overwhelming" evidence it received at trial. *Jackson*, 327 F.3d at 305. And the difference in legal theory at conviction would have had no effect on the appropriate penalty.

The charges would have required only slightly different allegations in the indictment — allegations encompassing the same conduct of which Jackson was charged and convicted. This Court has already held that an error requiring different charges the grand jury "[s]urely . . . would have returned" does not warrant reversal of Jackson's conviction or sentence. *Id.*

45

The errors Jackson alleges, accordingly, would have had no "*substantial* and *injurious* effect or influence" on the outcome of his criminal proceedings. *Smith*, 723 F.3d at 518 (emphasis added). The district court correctly concluded that Jackson is entitled to no relief, and this Court should, therefore, affirm the dismissal of Jackson's § 2255 motion.

### 4. Jackson requests an inappropriate remedy from this Court.

Finally, if this Court determined that the district court were obligated to grant his § 2255 motion, the remedy Jackson seeks from this Court — an order vacating his conviction and sentence and granting a "new trial," *Br. of Appellant* 33 — would be inappropriate. "In ruling on a § 2255 motion," a "district court" follows two steps. *United States v. Chaney*, 911 F.3d 222, 224–25 (4th Cir. 2018). Determining whether "the sentence is unlawful because of some legal defect in the conviction" is the first step, and the only step the district court undertook in this case. *Id.* If such a defect existed, the second step would have required the "district court" to move to the second step and determine "an appropriate remedy." *Id.* Section 2255 "confers a

46

broad and flexible power" to "fashion the appropriate remedy for an unlawful conviction," but it confers that power on "the district courts." *Id.* (cleaned up).

If this Court holds that Jackson's conviction contains a cognizable and prejudicial defect, it should allow the "district court" to "determine the nature and scope of the remedial proceedings in the first place." *Chaney*, 911 F.3d at 224 (quoting *United States v. Hadden*, 475 F.3d 652, at 669 (4th Cir. 2007)). The United States argued before the district court that, if the court decided to grant relief, the "appropriate remedy" would be to "vacate" Jackson's "section 924(c) conviction and instead enter judgment on the first-degree murder offense that the jury unanimously found Jackson committed." J.A. 83. The district court's discretion to employ that remedy finds ample support in the precedent of the Supreme Court and this Court. *See Rutledge*, 517 U.S. at 306 (describing the uniform view that courts, even on direct appeal, "may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense"); *Silvers*, 90 F.3d at 99 (upholding decision by

47

district court to enter judgment on lesser included offense when vacating erroneous offense under 2255).   And that remedy would place Jackson in "the same position he would have been" had the alleged error not occurred.   *Silvers*, 90 F.3d at 99.

Contrary to Jackson's argument, a decision granting him a new trial more than 20 years after his conviction would confer an inappropriate "windfall."   *Br. of Appellant* 34.   As the district court explained, "Jackson's crimes against Karen Styles involved some of the worst and most violent conduct that any human being can inflict on another:   kidnapping, assault, rape, and ultimately, murder."   J.A. 127.   "Jackson not only took the life of Karen Styles:   he terrorized, tortured, and raped her before executing her with a single bullet to the head."   J.A. 127.   His crimes, committed in the Pisgah national forest, were not only against Karen Styles and the state of North Carolina; Jackson committed offenses of the most serious kind against the United States, which the jury found unanimously and beyond a reasonable doubt.   J.A. 116–17.   Allowing Jackson to escape conviction for his offenses until the United States reproves the same elements, more than

48

two decades after his 2001 conviction, would confer an inappropriate windfall and risk a particularly great injustice. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (describing the "significant social costs" of retrying a defendant, including, "the erosion of memory and dispersion of witnesses that accompany the passage of time that make obtaining convictions on retrial more difficult" and "the frustration of society's interest in the prompt administration of justice").

## CONCLUSION

The district court properly rejected Jackson's successive collateral attack on his conviction after finding — consistently with common sense and precedent — that Jackson's first-degree premeditated-murder and aggravated-sexual-abuse offenses qualify as crimes of violence. The United States, therefore, respectfully requests that this Court affirm the district court's judgment.

## STATEMENT REGARDING ORAL ARGUMENT

This Court has stated that it expects to hold oral argument in this appeal. The United States welcomes the opportunity to answer any questions this Court may have.

Respectfully submitted, this 2nd day of December, 2021.

DENA J. KING
UNITED STATES ATTORNEY
s/ Anthony J. Enright
Anthony J. Enright
NY Bar Number # 4485140
Assistant United States Attorney
227 West Trade Street
Carillon Building, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Fax: (704) 344-6229
E-mail: Anthony.Enright@usdoj.gov

50

## CERTIFICATE OF COMPLIANCE

1.    This brief has been prepared using Microsoft Word 2010, Century Schoolbook, 14 point typeface.

2.    EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations, and the certificate of service, the brief contains ___9565___ words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.   If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

s/ Anthony J. Enright
Assistant United States Attorney
USAO Charlotte, NC

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day served a copy of the above upon Defendant herein by serving his attorney of record, Andrew Childers, through electronic case filing.

This 2nd day of December, 2021.

s/ Anthony J. Enright
Assistant United States Attorney
USAO Charlotte, NC