**FEDERAL COMMUNITY DEFENDER OFFICE**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*Capital Habeas Unit*

FEDERAL COURT DIVISION - DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

| | | |
|---|---|---|
| *LEIGH M. SKIPPER*<br>CHIEF FEDERAL DEFENDER | PHONE NUMBER (215) 928-0520<br>FAX NUMBER    (215) 928-0826<br>FAX NUMBER    (215) 928-3508 | *HELEN A. MARINO*<br>FIRST ASSISTANT FEDERAL<br>DEFENDER |

March 7, 2022

Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

**Re:**   *United States v. Jackson*, No. 20-9
          **Oral argument scheduled for March 10, 2022**

Pursuant to Fed. R. App. P. 28(j), Appellant Richard Jackson hereby advises the circuit clerk of pertinent and significant authorities that have come to his attention in support of his argument that federal first-degree murder is a single indivisible statute. *See* Reply Brief at 7-13.

"Congress is understood to legislate against a background of common-law adjudicatory principles." *Astoria Fed. Sav. & Loan Assn. v. Solimino*, 501 U.S. 104, 108 (1991). The federal homicide statutes "simply adopt the language of the traditional common-law offenses of murder and manslaughter." *United States v. Browner*, 889 F.2d 549, 551 (5th Cir. 1989). Federal murder, 18 U.S.C. § 1111, "reflects the English common law principle that one who caused another's death while committing or attempting to commit a felony was guilty of murder even though he did not intend to kill the deceased." *United States v. Tham*, 118 F.3d 1501, 1508 (11th Cir. 1997); *see also United States v. Thomas*, 34 F.3d 44, 48 (2d Cir. 1994) ("[U]nder the traditional common law felony murder rule, the malice of the robbery satisfies murder's malice."). Congress wrote the federal murder statute broadly to "cover[] all variants of murder" and "intended its statute to cover a

particular field—namely, 'unlawful killing of a human being with malice aforethought'—as an integrated whole." *Lewis v. United States*, 523 U.S. 155, 169 (1998).

Felony murder was never a separate offense under common law. Consistent with the common law, § 1111(a) codifies felony murder as a means of establishing the mens rea necessary for first-degree murder. The Government's divisibility argument, by contrast, seeks to make felony murder an entirely separate offense in a way that conflicts with the common law basis of the statute, Congressional intent, and the majority of state jurisdictions with similar first-degree murder statutes. *See United States v. Lobaton-Andrade*, 861 F.3d 538, 544 (5th Cir. 2017) (noting "'widespread acceptance' for construing analogous first-degree murder statutes setting forth multiple 'mental states as alternative means of satisfying the mens rea element of the single crime of first-degree murder.'") (quoting *Schad v. Arizona*, 501 U.S. 624, 642 (1991)).

Respectfully Submitted,

/s/Andrew Childers
Shawn Nolan
Andrew Childers
Federal Community Defender
  for the Eastern District
  of Pennsylvania
601 Walnut Street, Suite 545W
Philadelphia, PA 19106
(215) 928-0520
andrew_childers@fd.org

cc: All Counsel of Record