UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

UNITED STATES OF AMERICA,          )
                                   )
                                   )
     -VS-                          )  DOCKET NO. 1:00-CR-00074-1
                                   )  VOLUME VI
RICHARD ALLEN JACKSON,             )
                                   )
     DEFENDANT.                    )

TRANSCRIPT OF JURY TRIAL PROCEEDINGS
BEFORE THE HONORABLE LACY H. THORNBURG
UNITED STATES DISTRICT COURT JUDGE
MONDAY, MAY 7, 2001

APPEARANCES:

ON BEHALF OF THE GOVERNMENT:

     JERRY W. MILLER, ESQ.
     RICHARD L. EDWARDS, ESQ.
     JOE UBERMAN, ESQ.
     ASSISTANT UNITED STATES ATTORNEY

ON BEHALF OF THE DEFENDANT:

     STEPHEN P. LINDSAY, ESQ.
     DAVID BELSER, ESQ.
     SUSAN PARKE, ESQ.

ELISE SMITH EVANS, FAPR, RMR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
ASHEVILLE, NORTH CAROLINA

1237

BE DISTRACTED. THAT SIDE MIGHT HAVE MORE CLEVER, MORE ARTICULATE, BETTER LAWYERS, BUT THE FACTS AND TRUTH AND THE JUSTICE IN THIS CASE IS CLEAR.

I PROBABLY ARGUED TOO LONG AND I INSULT SOME OF YOUR INTELLIGENCE BY SUGGESTING THAT I CAN EXPLAIN THIS EVIDENCE TO YOU BETTER THAN YOU CAN SEE. FOLKS, THIS IS SO IMPORTANT. AGAIN, LET YOUR VERDICT SPEAK THE TRUTH SO THAT JUSTICE CAN BE DONE. THANK YOU.

THE COURT: MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD THE EVIDENCE AND ARGUMENTS OF THE ATTORNEYS, THE COURT WILL INSTRUCT YOU AS TO THE LAW APPLYING IN THIS CASE.

IT IS YOUR DUTY IN THIS TRIAL TO FIND THE FACTS. YOU MAY FIND THOSE FACTS ONLY FROM THE EVIDENCE THAT HAS BEEN PRESENTED DURING THE TRIAL. THE EVIDENCE CONSISTS ONLY OF THE TESTIMONY OF THE VARIOUS WITNESSES WHO HAVE BEEN CALLED, SWORN AND TESTIFIED IN YOUR PRESENCE, THE EXHIBITS WHICH HAVE BEEN ADMITTED INTO EVIDENCE BY THE COURT, AND STIPULATIONS OF FACT MADE BY THE PARTIES, IF ANY.

YOU MUST APPLY THE LAW GIVEN TO YOU BY THE COURT TO THE FACTS WHICH YOU FIND FROM THE EVIDENCE, AND YOU MUST FOLLOW THE LAW WHETHER YOU AGREE WITH IT OR NOT.

YOU MUST PERFORM YOUR DUTIES WITHOUT BIAS OR PREJUDICE OR SYMPATHY FOR ANY PARTY.

NOTHING THAT I MAY HAVE SAID OR DONE DURING THE COURSE OF THE TRIAL OR IN THE READING OF THESE INSTRUCTIONS IS INTENDED

ELISE SMITH EVANS, FAPR, RMR

1238

TO INDICATE, OR MAY BE TAKEN BY YOU AS INDICATING, WHAT YOUR VERDICT SHOULD BE IN THIS CASE.

THIS CASE INVOLVES CHARGES BY A SUPERSEDING BILL OF INDICTMENT OF USING AND CARRYING A FIREARM DURING AND IN RELATION TO A FEDERAL CRIME OF VIOLENCE IN THE COURSE OF WHICH THE DEFENDANT CAUSED THE DEATH OF KAREN STYLES BY THE USE OF A FIREARM, ALL SUCH ACTS OCCURRING WITHIN THE SPECIAL TERRITORIAL JURISDICTION OF THE UNITED STATES BROUGHT AGAINST THE DEFENDANT RICHARD ALLEN JACKSON.

AN INDICTMENT IS BUT A FORMAL METHOD OF ACCUSING A DEFENDANT OF A CRIME. IT IS USED TO INFORM THE DEFENDANT OF THE CHARGES AGAINST HIM AND TO BRING HIM TO TRIAL. IT IS NOT EVIDENCE OF ANY KIND AGAINST A DEFENDANT, NOR DOES IT GIVE RISE TO ANY PRESUMPTION OR INFERENCE OF GUILT.

THE GOVERNMENT HAS THE BURDEN OF PROVING TO YOU EACH OF ITS CONTENTIONS AND EACH OF THE ELEMENTS OF THE CRIME CHARGED IN THE INDICTMENT BEYOND A REASONABLE DOUBT.

THE TERM REASONABLE DOUBT MEANS JUST WHAT IT SAYS. IT IS A DOUBT BASED UPON REASON AND COMMON SENSE. AND ITS MEANING IS NO DOUBT EVIDENT -- SELF-EVIDENT AND UNDERSTOOD BY YOU, AND THE COURT WILL NOT ATTEMPT TO DEFINE THAT TERM FURTHER.

EVERY DEFENDANT IN A CRIMINAL CASE IS PRESUMED TO BE INNOCENT OF THE CRIME WITH WHICH HE IS CHARGED. THIS PRESUMPTION CONTINUES THROUGHOUT THE COURSE OF THE TRIAL. THE PRESUMPTION ENDS ONLY IF THE GOVERNMENT PROVES EACH OF THE ELEMENTS OF THE

ELISE SMITH EVANS, FAPR, RMR

CRIME CHARGED IN THE INDICTMENT BEYOND A REASONABLE DOUBT.  THIS BURDEN ON THE GOVERNMENT DOES NOT CHANGE AT ANY TIME DURING THE COURSE OF THE TRIAL.

THE DEFENDANT IS NOT ON TRIAL FOR ANY OFFENSE NOT CHARGED IN THE INDICTMENT.  YOU MAY NOT DRAW ANY INFERENCE CONCERNING GUILT OR LACK OF GUILT OF THE CRIME CHARGED IN THE CASE BASED ON THE EVIDENCE, IF THERE WAS ANY, OF A DEFENDANT'S INVOLVEMENT WITH ANY OFFENSE NOT CHARGED IN THE INDICTMENT HERE.

YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING EITHER GUILT OR INNOCENCE OF THE DEFENDANT.  THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  IT REQUIRES ONLY THAT YOU WEIGH ALL THE EVIDENCE AND BE CONVINCED OF A DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT BEFORE HE IS CONVICTED.

IN REACHING YOUR DECISION IN THIS CASE, YOU MUST DETERMINE THE CREDIBILITY OF THE WITNESSES.  YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES.  YOU MAY BELIEVE ALL, A PART, OR NONE OF WHAT A WITNESS SAYS FROM THE WITNESS STAND.

AMONG THE THINGS WHICH YOU MAY PROPERLY CONSIDER IN THE DETERMINATION OF THE CREDIBILITY OF THE WITNESSES ARE:  WHETHER

1240

THE WITNESS HAS ANY MOTIVE OR REASON FOR BEING TRUTHFUL OR UNTRUTHFUL IN HIS OR HER TESTIMONY; HIS OR HER INTEREST, IF ANY, IN THE OUTCOME OF THE CASE; WHETHER THERE HAS APPEARED FROM HIS OR HER ATTITUDE OR CONDUCT ANY BIAS OR PREJUDICE OR FEELING WHICH MAY CAUSE HIS OR HER TESTIMONY TO BE INFLUENCED; WHETHER HIS OR HER TESTIMONY BEARS THE EARMARKS OF TRUTHFULNESS; TO WHAT EXTENT, IF ANY, IT IS CORROBORATED OR CONFIRMED BY OTHER TESTIMONY WHICH IS NOT QUESTIONED, OR TO WHAT EXTENT, IF ANY, IT IS CORROBORATED OR CONFIRMED BY KNOWN OR ADMITTED FACTS; AND THE INTELLIGENCE AND MENTAL CAPACITY OF A WITNESS AND HIS OR HER OPPORTUNITY TO HAVE ACCURATE KNOWLEDGE OF THE MATTERS TO WHICH HE OR SHE TESTIFIES.

THE DEFENDANT HAS ELECTED NOT TO TESTIFY IN THIS CASE, AND THE COURT INSTRUCTS YOU THAT HE HAS A CONSTITUTIONAL RIGHT NOT TO TAKE THE STAND AND TESTIFY AND NOT TO SPEAK AT ALL OR OFFER ANY EVIDENCE, THE BURDEN OF PROOF BEING ENTIRELY UPON THE GOVERNMENT.  YOU MUST DRAW NO ADVERSE INFERENCES OF ANY KIND FROM HIS EXERCISE OF HIS PRIVILEGE NOT TO TESTIFY.

DURING THE TRIAL, YOU HEARD TESTIMONY OF THE FOLLOWING WITNESSES WHO WERE ACCEPTED BY THE COURT AS EXPERTS IN THEIR RESPECTIVE FIELDS:  FIRST, SPECIAL AGENT STEVE CASPER, FIREARMS AND TOOLMARKS; AND, SECOND, DR. ROBERT STRATBUCKER, PHYSIOLOGY AND STUN GUN MARKS AND EFFECT OF ITS USE ON THE HUMAN BODY.

THESE WITNESSES WERE PERMITTED TO TESTIFY EVEN THOUGH THEY DID NOT ACTUALLY WITNESS ANY OF THE EVENTS INVOLVED IN THIS TRIAL.

ELISE SMITH EVANS, FAPR, RMR

1241

A PERSON'S TRAINING AND EXPERIENCE MAY MAKE HIM AN EXPERT IN A TECHNICAL FIELD.  THE LAW ALLOWS THAT PERSON TO STATE AN OPINION HERE ABOUT MATTERS IN THAT PARTICULAR FIELD.  MERELY BECAUSE A WITNESS HAS EXPRESSED AN OPINION DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT THIS OPINION.  THE SAME AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER YOU BELIEVE HIS TESTIMONY AND CHOOSE TO RELY UPON IT.  IN MAKING THAT DECISION, YOU WILL CONSIDER THE WITNESS' BACKGROUND OF TRAINING AND EXPERIENCE, AND YOU WILL ALSO DECIDE WHETHER HIS OPINIONS WERE BASED ON SOUND REASONS, JUDGMENT, INFORMATION, AND COMMON SENSE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS, OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES, MAY OR MAY NOT CAUSE YOU TO DISCREDIT SUCH TESTIMONY.  TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY; AND INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON EXPERIENCE.  IN WEIGHING THE EFFECT OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR IMPEACHED BY SHOWING THAT HE OR SHE PREVIOUSLY MADE STATEMENTS WHICH ARE INCONSISTENT WITH HIS OR HER PRESENT TESTIMONY.  THE EARLIER CONTRADICTORY STATEMENTS ARE ADMISSIBLE ONLY TO IMPEACH THE CREDIBILITY OF THE WITNESS AND NOT TO ESTABLISH THE TRUTH OF THESE STATEMENTS.  AND IT'S THE PROVINCE OF THE JURY TO DETERMINE

ELISE SMITH EVANS, FAPR, RMR

1242

THE CREDIBILITY, IF ANY, TO BE GIVEN THE TESTIMONY OF A WITNESS WHO HAS BEEN IMPEACHED.

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR IMPEACHED BY SHOWING THAT THE WITNESS HAS BEEN CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM OF MORE THAN 1 YEAR. PRIOR CONVICTION DOES NOT RENDER A WITNESS INCOMPETENT TO TESTIFY, BUT IS MERELY A CIRCUMSTANCE WHICH YOU MAY CONSIDER IN DETERMINING THE CREDIBILITY OF THE WITNESS. IT IS THE PROVINCE OF THE JURY TO DETERMINE THE WEIGHT TO BE GIVEN TO ANY PRIOR CONVICTION AS IMPEACHMENT.

THE TESTIMONY THAT THE DEFENDANT MAY HAVE COMMITTED AT SOME OTHER TIME AN ACT SIMILAR TO THE ACT OR ACTS ALLEGED IN THE INDICTMENT IN THIS CASE MAY NOT BE CONSIDERED BY YOU IN DETERMINING WHETHER THE ACCUSED WAS LIKELY TO COMMIT OR IN FACT COMMITTED ANY ACT ALLEGED IN THE INDICTMENT.

HOWEVER, IF YOU FIND BEYOND A REASONABLE DOUBT FROM OTHER EVIDENCE IN THE CASE THAT THE ACCUSED DID THE ACT CHARGED IN THE INDICTMENT, THEN YOU MAY CONSIDER EVIDENCE AS TO SOME OTHER ACT OF A SIMILAR OR LIKE NATURE ON THE PART OF THE ACCUSED WHICH YOU FIND BEYOND A REASONABLE DOUBT TO BE TRUE IN DETERMINING THE STATE OF MIND OR INTENT WITH WHICH THE ACCUSED DID THE ACT CHARGED IN THE INDICTMENT. AND, WHERE PROOF OF AN ALLEGED SIMILAR ACT DONE AT SOME OTHER TIME AND PLACE IS CLEAR AND CONCLUSIVE, THE JURY MAY, BUT IS NOT OBLIGED TO, DRAW THE INFERENCE AND FIND THAT IN DOING THE ACT CHARGED IN THE

ELISE SMITH EVANS, FAPR, RMR

1243

INDICTMENT, THE ACCUSED ACTED WILLFULLY AND NOT BECAUSE OF MISTAKE OR ACCIDENT OR OTHER INNOCENT REASON.

DURING THE TRIAL, I INSTRUCTED YOU TO EXCLUDE FROM YOUR CONSIDERATION CERTAIN TESTIMONY OR STATEMENTS MADE FROM THE WITNESS STAND.  I REMIND YOU THAT IT IS YOUR DUTY TO FOLLOW THAT INSTRUCTION AND CONSIDER ONLY THAT EVIDENCE WHICH WAS DULY ALLOWED FROM THE WITNESSES PRESENTED TO YOU.

IF A LAWYER ASKS A WITNESS A QUESTION WHICH CONTAINS AN ASSERTION OF FACT, YOU MAY NOT CONSIDER THE ASSERTION AS EVIDENCE OF THAT FACT.  THE LAWYERS' STATEMENTS ARE NOT EVIDENCE.

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THIS CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE.  IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS WHICH HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THIS CASE.

I WILL NOW READ FOR YOU THE SUPERSEDING BILL OF INDICTMENT, THE STATUTES THE DEFENDANT IS CHARGED WITH VIOLATING, AND ALSO THE ESSENTIAL ELEMENTS OF THE OFFENSE.  YOU SHOULD KEEP IN MIND AS I REVIEW AND SUMMARIZE THE CHARGE THAT WHEN YOU GO INTO THE JURY ROOM TO DECIDE THE CASE, YOU WILL HAVE A COPY OF THE BILL OF INDICTMENT WITH YOU, AND IT WON'T BE NECESSARY FOR YOU TO TRY TO MEMORIZE, WHILE I SPEAK, EXACTLY HOW THE CHARGES ARE LAID.

1244

COUNT ONE OF THE BILL OF INDICTMENT READS AS FOLLOWS: ON OR ABOUT OCTOBER 31, 1994, IN BUNCOMBE COUNTY, WITHIN THE SPECIAL TERRITORY, JURISDICTION OF THE UNITED STATES, TO WIT, THE PISGAH NATIONAL FOREST, RICHARD ALLEN JACKSON DID UNLAWFULLY, KNOWINGLY, AND INTENTIONALLY USE AND CARRY A FIREARM, THAT IS, A .22 CALIBER RIFLE, DURING AND IN RELATION TO A CRIME OF VIOLENCE FOR WHICH HE MAY BE PROSECUTED IN A COURT OF THE UNITED STATES, WITH MURDER, TITLE 18, U. S. CODE, SECTION 1111, SUBPARAGRAPH (A); KIDNAPPING, TITLE 18, UNITED STATES CODE, SECTION 1201(A)(2); AND AGGRAVATED SEXUAL ABUSE, TITLE 18, UNITED STATES CODE, SECTION 2341(A)(1) AND (2) IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 924(J)(1), AND IN THE COURSE OF SUCH VIOLATION AND THROUGH THE USE OF SUCH FIREARM, DID CAUSE THE DEATH OF A PERSON, KAREN STYLES, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 924(J)(1), WHICH KILLING IS A MURDER AS DEFINED IN TITLE 18, UNITED STATES CODE, SECTION 1111, IN THAT RICHARD ALLEN JACKSON UNLAWFULLY KILLED A HUMAN BEING, KAREN STYLES, WITH MALICE AFORETHOUGHT BY SHOOTING HER WITH A FIREARM WILLFULLY AND DELIBERATELY AND MALICIOUSLY AND WITH PREMEDITATION AND IN THE PERPETRATION AND ATTEMPTED PERPETRATION OF A FELONY, TO WIT, KIDNAPPING AND AGGRAVATED SEXUAL ASSAULT, ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 924(C), 924(J), AND 7, PARAGRAPH (3).

THE DEFENDANT IS CHARGED IN COUNT ONE OF THE INDICTMENT WITH VIOLATING TITLE 18, UNITED STATES CODE, SECTION 7, PARAGRAPH

ELISE SMITH EVANS, FAPR, RMR

1245

(3), 924, PARAGRAPH (C), AND 924(J).

SECTION 7, PARAGRAPH (3) OF TITLE 18 OF THE UNITED STATES CODE STATES IN PERTINENT PART: THE TERM SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES AS USED IN THIS TITLE INCLUDES ANY LANDS RESERVED OR ACQUIRED FOR THE USE OF THE UNITED STATES AND UNDER EXCLUSIVE OR CONCURRENT JURISDICTION THEREOF.

SECTION 924(C) OF TITLE 18, UNITED STATES CODE, STATES IN PERTINENT PART: ANY PERSON WHO, DURING AND IN RELATION TO ANY CRIME OF VIOLENCE FOR WHICH THE PERSON MAY BE PROSECUTED IN A COURT OF THE UNITED STATES, USES OR CARRIES A FIREARM SHALL BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

SECTION 924(J) OF TITLE 18, UNITED STATES CODE, STATES IN PERTINENT PART: A PERSON WHO, IN THE COURSE OF A VIOLATION OF SECTION 924(C), CAUSES THE DEATH OF A PERSON THROUGH THE USE OF A FIREARM SHALL BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

NOW, IN ORDER FOR YOU TO CONVICT THE DEFENDANT OF THE CHARGE CONTAINED IN THE SUPERSEDING BILL OF INDICTMENT, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT: AT THE TIME AND PLACE DESCRIBED IN THE INDICTMENT, THE DEFENDANT COMMITTED A CRIME OF VIOLENCE FOR WHICH HE MAY BE PROSECUTED IN A COURT OF THE UNITED STATES, THAT IS, KIDNAPPING, AGGRAVATED SEXUAL ABUSE, OR MURDER; DURING AND IN RELATION TO THE CRIME OF VIOLENCE, THE DEFENDANT KNOWINGLY USED AND CARRIED THE FIREARM DESCRIBED IN THE INDICTMENT; THREE, IN

1246

THE COURSE OF COMMITTING THE CRIME OF VIOLENCE, THE DEFENDANT KILLED KAREN STYLES, A HUMAN BEING, BY USE OF THE FIREARM DESCRIBED IN THE INDICTMENT; FOUR, THE DEFENDANT KILLED KAREN STYLES WITH MALICE AFORETHOUGHT; FIFTH, THE KILLING OF KAREN STYLES WAS PREMEDITATED; OR THE KILLING OF KAREN STYLES OCCURRED DURING THE PERPETRATION OF THE CRIME OF KIDNAPPING OR AGGRAVATED SEXUAL ASSAULT; AND, SEVEN, THESE ACTIONS TOOK PLACE WITHIN THE SPECIAL TERRITORIAL JURISDICTION OF THE UNITED STATES, THAT IS, THE PISGAH NATIONAL FOREST.

NOW, I WILL DEFINE CERTAIN TERMS USED IN THE ESSENTIAL ELEMENTS, AND YOU ARE TO APPLY THESE DEFINITIONS AS YOU CONSIDER THE EVIDENCE. IF I DO NOT DEFINE CERTAIN WORDS, THEN YOU WILL ASSIGN TO THEM THEIR ORDINARY, EVERYDAY MEANINGS.

COUNT ONE OF THE INDICTMENT ALLEGES THAT THE DEFENDANT COMMITTED THREE CRIMES OF VIOLENCE FOR WHICH HE MAY BE PROSECUTED IN A COURT OF THE UNITED STATES: ONE, MURDER IN VIOLATION OF TITLE 18, U. S. CODE, SECTION 1111(A); SECOND, KIDNAPPING IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1201(A)(2); AND AGGRAVATED SEXUAL ABUSE, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 2241(A)(1) AND (2).

THE TERM CRIME OF VIOLENCE MEANS AN OFFENSE THAT IS A FELONY AND HAS AS ONE OF ITS ESSENTIAL ELEMENTS THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE AGAINST THE PERSON OR PROPERTY OF ANOTHER, OR AN OFFENSE THAT BY ITS VERY NATURE INVOLVES A SUBSTANTIAL RISK THAT SUCH PHYSICAL FORCE MAY

ELISE SMITH EVANS, FAPR, RMR

1247

BE USED IN COMMITTING THE OFFENSE.

IN ORDER FOR YOU TO FIND THE DEFENDANT GUILTY OF THE CRIME CHARGED IN THE SUPERSEDING BILL OF INDICTMENT, YOU MUST FIND THAT THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT COMMITTED ONE OR MORE OF THE CRIMES OF VIOLENCE CHARGED.

TITLE 18, UNITED STATES CODE, SECTION 1111(A) DEFINES MURDER AS THE UNLAWFUL KILLING OF A HUMAN BEING WITH MALICE AFORETHOUGHT WHICH IS COMMITTED WILLFULLY, DELIBERATELY, MALICIOUSLY, AND WITH PREMEDITATION OR WHICH IS COMMITTED IN THE PERPETRATION OF KIDNAPPING OR AGGRAVATED SEXUAL ASSAULT.

IN ORDER TO FIND THAT THE DEFENDANT HAS COMMITTED MURDER, YOU MUST UNANIMOUSLY AGREE THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT: FIRST, THE DEFENDANT KILLED KAREN STYLES, A HUMAN BEING; SECOND, THE DEFENDANT KILLED KAREN STYLES WITH MALICE AFORETHOUGHT; THIRD, THE KILLING OF KAREN STYLES WAS PREMEDITATED BY THE DEFENDANT OR WAS COMMITTED IN THE PERPETRATION OF KIDNAPPING OR AGGRAVATED SEXUAL ABUSE; AND, FOUR, THE DEFENDANT KILLED KAREN STYLES WITHIN THE SPECIAL TERRITORIAL JURISDICTION OF THE UNITED STATES, THAT IS, WITHIN THE PISGAH NATIONAL FOREST.

AS USED IN THESE INSTRUCTIONS, THE TERM MALICE AFORETHOUGHT MEANS EITHER TO KILL ANOTHER PERSON DELIBERATELY AND INTENTIONALLY OR TO ACT WITH CALLOUS AND WANTON DISREGARD FOR HUMAN LIFE.

ELISE SMITH EVANS, FAPR, RMR

1248

DELIBERATENESS MEANS THAT A PERSON ACTED IN A COOL STATE OF MIND. THIS DOES NOT MEAN THAT THERE HAD TO BE A TOTAL ABSENCE OF PASSION OR EMOTION. IF THE INTENT TO KILL WAS FORMED WITH A FIXED PURPOSE, NOT UNDER THE INFLUENCE OF SOME SUDDENLY AROUSED VIOLENT PASSION, IT IS IMMATERIAL THAT THE DEFENDANT WAS IN A STATE OF PASSION OR EXCITED WHEN THE INTENT WAS CARRIED OUT.

AS TO THE WORD INTENT, A PERSON WHO KNOWINGLY DOES AN ACT WHICH THE LAW FORBIDS, INTENDING WITH BAD PURPOSE EITHER TO DISOBEY OR TO DISREGARD THE LAW, MAY BE FOUND TO ACT WITH SPECIFIC INTENT. INTENT IS AN ACT OR EMOTION OF THE MIND, SELDOM IF EVER CAPABLE OF DIRECT OR POSITIVE PROOF, BUT, IN DETERMINING INTENT, YOU MAY CONSIDER ANY STATEMENT MADE AND ACT DONE OR OMITTED BY THE DEFENDANT AND ALL OTHER FACTS AND CIRCUMSTANCES IN EVIDENCE WHICH INDICATE HIS OR HER STATE OF MIND. YOU MAY CONSIDER IT REASONABLE TO FIND A PERSON INTENDS THE NATURAL AND PROBABLE CONSEQUENCES OF ACTS KNOWINGLY DONE OR KNOWINGLY OMITTED.

AS USED IN THESE INSTRUCTIONS, THE WORD PREMEDITATION MEANS WITH PLANNING OR DELIBERATION. THE PASSAGE OF TIME IS A FACTOR WHICH YOU MAY CONSIDER IN ATTEMPTING TO DETERMINE IF A DEFENDANT ACTED WITH PREMEDITATION. THE AMOUNT OF TIME NEEDED FOR PREMEDITATION OF A KILLING CAN DEPEND ON THE PERSON AND THE CIRCUMSTANCES. THE TIME MUST BE LONG ENOUGH AFTER FORMING THE INTENT TO KILL, HOWEVER, FOR THE KILLER TO HAVE BEEN FULLY CONSCIOUS OF THE INTENT AND TO HAVE CONSIDERED THE KILLING.

ELISE SMITH EVANS, FAPR, RMR

THE TERM WILLFULNESS, AS USED IN THESE INSTRUCTIONS TO DESCRIBE THE ALLEGED STATE OF MIND OF THE DEFENDANT, MEANS THAT HE KNOWINGLY PERFORMED AN ACT DELIBERATELY AND INTENTIONALLY AND ON PURPOSE AS CONTRASTED WITH ACCIDENTALLY, CARELESSLY, OR UNINTENTIONALLY.

MALICIOUS MEANS NOT ONLY HATRED OR ILL WILL AS COMMONLY UNDERSTOOD, BUT ALSO THAT CONDITION OF MIND WHICH PROMPTS A PERSON TO TAKE THE LIFE OF ANOTHER INTENTIONALLY OR TO INTENTIONALLY INFLICT BODILY HARM WHICH PROXIMATELY RESULTS IN HIS OR HER DEATH WITHOUT JUST CAUSE OR EXCUSE.

TO PERPETRATE MEANS TO COMMIT OR TO CARRY OUT AN ACT.

THE TERM SPECIAL MARITIME OR TERRITORIAL JURISDICTION OF THE UNITED STATES AS USED IN THESE INSTRUCTIONS MEANS ANY LANDS RESERVED OR ACQUIRED FOR THE USE OF THE UNITED STATES AND UNDER THE EXCLUSIVE OR CONCURRENT JURISDICTION OF THE UNITED STATES.

THE PISGAH NATIONAL FOREST IS WITHIN THE SPECIAL TERRITORIAL JURISDICTION OF THE UNITED STATES.  HOWEVER, IT IS FOR YOU TO DETERMINE WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE CRIME ALLEGED TOOK PLACE WITHIN THE PISGAH NATIONAL FOREST.

TITLE 18, UNITED STATES CODE, SECTION 1201(A)(2) DEFINES KIDNAPPING AS THE UNLAWFUL SEIZURE, CONFINEMENT, KIDNAPPING, ABDUCTION, OR CARRYING AWAY OF A PERSON AND THE HOLDING OF THAT PERSON FOR RANSOM, REWARD OR OTHERWISE WHEN THE

1250

ACTS AGAINST THE PERSON ARE DONE WITHIN THE SPECIAL TERRITORIAL JURISDICTION OF THE UNITED STATES.

IN ORDER TO FIND THAT THE DEFENDANT COMMITTED THE CRIME OF KIDNAPPING, YOU MUST FIND THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT: AT THE TIME AND PLACE DESCRIBED IN THE INDICTMENT, THE DEFENDANT KNOWINGLY AND WILLFULLY SEIZED, CONFINED, KIDNAPPED, ABDUCTED, OR CARRIED AWAY KAREN STYLES; TWO, THE DEFENDANT THEN HELD KAREN STYLES FOR RANSOM, REWARD, OR OTHER BENEFIT OR REASON; THREE, THESE ACTS OCCURRED WITHIN THE SPECIAL TERRITORIAL JURISDICTION OF THE UNITED STATES, THAT IS, THE PISGAH NATIONAL FOREST.

THE WORD KNOWINGLY AS USED IN THE CRIME CHARGED REFERS TO AN ACT DONE VOLUNTARILY AND PURPOSELY, AND NOT BECAUSE OF MISTAKE OR ACCIDENT OR OTHER INNOCENT REASON.

THE TERM KIDNAP AS USED IN THESE INSTRUCTIONS MEANS FORCIBLY TO HOLD, DETAIN, OR CARRY AWAY A PERSON AGAINST THAT PERSON'S WILL.

THE PHRASE AND HOLDS FOR RANSOM OR REWARD OR OTHERWISE MEANS TO DETAIN A PERSON FOR ANYTHING THAT THE INDIVIDUAL WHO IS HOLDING THE PERSON FEELS IS OF BENEFIT OR HAS VALUE. THIS IS NOT LIMITED TO MONEY OR ANY MEASURABLE OR MATERIAL ITEM. THIS INCLUDES HOLDING A PERSON FOR SEXUAL GRATIFICATION, CONTACT, EXPLOITATION AND/OR ASSAULT.

I HAVE DEFINED SPECIAL TERRITORIAL JURISDICTION AND WILLFULLY, AND YOU WILL RECALL THESE DEFINITIONS WHEN YOU

ELISE SMITH EVANS, FAPR, RMR

1251

CONSIDER THIS PREDICATE CRIME.

TITLE 18, UNITED STATES CODE, SECTION 2241(A)(1) AND (2) DEFINE AGGRAVATED SEXUAL ABUSE AS KNOWINGLY CAUSING ANOTHER PERSON TO ENGAGE IN A SEXUAL ACT BY USING FORCE AGAINST THAT PERSON OR BY THREATENING OR PLACING THAT PERSON IN FEAR THAT ANY PERSON WILL BE SUBJECTED TO DEATH, SERIOUS BODILY INJURY, OR KIDNAPPING WITHIN THE SPECIAL TERRITORIAL JURISDICTION OF THE UNITED STATES.

IN ORDER TO FIND THAT THE DEFENDANT COMMITTED THE CRIME OF AGGRAVATED SEXUAL ABUSE, YOU MUST FIND THAT THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT EACH OF THE FOLLOWING ESSENTIAL ELEMENTS: AT THE TIME -- FIRST, AT THE TIME AND PLACE DESCRIBED IN THE INDICTMENT, THE DEFENDANT KNOWINGLY CAUSED KAREN STYLES TO ENGAGE IN A SEXUAL ACT; SECOND, THE DEFENDANT DID THIS BY USING FORCE AGAINST KAREN STYLES; OR THE DEFENDANT DID THIS BY THREATENING OR PLACING KAREN STYLES IN FEAR -- KAREN STYLES IN FEAR THAT ANY PERSON WOULD BE SUBJECT TO DEATH, SERIOUS BODILY INJURY, OR KIDNAPPING; AND THESE ACTS TOOK PLACE WITHIN THE SPECIAL TERRITORIAL JURISDICTION OF THE UNITED STATES.

NOW, I HAVE ALREADY DEFINED THE TERMS KNOWINGLY, KIDNAPPING, AND SPECIAL TERRITORIAL JURISDICTION OF THE UNITED STATES AND YOU'RE TO RECALL THESE DEFINITIONS AS YOU DELIBERATE ON THIS CRIME.

THE TERM SEXUAL ACT INCLUDES CONTACT BETWEEN THE PENIS AND THE VULVA; AND FOR THE PURPOSES OF THIS DEFINITION, CONTACT

ELISE SMITH EVANS, FAPR, RMR

1252

INVOLVING THE PENIS OCCURS UPON PENETRATION, HOWEVER SLIGHT.

THE TERM SERIOUS BODILY INJURY MEANS SERIOUS BODILY INJURY WHICH INVOLVES A SUBSTANTIAL RISK OF DEATH, UNCONSCIOUSNESS, EXTREME PHYSICAL PAIN, PROTRACTED AND OBVIOUS DISFIGUREMENT, OR PROTRACTED LOSS OR -- PROTRACTED LOSS OR IMPAIRMENT OF THE FUNCTION OF A BODILY MEMBER, ORGAN OR MENTAL FACULTY.

NOW, I HAVE JUST INSTRUCTED YOU AS TO THE FIRST ESSENTIAL ELEMENT OF THE CRIME INVOLVING -- CRIME OF VIOLATING TITLE 18, UNITED STATES CODE SECTION, 924(C) AND (J). LET ME REMIND YOU AGAIN AS TO THE ELEMENTS OF THIS CRIME. FIRST, AT THE TIME AND PLACE DESCRIBED IN THE INDICTMENT, THE DEFENDANT COMMITTED A CRIME OF VIOLENCE FOR WHICH HE MAY BE PROSECUTED IN A COURT OF THE UNITED STATES; THAT IS, KIDNAPPING, AGGRAVATED, SEXUAL ABUSE, OR MURDER.

I HAVE JUST PROVIDED YOU WITH THE ESSENTIAL ELEMENTS OF THESE CRIMES OF VIOLENCE AND THE DEFINITIONS APPLICABLE TO EACH. THE REMAINING ESSENTIAL ELEMENTS WHICH YOU MUST FIND THAT THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT ARE AS FOLLOWS: DURING AND IN RELATION TO THESE CRIMES OF VIOLENCE, THE DEFENDANT KNOWINGLY USED AND CARRIED THE FIREARM DESCRIBED IN THE INDICTMENT; IN THE COURSE OF COMMITTING THE CRIME OF VIOLENCE, THE DEFENDANT KILLED KAREN STYLES, A HUMAN BEING, BY USE OF A FIREARM DESCRIBED IN THE INDICTMENT; THE DEFENDANT KILLED KAREN STYLES WITH MALICE AFORETHOUGHT; THE KILLING OF KAREN STYLES WAS

PREMEDITATED OR WAS COMMITTED DURING THE PERPETRATION OF THE CRIMES OF KIDNAPPING OR AGGRAVATED SEXUAL ABUSE; AND THESE ACTIONS TOOK PLACE WITHIN THE SPECIAL TERRITORIAL JURISDICTIONS OF THE UNITED STATES, THAT IS, THE PISGAH NATIONAL FOREST.

I HAVE ALREADY DEFINED FOR YOU THE TERMS CRIME OF VIOLENCE, MURDER, KIDNAP, AGGRAVATED SEXUAL ABUSE, MALICE AFORETHOUGHT, PREMEDITATION, KNOWINGLY, WILLFULLY, PERPETRATE, AND SPECIAL TERRITORIAL JURISDICTION OF THE UNITED STATES.  NOW I WILL NOW PROVIDE YOU WITH THE ADDITIONAL DEFINITIONS WHICH YOU ARE TO USE DURING YOUR DELIBERATIONS.

THE TERM FIREARM MEANS ANY WEAPON WHICH WILL OR IS DESIGNED TO OR MAY READILY BE CONVERTED TO EXPEL A PROJECTILE BY THE ACTION OF AN EXPLOSIVE.

IN ORDER TO SHOW USE OF A FIREARM, THE EVIDENCE MUST SHOW MORE THAN PASSIVE OR CONSTRUCTIVE POSSESSION; IT MUST SHOW ACTIVE EMPLOYMENT OF THE FIREARM DURING AND IN RELATION TO THE COMMISSION OF THE CRIMES OF VIOLENCE OF KIDNAPPING, AGGRAVATED SEXUAL ABUSE, OR MURDER.  IN CONSIDERING WHETHER THE DEFENDANT ACTIVELY USED THE FIREARM, YOU MAY CONSIDER EVIDENCE, IF ANY, THAT THE FIREARM DESCRIBED IN THE COUNT UNDER CONSIDERATION WAS FIRED, BRANDISHED, DISPLAYED, OR OTHERWISE ACTIVELY USED DURING AND IN RELATION TO A CRIME OF VIOLENCE.  MERE POSSESSION OF A FIREARM AT THE SCENE OF A CRIME WITHOUT ACTIVE EMPLOYMENT IS INSUFFICIENT TO SHOW USE THEREOF.

TO CARRY A FIREARM MEANS TO HAVE KNOWING POSSESSION AND

1254

BEARING, MOVEMENT, CONVEYANCE, OR TRANSPORTATION OF THE FIREARM IN SOME MANNER. THIS INCLUDES ACTUALLY CONVEYING A FIREARM ON ONE'S PERSON OR CONVEYANCE WITHIN A CAR OR A SATCHEL.

NOW, COUNT ONE OF THE INDICTMENT CHARGES THAT THE DEFENDANT COMMITTED THREE CRIMES OF VIOLENCE FOR WHICH HE MAY BE PROSECUTED IN A UNITED STATES COURT. THE FIRST CRIME OF VIOLENCE ALLEGED IS THE CRIME OF KIDNAPPING KAREN STYLES. THE SECOND CRIME OF VIOLENCE ALLEGED IS THE AGGRAVATED SEXUAL ABUSE OF KAREN STYLES. THE THIRD CRIME OF VIOLENCE ALLEGED IS THE MURDER OF KAREN STYLES.

IN ORDER FOR YOU TO FIND THE DEFENDANT GUILTY OF A CHARGE OF USING AND CARRYING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT COMMITTED ONE OR MORE OF THE THREE CRIMES OF VIOLENCE OF KIDNAPPING, AGGRAVATED SEXUAL ABUSE OR MURDER. IN REACHING YOUR VERDICT, YOU MUST UNANIMOUSLY AGREE THAT THE DEFENDANT USED AND CARRIED A FIREARM DURING AND IN RELATION TO THE COMMISSION OF A CRIME OF VIOLENCE. HOWEVER, IN ORDER FOR YOU TO FIND THE DEFENDANT GUILTY OF COUNT ONE, IT IS NOT NECESSARY THAT YOU UNANIMOUSLY AGREE THAT THE DEFENDANT COMMITTED ALL THREE OF THE PREDICATE CRIMES OF VIOLENCE. IF YOU UNANIMOUSLY FIND THAT THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT COMMITTED AT LEAST ONE OF THE THREE PREDICATE CRIMES OF VIOLENCE, AND YOU UNANIMOUSLY AGREE ON WHICH ONE OF THOSE THREE CRIMES WAS -- WHICH ONE OF THOSE THREE

1255

WAS COMMITTED, THEN YOU MAY FIND HIM GUILTY OF COUNT ONE OF THE INDICTMENT.  OF COURSE, YOU MAY UNANIMOUSLY FIND THAT THE DEFENDANT COMMITTED MORE THAN ONE OF THE THREE CRIMES.  HOWEVER, YOU MUST UNANIMOUSLY AGREE AS TO WHICH ONE OF THE THREE OR MORE WERE COMMITTED; THAT IS, YOU UNANIMOUSLY AGREE ON THE SAME PREDICATE CRIME.  UNLESS YOU UNANIMOUSLY AGREE THAT THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT HE COMMITTED AT LEAST ONE OF THEM, AND YOU UNANIMOUSLY AGREE ON THE SAME PREDICATE CRIME, THEN YOU MAY NOT FIND THE DEFENDANT GUILTY OF COUNT ONE OF THE INDICTMENT.

COUNT ONE OF THE INDICTMENT CHARGES THE DEFENDANT WITH USING AND CARRYING A FIREARM DURING THE COMMISSION OF THE CRIME OF VIOLENCE DURING THE COURSE OF WHICH HE KILLED KAREN STYLES WITH THAT FIREARM.  THIS COUNT ALLEGES THAT THE DEFENDANT COMMITTED MURDER IN ONE OF THREE WAYS.  JUST AS YOU MUST UNANIMOUSLY AGREE THAT THE DEFENDANT COMMITTED AT LEAST ONE CRIME OF VIOLENCE, YOU MUST ALSO UNANIMOUSLY AGREE THAT THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT COMMITTED MURDER IN ONE OF THE THREE MANNERS ALLEGED.

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT, ONE, UNLAWFULLY KILLED KAREN STYLES WITH PREMEDITATION AND MALICE AFORETHOUGHT; OR, TWO, KILLED KAREN STYLES IN THE PERPETRATION OF THE CRIME OF KIDNAPPING; OR, THREE, KILLED KAREN STYLES IN THE PERPETRATION OF THE CRIME OF AGGRAVATED SEXUAL ABUSE.  YOU DO NOT HAVE TO UNANIMOUSLY AGREE

1256

THAT THE DEFENDANT MURDERED KAREN STYLES IN ALL THREE MANNERS, ALTHOUGH IT IS PERMISSIBLE TO DO SO. HOWEVER, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT AND YOU MUST UNANIMOUSLY AGREE THAT THE DEFENDANT KILLED KAREN STYLES IN AT LEAST ONE OF THESE THREE MANNERS. AND AS NOTED ABOVE, YOU MUST UNANIMOUSLY AGREE AS TO WHICH ONE OF THE MANNERS; THAT IS, YOU MUST UNANIMOUSLY AGREE ON THE SAME ONE. IF YOU DO NOT UNANIMOUSLY AGREE AS TO THE MANNER OF KILLING, YOU MUST SO REPORT ON THE VERDICT SHEET.

IN THIS REGARD, YOU WILL HAVE A VERDICT SHEET WHICH WILL ASSIST YOU. IN ADDITION TO RENDERING WHAT IS KNOWN AS A GENERAL VERDICT, YOU WILL ALSO ANSWER SPECIFIC QUESTIONS AS TO THE BASIS FOR YOUR VERDICT IF IN FACT YOU FIND THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY OF COUNT ONE. IF YOU FIND THAT THE GOVERNMENT HAS NOT PROVED THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT OF THE CHARGE IN THE INDICTMENT, THEN YOU WILL NOT PROCEED TO ANSWER THE SPECIAL VERDICT.

THEREFORE, MEMBERS OF THE JURY, I INSTRUCT YOU THAT IF YOU FIND FROM THE EVIDENCE AND BEYOND A REASONABLE DOUBT THAT AT THE TIME AND PLACE DESCRIBED IN THE INDICTMENT, THE DEFENDANT COMMITTED ONE OR MORE OF THE CRIMES OF VIOLENCE, THAT IS, THE KIDNAPPING, AGGRAVATED SEXUAL ABUSE, OR MURDER OF KAREN STYLES; THAT DURING AND IN RELATION TO THE COMMISSION OF THAT CRIME, THE DEFENDANT KNOWINGLY USED OR CARRIED A FIREARM; THAT DURING THE

1257

COMMISSION OF THIS CRIME, THE DEFENDANT KILLED KAREN STYLES BY USE OF THE FIREARM; AND THE KILLING WAS MURDER AS I HAVE PREVIOUSLY DEFINED IT; THAT THESE ACTS OCCURRED WITHIN THE SPECIAL TERRITORIAL JURISDICTION OF THE UNITED STATES, THAT IS, IN THE PISGAH NATIONAL FOREST; AND THE DEFENDANT DID SUCH ACTS KNOWINGLY AND INTENTIONALLY, IT WOULD BE YOUR DUTY TO RETURN A VERDICT OF GUILTY AS CHARGED. HOWEVER, IF YOU DO NOT SO FIND, OR IF YOU HAVE A REASONABLE DOUBT AS TO ONE OR MORE OF THE ESSENTIAL ELEMENTS OF THE CRIME CHARGED IN COUNT ONE, IT WOULD BE YOUR DUTY TO GIVE THE DEFENDANT THE BENEFIT OF THAT DOUBT AND RETURN A VERDICT OF NOT GUILTY.

NOW, MEMBERS OF THE JURY, YOU HAVE HEARD THE EVIDENCE AND THE ARGUMENTS OF THE ATTORNEYS FOR THE GOVERNMENT AND FOR THE DEFENDANT. AS JURORS, IT IS YOUR DUTY TO REMEMBER AND CONSIDER ALL THE EVIDENCE IN THIS CASE AND TO TAKE YOUR OWN RECOLLECTION OF WHAT THE EVIDENCE WAS IN THIS CASE. IT IS YOUR DUTY ALSO TO CONSIDER ALL THE ARGUMENTS, THE CONTENTIONS AND THE POSITIONS OF THE ATTORNEYS IN THEIR SPEECHES TO YOU AND ANY OTHER CONTENTION THAT YOU FIND ARISES FROM THE EVIDENCE, AND TO WEIGH THEM ALL IN THE LIGHT OF YOUR COMMON SENSE, AND AS BEST YOU CAN, TO DETERMINE THE TRUTH IN THIS CASE.

I INSTRUCT YOU THAT A VERDICT IS NOT A VERDICT UNTIL IT IS UNANIMOUS.

THE COURT SUGGESTS THAT AS SOON AS YOU REACH THE JURY ROOM, BEFORE BEGINNING YOUR DELIBERATIONS, YOU SELECT ONE OF YOUR

ELISE SMITH EVANS, FAPR, RMR

1258

MEMBERS TO SERVE AS FOREMAN, WHETHER MAN OR WOMAN. THE FOREMAN HAS THE SAME VOTE AS THE REST OF THE JURORS, BUT SIMPLY SERVES TO PRESIDE OVER YOUR DISCUSSIONS. ONCE YOU BEGIN DELIBERATING, IF YOU NEED TO COMMUNICATE WITH ME, THE FOREMAN WILL SEND A WRITTEN MESSAGE TO ME BY KNOCKING ON THE DOOR AND HANDING IT TO THE MARSHAL. HOWEVER, IN ANY EVENT, DON'T TELL ME HOW YOU STAND NUMERICALLY AS TO YOUR VERDICT. FOR INSTANCE, IF YOU'RE SPLIT IN YOUR VOTE, DON'T TELL ME THE SPECIFIC NUMBERS IN YOUR NOTE.

WE USE A VERDICT SHEET FOR THE DEFENDANT WHICH IS SIMPLY A WRITTEN NOTICE OF THE DECISION THAT YOU REACH IN THIS CASE. AS SOON AS YOU HAVE REACHED A VERDICT AS TO ALL OF THE CHARGES CONTAINED IN THE BILL OF INDICTMENT, YOU WILL RETURN TO THE COURTROOM AND YOUR FOREMAN WILL, ON REQUEST, HAND THE VERDICT SHEETS TO THE CLERK.

NOW, YOU WON'T BE TAKING THE EXHIBITS WITH YOU INTO THE JURY ROOM WHEN YOU FIRST RETIRE, BUT IF DURING THE COURSE OF YOUR DELIBERATIONS YOU WISH TO HAVE ONE OR MORE OF THE EXHIBITS BROUGHT TO YOU TO USE DURING YOUR CONSIDERATION, THEN YOUR FOREMAN WILL SO ADVISE THE COURT OF WHICH EXHIBITS YOU WISH TO CONSIDER AND HAVE BROUGHT TO YOU IN THE JURY ROOM.

IS THERE ANY REQUEST FOR ADDITIONAL INSTRUCTIONS FROM THE GOVERNMENT THAT HAVE NOT BEEN PREVIOUSLY NOTED FOR THE RECORD OR OBJECTIONS TO THE INSTRUCTIONS AS GIVEN WHICH WERE NOT PREVIOUSLY NOTED?

MR. MILLER: NONE, YOUR HONOR.

ELISE SMITH EVANS, FAPR, RMR

1259

THE COURT:  FOR THE DEFENSE?

MR. BELSER:  NO, SIR.

THE COURT:  ALL RIGHT.  TO THE TWO ALTERNATE JURORS, IF YOU WILL JUST STEP OUT HERE IN FRONT OF THIS LITTLE WHITE MACHINE THAT YOU'RE LOOKING AT AND STAND THERE FOR A MOMENT, WHILE I -- YES, THAT'S FINE RIGHT THERE -- WHILE I EXCUSE THE REMAINING JURORS.  ALL RIGHT.  MADAM CLERK, YOU MAY TAKE THE VERDICT SHEET.

(THE JURY RETIRED FROM THE COURTROOM AT 3:24 P.M., AFTER WHICH THE FOLLOWING PROCEEDINGS WERE HAD.)

THE COURT:  TO THE ALTERNATE JURORS, IF YOU WILL JUST HAVE A SEAT THERE IN THOSE FIRST TWO SEATS ON THE FRONT ROW WILL BE FINE.  AS SOON AS THE CLERK RETURNS TO THE COURTROOM, I WILL HAVE HER TAKE YOU TO A SEPARATE ROOM WHERE YOU WILL BE WAITING TO SEE WHAT THE JURORS' VERDICT TURNS OUT TO BE.  DEPENDING ON THAT VERDICT, FOR EXAMPLE, IF THERE IS A FINDING OF GUILT OF THE CAPITAL OFFENSE, THEN YOU WILL RESUME YOUR SEATS AS ALTERNATE JURORS FOR THE PURPOSE OF SITTING THROUGH THE PENALTY PHASE OF THE TRIAL, AT WHICH TIME, OF COURSE, AGAIN, IF SOMETHING HAPPENS TO ANY ONE OF THE JURORS, YOU WILL BE CALLED UPON.  BUT AS SOON AS THE CLERK IS BACK, SHE'LL TAKE YOU TO A ROOM -- THERE IS A MADAM CLERK NOW.  SO, IF YOU WILL JUST GO WITH THE CLERK, SHE'LL SHOW YOU TO A ROOM AND SHOW YOU BACK TO THE COURTROOM WHEN IT IS NECESSARY FOR YOU TO RETURN.

MR. MILLER:  YOUR HONOR, DID YOU WANT TO GIVE THE INSTRUCTIONS NOT TO DISCUSS THE CASE FOR THE TWO ALTERNATES?

ELISE SMITH EVANS, FAPR, RMR