

# U.S. Department of Justice

*United States Attorney*
*Western District of North Carolina*

---

**Headquarters:**

Suite 1700, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
(704) 344-6222
FAX (704) 344-6629

**Branch:**

Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
(828) 271-4661
FAX (828) 271-4670

*Reply to: Charlotte Office*

March 11, 2022

Patricia S. Connor
Clerk, United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

      **Re:**    ***United States v. Jackson*, No. 20-9; Supplemental**
                 **Authority under Rule 28(j)**

Dear Ms. Connor:

At oral argument in *United States v. Jackson*, No. 20-9, this Court discussed with the parties the standard that would apply if uncertainty existed about whether the jury had found that Richard Jackson committed premeditated murder. *United States v. Said* addresses the standard that applies when a movant under 28 U.S.C. § 2255 challenges a conviction under 18 U.S.C. § 924(c) based on multiple predicates, only some of those predicates continue to qualify as a crime of violence, and the "record does not indicate which predicates the jury relied on." --- F.4th ----, 2022 WL 535197, at *1, *7 (4th Cir. Feb. 23, 2022). The Court held that the 2255 movant has the "burden" of showing that submission of erroneous predicates had a "substantial and injurious effect or influence in determining the jury's verdict." *Id.* at *1 (quoting *United States v. Smith*, 723 F.3d 510, 512 (4th Cir. 2013)).

This Court held in *Said* that "uncertainty" about which predicates the jury relied on when it found Jackson guilty under § 924(c) would "not suffice" to demonstrate "the sort of substantial and injurious error required for habeas relief." *Id.* at 6. If this Court were to conclude that the federal murder statute is divisible and felony murder is not a crime of violence, Jackson would have the burden to show "more than a reasonable possibility" that the jury "*only* found him guilty" based on felony murder or another invalid predicate. *Id.* at *6. Jackson cannot

meet this burden.  Evidence of Jackson's premeditation was "overwhelming." *id.* at *8.  This Court already held as much.  *United States v. Jackson*, 327 F.3d 273, 305 (4th Cir. 2003).  And the jury "unanimously found" that Jackson "committed the murder of Karen Styles" with "premeditation."  *Verdict Sheet, United States v. Jackson*, 1:00CR74, at *2 (W.D.N.C. May 7, 2001) (Doc. No. 176).

The jury found that Jackson committed the offense of first-degree premeditated murder under § 1111(a).  Because that offense qualifies as a crime of violence under § 924(c), this Court should affirm the district court's denial of Jackson's § 2255 motion.

Sincerely,

Dena J. King
United States Attorney

s/Anthony J. Enright
Assistant United States Attorney

cc: all counsel of record (by ECF)

Page 2