# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## *Capital Habeas Unit*

FEDERAL COURT DIVISION - DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

| | | |
|---|---|---|
| ***LEIGH M. SKIPPER*** | PHONE NUMBER (215) 928-0520 | ***HELEN A. MARINO*** |
| CHIEF FEDERAL DEFENDER | FAX NUMBER     (215) 928-0826 | FIRST ASSISTANT FEDERAL |
| | FAX NUMBER     (215) 928-3508 | DEFENDER |

March 14, 2022

Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

**Re:**   *United States v. Jackson*, No. 20-9
       **Response to the Government's March 11, 2022, Rule 28(j) Letter**

The Government argues that *if* this Court finds that first-degree murder is divisible and *if* there is uncertainty as to whether the jury relied upon a valid predicate conviction, it should apply *United States v. Said*, No. 21-7089, 2022 WL 535197 (4th Cir. Feb. 23, 2022). The Government's reliance on *Said* is misplaced.

Foremost, based on decisional law and the text of the statute, federal first-degree murder is indivisible. *See* Reply Brief at pp. 7-13 and March 7, 2022, Rule 28(j) letter. Here, applying the categorical approach required by precedent, the inclusion of felony murder in the first-degree murder statute allows a conviction even where a killing is accidental or reckless, and thus, does not constitute a crime of violence. *See* Brief at 19-20 & Reply Brief at 13-17. *Said* plays no role in this analysis.

Second, *Said* addressed issues that are distinct from those presented here. *Said* involved the application of the harmless error standard from *Brecht v. Abrahamson*, 507 US 619 (1993), to an instructional error. *Said*, 2022 WL 535197, at *5-6. The *Brecht* standard has no applicability here. Rather, Mr. Jackson's claim

is that he is no longer guilty of his conviction under 18 U.S.C. § 924(c) because the three predicate offenses alleged by the Government no longer establish the required "crime of violence" element of this conviction.

The defendant in *Said* "was charged with, and the jury found him guilty of, both valid and invalid predicates" and "[b]oth parties agree[d] with the district court that instructing the jury that any of these crimes could serve as predicates for the § 924(c) charges was error." *Said*, 2022 WL 535197, at *4. Thus, the Court was left with the task of evaluating the harm from the erroneous jury instructions that allowed the jury to consider various predicates, both valid and invalid, as the basis for his § 924(c) conviction.

Unlike in *Said*, Mr. Jackson claims that all three predicates – kidnapping, murder, and aggravated sexual abuse – are invalid. As *Said* itself acknowledges, a § 924(c) conviction based solely on invalid predicates cannot stand. *Said*, 2022 WL 535197, at *4.

Respectfully Submitted,

/s/Andrew Childers
Shawn Nolan
Andrew Childers
Federal Community Defender
 for the Eastern District
 of Pennsylvania
601 Walnut Street, Suite 545W
Philadelphia, PA 19106
(215) 928-0520
andrew_childers@fd.org

cc: All Counsel of Record