No. 20-9

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

---

**RICHARD ALLEN JACKSON,**
                          **Appellant,**


v.


**UNITED STATES OF AMERICA,**
                          **Appellee.**

---

**MEMORANDUM PURSUANT TO LOCAL RULE 28(e)**

---

**On Appeal from the United States District Court
for the Western District of North Carolina (No. 1:16-cv-212-MR)**

Shawn Nolan
Andrew Childers
Federal Community Defender for
 the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
andrew_childers@fd.org

March 17, 2022

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................ii

ARGUMENT ................................................................................................................. 1

  I.   *MATHIS V. UNITED STATES* GUIDES THIS COURT'S ANALYSIS......... 1

  II.  THE SUPREME COURT'S DECISION IN *SCHAD V. ARIZONA*, COMMON LAW, AND THE TEXT OF 18 U.S.C. § 1111 ESTABLISH THAT FIRST-DEGREE MURDER IS A SINGLE INDIVISIBLE OFFENSE. ...........................................................................................3

  III.  THE MODIFIED CATEGORICAL APPROACH YIELDS THE SAME RESULT. ......................................................................................5

      A.   The Indictment. ......................................................................5

      B.   The Jury Instructions. ...........................................................6

      C.   The Verdict Sheets. ...............................................................9

i

# TABLE OF AUTHORITIES

**Federal Cases**

*Borden v. United States*, 141 S. Ct. 1817 (2021) ....................................................... 1

*Descamps v. United States*, 570 U.S. 254 (2013) ................................................. 8-9

*Mathis v. United States*, 136 S. Ct. 2243 (2016) ............................................. passim

*Schad v. Arizona*, 501 U.S. 624 (1991) ........................................................... passim

*United States v. Browner*, 889 F.2d 549 (5th Cir. 1989) ........................................ 3

*United States v. Lobaton-Andrade*, 861 F.3d 538 (5th Cir. 2017) ......................... 3

*United States v. Nguyen*, 155 F.3d 1219 (10th Cir. 1998) ..................................... 4

*United States v. Thomas*, 34 F.3d 44 (2d Cir. 1994) .............................................. 4

**Federal Statutes**

18 U.S.C. § 1111 ........................................................................................ passim

Appellant Richard Jackson respectfully submits this additional memorandum after oral argument under Local Rule 28(e).

At oral argument on March 10, 2022, the panel requested that the Government submit the jury instructions from trial within ten days. The Government submitted the relevant portions of these instructions on March 11, 2022. [ECF No. 60-2]. Mr. Jackson now submits this additional memorandum to explain the relevance of these jury instructions, as well as the other record documents (the indictment and verdict forms), to this Court's analysis of whether first-degree murder under 18 U.S.C. § 1111(a) is an indivisible or divisible crime.

The key issue in this case is whether premeditation and felony murder are separate means of committing the crime of first-degree murder, or elements defining entirely separate crimes. If they are different means of committing a single crime, then federal first-degree murder is not categorically a crime of violence because felony murder can be committed with a mens rea less than recklessness. *See Borden v. United States*, 141 S. Ct. 1817, 1834 (2021).

**ARGUMENT**

I.     *Mathis v. United States* **Guides this Court's Analysis.**

The Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), provides a roadmap for the Court's analysis. This Court must start by applying the categorical approach, which is "straightforward when a statute sets

1

out a single (or 'indivisible') set of elements of elements to define a single crime." *Id.* at 2248. The categorical approach is also appropriate in a case like *Mathis* that "concerns a different kind of alternatively phrased law: not one that lists multiple elements disjunctively, but instead one that enumerates various factual means of committing a single element." *Id.* (citing *Schad v. Arizona*, 501 U.S. 624, 636 (1991) (plurality op.)).

First-degree murder under 18 U.S.C. §1111(a) is such a statute. As Mr. Jackson has argued in his Reply Brief at 7-13 [ECF No. 49] and March 7, 2022, Rule 28(j) letter [ECF No. 57], federal first-degree murder, just like the statute in *Mathis*, "merely specifies diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense" so that "a jury need not find (or a defendant admit) any particular item." *Mathis*, 136 S. Ct. at 2249. In *Mathis*, the Supreme Court held that "the court below erred in applying the modified categorical approach to determine the *means* by which Mathis committed his prior crimes" because "such facts are irrelevant." *Id.* at 2253 (emphasis added). The "modified approach serves—and serves solely—as a tool to identify the *elements* of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque." *Id.* at 2253-54. Thus, this Court must "disregard[] the means by which the defendant committed his crime, and look[] only to that offense's elements." *Id.* at

2

2256. When applied to the issues here, *Mathis* dictates that federal first-degree murder is indivisible.

## II. The Supreme Court's Decision in *Schad v. Arizona*, Common Law, and the Text of 18 U.S.C. § 1111 Establish that First-Degree Murder Is a Single Indivisible Offense.

*Mathis* firsts look to relevant decisional law and the text of the statute itself "to determine whether its listed items are elements or means." 136 S. Ct. at 2256. This "threshold inquiry—elements or means?—is easy in this case, as it will be in many others," because a "decision definitively answers the question." *Id.*

Here, decisional law establishes that federal first-degree murder is a single indivisible offense. The Supreme Court's decision in *Schad*, the common law understanding of murder incorporated into the federal statute, and the "'widespread acceptance' for construing analogous first-degree murder statutes setting forth multiple 'mental states as alternative means of satisfying the mens rea element of the single crime of first-degree murder,'" *United States v. Lobaton-Andrade*, 861 F.3d 538, 544 (5th Cir. 2017) (quoting *Schad*, 501 U.S. at 642), definitively establish that federal first-degree murder is indivisible. *See* Reply Brief at 7-13 & March 7, 2022, Rule 28(j) letter. The text of the federal murder statute further supports a finding of indivisibility. *See United States v. Browner*, 889 F.2d 549, 551 (5th Cir. 1989) (noting the federal homicide statutes "simply adopt the language of the traditional common-law offenses of murder and manslaughter").

Justice Scalia's concurrence noted that *Schad* rejected the very argument the Government now puts forth for divisibility, observing that "down to the present time the United States and most States have a single crime of first-degree murder that can be committed by killing in the course of a robbery as well as premeditated killing." *Schad*, 501 U.S. at 649 (Scalia, J., concurring). In his view, "Schad and the dissenting Justices would in effect have us abolish the crime of first-degree murder and declare that the Due Process Clause of the Fourteenth Amendment requires the subdivision of that crime into (at least) premeditated murder and felony murder." *Id*. Justice Scalia further noted that "[t]he plurality rejects that course—correctly . . ." and that "[a]s the plurality observes, it has long been the general rule that when a single crime can be committed in various ways, jurors need not agree upon the mode of commission." *Id.*

Thus, *Schad* establishes that federal first-degree murder is a single indivisible offense. *See also United States v. Nguyen*, 155 F.3d 1219, 1229 (10th Cir. 1998) (citing *Schad* for the proposition that premeditated murder and felony murder are alternative means of satisfying the mental state that federal first-degree murder under 18 U.S.C. § 1111 presupposes); *United States v. Thomas*, 34 F.3d 44 (2d Cir. 1994) (applying *Schad* to § 1111).

That is the end of the inquiry. Because this court "can readily determine the nature of [the] alternatively phrased list," *Mathis*, 136 S. Ct. at 2256, in the first-

4

degree murder statute as means rather than elements, the crime is indivisible, and the jury instructions and other record documents play no role.

## III. The Modified Categorical Approach Yields the Same Result.

Even if the modified categorical approach applied to Mr. Jackson's case, the indictment, jury instructions, and verdict forms do not support a finding of divisibility. Only if this Court determines that the "law fails to provide clear answers," then may it apply the modified categorical approach and "peek at the record documents . . . for the sole and limited purpose of determining whether the listed items are elements of the offense." *Id.* at 2256-57 (quotation marks and citation omitted). *Mathis* noted that indictments and jury instructions "will often 'reflect the crime's elements' and so can reveal . . . whether a statutory list is of elements or means." *Id.* n.7. These "record materials" must "speak plainly," and "if they do not, a sentencing judge will not be able to satisfy '*Taylor*'s demand for certainty'" for determining whether a statute is indivisible or divisible. *See Mathis*, 136 S. Ct. at 2257. Here, the record materials do not speak plainly with the certainty necessary to find the crime divisible under *Mathis*.

### A. The Indictment.

First, as detailed in Mr. Jackson's Reply Brief at 19, the indictment did not treat first degree murder as a divisible statute, as it did not specify first-degree murder and felony first-degree murder as separate crimes. JA0158. Rather, the

5

indictment described premeditated and felony murder as separate means of committing a single crime: "murder as defined in Title 18 United States Code, Section 1111, in that Richard Allen Jackson unlawfully killed a human being, Karen Styles, with malice aforethought, by shooting her with the firearm willfully, deliberately, maliciously, and with premeditation, and in the perpetration and attempted perpetration of a felony, to wit: kidnapping and aggravated sexual abuse." JA0159. This is "as clear an indication as any that each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt." *Mathis*, 136 S. Ct. at 2257.

**B.     The Jury Instructions.**

The jury instructions were inconsistent and lacked clarity. The judge first read the indictment, which supports a finding of indivisibility as noted above. Jury Instructions at 1244. In describing the elements of the single § 924(c) & (j) offense, the trial court described premeditated and felony-murder as alternative means of satisfying a single element of the crime: "Fifth, the killing of Karen Styles was premeditated; or the killing of Karen Styles occurred during the perpetration of the crime of kidnapping or aggravated sexual assault [sic] . . . " *Id.* at 1246. When specifically defining murder shortly thereafter, the judge again defined first-degree murder as a single indivisible offense:

6

In order to find that the defendant has committed murder, you must unanimously agree that the Government has proved each of the following essential elements beyond a reasonable doubt: First, the defendant killed Karen Styles, a human being; second, the defendant killed Karen Styles with malice aforethought; *third, the killing of Karen Styles was premeditated by the Defendant or was committed in the perpetration of kidnapping or aggravated sexual abuse*; and, four, the defendant killed Karen Styles within the special territorial jurisdiction of the United States, that is, within the Pisgah National Forest.

*Id.* at 1247 (emphasis added).

This instruction describes premeditated and felony murder as alternative means to establish the third element of the murder charge. The instruction did not treat premeditated and felony murder as separate and discrete elements of separate crimes and did not require the jury to make separate findings.

In contrast, the Court's later instructions told the jury that the indictment "alleges that the defendant committed murder in one of three ways," and "just as you must unanimously agree that the defendant committed at least one crime of violence, you must also unanimously agree that the Government has proved beyond a reasonable double that the defendant committed murder in one of the three manners alleged." *Id.* at 1255. The Court then instructed:

The Government must prove beyond a reasonable doubt that the defendant, one, unlawfully killed Karen Styles with premeditation and malice aforethought; or, two, killed Karen Styles in the perpetration of the crime of kidnapping; or, three, killed Karen Styles in the perpetration of the crime of aggravated sexual abuse. You do not have to unanimously agree that the defendant murdered Karen Styles in all three manners, although it is permissible to do so. However, the

7

> Government must prove beyond a reasonable doubt and you must unanimously agree that the defendant killed Karen Styles in at least one of these three manners. And as noted above, you must unanimously agree as to which one of the manners; that is, you must unanimously agree on the same one. If you do not unanimously agree as to the manner of killing, you must so report on the verdict sheet.

*Id.* at 1255-56.

At best, the two sets of instructions noted above are contradictory. The initial instruction allows the jury to find Mr. Jackson guilty of a single murder without unanimously agreeing on the means of commission – premeditation or felony murder. The later instruction requires separate findings to support what is ultimately still a finding relating to a single crime. The conflict between the instructions shows a lack of certainty that cannot support a finding of divisibility.

These instructions do not establish that first-degree murder is a divisible offense – rather, they further support that premeditation and felony murder are separate means, or as the trial court put it, "manners," of committing the same crime. That these instructions required the jury to unanimously agree on a *means* of first-degree murder, above and beyond what *Schad* and the Constitution require, does not render first-degree murder divisible in the face of other evidence of indivisibility. *See Descamps v. United States*, 570 U.S. 254, 272-73 (2013) (noting that "a court blessed with sufficient time and imagination could devise a laundry

8

list" of alternative means for satisfying a single element to impermissibly "hypothetically reconceive" an indivisible statute "in divisible terms").

Taken as a whole, the instructions are consistent with first-degree murder being a single indivisible crime. At the very least, they do not speak with certainty to plainly establish that first-degree murder is divisible as required by *Mathis*.

### C.    The Verdict Sheets.

The verdict sheets also do not establish with any certainty that first-degree murder is divisible. In rendering its general verdict, the jury only found that Mr. Jackson "committed the crime of the murder of Karen Styles" as an underlying "crime[] of violence." *Verdict Sheet* at 1. Only after this verdict was rendered did the jury further find that Mr. Jackson committed this murder with premeditation as well as in the furtherance of the felonies of kidnaping and aggravated sexual abuse. *Verdict Sheet* at 2. Even the special verdict form does not describe these findings as separate crimes, but instead "one or more of the following *ways* of committing murder." *Verdict Sheet* at 2 (emphasis added). The fact that the jury unanimously found three different ways (i.e., means) of committing first-degree murder does not of itself render the statute divisible.

The Court in *Mathis* held that the categorical approach and its reasoning "appl[ies] regardless of whether a statute omits or instead specifies alternative possible means of commission," and the "itemized construction gives a sentencing

9

court no special warrant to explore the facts of an offense, rather than to determine the crime's elements . . ." 136 S. Ct. at 2251. Thus, "[h]ow a given defendant actually perpetrated the crime—what we have referred to as the underlying brute facts or means of commission—makes no difference." *Id.* (quotation marks and citation omitted). "All that counts . . . are the elements of the statue of conviction." *Id.* (quotation marks and citation omitted).

The Supreme Court's decision in *Schad*, the common law understanding of murder, and the text of the murder statute itself establish that first-degree murder is a single indivisible crime. It is for the Supreme Court or Congress to address any discomfiting results from this application of precedent. As the law now stands, Mr. Jackson is entitled to relief.

Respectfully submitted,

*/s/Andrew Childers*
Shawn Nolan
Andrew Childers
Federal Community Defender
  for the Eastern District
  of Pennsylvania
601 Walnut Street, Suite 545W
Philadelphia, PA 19106
(215) 928-0520
andrew_childers@fd.org

Dated: March 17, 2022

10