# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

Nos. 18-2800 / 18-2877

---

## UNITED STATES OF AMERICA,

Appellee,

v.

## RAYNAL KING,
## and
## HOWARD R. ROSS, III,

Appellants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION
HONORABLE GREG KAYS, DISTRICT JUDGE

---

## SUPPLEMENTAL BRIEF FOR THE UNITED STATES

---

TERESA A. MOORE
  United States Attorney

BRIAN P. CASEY
  Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, 5th Floor
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

*Attorneys for Appellee*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..............................................................................i

TABLE OF AUTHORITIES .......................................................................ii

INTRODUCTION .....................................................................................1

ARGUMENT ............................................................................................3

A.　Kidnapping resulting in death does not require any mental state with respect to the death that results. ....................................................5

B.　The implied mens rea of "malice aforethought" does not equate to the knowing or extremely reckless use of force.............................11

CONCLUSION........................................................................................19

CERTIFICATE OF COMPLIANCE.........................................................20

CERTIFICATE OF SERVICE .................................................................21

-i-

Appellate Case: 18-2877　　Page: 2　　Date Filed: 03/30/2022 Entry ID: 5142173

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Borden v. United States*, 593 U.S. ---, 141 S. Ct. 1817 (2021)
.................................................................. 1, 2, 4, 5, 8, 16, 18

*Chatwin v. United States*, 326 U.S. 455 ........................................................7

*Collier v. Vaccaro*, 51 F.2d 17 (4th Cir. 1931) ...............................................13

*Flores-Figueroa v. United States*, 556 U.S. 646 (2009) ..................................8

*Gooch v. United States*, 82 F.2d 534 (10th Cir. 1936) ...................................13

*Knight v. United States*, 936 F.3d 495 (6th Cir. 2019)....................................3

*Leocal v. Ashcroft*, 543 U.S. 1 (2004) .................................................. 5, 6, 16

*Marks v. United States*, 430 U.S. 188 (1977).................................................4

*Mathis v. United States*, 579 U.S. ---, 136 S. Ct. 2243 (2016)........................6

*McCoy v. United States*, 960 F.3d 487 (8th Cir. 2020) ..............................1, 9

*Nakai v. United States*, --- F.Supp.3d ---, 2021 WL 3560939
   (D. Ariz. Aug. 12, 2021) ........................................................16

*Schad v. Arizona*, 501 U.S. 624 (1991) ........................................................12

*United States v. Allen*, 247 F.3d 741 (8th Cir. 2001) ....................................13

*United States v. Barraza*, 576 F.3d 798 (8th Cir. 2009)..............................7, 8

*United States v. Bolman*, 956 F.3d 583 (8th Cir. 2020) ...............................10

*United States v. Brazier*, 933 F.3d 796 (7th Cir. 2019)..............................3, 7

*United States v. Chischilly*, 30 F.3d 1144 (9th Cir. 1994)............................14

*United States v. Delaney*, 717 F.3d 553 (7th Cir. 2013) ...............................14

*United States v. Flores*, 63 F.3d 1342 (5th Cir.1995) ...................................14

*United States v. Fogg*, 836 F.3d 951 (8th Cir. 2016) ......................................3

*United States v. Garcia*, 854 F.2d 340 (9th Cir. 1988) ................................13

*United States v. Garcia-Ortiz*, 528 F.3d 74 (1st Cir. 2008) ..........................14

*United States v. Gillis*, 938 F.3d 1181 (11th Cir. 2019).................................3

*United States v. Harper*, 869 F.3d 624 (8th Cir. 2017)...................................5

*United States v. Hebert*, 813 F.3d 551 (5th Cir. 2015)...................................9

*United States v. Howe*, 590 F.3d 552 (8th Cir. 2009) .....................................7

*United States v. Lesina*, 833 F.2d 156 (9th Cir. 1987) ...................................9

*United States v. Marx*, 485 F.2d 1179 (10th Cir. 1973) ................................13

*United States v. Montgomery*, 635 F.3d 1074 (8th Cir. 2011) ......................12

*United States v. One Star*, 979 F.2d 1319 (8th Cir. 1992) ..............................9

*United States v. Pearson*, 159 F.3d 480 (10th Cir. 1998) ...................... 14, 15

*United States v. Purkey*, 428 F.3d 738 (8th Cir. 2005) ...................................7

*United States v. Ross*, 969 F.3d 829 (8th Cir. 2020) .................... 1, 3, 6, 8, 12

*United States v. Ross*, 977 F.3d 1295 (8th Cir. 2020) ...................................11

*United States v. Ryan*, 9 F.3d 660 (8th Cir. 1993)........................................15

*United States v. Tham*, 118 F.3d 1501 (9th Cir. 1997).................................16

-iii-

*United States v. Thomas*, 34 F.3d 44 (2d Cir. 1994) .....................................13

*United States v. Walker*, 934 F.3d 375 (4th Cir. 2019) ..................................3

*United States v. Young*, 512 F.2d 321 (4th Cir. 1975)..................................12

*Voisine v. United States*, 579 U.S. 686, 136 S.Ct. 2272 (2016) ....................16

## Statutes

18 U.S.C. § 924(c) ..................................................................................1, 19

18 U.S.C. § 924(e) .......................................................................................1

18 U.S.C. § 1111................................................................... 9, 12, 14, 15

18 U.S.C. § 1112.....................................................................................8, 9

18 U.S.C. § 1201 .................................................... 1, 3, 6, 7, 8, 12, 17, 18

-iv-

## INTRODUCTION

In *Borden v. United States*, 593 U.S. ---, 141 S. Ct. 1817 (2021), the Supreme Court held that an offense that may be committed recklessly lacks a mens rea element sufficient to satisfy the definition of a "violent felony" under the force clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i).    After that decision, this Court ordered supplemental briefing addressing "whether an offender convicted of kidnapping resulting in death under 18 U.S.C. § 1201(a) necessarily acts with a mental state of extreme recklessness and, if so, whether the offense constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A)," which is relevantly the same as the force clause of the ACCA.  *See United McCoy v. United States*, 960 F.3d 487, 489-90 (8th Cir. 2020).  Because the Government does not need to prove any mental state related to the death that results from a kidnapping, after *Borden* that offense is no longer a crime of violence under the force clause of § 924(c)(3)(A).

*First*, the original panel opinion in this case correctly recognized that "§ 1201(a) includes no separate *mens rea* element for a death that results from kidnapping."  *United States v. Ross*, 969 F.3d 829, 839 (8th Cir. 2020), *cert. granted, judgment vacated sub nom. King v. United States*, 142 S. Ct. 332 (2021).  Although the underlying crime of kidnapping must be committed

-1-

intentionally, the resulting death does not require proof of any mental state, let alone a mental state more culpable than recklessness, such as "depraved heart" or "extreme recklessness." *See Borden*, 141 S.Ct. at 1824 n.4 (plurality op.). Holding otherwise would imply that the Government must prove that mental state to prove the crime of kidnapping resulting in death, and in doing so would expand what the Government must prove for that offense beyond what is required by the statute.

*Second*, the Government acknowledges that in the context of felony murder, the law implies that certain felonies, including federal kidnapping, were committed with "malice aforethought." That an implied mens rea attaches to kidnapping when a death results, however, does not mean that the resulting crime has an element requiring the use of force. After *Borden*, the crime of kidnapping, whether charged as kidnapping resulting in death or as a predicate for felony murder, must have such an element to satisfy the force clause. That is, *Borden* clarifies that a court must look to the elements of the predicate crime to determine if it meets the required use of force and cannot look to the completed crime as a whole. Because kidnapping does not have an individual element that requires the knowing or extremely reckless use of force against another person, the legal imputation of malice unto the completed kidnapping does not change the analysis under the force clause.

-2-

# ARGUMENT

The original panel opinion in this case correctly recognized that federal kidnapping and federal kidnapping resulting in death are, for purposes of the categorical approach, distinct crimes. *Ross*, 969 F.3d at 837. Although this Court has not reached the issue, the parties agree that federal kidnapping, in violation of 18 U.S.C. § 1201, is not a crime of violence under the force clause because it can be committed through means, such as decoy and inveiglement, that do not require the use, attempted use, or threatened use of force. *See, e.g.*, *United States v. Walker*, 934 F.3d 375, 378-79 (4th Cir. 2019); *Knight v. United States*, 936 F.3d 495, 497 (6th Cir. 2019); *United States v. Brazier*, 933 F.3d 796, 800-01 (7th Cir. 2019); *United States v. Gillis*, 938 F.3d 1181, 1204-05 (11th Cir. 2019). The parties, however, initially disagreed regarding kidnapping resulting in death as charged in Count Three, and the original panel opinion agreed with the Government, affirming Ross's and King's convictions on Count Three because "intentional kidnapping necessarily involves a deliberate decision to endanger another that amounts to recklessness." *Ross*, 969 F.3d at 839.

The panel based that holding on this Court's precedent that "[r]ecklessness is a sufficient *mens rea* for application of the force clause." *Id*. (citing *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016)). *Borden*,

-3-

however, abrogates that precedent. 141 S. Ct. at 1823 n.1 (plurality op.) (citing *Fogg* among the cases holding that the force clause reaches reckless conduct).

*Borden* does not have a majority opinion, meaning its holding is limited to the opinion that concurs in the judgment on the narrowest grounds. *See Marks v. United States*, 430 U.S. 188, 193 (1977). In *Borden*, the narrowest ground, expressed in both the plurality opinion and Justice Thomas's concurrence, holds only that offenses that can be committed with "a *mens rea* of recklessness—a less culpable mental state than purpose or knowledge," do not satisfy the ACCA's relevantly identical force clause. 141 S. Ct. at 1821-22 (plurality op.); *id*. at 1834 (Thomas, J., concurring) ("I conclude that the particular provision at issue here does not encompass petitioner's conviction for reckless aggravated assault, even though the consequences of today's judgment are at odds with the larger statutory scheme."). *Borden* leaves open precisely what mental state the force clause requires. *See id*. at 1825 n.4 (noting the Court has "no occasion to address whether offenses with" mental states "between recklessness and knowledge," such as "'depraved heart'" or "'extreme recklessness,'" satisfy the force clause).

This Court requested briefing on two questions *Borden* does not answer: whether federal kidnapping entails extreme recklessness with respect

-4-

to any resulting death; and whether extreme recklessness suffices under the force clause. Because the Government respectfully submits that the answer to the first question is no, it does not address the broader issue posed in the second question.

A.    ***Kidnapping resulting in death does not require any mental state with respect to the death that results.***

To be a crime of violence under the force clause of § 924(c)(3)(A), a crime must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." This Court applies the categorical approach to determine whether a predicate offense satisfies the force clause. *See, e.g.*, *United States v. Harper*, 869 F.3d 624, 625 (8th Cir. 2017). Under the categorical approach, "the facts of a given case are irrelevant. The focus is instead on whether the elements of the statute of conviction meet the federal standard." *Borden*, 141 S.Ct. at 1822 (plurality op.). "If any—even the least culpable—of the acts criminalized do not entail" the required use of force, "the statute of conviction does not categorically" satisfy the force clause. *Id*. As *Borden* clarifies, the element requiring the use of force against another person must be committed with a mens rea more culpable than recklessness. *Id*. at 1833; *see also Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). Because § 1201(a) does not require any mental state for the death-

-5-

resulting element, kidnapping resulting in death is no longer a crime of violence after *Borden*.

As relevant to this case, a defendant commits federal kidnapping when he "(a) unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person . . . when—(1) the person is willfully transported in interstate . . . commerce . . . in committing or furtherance of the commission of the offense." 18 U.S.C. § 1201.  That offense typically results in punishment of "any term of years or for life," but if, as charged in Count Three, "death of any person results," the defendant "shall be punished by death or life imprisonment." *Id.*  Due both to the additional finding required and to the increased punishment imposed, the categorical approach treats kidnapping and kidnapping resulting in death as separate offenses.  *See Ross*, 969 F.3d at 837 (citing *Mathis v. United States*, 579 U.S. ---, 136 S. Ct. 2243, 2256 (2016)).

The elements for the unique crime of kidnapping resulting in death are (1) the defendant voluntarily and intentionally decoyed, inveigled, seized, confined, kidnapped, or carried away the victim; (2) the victim was thereafter transported in interstate commerce while so decoyed, inveigled, seized, confined, kidnapped or carried away; (3) the victim was decoyed, inveigled, seized, confined, kidnapped, or carried away for some purpose; and (4) a death

-6-

resulted from the kidnapping. *See United States v. Barraza*, 576 F.3d 798, 807 (8th Cir. 2009); *see also United States v. Purkey*, 428 F.3d 738, 754–55 (8th Cir. 2005).

The first three elements, those required to prove a completed kidnapping under § 1201(a), require intentional, or purposeful, conduct. *See, e.g.*, *Chatwin v. United States*, 326 U.S. 455, 460 (holding federal kidnapping requires "willful intent to so confine the victim"); *United States v. Howe*, 590 F.3d 552, 557 (8th Cir. 2009) (holding defendant must "knowingly and willfully" engage in kidnapping). Nonetheless, because those elements can be committed through the non-forceful means of inveiglement or decoy, none of those elements require the use of force. *See, e.g.*, *Brazier*, 933 F.3d at 800-01 ("In short, kidnapping may be accomplished without force, by 'inveigling' or by 'decoying' a person without a threat of force, and by holding the person simply by locking him or her in a room, again without threat of violence."). Thus, to be a crime of violence, the "death of any person results" element must provide the sufficiently culpable use of force for the crime to be a crime of violence under the force clause.

The plain language of the federal kidnapping statute and this Court's precedent interpreting it, however, make clear that there is no mental state required with respect to the death that results from the kidnapping. The statute

-7-

requires only that "the death of any person results" from the kidnapping, 18 U.S.C. § 1201(a), and "does not require that the deaths result from voluntary and intentional conduct, only that 'the death of any person results' in the course of the kidnapping." *Barraza*, 576 F.3d at 807. As the original panel opinion in this case correctly observed, "§ 1201(a) includes no separate mens rea element for a death that results from kidnapping." *Ross*, 969 F.3d at 839.

Inferring a mental state for the death that results would expand what the Government must prove for an offense of kidnapping resulting in death. *See, e.g.*, *Flores-Figueroa v. United States*, 556 U.S. 646 (2009) (reversing where lower court did not apply the statutory term "knowingly" to each word of an element). As explained below, the Government recognizes that the felony-murder rule imputes "malice aforethought" to the commission of certain felonies, but the specific requirement that a death result from the kidnapping does not otherwise require any particular mens rea.

Further, and even though the mental states of "extreme recklessness," a "depraved heart," or their equivalents populate state criminal codes, *see Borden*, 141 S. Ct. at 1824 n.4 (plurality op.), the Government is not aware of a federal criminal statute that employs those terms. The Government recognizes that in *McCoy*, this Court interpreted voluntary manslaughter under 18 U.S.C. § 1112(a) to prohibit killings "with depraved heart

-8-

recklessness," even though that term is not in the statute. 960 F.3d at 489. That statute, however, does require a voluntary killing that occurred "[u]pon sudden quarrel or heat of passion," 18 U.S.C. §1112(a), and this Court was expanding upon the meaning of the mental state required for conviction. *Id*.

Courts have similarly used "extreme recklessness," or its equivalents, to explain the mens rea required under federal homicide statutes, but in those cases, the terms were used to elucidate the statutorily proscribed mens rea, not to create one. *See, e.g.*, *United States v. One Star*, 979 F.2d 1319, 1321 (8th Cir. 1992) (noting the "'gross' or 'criminal' negligence" required for federal manslaughter is "short of the extreme recklessness, or malice required for murder"); *United States v. Hebert*, 813 F.3d 551, 560 n.5 (5th Cir. 2015) (defining "malice aforethought" as used in § 1111); *United States v. Lesina*, 833 F.2d 156, 159 (9th Cir. 1987) (explaining the mens rea for federal second-degree murder). The Government is not aware of an instance where a court has implied the requirement to prove extreme recklessness from a federal statute that does not require a mens rea, and the Government submits this Court should not do so here.

The Government notes, however, that in *United States v. Bolman*, this Court stated that involuntary manslaughter, in violation of 18 U.S.C. § 1112, "does not expressly include a particular mens rea as an element of the crime,"

-9-

but nonetheless requires proof the defendant "acted grossly negligently in that he acted with a wanton or reckless disregard for human life."  956 F.3d 583, 586 (8th Cir. 2020).  Despite this Court's description of it not including a mens rea, that statute provides that it can be violated "[i]n the commission of an unlawful act not amounting to a felony," which is the manslaughter cognate for the felony-murder rule discussed below, "or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death," which provides a statutory level of mental culpability for the killing that is missing from kidnapping resulting in death. Again, even in *Bolman*, this Court's imputation of a mental state remains the elucidation of what the statute already requires.

In this case, the Government did not allege or prove a mental state for the death-resulting element for Count Three.  (*See* R. Doc. 36 at 3-4; R. Doc. 157 at 41.)  Holding that kidnapping resulting in death requires such a jury finding would potentially not only provide an independent ground to vacate Count Three, but also possibly imperil Ross's and King's substantive conviction for kidnapping resulting in death in Count Two.

-10-

**B.** ***The implied mens rea of "malice aforethought" does not equate to the knowing or extremely reckless use of force.***

In his concurrence to the denial of Ross's and King's petition for rehearing the original panel opinion, Judge Colloton summarized how kidnapping resulting in death could be understood to satisfy the force clause:

> Because a kidnapper must act intentionally, the kidnapping must cause a death, and death cannot be caused without applying force, it follows that the use of force is an element of kidnapping resulting in death. No paradigm shift by the Supreme Court is necessary to avoid a "nonsensical" or "absurd" result in this case. The imaginative hypotheticals propounded on behalf of the appellants overlook that when a perpetrator commits an intentional kidnapping, *a culpable scienter with respect to the deadly consequences is supplied by the law based on the underlying felony*, and causing death through the indirect application of force counts as "use" the same as applying force directly. As with an offender who commits felony murder, a defendant convicted of kidnapping resulting in death does not cause the death innocently or by accident in the eyes of the law.

*United States v. Ross*, 977 F.3d 1295, 1296 (8th Cir. 2020) (Colloton, J., concurring in denial of rehearing en banc) (emphasis added). Despite the persuasiveness of this argument, after *Borden* the Government now respectfully submits that any mens rea imputed by law onto the underlying felony does not satisfy the force clause. The Government acknowledges the regrettable result that, under this position, which the Government believes is compelled by *Borden*, first-degree felony murder would not qualify as a crime of violence when the underlying felony is kidnapping.

-11-

"At common law, murder was defined as the unlawful killing of another human being with 'malice aforethought.'" *Schad v. Arizona*, 501 U.S. 624, 640-41 (1991). The common law viewed the "intent to kill and the intent to commit a felony [as] alternative aspects of the single concept of 'malice aforethought.'" *Id.*; *see also* 2 LaFave, *Substantive Criminal Law*, § 14.1 (3d ed. 2017) (noting the four types of murder "common law came to recognize" all satisfy the requirement for "malice aforethought": "(1) intent-to-kill murder; (2) intent-to-do-serious-bodily-injury murder; (3) depraved-heart murder; and (4) felony murder"). Following its common law roots, federal law recognizes felony murder as one way to satisfy the requirement for "malice aforethought." *See* 18 U.S.C. § 1111(a).

This Court has noted that a "comparison to felony murder is instructive" when interpreting the "death of any person results" language of § 1201(a). *United States v. Montgomery*, 635 F.3d 1074, 1087 (8th Cir. 2011). In so doing, this Court compared kidnapping resulting in death to not only "the common law felony-murder rule," but also federal felony murder, as codified in 18 U.S.C. § 1111(a). *Id.*; *see also Ross*, 969 F.3d at 839 (describing kidnapping resulting in death as "akin to common-law felony murder"). Federal kidnapping is admittedly much broader than common law kidnapping, *see, e.g.*, *United States v. Young*, 512 F.2d 321, 323 (4th Cir. 1975), rendering

-12-

any analogy to common-law felony murder predicated on kidnapping likely inapt with regard to imputing the same culpability to federal kidnapping that was imputed to kidnapping at common law.[1]  But the comparison to federal felony murder predicated on kidnapping remains, and this Court has held that for the felonies enumerated in § 1111(a), which include kidnapping, the intent to commit the underlying felony is all that is required to prove "malice aforethought."  *United States v. Allen*, 247 F.3d 741, 783-84 (8th Cir. 2001), *vacated on other grounds*, 536 U.S. 953 (2002).

Those circuits that have addressed the issue agree.  *See United States v. Thomas*, 34 F.3d 44 (2d Cir. 1994) ("One way the government can demonstrate malice aforethought is by showing that the killing was committed in the commission of a robbery; under the traditional common law felony murder rule, the malice of the robbery satisfies murder's malice

---

[1]"At common law, the offense of kidnapping originally was the forcible abduction of a person from one country to another."  *United States v. Garcia*, 854 F.2d 340, 343 (9th Cir. 1988); *see also Collier v. Vaccaro*, 51 F.2d 17, 19 (4th Cir. 1931) ("At common law kidnapping is 'the forcible abduction and carrying away of a man, woman, or child from their own country and sending them to another.'" (quoting 4 Black Com. 259)); *United States v. Marx*, 485 F.2d 1179, 1186 (10th Cir. 1973) ("Under common law 'kidnap' meant to take and carry away any person by force and against his will."); *Gooch v. United States*, 82 F.2d 534, 537-38 (10th Cir. 1936) ("While kidnapping at common law means to forcibly abduct a person and to carry him from one state into another state, it involves the element of seizing the victim by force or fraud and against his will."  (footnote omitted)).

-13-

requirement."); *United States v. Flores*, 63 F.3d 1342, 1371 (5th Cir.1995) ("Section 1111 includes simple felony murder; to be guilty of first degree murder, the defendant need only have intended to commit the underlying felony. No other mens rea is required."); *United States v. Chischilly*, 30 F.3d 1144, 1159-60 (9th Cir. 1994), *overruled on other grounds*, *United States v. Preston*, 751 F.3d 1008 (9th Cir. 2014) ("Obversely, second-degree murder requires proof that defendant acted with malice aforethought, whereas under a felony murder charge the commission of the underlying offense substitutes for malice aforethought."); *United States v. Pearson*, 159 F.3d 480, 485 (10th Cir. 1998) ("Thus, to prove the 'malice aforethought' element of felony murder, the prosecution only need show commission of the specified felony.").

While in dicta, the First and Seventh Circuits appear to agree as well. *See, e.g.*, *United States v. Garcia-Ortiz*, 528 F.3d 74, 80–82 (1st Cir. 2008) (affirming § 1111 conviction where jury was instructed that "the government need only prove that the killing resulted from a commission of an enumerated felony, that is, interference with commerce by robbery, in order to establish to [sic] requisite of malice aforethought."); *United States v. Delaney*, 717 F.3d 553, 556 (7th Cir. 2013) ("The exception for killing in the course of perpetrating one of the specified crimes (that is, the exception for felony

-14-

murder, which is first-degree murder even though there is no intent to kill) is limited to 'deaths resulting from acts of violence committed in the furtherance of particularly dangerous felonies.'" (quotation omitted)).

When charged as felony murder, "the commission of the specified felony supplies the constructive or implied malice necessary to satisfy the malice aforethought element of § 1111(a) felony murder." *Pearson*, 159 F.3d at 486 (emphasis added). Because kidnapping is among the "inherently dangerous and shocking" felonies enumerated in § 1111(a) as predicates for first degree felony murder, *United States v. Ryan*, 9 F.3d 660, 672 (8th Cir. 1993), *opinion reinstated in part on reh'g*, 41 F.3d 361 (8th Cir. 1994) (discussing arson), federal law implies "malice aforethought" for killings "committed in the perpetration of, or attempt to perpetrate, any . . . kidnapping." 18 U.S.C. § 1111(a).

That the law implies "malice aforethought" for killings that result during kidnappings, however, does not change the fact that federal kidnapping does not have an element that satisfies the force clause. As a district court recently observed regarding federal first-degree felony murder predicated on kidnapping:

> Thus, the malice aforethought required for felony murder is not an actual, proven mental state. It is a constructive or implied mental state designed to deter felons from recklessly or negligently causing death. As a result, the Court cannot rely on

-15-

> malice aforethought in [the defendant's] felony-murder
> convictions as supplying the intentional mental state necessary
> for a crime of violence under *Leocal*, *Borden*, and their progeny.

*Nakai v. United States*, --- F.Supp.3d ---, 2021 WL 3560939, *7 (D. Ariz. Aug. 12, 2021); *see also United States v. Tham*, 118 F.3d 1501, 1509 (9th Cir. 1997) (noting that the felony murder rule "was conceived to deter the commission of certain dangerous felonies" and collecting cases).

While *Borden* does not resolve what level of mental culpability will satisfy the force clause, the plurality opinion's understanding of the force clause's requirement of the "use of physical force against the person of another," clarifies that an implied mental state will not suffice.

The plurality begins with the parties' agreement that the requisite use of force must be "volitional" or "active." *Borden*, 141 S.Ct. at 1825 (citing *Voisine v. United States*, 579 U.S. 686, ---, 136 S.Ct. 2272, 2279-81 (2016)); *see also Leocal*, 543 U.S. at 9 (holding that "'use' requires active employment"). From there, the plurality concludes that the term "against" means that the active use of force must be in some manner directed toward the person the force is used against. *Id.* at 1826. That requirement of directedness leads the plurality to conclude that reckless conduct does not satisfy the force clause because such conduct need not be "opposed to or directed at" anyone. *Id.* at 1827.

-16-

It is the same requirement of directedness that forecloses the reliance here on a legally implied mental state. Because the "death results" element of § 1201(a) does not require any mental state, that element does not require that the kidnapping have any purposeful connection to the resulting death whatsoever. While the law may dictate that the kidnapping was done with malice aforethought, it does not require that the kidnapper direct the use of force against any person. But after *Borden*, that is precisely what the force clause requires, meaning even an implied mental state as blameworthy as "malice aforethought" does not suffice. The point is not that the force clause requires knowing or purposeful conduct, as the plurality opinion leaves that question open. The point, rather, is that even if "extreme recklessness" does provide the requisite directedness, an implied mental state that does not require any directedness does not.[2]

---

[2]Although the Government agrees with Ross and King that this Court should vacate Count Three, the Government's analysis differs, and the Government disagrees with multiple assertions in their supplemental brief. In particular, the Government disagrees with their assertions that the categorical approach somehow requires legal certainty, as opposed to certainty about the underlying facts (Ross Supp. Brf. 3, 10, 13); and their assertions about the rule of lenity being triggered by "any ambiguity" (Ross Supp. Brf. 13-14). That aspect of their argument is not supported by case law on the categorical approach and would eliminate the well-established reasonable probability test. Nevertheless, because those portions of their analysis are not required for this Court to conclude that Count Three does not satisfy the force clause, the Government does not address them further.

-17-

* * * * * *

In short, the United States respectfully submits that the categorical approach requires courts to look to the parts (the individual elements), rather than the whole (the completed crime), when determining whether an offense requires more than the reckless use of force. Because the elements of kidnapping, in violation of § 1201(a), do not, and because the death need not result from any mens rea whatsoever, kidnapping resulting in death is not a crime of violence under the force clause of § 924(c)(3)(A).

The dissent in *Borden* attempted to foretell its unfortunate reach. 141 S. Ct. at 1856 (Kavanaugh, J. dissenting) ("Under the Court's decision, even second-degree murder and some forms of manslaughter may be excluded from ACCA. That is because, in many States, some forms of second-degree murder and manslaughter do not require intent or knowledge."). The Government's position here, however, goes beyond the possibility that some forms of second-degree murder are not a crime of violence and acknowledges the consequence that some forms of federal first-degree murder, namely first-degree felony murders predicated on felonies that do not require the use of force against a person, are not crimes of violence. That position is not taken lightly, but after *Borden*, it is what the categorical approach requires.

-18-

## **CONCLUSION**

This Court should vacate Ross's and King's convictions under Count

Three for violating 18 U.S.C. § 924(c) by possessing a firearm during and in

relation to kidnapping resulting in death.

Respectfully submitted,

TERESA A. MOORE
  United States Attorney

By    /s/ *Brian P. Casey*

BRIAN P. CASEY
  Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

*Attorneys for Appellee*

-19-

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(g), that this brief complies with the type-volume limitations in this Court's order dated January 24, 2022, and contains 4,293 words. The brief was prepared using Microsoft Word for Office 365 software. In making this certification I have relied upon the word-count feature of Microsoft Word for Office 365. Furthermore, the brief has been determined to be virus-free in compliance with Eighth Circuit Rule 28A(h).

/s/ *Brian P. Casey*
Brian P. Casey
Assistant United States Attorney

-20-

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2022, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. A paper copy will be served on participants in the case by U.S. Mail, postage prepaid, within five days of the Court's notice that the brief has been reviewed and filed.

I hereby certify that a copy of the Government's brief was mailed on March ___, 2022, to:

> Daniel Goldberg
> Assistant Federal Public Defender
> 1000 Walnut Street, Suite 600
> Kansas City, Missouri  64106
>
> *Attorney for Appellant King*
>
> John Johnston
> JOHNSTON LAW FIRM, LLC
> 811 Grand Boulevard, Suite 101
> Kansas City, Missouri  64106
>
> *Attorney for Appellant Ross*

> /s/ *Brian P. Casey*
> Brian P. Casey
> Assistant United States Attorney

-21-