32 F.4th 278
United States Court of Appeals, Fourth
Circuit.

UNITED STATES of America, Plaintiff
– Appellee,
v.
Richard Allen **JACKSON**, Defendant
– Appellant.

No. 20-9
|
Argued: March 10, 2022
|
Decided: April 20, 2022

**Synopsis**
**Background:** After defendant's conviction of causing the death of another through the use of a firearm during a crime of violence was upheld on appeal, 327 F.3d 273, defendant filed motion for habeas corpus relief. The United States District Court for the Western District of North Carolina, Martin Reidinger, Chief Judge, denied motion, and defendant appealed.

**[Holding:]** The Court of Appeals, Motz, Circuit Judge, held that federal first degree murder statute was **divisible**, and thus, modified categorical approach applied when determining if defendant's prior conviction for federal first-degree murder constituted "crime of violence" for purposes of section of Armed Career Criminal Act (ACCA) prohibiting the carrying or use of firearm in relation to crime of violence.

Affirmed.

**Procedural Posture(s):** Appellate Review; Post-Conviction Review.

West Headnotes (21)

**[1]** **Weapons**–Crimes of violence

To support conviction for using or carrying firearm during and in relation to crime of violence, government need only prove one qualifying predicate offense. 18 U.S.C.A. § 924(c).

**[2]** **Weapons**–Crimes of violence

Use of force must be purposeful or knowing and have the potential to cause physical pain or injury to satisfy "crime of violence" requirement for conviction of using or carrying firearm in relation to crime of violence. 18 U.S.C.A. §§ 924(c), 924(c)(3)(A).

**[3]    Weapons** Crimes of violence

To determine whether felony constitutes "crime of violence," as required for conviction for using or carrying firearm in relation to crime of violence, courts generally use the categorical approach: that is, courts look to whether the statutory elements of the prior felony conviction necessarily require the use, attempted use, or threatened use of physical force. 18 U.S.C.A. § 924(c)(3)(A).; 18 U.S.C.A. § 924(c).

**[4]    Weapons** Crimes of violence

Under categorical approach for determining if prior felony conviction is "crime of violence," as required for conviction for using or carrying firearm in relation to crime of violence, courts look to whether the statutory elements of the prior felony offense necessarily require the use, attempted use, or threatened use of physical force, and in so doing, courts consider only the elements of the crime as defined in the statute, not the facts particular to the case at hand. 18 U.S.C.A. § 924(c)(3)(A).; 18 U.S.C.A. § 924(c).

**[5]    Weapons** Crimes of violence

Under categorical approach for determining if prior felony conviction is "crime of violence," as required for conviction for using or carrying firearm in relation to crime of violence, courts ask whether the "most innocent conduct" criminalized by the felony statute under which defendant was convicted meets the definition of a "crime of violence." 18 U.S.C.A. § 924(c)(3)(A).; 18 U.S.C.A. § 924(c).

1 Cases that cite this headnote

**[6]    Weapons** Crimes of violence

Courts use modified categorical approach to determine whether a prior felony offense is a "crime of violence," as required for conviction for using or carrying firearm in relation to crime of violence, when the statute at issue is ==divisible==, which means that statute sets forth multiple, alternative versions of the crime with distinct elements. 18 U.S.C.A. § 924(c)(3)(A).; 18 U.S.C.A. § 924(c).

vacate. 28 U.S.C.A. § 2255.

**[7]**    **Criminal Law**⚖️Criminal act or omission

"**Divisible** statutes" set forth multiple, alternative versions of the crime with distinct elements, while "indivisible statutes" merely set out different means of completing the crime.

**[8]**    **Criminal Law**⚖️Nature of crime in general
       **Criminal Law**⚖️Elements of offenses in general

Elements, as opposed to means, are the constituent parts of a crime's legal definition that the prosecution must prove to sustain a conviction and which the jury must find beyond a reasonable doubt to convict the defendant.

**[9]**    **Criminal Law**⚖️Review De Novo

Court of Appeals would review de novo defendant's challenge to the denial of his successive motion to

**[10]**   **Weapons**⚖️Crimes of violence

Federal first degree murder statute was **divisible**, and thus, modified categorical approach, as opposed to categorical approach, applied when determining if defendant's prior conviction for federal first-degree murder constituted "crime of violence" under section of Armed Career Criminal Act (ACCA) prohibiting the carrying or use of firearm in relation to crime of violence; text of federal statute described the alternative versions of first-degree murder by using the disjunctive, underlying conduct for premeditated murder differed significantly from the underlying conduct for felony murder, and the indictment, jury instructions and verdict form all pointed toward divisibility of the federal statute. 🚩 18 U.S.C.A. §§ 924(c)(3)(A), 🚩1111(a); 🚩18 U.S.C.A. § 924(c).

**[11]**   **Criminal Law**⚖️Assent of required number of jurors
       **Homicide**⚖️Deliberation and premeditation

**Homicide**⊷Predicate Offenses or Conduct

Federal first degree murder statute is **divisible** because it lists alternative versions of first-degree murder: first component of statute sets out premeditated murder as type of first-degree murder, while the second component sets out felony murder as type of first-degree murder, and each of these components requires the government to prove a unique element that the jury must find unanimously, in that the first component requires proof of premeditation and the second requires proof of the accomplishment or attempted accomplishment of a listed felony. ⚑18 U.S.C.A. § 1111(a).

**[12] Criminal Law**⊷Criminal act or omission

While not dispositive, when a criminal statute is phrased disjunctively, it serves as a signal that it may well be **divisible**.

**[13] Homicide**⊷Deliberation and premeditation

To be guilty of first degree premeditated murder under federal law, the government must prove a person intended to kill the victim. ⚑18 U.S.C.A. § 1111(a).

**[14] Homicide**⊷Intent or mens rea
**Homicide**⊷Predicate Offenses or Conduct

Proof of felony murder under federal law does not require proof of intent, but rather proof of the (attempted) perpetration of a listed crime. ⚑18 U.S.C.A. § 1111(a).

**[15] Sentencing and Punishment**⊷Particular offenses

Fact that the kind of conduct proscribed by the different formulations of premeditated murder and felony murder under federal law differed quite significantly suggested that the different formulations should be treated as separate crimes warranting the use of the modified categorical approach, as opposed to categorical approach, when determining if defendant's prior conviction for first degree murder

was a "crime of violence" under the Armed Career Criminal Act (ACCA). 18 U.S.C.A. §§ 924(c)(3)(A), 1111(a).

**[16] Criminal Law** Criminal act or omission

While the existence of different penalties for different segments of a statute necessitates finding divisibility, the absence of distinct punishments is not dispositive.

**[17] Criminal Law** Assent of required number of jurors
**Homicide** First Degree, Capital, or Aggravated Murder
**Homicide** Murder

Each component of federal statute governing first degree murder, namely felony murder and premeditated murder, was a separate crime, and thus, to convict, each member of the jury had to agree that defendant committed one of those crimes. 18 U.S.C.A. § 1111(a).

**[18] Sentencing and Punishment** Particular offenses

When applying modified categorical approach to determine if defendant's crime of federal first-degree murder under federal statute, which was **divisible**, was "crime of violence" under Armed Career Criminal Act (ACCA) section prohibiting the carrying or use of firearm in relation to crime of violence, court would consult record documents to determine which version of first-degree murder defendant committed, whether he committed premeditated murder or felony murder. 18 U.S.C.A. §§ 924(c)(3)(A), 1111(a); 18 U.S.C.A. § 924(c).

**[19] Sentencing and Punishment** Particular offenses

Federal premeditated first-degree murder is a "crime of violence" under Armed Career Criminal Act (ACCA) section prohibiting the carrying or use of firearm in relation to crime of violence; federal premeditated murder necessarily requires the use of violent force, that is, force capable of causing physical pain or injury to another person. 18 U.S.C.A. §§ 924(c)(3)(A),

1111(a).; 18 U.S.C.A. § 924(c).

**[20] Homicide**—Deliberation and premeditation

Federal first degree premeditated murder requires an intentional mens rea. 18 U.S.C.A. § 1111(a).

**[21] Sentencing and Punishment**—Particular offenses

To commit federal premeditated first-degree murder, which is a "crime of violence" under Armed Career Criminal Act (ACCA), is to intentionally inflict the greatest physical injury imaginable, which is death. 18 U.S.C.A. § 1111(a); 18 U.S.C.A. §§ 924(c)(3)(A).

**West Codenotes**

**Recognized as Unconstitutional**
18 U.S.C.A. § 924(e)(2)(B)(ii)

**\*281** Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, Chief District Judge. (1:00-cr-00074-MR-1; 1:16-cv-00212-MR)

**Attorneys and Law Firms**

ARGUED: Andrew Reed Childers, FEDERAL COMMUNITY DEFENDER OFFICE FOR THE EASTERN DISTRICT OF PENNSYLVANIA, Philadelphia, Pennsylvania, for Appellant. Anthony Joseph Enright, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. ON BRIEF: Shawn Nolan, FEDERAL COMMUNITY DEFENDER OFFICE FOR THE EASTERN DISTRICT OF PENNSYLVANIA, Philadelphia, Pennsylvania, for Appellant. Dena J. King, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

**Opinion**

Affirmed by published opinion. Judge Motz wrote the opinion, in which Judge Niemeyer and Judge King joined.

DIANA GRIBBON MOTZ, Circuit Judge:

Convicted of causing the death of another through the use of a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c) and sentenced to death pursuant to

18 U.S.C. § 924(j), Richard Allen Jackson moves for relief under 28 U.S.C. § 2255. He contends that the Government failed to prove that he committed a "crime of violence." He is wrong. The jury unanimously found Jackson guilty of federal premeditated first-degree murder, which constitutes a qualifying "crime of violence." Accordingly, we affirm the district court's denial of Jackson's successive § 2255 motion.

## I.

We assume familiarity with the facts underlying this case, which are set out in detail in *United States v. Jackson*, 327 F.3d 273, 279–81 (4th Cir. 2003). To summarize, Jackson confessed that he kidnapped twenty-two-year-old Karen Styles as she went for a run in the Pisgah National Forest in North Carolina in October 1994. Jackson duct-taped Styles to a tree and raped her. He then shocked her with a stun gun above her left breast and multiple times in her pubic area. When Styles began to scream after the duct tape Jackson had placed on her mouth became loose, Jackson shot her once in the head, killing her.

In 1995, a North Carolina state jury convicted Jackson of first-degree murder, first-degree rape, and first-degree kidnapping. The court, consistent with the jury's **\*282** recommendation, imposed the death penalty. But in 1998, the Supreme Court of North Carolina vacated Jackson's convictions and sentence after determining that the police violated his *Miranda* rights

when interrogating him. *See State v. Jackson*, 348 N.C. 52, 497 S.E.2d 409 (1998), *abrogated by State v. Buchanan*, 353 N.C. 332, 543 S.E.2d 823 (2001). In March 2000, prior to a planned second state trial, Jackson pled guilty to second-degree murder and related offenses. A state court sentenced him to twenty-five to thirty-one years' imprisonment.

Then, in October 2000, a federal grand jury returned a single-count superseding indictment charging Jackson with: 1) using and carrying a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) and 2) using and carrying a firearm during a "crime of violence" resulting in death in violation of 18 U.S.C. § 924(j).[1] The Government alleged that Jackson committed three "crimes of violence": 1) federal first-degree murder, in violation of 18 U.S.C. § 1111(a); 2) federal kidnapping in violation of 18 U.S.C. § 1201(a)(2); and 3) federal aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a)(1)–(2).

[1]    18 U.S.C. § 924(j) provides that "[a] person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall — (1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life."

In 2001, a federal jury unanimously voted to convict Jackson and recommended he be sentenced to death. The two-page verdict sheet reports the jury's unanimous finding

that Jackson committed 1) "the crime of kidnap[p]ing Karen Styles"; 2) "the crime of aggravated sexual abuse of Karen Styles"; and 3) "the crime of the murder of Karen Styles." As to the murder conviction, the jury specifically found that Jackson committed the murder of Karen Styles 1) "with malice aforethought, willfully, deliberately, maliciously and with premeditation"; 2) "during the perpetration of kidnap[p]ing"; and 3) "during the perpetration of aggravated sexual abuse." On direct appeal, we affirmed Jackson's conviction and sentence. *See Jackson*, 327 F.3d at 279. In 2009, the district court denied Jackson's first motion for post-conviction relief under 28 U.S.C. § 2255. It subsequently denied Jackson a certificate of appealability, as did this Court.

In 2015, the Supreme Court issued its decision in *Johnson v. United States*, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). There, the Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. This meant that to serve as a predicate offense under the ACCA, a "violent felony" now had to satisfy the force (or elements) clause.[2] In 2016, the Court held that *Johnson* applies retroactively to cases on collateral review. *See Welch v. United States*, 578 U.S. 120, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). Given these developments in the law, we authorized Jackson to file a successive § 2255 motion relying on *Johnson* and *Welch.*

[2]    To satisfy the force (or elements) clause, the "violent felony" must "ha[ve] as an element the use,

attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

The district court stayed action on Jackson's successive § 2255 motion pending multiple subsequent decisions from the Supreme Court and this Court. Most relevant here, in 2019, the Supreme Court applied *Johnson*'s reasoning to 18 U.S.C. § 924(c), the statute under which the federal jury convicted Jackson. *See* ***283** *United States v. Davis*, —— U.S. ——, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019). In doing so, it struck down the residual clause of 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague. *Id.* at 2336. Post-*Davis*, an underlying "crime of violence" must satisfy the force (or elements) clause of § 924(c)(3)(A). That is, it must "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." We subsequently held that *Davis* established a new rule of constitutional law made retroactive on collateral review.[3] *See In re Thomas*, 988 F.3d 783, 786 (4th Cir. 2021).

[3]    For this reason, the Government's first argument, that procedural default bars Jackson's § 2255 motion because he did not raise this issue on direct appeal, fails.

In March 2020, the district court granted the Government's motion to dismiss Jackson's successive § 2255 motion and denied Jackson a certificate of appealability. The

court did so because in its view, both murder and aggravated sexual abuse qualified as "crimes of violence" under § 924(c)(3)(A). The district court relied on our prior decisions, *In re Irby*, 858 F.3d 231 (4th Cir. 2017), and *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), to hold that "the offense of murder in the first degree is unquestionably a crime of violence under the force clause." In *Irby*, we reasoned that "[c]ommon sense dictates that murder is categorically a crime of violence under the force clause.... In sum, one cannot unlawfully kill another human being without a use of physical force capable of causing physical pain or injury to another." 858 F.3d at 237–38. In *Mathis*, we relied on *Irby* to hold that the Virginia first-degree murder statute, Va. Code § 18.2-32 (which is almost identical to the federal first-degree murder statute at issue here in defining both premeditated murder and felony murder as first-degree murder), is categorically a "crime of violence." *See* 932 F.3d at 265.

Critically, the district court denied § 2255 relief prior to the Supreme Court's decision in *Borden v. United States*, —— U.S. ——, 141 S. Ct. 1817, 210 L.Ed.2d 63 (2021). *Borden* holds that a criminal offense that requires only a mens rea of recklessness cannot qualify as a "violent felony" under the force (or elements) clause of the ACCA. *Id.* at 1821–22, 1834. "In light of the striking similarities [in the] definitions [of "crime of violence" in § 924(c) and "violent felony" in the ACCA], the court decisions interpreting one such definition are persuasive as to the meaning of the other[ ]." *United States v. McNeal,*

818 F.3d 141, 153 n.9 (4th Cir. 2016).[4] Jackson contends that *Borden* requires reversal of the district court's denial of his successive § 2255 motion.

[4]   The Government does not argue that we should not apply *Borden* to § 924(c) and we see no reason not to do so. *See United States v. Toki*, 23 F.4th 1277, 1281 (10th Cir. 2022) ("[A]fter *Borden*, an offense that can be committed recklessly is not categorically a 'crime of violence' under § 924(c).").

We granted Jackson a certificate of appealability and now consider that question.

### II.

[1] [2]To support a conviction under § 924(c) for using or carrying a firearm during and in relation to a "crime of violence," the Government need only prove one qualifying predicate offense. *See United States v. Said*, 26 F.4th 653, 659 (4th Cir. 2022) ("[A] § 924(c) conviction may stand even if the jury based its verdict on an invalid predicate, so long as the jury also relied on a valid predicate."). That crime must be a felony that "has as an element the use, attempted use, or threatened **\*284** use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). This use of force must be "purposeful or knowing," *Borden*, 141 S. Ct. at 1828, and have the "potential[ ]" to "cause physical pain or

*United States v. Jackson*, 32 F.4th 278 (2022)

injury." *Stokeling v. United States*, —— U.S. ——, 139 S. Ct. 544, 554, 202 L.Ed.2d 512 (2019).

[3] [4] [5]To determine whether a felony meets this definition and thus constitutes a "crime of violence," we generally use the categorical approach. *See United States v. Roof*, 10 F.4th 314, 398 (4th Cir. 2021), *cert. pending* (2022). That is, we "look to whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc). We consider only the elements of the crime as defined in the statute, not the facts particular to the case at hand. Thus, we ask whether the "most innocent conduct" criminalized by the statute meets the definition of a "crime of violence." *Roof*, 10 F.4th at 398.

[6] [7] [8]In certain circumstances, we apply a "variant" of the categorical approach referred to as the modified categorical approach. *Descamps v. United States*, 570 U.S. 254, 257, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). We use the modified categorical approach when the statute at issue is **divisible**. **Divisible** statutes set forth "multiple, alternative versions of the crime" with distinct elements, *id.* at 262, 133 S.Ct. 2276, while indivisible statutes merely set out different means of completing the crime. Elements, as opposed to means, are the " 'constituent parts' of a crime's legal definition" that the "prosecution must prove to sustain a conviction" and which "the jury must find beyond a reasonable doubt to convict the defendant." *Mathis v. United States*, 579 U.S. 500, 136 S. Ct. 2243, 2248, 195 L.Ed.2d 604 (2016) (citations omitted).

## III.

[9]With this history and these controlling legal principles in mind, we turn to Jackson's challenge to the denial of his successive § 2255 motion, which we review de novo. *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021).

## A.

Recall that the federal jury found Jackson guilty of first-degree murder, first-degree aggravated sexual abuse, and first-degree kidnapping. Jackson maintains that none of these crimes constitutes a "crime of violence" under § 924(c). Because conviction under § 924(c) requires proof of only one underlying "crime of violence," we need only consider the first-degree murder statute.[5]

5    Thus, we need not reach the question of whether aggravated sexual abuse is also a "crime of violence." We have previously held that federal kidnapping does not qualify as a "crime of violence." *See United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019).

That statute, 18 U.S.C. § 1111(a), defines four types of first-degree murder as follows:

Murder is the unlawful killing of a human being with malice aforethought. Every murder **[1]** perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or **[2]** committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or **[3]** perpetrated as part of a pattern or practice of assault or torture against a child or children; or **[4]** perpetrated from a premeditated design unlawfully and maliciously **\*285** to effect the death of any human being other than him who is killed, is murder in the first degree.

§ 1111(a) (enumeration added).

Jackson argues that § 1111(a) is a single indivisible statute to which we apply the categorical approach. He further contends that felony murder, the conduct delineated in the second clause of the second sentence of this assertedly indivisible statute, requires only a mens rea of recklessness and so its commission cannot qualify as a "crime of violence." If the statute is indivisible, he is correct. This is so because it is the most innocent conduct criminalized by an indivisible statute that must categorically meet the definition of a "crime of violence." Felony murder cannot qualify as a "crime of violence" because it requires only the mens rea necessary to attempt or complete the underlying felony (i.e., arson, escape, etc.). That mens rea is not more than recklessness and thus, does not satisfy *Borden.*[6]

[6]    The Government has acknowledged this result of *Borden* in another case. *See* Supplemental Brief for the United States at 18, *United States v. King*, Nos. 18-2800, 18-2877 (8th Cir. Mar. 30, 2022) ("The Government's position here ... acknowledges the consequence that some forms of federal first-degree murder, namely first-degree felony murders predicated on felonies that do not require the use of force against a person, are not crimes of violence. That position is not taken lightly, but after *Borden*, it is what the categorical approach requires.").

But the Government maintains that the federal first-degree murder statute is **divisible** and sets out four alternative versions of first-degree murder. If this is so, then the modified categorical approach applies. That means we examine whether the particular version of first-degree murder committed by Jackson is a "crime of violence." If the statute is **divisible** and the jury found Jackson guilty of a version of federal first-degree murder that requires an intentional mens rea (such as premeditated

murder), 🚩 *Borden* provides him no assistance.

## B.

[10]We turn to the critical issues in this appeal: whether 🚩 § 1111(a) is <mark>divisible</mark> and if so, whether the version of first-degree murder committed by Jackson qualifies as a "crime of violence" sufficient to support his conviction of violating 🚩 18 U.S.C. §§ 924(c) and 🚩(j).

[11] 🚩 Section 1111(a) is phrased alternatively. The second sentence contains four separate components, the first two of which are relevant here. Each component is separated by a semicolon followed by the word "or." The first component of 🚩 § 1111(a) sets out premeditated murder as a type of first-degree murder, while the second component sets out felony murder as a type of first-degree murder. Each of these components requires the Government to prove a unique element that the jury must find unanimously; the first component requires proof of premeditation, and the second requires proof of the accomplishment (or attempted accomplishment) of a listed felony. Therefore, these two components list alternative versions of first-degree murder, which makes the statute <mark>divisible</mark>.[7]

[7] Jackson's contention, that in 🚩*Schad v. Arizona*, 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991), the Supreme Court established that 🚩§ 1111(a) is indivisible, is meritless.

There, the Supreme Court simply held that the United States Constitution permitted the Supreme Court of Arizona to uphold a state conviction of first-degree murder based on a general verdict that combined findings of premeditation and felony murder. 🚩*Id.* at 630–31, 111 S.Ct. 2491. The Court expressly disclaimed any opinion on whether the Arizona statute was <mark>divisible</mark>; the Supreme Court of Arizona had already held that it was not. *See* 🚩*id.* at 636, 111 S.Ct. 2491 ("If a state's courts have determined that certain statutory alternatives are mere means of committing a single offense, rather than independent elements of the crime, we simply are not at liberty to ignore that determination."). In contrast, the question here is not whether it would be *constitutional* to combine premeditated and felony murder, but whether Congress has in fact done so.

**\*286** [12]Several indicia of divisibility support this conclusion. First, the text of 🚩 § 1111(a) describes the alternative versions of first-degree murder by using the disjunctive. While not dispositive, "[w]hen a criminal statute is phrased disjunctively it serves as a signal that it may well be <mark>divisible</mark>." *United States v. Allred*, 942 F.3d 641, 649 (4th Cir. 2019).

[13] [14] [15] [16]Further, the underlying conduct for premeditated murder differs significantly from the underlying conduct for felony murder. To be guilty of premeditated

murder, the Government must prove a person intended to kill the victim. In contrast, proof of felony murder does not require proof of intent but rather proof of the (attempted) perpetration of a listed crime. In other words, the two rest on different formulations and "each formulation of the crime involves a different type of conduct." *United States v. Vinson*, 794 F.3d 418, 425 (4th Cir.), *rev'd on reh'g on other grounds*, 805 F.3d 120 (4th Cir. 2015). "That the kind of conduct proscribed by the different formulations ... differs quite significantly suggests that ... the different formulations should be treated as separate crimes warranting the use of the modified categorical approach." *Id.*[8]

[8] Jackson notes that the statute sets out the same penalty for all four versions of first-degree murder listed in § 1111(a). Reply Br. at 10. But while the existence of different penalties for different segments of a statute necessitates finding divisibility, the absence of distinct punishments is not dispositive. *See Mathis*, 136 S. Ct. at 2256.

The record in this case reinforces this conclusion as to the divisibility of § 1111(a). A court may "peek at the record documents ... [to] determin[e] whether the listed items are elements of the offense." *Mathis*, 136 S. Ct. at 2256–57 (cleaned up). Doing so reveals that the indictment does not simply charge Jackson with first-degree murder. Instead, it states that Jackson "unlawfully killed a human being, Karen Styles, with malice aforethought, by shooting her with the firearm [1] willfully,

deliberately, maliciously, and with premeditation, and [2] in the perpetration and attempted perpetration of a felony, to wit: kidnapping and aggravated sexual abuse," i.e., that Jackson separately committed 1) premeditated murder and 2) felony murder.[9] (enumeration added).

[9] We note that indictments in other cases have similarly been held to demonstrate that prosecutors charge defendants with a specific alternative version of federal first-degree murder, not first-degree murder in general. *See, e.g., United States v. Lespier*, 725 F.3d 437, 443 n.4 (4th Cir. 2013) (quoting the indictment, which charged the defendant with premeditated murder); *United States v. Higgs*, 353 F.3d 281, 299 (4th Cir. 2003) (quoting the indictment, which separately charged the defendant with premeditated murder and felony murder.). In *Higgs*, we affirmed the defendant's convictions of multiple counts of premeditated murder and multiple counts of felony murder in violation of § 1111(a). *Id.* at 313–14, 334.

[17] The jury instructions also point toward divisibility. The district court specifically instructed the jury that to convict it had to "unanimously agree that the Government has proved beyond a reasonable doubt that the defendant committed murder in one of the three manners alleged" and that it had to "unanimously agree on the same one." This confirms that each component of § 1111(a) is a separate crime: to convict, each member of the jury had to **\*287** agree that

Jackson committed one of those crimes. If premeditated murder and felony murder were merely means of committing a single crime as Jackson urges, the jury could have found Jackson guilty of first-degree murder in the absence of unanimous agreement as to the type of murder he committed. The jury could have reached a verdict of first-degree murder if some jurors found Jackson guilty of premeditated murder (but others did not), while some jurors found Jackson guilty of felony murder (but others did not). The district court instructed the jury that it could not convict Jackson on this basis.

Finally, we may also look to the verdict form. *See* *Johnson v. United States*, 559 U.S. 133, 144, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). Here, the verdict form exactly matches the jury instructions. The verdict form directed the jury to decide specifically whether Jackson committed the murder of Karen Styles 1) "with malice aforethought, willfully, deliberately, maliciously and with premeditation"; 2) "during the perpetration of kidnap[p]ing"; and 3) "during the perpetration of aggravated sexual abuse." The jurors clearly indicated, by the check marks they placed next to all three of these crimes on the verdict form, that they found Jackson guilty of all three.

[18]Accordingly, we apply the modified categorical approach to this **divisible** statute. To do so, we consult these same record documents to determine which version of first-degree murder Jackson committed. *See* *id.* at 144, 130 S.Ct. 1265; *Shepard v. United States*, 544 U.S. 13, 21–23, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). The jury unanimously and unambiguously found that Jackson committed two versions of

first-degree murder: premeditated murder and felony murder (through the commission of two separate felonies). Jackson argues that we cannot rely on the modified categorical approach to affirm on the basis that premeditated murder is a "crime of violence" because the " *Shepard* documents do not prove with certainty that the § 924(c) predicate upon which Mr. Jackson was necessarily convicted was premeditated murder." Reply Br. at 18. That argument fails. The verdict sheet (a *Shepard* document) plainly shows that the jury unanimously found that Jackson committed premeditated murder. As to this finding, the jury could not have been clearer.

[19] [20] [21]Undoubtedly, federal premeditated first-degree murder is a "crime of violence." Jackson does not even argue to the contrary. Moreover, federal premeditated murder requires an intentional mens rea and thus does not in any way violate *Borden*'s requirement. 141 S. Ct. at 1821–22, 1834. And premeditated murder necessarily requires the use of "*violent* force — that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140, 130 S.Ct. 1265. Indeed, to commit federal premeditated first-degree murder, a death-results crime, is to intentionally inflict the greatest physical injury imaginable — death. *See* *Roof*, 10 F.4th at 401. Thus, premeditated murder in violation of § 1111(a) is categorically a "crime of violence." And this "crime of violence" constitutes a valid underlying crime sufficient to support Jackson's conviction of violating §§ 924(c) and (j). Accordingly, his successive § 2255 motion fails.

*AFFIRMED.*

## IV.

For the foregoing reasons, the judgment of the district court is

**All Citations**

32 F.4th 278

    © 2022 Thomson Reuters. No claim to original U.S. Government Works.